UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

PHILLIP AINSWORTH, ALEXANDER CATTO,
FRED WEIDNER, BRIAN CAMPBELL,
MARION RUS, STEVE BUTZ,
STEVEN KRASNE, DWIGHT CASEY,
DENNIS FRANCY, DAVID FALK,
GUY WOOD, JAMES HITCHCOCK,
LORRAINE HITCHCOCK,
MAURICE HEARD,
JAMES HAMLETT,

                              Petitioners,

          -vs-

SPARTAN CAPITAL SECURITIES, LLC and
JOHN LOWRY,

                              Respondents.

-------------------------------------------------------------------------X

Civ. A. No. 1:25-cv-5039

**PETITION TO VACATE ARBITRATION AWARDS**

Petitioners, through their undersigned attorney, JONATHAN E. NEUMAN, ESQ., as and for their petition to vacate two arbitration awards, allege as follows:

### The Nature of the Special Proceeding

1. Pursuant to 9 U.S.C. §10, Petitioners bring this special proceeding for the purpose of vacating two arbitration awards entered in arbitration proceedings between Petitioners and Respondents conducted under the auspices of the Financial Industry Regulatory Authority ("FINRA").

### The Parties

2. Petitioner PHILLIP AINSWORTH is a citizen of Australia.

3. Petitioner ALEXANDER CATTO is a citizen of Scotland.

4. Petitioner FRED WEIDNER is a citizen of South Dakota.

5. Petitioner BRIAN CAMPBELL is a citizen of California.

6. Petitioner MARION RUS is a citizen of Iowa.

7. Petitioner STEVE BUTZ is a citizen of Texas.

8. Petitioner STEVEN KRASNE is a citizen of Pennsylvania.

9. Petitioner DWIGHT CASEY is a citizen of Alabama.

10. Petitioner DENNIS FRANCY is a citizen of Maryland.

11. Petitioner DAVID FALK is a citizen of Iowa.

12. Petitioner GUY WOOD is a citizen of Texas.

13. Petitioners JAMES HITCHCOCK and LORRAINE HITCHCOCK are a married couple and citizens of California.

14. Petitioner MAURICE HEARD is a citizen of Kentucky.

15. Petitioner JAMES HAMLETT is a citizen of Missouri.

16. Respondent SPARTAN CAPITAL SECURITIES, LLC is a domestic limited liability company with its principal address at 45 Broadway, 19th Floor, New York, New York 10006.

17. Respondent JOHN LOWRY is a citizen of New York and has a main business address at 45 Broadway, 19th Floor, New York, New York 10006.

## JURISDICTION

1. Each Respondent is subject to the personal jurisdiction of this Court because each Respondent regularly transacts business within the State of New York and has purposefully availed itself of the laws of New York for the specific transactions at issue.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), because (i) Petitioners and Respondents are citizens of different states, and (ii) the amount in controversy exceeds $75,000 exclusive of interest and costs.

3. Venue is proper because Respondents are headquartered within this judicial district.

## THE ARBITRATIONS

18. This case involves two arbitrations: FINRA DR 23-00655 and 24-00703, both of which were dismissed by the respective arbitration panels with prejudice.

19. Unfortunately, the factual scenario leading up to the dismissal for both cases is the same. Unbeknownst to Petitioners, Petitioners' attorney became both physically and mentally ill, and as a result neglected to provide discovery in the case.

20. By the time the law firm employing the attorney found out about the illness and neglect of the cases, the Respondents had already moved to dismiss the case for discovery sanctions.

21. Petitioners' new attorney came into each case and explained the situation to the respective panels and asked for more time in order to cure any outstanding deficiencies, but both arbitration panels said no and dismissed each case with prejudice.

22. As a result, Petitioners file the instant petition to vacate the respective arbitration awards due to the Panel's refusal to postpone the deadlines for good cause shown, and their exceeding of their powers by dismissing the cases with prejudice.

## FINRA DR 23-00655

23. In FINRA DR 23-00655, Petitioners PHILLIP AINSWORTH, ALEXANDER CATTO, FRED WEIDNER, BRIAN CAMPBELL, MARION RUS, STEVE BUTZ, STEVEN KRASNE, DWIGHT CASEY, DENNIS FRANCY, DAVID FALK, and GUY WOOD filed an arbitration against Respondent SPARTAN CAPITAL SECURITIES, LLC seeking damages of over $1.3 million dollars relating to improper activity in relation to their brokerage accounts.

24. Petitioners were originally represented by Brandon Dei of Securities Arbitration Law Group, PLLC.

25. However, unbeknownst to Petitioners, Mr. Dei was seriously ill, and because of that, he completely neglected the case and failed to provide documents or respond to motions.

26. Mr. Dei kept all of this hidden.

27. When the firm found out, after receiving a call from FINRA inquiring as to one or more other cases being handled by Mr. Dei, the firm replaced Mr. Dei with a new attorney, Mack Press.

28. On February 6, 2025, Petitioners' new attorney wrote a letter to the Panel explaining what the firm had uncovered about Mr. Dei, and explaining that he was working expeditiously to remedy any discovery issues that were outstanding.

29. However, Respondent thereafter pressed for the case to be dismissed.

30. Several letters went back and forth to the Panel.  Mr. Press' letters to the Panel are annexed hereto as **EXHIBIT 1**.

31. On March 31, 2025, the arbitration was dismissed with prejudice, with the arbitrators ruling as follows:

> The Motion to Dismiss and for Sanctions is granted due to the persistent failure of Claimants to produce documents with no expectation of cure, causing prejudice to Respondent. The Panel finds that Claimants' failure to cooperate in the exchange of documents and information as required under the Code rises to the level of sanctions. The Panel does hereby issue sanctions against Claimants in accordance with Rule 12511(a) for failing to comply with the discovery provisions of the Code and the Panel hereby dismisses this case with prejudice in accordance with Rule 12212(c) for intentional and material failure to comply with a discovery order of the Panel if prior warnings or sanctions have proven ineffective.

32. A copy of the Award is annexed hereto as **EXHIBIT 2**.

**FINRA DR 24-00703**

33. In FINRA DR 24-00703, Petitioners JAMES HITCHCOCK, LORRAINE HITCHCOCK, MAURICE HEARD, and JAMES HAMLETT filed an arbitration against Respondents

SPARTAN CAPITAL SECURITIES, LLC and JOHN LOWRY seeking damages of nearly $1.6 million dollars relating to improper activity in relation to their brokerage accounts.

34. As with the other case, Petitioners were originally represented by Brandon Dei of Securities Arbitration Law Group, PLLC.

35. However, unbeknownst to Petitioners, Mr. Dei was seriously ill, and because of that, he completely neglected the case and failed to provide documents or respond to motions.

36. Mr. Dei kept all of this hidden.

37. When the firm found out, after receiving a call from FINRA inquiring as to one or more other cases being handled by Mr. Dei, the firm replaced Mr. Dei with a new attorney, Mack Press.

38. In this instance, Respondents had already moved for the case to be dismissed as discovery sanctions.

39. On February 5, 2025, Petitioners' new attorney wrote a letter to the Panel explaining what the firm had uncovered about Mr. Dei, and explaining that he was working expeditiously to remedy any discovery issues that were outstanding.

40. However, Respondent continued to press for the case to be dismissed.

41. Mr. Press' letters to the Panel are annexed hereto as **EXHIBIT 3**.

42. On March 14, 2025, the arbitration was dismissed with prejudice, with the arbitrators ruling as follows:

> After reading all the pleadings and considering all the circumstances in this case, the Panel unanimously decided to Grant the Respondents' Motion to Dismiss. The Panel also unanimously agreed that the sanctions in the form of all forum fess and the attorneys' fees accrued by the Respondents be paid by the Claimants. The Panel was sensitive to the unusual circumstances that occurred with Claimant's prior counsel, however the Panel did not think that forcing the timeline for the May hearing dates would be productive especially when it took new counsel almost a month to request a time extension. The lack of initiative by the Claimants'

representative was disappointing. The Claimants' request for Additional Time is denied.

43. A copy of the Award is annexed hereto as **EXHIBIT 4**.

## PETITION TO VACATE

44. Pursuant to 9 U.S.C. §10, an arbitration award may be vacated

    (1) where the award was procured by corruption, fraud, or undue means;
    (2) where there was evident partiality or corruption in the arbitrators, or either of them;
    (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
    (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

45. Here, it is respectfully submitted that the arbitrators were guilty of misconduct in refusing to postpone the hearing/extend the deadlines to allow Petitioners' new attorney time to remedy any of the alleged discovery deficiencies.

46. Petitioners had demonstrated sufficient cause for what had occurred and for an extension of time to remedy the situation.

47. The hearings were the originally scheduled hearings and there had never been any prior postponement, as can be seen from the awards.

48. FINRA Rule 12601[1] explicitly provides that the Panel may postpone a hearing upon motion[2] of a party, and that good cause only need be shown when such request is made within 10 days of the scheduled hearing.

---

[1] https://www.finra.org/rules-guidance/rulebooks/finra-rules/12601
[2] Under FINRA Rule 12503, there is no formality required for a motion, and a motion can be made in writing or even orally during any hearing session.  *See* https://www.finra.org/rules-guidance/rulebooks/finra-rules/12503

49. Accordingly, under the circumstances, the Panel should have granted Petitioners' motion for an extension of time, and moved the hearing dates if necessary, especially since they were on for the first time.[3]

50. At most, if the Panel felt inclined to dismiss the case, it should have been done without prejudice, since the merits had never been addressed.

51. It was patently unfair to dismiss the case with prejudice and prohibit the Petitioners from having their chance at a hearing on the merits because their attorney, unbeknownst to anyone had had a physical and mental breakdown as the result of a debilitating parasite he had received from a cat.

52. FINRA knew that Mr. Dei had not actually opened up any of the document filings[4] because FINRA has the ability to see whether a document has been read; in fact, it was their seeing that Mr. Dei had not accessed any documents on any of his various cases that caused FINRA to reach out to the firm in the first place.

53. The 23-00655 arbitration panel did not even address the issue; the 24-00703 addressed the issue, and said that they were "sensitive" to the situation, but still dismissed because they were upset that the new attorney took one month to reach out.

54. It is respectfully submitted that a one month delay cannot possibly have been grounds to deny a for cause request for an extension of time.

55. For the same reason, it is respectfully submitted that the arbitrators exceeded their powers.

56. While FINRA does grant the arbitrators authority to dismiss cases with prejudice for

---

[3] It is very common in FINRA arbitration for originally scheduled hearing dates to be moved.
[4] FINRA has an online portal to which all documents get filed.

discovery sanctions, under FINRA Rule 12511(b),[5] a "with prejudice" dismissal can only be done "for intentional and material failure to comply with a discovery order of the panel if prior warnings or sanctions have proven ineffective."

57. Here, the failure to comply cannot possibly be deemed intentional since it was due to a debilitating physical and mental illness by prior counsel.

58. There was no showing whatsoever that the Petitioners had engaged in any intentional or willful conduct, and in fact, when a new attorney arrived on the scene, he immediately worked to produce tens of thousands of pages of documents.

59. Thus, there could not possibly be a showing of intentionality required under FINRA's rules to dismiss.

60. Worse, in the 24-00703, there was not even a prior warning or sanction necessary under FINRA's rules.

61. As such, it is respectfully submitted that the arbitrators in each respective case were guilty of misconduct and/or exceeded their authority as defined pursuant to 9 U.S.C. §10, and that therefore both arbitration awards should be vacated.

62. While a dismissal might have been appropriate under the circumstances, any such dismissal should have been without prejudice.

63. Petitioners should not be deprived of their day in court due to the unexpected and unknown mental and physical illness of their prior attorney.

## CONCLUSION

---

[5] https://www.finra.org/rules-guidance/rulebooks/finra-rules/12511

64. While arbitration is favored and arbitration awards not lightly vacated, the courts must still ensure the integrity of the process, and that the parties have a full and fair hearing free of prejudicial misconduct.  Where an award is secured through misconduct, there is a complete absence of a full and fair hearing, and such award is inherently flawed and must be vacated. Unfortunately, such misconduct and exceeding of powers was present here.

65. Accordingly, it is respectfully submitted that the two Awards must be vacated.

66. No previous application has been made for the relief requested herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Petitioners respectfully seek an order from the Court vacating the two arbitration awards and directing FINRA to provide the Petitioners with new hearings; together with such other and further relief as this Court deems just and proper.

Dated: Fresh Meadows, New York
       June 16, 2025

    /s/ Jonathan E. Neuman
JONATHAN E. NEUMAN, ESQ.
*Attorney for Petitioners*
176-25 Union Turnpike, Suite 230
Fresh Meadows, New York 11366
(347) 450-6710
(718) 228-3689 *facsimile*
jnesq@jenesqlaw.com