UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
                                                  :

PHILLIP AINSWORTH, ALEXANDER CATTO,    :   Civ. A. No. 25-cv-5039 (DEH)
FRED WEIDNER, BRIAN CAMPBELL, MARION  :
RUS, STEVE BUTZ, STEVEN KRASNE, DWIGHT :
CASEY, DENNIS FRANCY, DAVID FALK, GUY   :
WOOD, JAMES HITCHCOCK, LORRAINE           :
HITCHCOCK, MAURICE HEARD, and JAMES    :
HAMLETT,                                                :
                                                Petitioners,      :

                                              - vs -             :

SPARTAN CAPITAL SECURITIES, LLC and JOHN :
LOWRY,                                                     :
                                                Respondents.   :
------------------------------------------------------------------- x

## DECLARATION OF JOHN J. ELLIOTT IN SUPPORT OF RESPONDENTS' OPPOSITION TO MOTION TO VACATE ARBITRATION AWARDS AND IN SUPPORT OF THEIR CROSS-MOTION TO CONFIRM

**JOHN J. ELLIOTT**, pursuant to 28 U.S.C. § 1746, hereby declares and states under penalty of perjury under the laws of the United States of America that the following is true and correct to the best of my knowledge, information, and belief:

1. I am counsel with the law firm Sichenzia Ross Ference Carmel LLP, attorneys for Respondents Spartan Capital Securities, LLC and John Lowry ("Respondents").

2. I respectfully submit this declaration in support of Respondents' opposition to the Petitioners' Motion and Petition to Vacate Arbitration Awards (the "Petition," *see* ECF 1) and in support of Respondents' Cross-Motion to Confirm, filed herewith. I am familiar with the facts and circumstances set forth herein.

3. The Petition seeks to vacate two arbitration awards entered in arbitration proceedings conducted by the Financial Industry Regulatory Authority ("FINRA"): first, the March 31, 2025 award in FINRA Case Number 23-00655, captioned *Phillip Ainsworth, Alexander Catto, Fred Weidner, Brian Campbell, Marion Rus, Steve Butz, Steven Krasne, Dwight Casey, Dennis Francy, David Falk, and Guy Wood v. Spartan Capital Securities, LLC* (the "Ainsworth Arbitration," brought by the "Ainsworth Claimants"), and second, the February 20, 2025 order, reiterated in a March 14, 2025 order and award, in FINRA Case Number 24-00703, captioned *Lenny F. Millen, Jr., James Hitchcock, Lorraine Hitchcock, Maurice Heard, and James Hamlett v. Spartan Capital Securities, LLC and John Lowry* (the "Hitchcock Arbitration," brought by the "Hitchcock Claimants").

**The Ainsworth Arbitration (No. 23-00655)**

4. On or about March 17, 2023, the Ainsworth Claimants filed their Statement of Claim with FINRA against Respondent Spartan Capital Securities, LLC ("Spartan"). Spartan is a FINRA-member brokerage firm based in New York.

5. Deadlines in the arbitration were stayed pending mediation, during which time no efforts were made by the Ainsworth Claimants to advance the case.

6. On February 13, 2024, having received no filings or indications that the case was progressing, the FINRA-appointed Panel of three arbitrators issued an order, *sua sponte,* stating:

> This case was submitted as an expedited hearing. Significant delays have occurred during the course of discovery and other matters. The panel wishes to bring this case to its logical conclusion however no movement has taken place for some time. The panel hereby orders all parties to provide it with evidence of ongoing activity that will move this case along so that a hearing can take place and that panel can properly rule on the issues. Parties should inform panel of their plan toward that end no later than 30 days from this order and submit mutually acceptable dates for a final hearing to FINRA.

A true and correct copy of the Panel's February 13, 2024 Order is attached hereto as Exhibit 1.

7.      On March 14, 2024, as directed by the Panel, counsel for Spartan filed a letter stating that counsel for the Ainsworth Claimants had not contacted counsel for Spartan.

8.      On April 3, 2024, counsel for the Ainsworth Claimants filed a letter stating "counsel for Claimants has been very sick the past few months and is finally back in the office. Please advise how we can get the case back on track."  A true and correct copy of the April 3, 2024 letter is attached hereto as Exhibit 2.

9.      On May 24, 2024, the Panel held an Initial Prehearing Conference.  On June 24, 2024, the Panel issued a corrected Initial Prehearing Conference Scheduling Order setting evidentiary hearings for June 2-6 and 9-13, 2025, with initial discovery requests due by August 30, 2024 and additional requests due by December 4, 2024.  Responses to the discovery requests were ordered to be produced within 60 days of the requests.

10.     Counsel from the Securities Arbitration Law Group, PLLC ("SA Law Group") appeared at the Initial Prehearing Conference on behalf of the Ainsworth Claimants.

11.     On August 2, 2024, Spartan served a discovery request on each Ainsworth Claimant.  The Ainsworth Claimants did not respond or object to Spartan's discovery requests.

12.     On September 28, 2024, the Ainsworth Claimants failed to produce documents as directed by FINRA Rule 12506 and the FINRA Discovery Guide List 2.[1]

13.     On October 7, 2024, Spartan served a meet and confer letter on counsel for the Ainsworth Claimants.  Counsel did not respond.

---

[1] The FINRA arbitration rules direct the parties to exchange "presumptively" discoverable documents pursuant to the FINRA Discovery Guide.  *See* FINRA Rule 12506, *available at*: https://www.finra.org/rules-guidance/rulebooks/finra-rules/12506

14. Accordingly, on November 26, 2024, Spartan filed a Motion to Compel. In its motion, Spartan noted that the case had been pending for nearly twenty months, and that Claimants had yet to produce a single page of discovery. The Ainsworth Claimants did not file an opposition when due on December 6, 2024. A true and correct copy of Spartan's November 26, 2024 Motion to Compel, including exhibits, is attached hereto as Exhibit 3.

15. On January 15, 2025, the Chairperson issued an order granting Spartan's November 26, 2024 Motion to Compel (the "Compel Order"). The Chairperson ordered the Ainsworth Claimants to produce the requested documents "no later than 2/7/2025," and included a warning to the Ainsworth Claimants that continued noncompliance placed their claims at risk of dismissal:

> If Claimants fail to comply with this Order in full by 2/7/2025, the Chair reserves the right to sanction each Claimant individually an amount not to exceed $100.00 per day until compliance with this Order is achieved. Claimants are herewith placed on notice that continued noncompliance with their discovery obligations or Orders of the Chairperson or Panel may result in the imposition of additional sanctions, including dismissal of the claims and/or Arbitration.

*See* the Compel Order at 2, a true and correct copy of which is attached hereto as Exhibit 4.

16. On or about January 20, 2025, a different attorney with the SA Law Group filed his Notice of Appearance as counsel for the Ainsworth Claimants.

17. Seventeen days later, on February 6, 2025, counsel for the Ainsworth Claimants submitted a letter to the Panel stating that he was just retained to appear in place of prior counsel—despite working for the same law firm as prior counsel. *See* ECF 1-1.

18. On the evening of the same day, and almost two years after initiating their arbitration, 10 of the 11 Ainsworth Claimants made their first document production. The production did not include presumptively discoverable documents – including tax returns and account statements – that were required to be produced under the FINRA Rules. Only one Ainsworth Claimant produced all of his tax returns.

19. The Ainsworth Claimants thereafter repeatedly promised to produce additional documents, but did not.

20. On February 21, 2025, having failed to produce the documents that the Panel ordered be produced by February 7, 2025, Spartan filed a Motion to Dismiss and Seek Sanctions due to the Ainsworth Claimants' intentional and material failures to comply with numerous discovery orders and violations of FINRA Rules (the "Ainsworth Dismissal Motion"). A true and correct copy of Spartan's Ainsworth Dismissal Motion, including excerpted exhibits (redactions in original), is attached hereto as Exhibit 5.

21. In the Ainsworth Dismissal Motion, Spartan noted that, among other things, "Claimants have still yet to produce the majority of the most basic, presumptively discoverable records. Indeed, Claimant Catto has not produced a single document in this matter." *See* Ainsworth Dismissal Motion at 4.

22. The Ainsworth Claimants did not timely file an opposition to the Ainsworth Dismissal Motion. Their opposition was due by March 3, 2025; they submitted a two-page letter in opposition on March 4, 2025. ECF 1-1 at 4-5.

23. In their late opposition, the Ainsworth Claimants stated that "Respondents have failed to identify any documents from Claimants that are missing," yet also stated that they "will continue to supplement Claimants' document production with required documents." *See* ECF 1-1 at 4 ftnt. 2, and 5.

24. The Panel scheduled oral argument on the Ainsworth Dismissal Motion for March 19, 2025.

25. On or about March 18, 2025, counsel for the Ainsworth Claimants filed a letter seeking to adjourn oral argument (scheduled for the next day). The Ainsworth Claimants also

5

admitted, again, that they had not completed their document production. A true and correct copy of the March 18, 2025 Opposition is attached hereto as Exhibit 6.

26. On March 19, 2025, the Panel held a hearing on Spartan's Ainsworth Dismissal Motion. The Ainsworth Claimants had not produced any additional documents following their incomplete February 6, 2025 document production. After oral argument, the Panel reserved its decision.

27. On March 31, 2025, the Panel issued an order granting the Ainsworth Dismissal Motion, unanimously holding that "Claimants' claims are dismissed in their entirety with prejudice pursuant to Rules 12511(b) and 12212(c) of the Code." *See* ECF 1-2 at 3.

**The Hitchcock Arbitration (No. 24-00703)**

28. On or about March 27, 2024, the Hitchcock Claimants filed their Statement of Claim with FINRA against Respondents Spartan Capital Securities, LLC and John Lowry. Mr. Lowry is Spartan's founder and Chief Executive Officer.

29. On or about June 20, 2024, Respondents filed their Statement of Answer.

30. On the same day, Respondents filed a Motion for a More Definitive Statement of Claim on the grounds that, among other things, the Statement of Claim did not identify any specific transactions that were allegedly unsuitable for each of the five Claimants.

31. The Hitchcock Claimants did not file a response to Respondents' motion.

32. On August 8, 2024, the FINRA-appointed Panel of three arbitrators held an Initial Prehearing Conference with the parties to schedule evidentiary hearing dates, among other things. The Panel scheduled the evidentiary hearing for May 5-9 and 19-23, 2025 in Albany, NY, with a January 6, 2025 discovery deadline. Counsel from the SA Law Group appeared on behalf of the Hitchcock Claimants.

33. On August 8, 2024, the Panel unanimously granted Respondents' Motion for a More Definitive Statement of Claim and ordered the Hitchcock Claimants to submit an amended Statement of Claim addressing the issues raised in Respondents' motion by September 20, 2024. A true and correct copy of the Panel's August 8, 2024 Order is attached hereto as Exhibit 7.

34. The Hitchcock Claimants never filed an amended Statement of Claim, ignoring the Panel's August 8, 2024 Order.

35. On September 27, 2024, Counsel for Respondents sent counsel for the Hitchcock Claimants a letter requesting to meet and confer regarding their failure to amend their Statement of Claim.

36. The Hitchcock Claimants never responded to Respondents' letter.

37. The Hitchcock Claimants never responded to or produced documents as directed by FINRA Rule 12506 and the FINRA Discovery Guide List 2.

38. The Hitchcock Claimants never responded to or asserted any objections to Respondents' First Requests for Documents and Information.

39. Accordingly, on December 12, 2024, Respondents filed a Motion to Strike, Dismiss the Statement of Claim, and Assess Fees to Claimants (the "First Motion to Dismiss"). A true and correct copy of the First Motion to Dismiss is attached hereto as Exhibit 8.

40. The Hitchcock Claimants never responded to the First Motion to Dismiss.

41. On December 20, 2024, FINRA served a notice on all parties stating that it had "received Claimant Counsel's Request to Update Counsel. Please be advised that in order to update or change counsel, new counsel must submit a notice of appearance." A true and correct copy of the December 20, 2024 FINRA notice is attached hereto as Exhibit 9.

42. The Hitchcock Claimants did not immediately respond to the notice or file a notice of appearance.

43. On January 10, 2025, Respondents filed a Motion for Sanctions and Exclude Facts and Claims and Assess Fees to Claimants (the "Second Motion to Dismiss"). A true and correct copy of the Second Motion to Dismiss, without exhibits, is attached hereto as Exhibit 10.

44. The Hitchcock Claimants never responded to the Second Motion to Dismiss.

45. Finally, on January 22, 2025, Counsel for the Hitchcock Claimants filed a notice of appearance. As noted by the Panel in its order dismissing the arbitration, the "new counsel, Mr. Mark Press, Esq. is from the same firm [the SA Law Group] but a different office in a different city as the attorney he replaced." *See* ECF 1-4 at 3.

46. On February 5, 2025, the Hitchcock Claimants requested additional time to cure the deficiencies in the case and to respond to the pending motions before the Panel. A true and correct copy of the February 5, 2025 letter to the Panel is attached hereto as Exhibit 11. (The Petition attached the wrong notice at ECF 1-3; that notice, dated February 6 (not February 5) was filed in the Ainsworth Arbitration, not the Hitchcock Arbitration. They are nearly identical in form and substance.)

47. On February 13, 2025, Respondents filed a response opposing the Hitchcock Claimants' request. A true and correct copy of Respondents' February 13, 2025 opposition, including excerpted exhibits, is attached hereto as Exhibit 12.

48. On February 14, 2025, the Hitchcock Claimants filed a reply in further support of their request for additional time and in response to Respondents' opposition.

49. On February 20, 2025, the Panel issued an order unanimously (i) denying the Hitchcock Claimants' motion for additional time, (ii) granting Respondents' Motions to Dismiss

and dismissing the matter, and (iii) sanctioning the Hitchcock Claimants in the amount of Respondents' attorneys' fees and forum fees. The order stated "The Motion to Dismiss is granted," and the Panel explained its decision as follows:

> The panel held a deliberation session on February 20, 2025 to discuss the Respondent's Motion to dismiss with Sanctions which we received on January 10, 2025. We also discussed the Claimant's Motion for Additional Time to Cure Deficiencies which we received on February 18, 2025. The following is our decision and explanation for our determination in this case.
>
> An initial Prehearing Conference was held on August 8, 2024. During this conference the Respondent raised concerns about the specificity of the Claimant's Claim in a Motion. The motion was granted, and the Claimant was ordered to resubmit a more specific Claim by September 20, 2024. The new claim was never properly filed. In subsequent correspondence the Respondent's representative stated that there was little to no communication between the parties and the Respondent's representative filed a motion to dismiss with sanctions. FINRA staff also reached out to the Claimant's representative, but nothing was filed.
>
> The Panel was notified on January 22, 2025 that the Claimant had secured new counsel. The new counsel, Mr. Mark Press, Esq. is from the same firm but a different office in a different city as the attorney he replaced. The first correspondence the panel received from new counsel was in the form of the Claimant's Motion that we received on February 18, 2025. In his motion, Mr. Press explained that the counsel he replaced, Mr. Brandon Dei, had become ill with a very unusual parasitic infection that made it difficult for Mr. Dei to focus on his work which caused the failure in communication between the parties, his firm, and FINRA.
>
>     Decision:
>
> After reading all the pleadings and considering all the circumstances in this case the panel unanimously decided to Grant the Respondent's Motion to Dismiss. The panel also unanimously agreed that the sanctions in the form of all forum fess and the attorney fees accrued by the Respondent be paid by the Claimant. Respondent's will provide us with a copy of said fees no later than February 28, 2025 via the portal.
>
> The panel were sensitive to the unusual circumstances that occurred with Mr. Dei, however we did not think that forcing the timeline for the May hearing dates would

> be productive especially when it took new counsel almost a month to request a time extension. The lack of initiative by the Claimant's representative was disappointing. The Claimant's request for Additional Time is denied.
>
> I will be filing this explanation along with the order to dismiss on the FINRA portal. Please cancel all the previously reserved hearing dates on your calendars.

A true and correct copy of the February 20, 2025 Order (the "First Dismissal Order") is attached hereto as Exhibit 13.

50. The First Dismissal Order was filed on the FINRA arbitration efiling website on February 20, 2025, as evidenced by the "Submitted Date: 02/20/2025 03:52:48 PM ET" at the top of the First Dismissal Order and by the email automatically sent by the FINRA efiling site to Respondents' Counsel and, on information and belief, the Hitchcock Claimants' Counsel that same day. A true and correct copy of the February 20, 2025 email sent by FINRA to Respondents' Counsel notifying them that the First Dismissal Order had been filed is attached hereto as Exhibit 14.

51. On March 14, 2025, after Respondents submitted their attorneys' fees as directed, the Panel issued an order restating its dismissal of the Hitchcock Claimants' Statement of Claim and awarding Respondents' $19,743 in attorneys' fees, owed jointly and severally by the Hitchcock Claimants. *See generally,* ECF 1-4, March 14, 2025 Order (the "Second Dismissal Order").

52. The Second Dismissal Order was filed on the FINRA arbitration efiling website on March 14, 2025, as evidenced by the March 14, 2025 "Date of Service" at the bottom of the last page of the Second Dismissal Order and by the email automatically sent by the FINRA efiling site to Respondents' Counsel and, on information and belief, the Hitchcock Claimants' Counsel that same day. A true and correct copy of the March 14, 2025 email sent by FINRA to Respondents'

Counsel notifying them that the Second Dismissal Order had been filed is attached hereto as Exhibit 15.

53. On June 16, 2025 – 116 days after the First Dismissal Order and 94 days after the Second Dismissal Order – Petitioners served their Petition on Respondents. *See* ECF 5 and 6, Affidavits of Service.

54. On information and belief, on December 12, 2024, Counsel for Claimants in FINRA Arbitration No. 24-01131 filed a letter with FINRA addressed to the Panel seeking to adjourn a hearing scheduled for December 16, 2024. It is nearly identical in form and substance to the letters submitted by the same counsel in the Ainsworth Arbitration and the Hitchcock Arbitration, at ECF 1-1 and Exhibit 11 hereto, respectively. On information and belief, a true and correct copy of the December 12, 2024 letter sent by Counsel for Claimants in FINRA Arbitration No. 24-01131 is attached hereto as Exhibit 16.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 30th day of July, 2025.

*/s/ John J. Elliott*
John J. Elliott, Esq.