

**SICHENZIA ROSS FERENCE CARMEL** LLP

November 26, 2024

***Via DR Portal***

Ms. Terresa Byrd
FINRA Dispute Resolution Services
55 W. Monroe
Suite 2600
Chicago, Illinois 60603

        Re:    ***Phillip Ainsworth, et al., vs. Spartan Capital Securities, LLC***,
                   <u>FINRA No. 23-00655</u>

Dear Ms. Byrd:

      This firm represents respondent Spartan Capital Securities, LLC ("Spartan") in the above-referenced matter.

      Please accept this letter as Spartan's Omnibus Motion to Compel Claimants Phillip Ainsworth, Alexander Catto, Fred Weidner, Brian Campbell, Marion Rus, Steve Butz, Steven Krasne, Dwight Casey, Dennis Francy, David Falk, and Guy Wood (collectively, "Claimants") to respond fully to Spartan's reasonable discovery request and FINRA's presumptively discoverable guide, and produce documents and information responsive thereto by a date certain. Please forward a copy of this letter motion to the Chairperson for his review and consideration.

<u>**Preliminary Statement**</u>

      Claimants consist of eleven (11) claimants who are not related to each other or have any common interests of fact. Notwithstanding, Claimants have grouped together to sue their broker-dealer, Spartan. The crux of the Statement of Claim is that Spartan made a series of unsuitable investment recommendations that led to losses in each of Claimants' non-discretionary brokerage accounts. The Statement of Claim is noticeably void of any specifically-pled allegations of wrongdoing or of any transaction that was unsuitable. Rather, Claimants merely list their alleged out-of-pocket losses, boilerplate causes of action, and presumptively claim that Spartan is responsible for the alleged losses in their accounts.

      As detailed in each of Spartan's eleven (11) Statement of Answers and Affirmative Defenses filed on July 30, 2024 (collectively, the "Answers"), Claimants are all sophisticated investors with years of experience investing prior to opening their respective Spartan accounts. At all times, Spartan's recommendations were suitable and in accordance with Claimants' individually stated and confirmed investment profiles. Moreover, at no point did any Claimant voice concern for the transactions they effectuated in their accounts. Now, Claimants are pointing their fingers at Spartan in a brazen attempt to recoup losses that were caused, not by any

Ms. Teresa Byrd
FINRA Dispute Resolution Services
November 26, 2024
Page 2

wrongdoing on Spartan's part, but due to the failure of Claimants' own self-directed investment strategies and market forces.

On March 17, 2023,—over **twenty** months ago—Claimants filed their Statement of Claim, and **nearly two years later**, they have still yet to produce a single document.

Spartan served targeted discovery requests to obtain fundamental discovery concerning Claimants and their investments, as well as relied on FINRA's presumptively discoverable Discovery Guide. Over the course of the last four (4) months, Claimants have categorically failed to make any attempt at complying with the Panel's Orders or engage in discovery in good faith. In spite of Spartan's efforts to obtain these documents, which include written correspondence to Claimants' Counsel that notified Claimants of their obligations and inquired into when Spartan would receive their discovery, Claimants instead chose to ignore Spartan and flouted their discovery obligations. As such, Spartan was forced to file the instant Motion to Compel.

### The Chairperson Should Grant Respondents' Motion to Compel

<u>Spartan's Journey to Obtain Records from Claimants</u>

- On May 24, 2024, the Initial Pre-Hearing Conference ("IPHC") was held; the First Amended Order for which, dated June 24, 2024, provides that Spartan's response to the Statement of Claim was due on July 30, 2024, and discovery was to take place in two tranches: "with the deadline to submit first discovery requests being August 30, 2024 and the deadline for any additional discovery requests would be December 4, 2024."[1]

- On July 30, 2024, Spartan filed its Statement of Answers to each Claimant's claims. As such, in accordance with FINRA Rule 12506, responses to the FINRA Discovery Guide were due on or before September 28, 2024 (the "Discovery Guide").

- On August 2, 2024, Spartan served its first targeted discovery requests upon each Claimant individually that sought specific, and relevant, documents concerning, inter alia, their outside investments, communications with investment professionals, and other materials.[2] In accordance with FINRA Rule 12507(b)(1) and the First Amended IPHC Order, responses to the Requests were due on or before October 1, 2024.[3]

- After not receiving any documents from Claimants, or communications from

---

[1] *See* First Amended IPHC Order, dated June 24, 2024, attached hereto as **Exhibit A**, Nos. 16 and 37.

[2] *See* Spartan's First Request for Documents and Information addressed to each Claimant individually (collectively, the "Requests"), dated August 2, 2024, attached hereto as **Exhibit B.**

[3] *See* **Ex. A**, First Amended IPHC Order, No. 14

Ms. Teresa Byrd
FINRA Dispute Resolution Services
November 26, 2024
Page 3

Claimants' Counsel after the September 28, 2024 Discovery Guide deadline and the October 1, 2024 ***ordered*** deadline, Spartan served its Meet and Confer on October 7, 2024.[4] The Meet and Confer Letter informed Claimants of their discovery obligations and requested that they comply by October 28, 2024—giving Claimants a full month to respond.

- Claimants have still yet to respond to Spartan's Meet and Confer, the Discovery Guide, or Requests. Since Claimants have not responded to the Discovery Guide or the Requests, pursuant to FINRA Rule 12508(b), Claimants have waived any and all objections to the Discovery Guide and each of Spartan's individual discovery requests set forth in the Requests.

Claimants' discovery tactics are nothing more than a strategy designed to frustrate and prejudice Spartan's defense of the claims as the hearing dates draw near. The prejudice of Claimants' discovery cannot be underestimated. For a case that was filed ***almost twenty (20) months ago***, Claimants have yet to produce a single page of discovery, thereby rendering it increasingly difficult for Spartan to be able to defend properly the claims alleged against it.

For example, pursuant to the First Amended IPHC Order, discovery was to occur in two tranches, with any additional discovery requests due on or before December 4, 2024. *See* **Ex. A**, First Amended IPHC Order, No. 16. As Claimants have refused to respond or produce any records, Spartan is without the benefit of reviewing Claimants' individual responses or documents prior to propounding additional requests.

Moreover, the Panel has ordered the parties to mediate this dispute by March 4, 2025. *See* **Ex. A**, First Amended IPHC Order, No. 37. Due to Claimants' non-compliance with their discovery obligations, Spartan is in danger of being forced to engage in mediation without having obtained even the most basic of records—not considering any potential third-party discovery that cannot be conducted until Claimants provide, at a minimum, their tax returns, third-party financial firm account statements, or even their responses to Spartan's information request seeking the identification of such third-party entities.

After exhausting all reasonable alternatives, Spartan was forced to file the instant Motion to Compel.

<u>Spartan's Requests to Which Claimants Have Not Produced Documents or Information</u>

Claimants have failed to respond to both the Discovery Guide and the Requests, or provide the documents and information in response to such, despite Spartan's Meet and Confer, as well as in violation of both the First Amended IPHC Order, thereby necessitating the instant motion. This arbitration is a suitability case. *See* Statement of Claim. Therefore, the sophistication and financial wherewithal of Claimants is relevant, and Spartan should be able to determine the nature of

---

[4] *See* Spartan's Meet and Confer Letter, dated October 7, 2024, and emailed to Claimants' Counsel on the same day, attached hereto as **Exhibit C**.

Ms. Terresa Byrd
FINRA Dispute Resolution Services
November 26, 2024
Page 4

Claimants' investments, as well as their investment objectives, risk tolerance, investment experience, and financial standing that Claimants transacted and affirmed with other financial institutions. Further, documents relating to the investments at issue, especially since none are specifically identified, are discoverable under FINRA's Discovery Guide and serve to shed additional light on Claimants' financial wherewithal and decision-making. Accordingly, the Chairperson should:

1. Order each Claimant to provide written responses to each Item of List 2 of the Discovery Guide;

2. Order each Claimant to provide written responses to request in each of Spartan's First Requests for Documents and Information;

3. Order the production of all materials in the possession, custody, or control of Claimants responsive to all Items of the Discovery Guide and all requests in the individual Requests by a date certain.

Since Claimants have repeatedly ignored their discovery obligations, as well as prior Orders of the Panel, Spartan requests that the Chairperson include in such Order that each Claimant would be subject to a monetary fine in the amount of $100.00 per additional day that they fail to produce records by the date provided in such Order (*see* FINRA Rules 12212(a) and 12511(a)).

Further, Spartan request that the Chairperson inform Claimants that if they continue to abandon their discovery obligations and fail to comply with his Order, that the Panel may impose further sanctions, including dismissal of their claims as lesser sanctions have proven ineffective. *See* FINRA Rule 12511(b) ("The panel may dismiss a claim, defense or proceeding with prejudice in accordance with Rule 12212(c) for intentional and material failure to comply with a discovery order of the panel if prior warnings or sanctions have proven ineffective.") and Rule 12212(c) ("The panel may dismiss a claim, defense or arbitration with prejudice as a sanction for material and intentional failure to comply with an order of the panel if prior warnings or sanctions have proven ineffective.").

## Conclusion

For all the foregoing reasons, Spartan respectfully requests that the Chairperson grant this Motion in its entirety, and compel Claimants to produce all responsive documents and information set forth above and to fully respond to the Requests and Discovery Guide within twenty (20) days as the Arbitration Hearing is fast approaching, and the parties must mediate the dispute by March 4, 2024. For the Chairperson's benefit, a Proposed Order is attached hereto.

Respectfully submitted,

*/s/ Emily M. Knight*

Encl.
cc: All Parties (via DR Portal)

## THE FINANCIAL INDUSTRY REGULATORY AUTHORITY

```
-------------------------------------------------- X
In the Matter of the Arbitration Between          :
                                                  :
PHILLIP AINSWORTH, ALEXANDER                      :
CATTO, FRED WEIDNER, BRIAN                        :
CAMPBELL, MARION RUS, STEVE BUTZ,                 :        FINRA No. 23-00655
STEVEN KRASNE, DWIGHT CASEY,                      :
DENNIS FRANCY, DAVID FALK, and GUY                :
WOOD,                                             :
                                                  :
                 Claimants,                       :
                                                  :
            vs.                                   :
                                                  :
SPARTAN CAPITAL SECURITIES, LLC,                  :
                                                  :
                 Respondent.                      :
-------------------------------------------------- X
```

## [PROPOSED] ORDER ON RESPONDENT'S MOTION TO COMPEL

Claimants are directed to produce the following within twenty (20) days of the date hereof:

1. Individual written responses to each Item of List 2 of the FINRA Discovery Guide;

2. Individual written responses to each Request in Spartan's, respective, First Requests for Documents and Information;

3. All materials in the possession, custody, or control of Claimants responsive to all Items of the Discovery Guide and all Requests in the Requests.

If Claimants fail to comply with this Order in full within twenty (20) days of the date hereof, each Claimant is individually sanctioned $100.00 per additional day that they remain in violation of this Order.

Claimants are warned that if they continue to fail to comply with their discovery obligations or the Orders of the Chairperson or Panel, the Panel reserves the right to impose additional sanctions, including dismissal of the claims and/or Arbitration.

All costs associated with Spartan's Motion to Compel are assessed against Claimants.

Dated:

_____
William L. Cravens
Chairperson of the Arbitration Panel

# **<u>EXHIBIT A</u>**

©2024 FINRA. All rights reserved.

**FINTa.**

## Initial Prehearing Conference Scheduling Order

**Submitted By:** William Cravens (On behalf of the arbitration panel)
**Submitted Date:** 06/24/2024 05:07:17 PM EST

### Case ID & Parties:
***FINRA Dispute Resolution Services***
Initial Prehearing Conference Scheduling Order

**Case Number:** 23-00655

**In the Matter of the Arbitration Between**

| Claimant(s) | VS | Respondent(s) |
|---|---|---|
| Phillip Ainsworth | | Spartan Capital Securities, LLC |
| Alexander Catto | | |
| Fred Weidner | | |
| Brian Campbell | | |
| Marion Rus | | |
| Steve Butz | | |
| Steven Krasne | | |
| Dwight Casey | | |
| Dennis Francy | | |
| David Falk | | |
| Guy Wood | | |

### CONFIRMATION OF INITIAL PREHEARING CONFERENCE (IPHC)
Was an IPHC held in the above captioned matter?
- ● **Yes**
- ○ No, but parties jointly submitted an agreement to forgo the IPHC
- ○ No, and parties did NOT jointly submit an agreement to forgo the IPHC

### INITIAL PREHEARING CONFERENCE SCHEDULING ORDER

### IPHC DATE & PARTICIPANTS
1. An IPHC was held in the above captioned matter on ***05/24/2024***

2. The following arbitrator(s) participated in the hearing:
Chairman: William Cravens(Participated ☑)
Panelist: Carl Ginsberg(Participated ☑)
Panelist: Will Pryor(Participated ☑)

©2024 FINRA. All rights reserved.

3. The following party representatives participated in the hearing:
Identify participants associated with Claimant:

> *Emily Knight*

Identify participants associated with Respondent:

> *Brandon Dei*

Identify any participant who is an unnamed person, a non-party customer, or an authorized representative of state securities regulators (for requests to expunge customer dispute information in cases filed on or after October 16, 2023):

> *N/A*

4. FINRA Dispute Resolution Services (DRS) staff attendee:

- ● **The following DRS staff person participated in the hearing**
  *Kelsie Haseltine*
- ○ Not applicable

The following was agreed upon during the conference and is now entered as the IPHC Scheduling Order:

## CONFIRMATION OF THE PANEL

5. Did the parties accept the panel's composition? (If not, please explain.)

- ● **Yes**
- ○ No

## PLEADINGS

6. For cases in which a respondent has failed to submit an answer (an unresponsive party), the panel has reviewed the service history for that respondent and finds that:

- ○ Service is complete and sufficient upon the unresponsive party.
- ○ Service is not sufficient upon the unresponsive party and the claimant is directed to personally serve the unresponsive party with a copy of the Statement of Claim and notice of the hearing, and file a copy of the affidavit of service with DRS by _____ or the panel directs the claimant to complete service by taking the following action:
  By:_____
- ● **Not applicable**

©2024 FINRA. All rights reserved.

7. Deficient submissions:

*For cases filed on or after October 16, 2023, if a request to expunge customer dispute information fails to include any of the requirements for requesting customer dispute information, the request shall be considered deficient. For additional information about requests to expunge customer dispute information, see https://www.finra.org/rules-guidance/notices/23-12.*

○  The following submissions are deficient (list submission and deficiency):

●  **Not applicable**

8. Deficiency Orders:

*For cases filed on or after October 16, 2023, if a deficient request to expunge customer dispute information is not timely corrected, the associated person will not be permitted to refile the request as a new claim under Rule 13805(a). For additional information about requests to expunge customer dispute information, see https://www.finra.org/rules-guidance/guidance/faqs/ expungement-and-finra-rule-2080-faqs.*

○  Please select all that apply:

●  **Not applicable**

**LATE CANCELLATIONS - PARTY AND ARBITRATOR COMMUNICATIONS**

9. Please select the applicable option:

●  **All named parties and all arbitrators have agreed to direct party and arbitrator communication shortly before a scheduled hearing, solely to alert the panel that the parties have settled the case, that the claimant has withdrawn the claim, or that the parties jointly agreed to postpone the hearings. All parties and arbitrators must be included on the direct communication and a copy of the direct communication must be filed on the DR Portal. These procedures prevent arbitrators from unnecessarily traveling to a cancelled hearing, while ensuring that the record is preserved and hearing arrangements are cancelled.**
**NOTE: If this option is selected, the party representatives' and arbitrators' email addresses will be automatically added to this IPHC order after it is submitted.**

**The email addresses for party representatives and all arbitrators solely for purposes of late cancellation notices are as follows:**

**Party Representatives**
**Richard J. Babnick**          **rbabnick@srfc.law**
**Brandon Dei**                 **brandon@arbitrationlawgroup.com**

**Arbitrators**
**William Cravens**             **albamoral@aol.com**
**Carl Ginsberg**               **carlhginsberg@hotmail.com**
**Will Pryor**                   **wpryor@willpryor.com**

**Assigned Staff**
**Terresa Byrd**                **Terresa.Byrd@finra.org**

©2024 FINRA. All rights reserved.

○ The parties and arbitrators do not agree to any direct communication between the parties and arbitrators. All correspondence and other filings must be sent to DRS staff and served on all parties via the DR Portal.

**ARBITRATION HEARING DATES**

10. Hearing Dates:

*If hearing dates are intended to run consecutively, enter the first scheduled hearing date, then enter the number of additional consecutive business days to be reserved and press the "Add Dates" button. Additional specific hearing date ranges can be entered below the first range of dates.*

● **The first scheduled hearing session in this matter will begin on *06/02/2025* at *09:00 AM Central Time Zone***

**Additional dates reserved:**

**on *06/03/2025* at *09:00 AM Central Time Zone***
**on *06/04/2025* at *09:00 AM Central Time Zone***
**on *06/05/2025* at *09:00 AM Central Time Zone***
**on *06/06/2025* at *09:00 AM Central Time Zone***
**on *06/09/2025* at *09:00 AM Central Time Zone***
**on *06/10/2025* at *09:00 AM Central Time Zone***
**on *06/11/2025* at *09:00 AM Central Time Zone***
**on *06/12/2025* at *09:00 AM Central Time Zone***
**on *06/13/2025* at *09:00 AM Central Time Zone***

○ Other

11. If the parties agreed upon dates beyond the period anticipated by DRS in expedited cases, did the senior or seriously ill part(ies) acknowledge on the record that the parties' agreement to these dates constitutes a waiver of their request for expedited proceedings?

○ Yes
● **No**
○ Not applicable

12. How will the arbitration hearing(s) be held?

**NOTE: Pursuant to Rules 12805(c) and 13805(c) (effective October 16, 2023), if a request to expunge customer dispute information will be considered at a hearing for a case filed on or after October 16, 2023, the associated person and the party requesting expungment on behalf of an unnamed person or the party's representative <u>must</u> appear in person or by videoconference. Customers and witness <u>may</u> appear by telephone, in person, or by videoconference at the hearing. Also, pursuant to Rule 13805(c), an authorized representative of state securities regulators <u>must</u> appear in person or by videoconference at the hearing.**

©2024 FINRA. All rights reserved. FINRA Dispute Resolution Services

○ Telephonic (e.g., audio only)

○ Videoconference

● **In Person**

○ Hybrid with the below participants appearing by videoconference or telephone (e.g., a party(ies), counsel for a party, arbitrator(s), witness(es), etc.)

Please specify the participants appearing by videoconference or telephone:

## POSTPONEMENTS AND CANCELLATIONS OF HEARINGS

DRS charges a postponement fee for all postponed hearings that is equal to the applicable hearing session fee. DRS will not charge this fee, if the parties advise that they have reached a final settlement and the case can be closed.

Also, if a hearing is postponed or otherwise cancelled within ten days before a scheduled hearing date, there is an additional fee of $600 per arbitrator (a total of $1,800 for cases with three arbitrators). This late cancellation fee applies even if a hearing is cancelled due to a final settlement and case closure.

To avoid the late cancellation fee, the parties should file notice of a postponement or cancellation on the DR Portal at least 11 calendar days before the scheduled hearing date.

## DISCOVERY DATES

13. Discovery requests cutoff date:

● **The parties have agreed that the last day to serve discovery requests is _08/30/2024_**

○ Not applicable

Please provide the reason (if known):

14. Discovery Response Date:

● **Responses to discovery requests are due within 60 days from the date the discovery request is received in accordance with Rule 12507/13507, as applicable.**

○ The parties have agreed that responses to discovery requests are due _____

## DATE FOR PREHEARING CONFERENCE ON DISCOVERY

*(Please allow DRS at least one week to forward the pleadings to the panel prior to any prehearing conference. Prehearing conferences are held on Zoom with video unless the parties stipulate or there is an Order otherwise.)*

15. Discovery prehearing conference:

○ The chairperson and parties have reserved _____ at _____ for a prehearing conference to resolve discovery matters.

*(The conference is calendared at the time this Order is served. All parties and the chairperson should reserve the date in their calendars.)*

● **Not applicable**

16. Please provide any additional comments about discovery and any additional discovery prehearing conferences here:

> ***Direct party discovery shall take place in tranches with the deadline to submit first discovery requests being August 30, 2024 and the deadline for any additional discovery requests would be December 4, 2024***

## SUBPOENAS AND ARBITRATOR ORDERS TO NON-PARTIES CUTOFF DATE

17. Subpoenas and arbitrator Orders to non-parties cutoff date:

● **Last day to serve subpoenas and arbitrator Orders on non-parties, in the absence of extraordinary circumstances, is _20_ days before the first scheduled hearing.**

○ Not applicable

## MOTIONS

*(Please allow DRS at least one week to forward the pleadings to the panel prior to any prehearing conference. Prehearing conferences are held on Zoom with video unless the parties stipulate or there is an Order otherwise.)*

18. Prehearing conference for motion(s) date:

○ The arbitrators and parties have reserved _____ at _____ for a prehearing date to resolve:

*(The conference is calendared at the time this Order is served. All conference participants should reserve the date in their calendars.)*

● **Not applicable**

19. Please provide any additional comments about motions, including any special briefing schedules, and any additional prehearing conferences here:

## POSTPONED OR CANCELLED PREHEARING CONFERENCES

©2024 FINRA. All rights reserved.

If a prehearing conference is postponed or otherwise cancelled within three business days before the scheduled date, DRS charges a fee of $100 per arbitrator. The fee will only be charged for arbitrators scheduled to attend the prehearing conference.

To avoid the fee, the parties should file notice of a postponement or cancellation on the DR Portal at least four business days before a scheduled prehearing conference.

## LEGAL ISSUES AND PREHEARING BRIEFS

20. If prehearing briefs will be filed, they must be filed by:

- **Please specify date: _05/05/2025_**
  **(Parties must attach all cases, laws, rules, and regulations to their briefs.)**
- ○ Not applicable

21. Please provide any additional comments about legal issues and prehearing briefs here:

## WITNESS LISTS

The Codes of Arbitration Procedure outline the parties' obligation to exchange witness lists at least 20 calendar days before the first scheduled hearing date via the DR Portal. The panel requests that, concurrent with the parties' timely exchange of the witness lists, the parties file the witness lists with DRS via the DR Portal for forwarding to the panel. Timely receipt of the witness lists will enable the arbitrators to review the witness lists in advance of the hearing to determine if the appearance of a witness may create a potential conflict or otherwise trigger additional disclosures.

To assist the arbitrators in making these conflict checks, the parties should list the business affiliation of each witness or other descriptive information. A party should only identify an expert witness after the expert witness has been retained.

22. Witness lists due:

- **20 calendar days before first hearing date**
- ○ Please specify: _____ days before first scheduled hearing date

## HEARING EXHIBITS AND PROCEDURES

©2024 FINRA. All rights reserved.

The Codes of Arbitration Procedure require the parties to exchange hearing exhibits at least 20 calendar days before the first scheduled hearing date. The panel requests that the parties make an effort, before the hearing, to agree on the admission of hearing exhibits and resolve possible issues about authentication of exhibits and the scheduling of witnesses' testimony.

The panel also requests that the parties file all of the exhibits which may be entered into evidence at the hearing with DRS via the DR Portal for recordkeeping purposes, as provided below. Parties should make an effort to organize their exhibits in a single PDF file with a table of contents and to label each exhibit. However, PDF "portfolio" files will not be accepted.

**NOTE: For cases filed on or after October 16, 2023, a prior expungement award shall not be admissible as evidence.**

23. Hearing exhibits filed on DR Portal due:

- ● **Please specify: _20_ days before first hearing date**
- ○ Within _____ days after final hearing date

24. Electronic hearing exhibits are to be forwarded in the DR Portal to the panel:

- ● **DRS staff should forward electronic hearing exhibits to the panel _20_ days before first hearing date**
- ○ Not applicable, because panel will receive hard copies

25. Hard copies of hearing exhibits are to be mailed:

- ○ Mail copies _____ days before first hearing date directly to the arbitrators at the below addresses:
- ○ Mail copies _____ days before first hearing date to DRS staff for forwarding to the panel
- ● **Not applicable, because panel will receive hard copies or electronic copies are sufficient for panel**

26. Please provide any additional comments, including any special instructions for the provision of exhibits in advance of videoconference or telephonic hearings, and any arrangements for a prehearing conference to discuss hearing procedures here:

**EXPUNGEMENT REQUESTS**

27. Has any party requested expungement?

- ○ Yes, there is a request to expunge customer dispute information
- ○ Yes, there is a request to expunge intra-industry information (i.e., expungement of termination information or an internal investigation)
- ○ Yes, there is a request to expunge customer dispute information and intra-industry information (i.e., expungement of termination information or an internal investigation)
- ● **No**

©2024 FINRA. All rights reserved.

## OTHER MATTERS

37. Other rulings/deadlines/dates

- ● **Please specify:**

> *The panel has informed the parties that if mediation is to take place again, the mediator shall be selected no later than January 5, 2025 and the mediation period shall conclude no later than March 4, 2025. In the event the parties cannot decide on a mediator, the panel shall convene and select a mediator for the parties. The mediation process shall end no later than 60 days prior to the scheduled initial hearing.*
>
> *Spartan Answer to Statement of Claim due July 30, 2024.*

- ○ Not applicable

## ASSESSMENT OF FEES

38. If the parties settle this matter with no further hearings, the cost of this IPHC will be borne as follows:

- ●

  **_50_% to Claimant(s), jointly and severally**

  **_50_% to Respondent(s), jointly and severally**

  **_____% assessed to _____**

  **_____% assessed to _____**

  **_____% assessed to _____**

  **_____% assessed to _____**

- ○ Other

For hearings scheduled to take place at a location other than one of FINRA's offices (e.g., Boca Raton, Chicago, Los Angeles, New Jersey, and New York), parties requiring services or equipment (including, but not limited to, speakerphones, web cams, speakers, microphones, internet access, and screens) need to coordinate directly with the assigned hearing location for use of these services and equipment. All costs to use these services and equipment, outside of a FINRA office location, are the responsibility of the party requiring them.

This Order will remain in effect unless amended by the panel. However, direct party and arbitrator communication may be cancelled by any party or arbitrator.

©2024 FINRA. All rights reserved.

## ATTACHMENTS

There are no attached documents.

# **EXHIBIT B**

**01 - Ainsworth - Document Demand.8.2.24.pdf( 8/2/2024 3:13:19 PM)**

FINANCIAL INDUSTRY REGULATORY AUTHORITY

```
-------------------------------------------------------- X
In the Matter of the Arbitration Between       :
                                               :
PHILLIP AINSWORTH,                             :        FINRA No. 23-00655 (01)
                                               :
                 Claimant,                     :
                                               :
        vs.                                     :
                                               :
SPARTAN CAPITAL SECURITIES, LLC,               :
                                               :
                 Respondent.                   :
                                               :
-------------------------------------------------------- X
```

### FIRST DISCOVERY REQUEST
### TO CLAIMANT PHILLIP AINSWORTH

Pursuant to Rule 12507 of the FINRA Code of Arbitration Procedure, respondent Spartan Capital Securities, LLC ("Spartan") requests that claimant Phillip Ainsworth ("Claimant") produce the following documents and responses within sixty (60) days of the date hereof.

### Instructions

1.       This request is continuing in nature and requires that you promptly supplement your production whenever any other documents responsive to this request enter your possession, custody or control at any time prior to the hearing.

2.       If there are no documents responsive to a particular request, you are directed to respond with "**None**" to such request.

### Document Requests

1.       Copies of the U.S. federal income tax returns for the tax year 2017 through the present filed individually and/or jointly by, or on behalf of, Claimant and/or for any businesses owned, in whole or in part, by him, together with all documents attached to the tax returns and all

schedules and statements thereto.

2.      Copies of any and all taxation forms filed by or on behalf of Claimant and/or any business or professional practice owned, in whole or in part, by Claimant, for the tax years 2017 through the present with any government including, but not limited to the Australia.

3.      Claimant's financial statements, including those statements within loan applications, or similar statements of Claimant's assets, liabilities and/or net worth for the period January 1, 2020 through February 28, 2021.

4.      All account statements and account documentation for every investment-related account(s) that Claimant maintained during the time period January 1, 2000 through the present, including all account(s) held or maintained by Claimant, individually, jointly, or in the name of any business owned by him, at any broker-dealer, annuity/insurance issuer, commodities, foreign exchange, financial, money management, registered investment advisor, and/or investment firms located anywhere in the world other than Spartan, including, but not limited to, Superannuation accounts. The basis for the time period of this request is Claimant's representation made to Spartan on April 13, 2020 that he had twenty years of prior investment experience in listed stocks.

5.      All documents describing or enumerating any Trust in which Claimant may have a beneficial interest and statements evidencing the assets and values thereof held in said Trust.

6.      All documents describing or enumerating any foreign shell corporation, International Business Company, and/or legal entity in which Claimant is the beneficial owner or holder of bearer or registered shares of such entities.

7.      All documents concerning every private investment made by Claimant including, but not limited to, K-1s, subscription agreements, private placement memorandums, investor questionnaires, and/or documents sufficient to identify the placement agent for the private

2

investment.

8.    All documents that Claimant received from Spartan.

9.    All documents relating to each transaction in Claimant's Spartan account(s), Spartan, and/or Claimant's Spartan representative(s) including, without limitation, all notes, calendar or diary entries.

10.    All documents relating or referring to any of the securities purchased in Claimant's Spartan Account(s) or purchased through Spartan, including but not limited to any articles, reports, research opinions, analyses or the like issued by any source.  (With respect to this request, please specifically identify the source of the material, i.e., whether it was provided by Spartan or from a third party.)

11.    Copies of all documents Claimant received from entities in which Claimant invested through Spartan, including annual and/or periodic reports.

12.    All documents concerning any communications between Claimant and any investment professionals and/or brokers at brokerage firms or investment firms other than Spartan concerning any security purchased in Claimant's Spartan Account or through Spartan.

13.    All account analysis, account summaries, concentration analysis, reports and/or profit and loss worksheets prepared at any time by, for or on behalf of Claimant, or any person under his direction or control, in connection with Claimant's Spartan account(s) including, but not limited to, all worksheets used to prepare and/or analyze Claimant's account(s) that served as a basis for the allegations in the Statement of Claim and Exhibit A annexed thereto.

14.    All documents concerning any communications between Claimant and Cold Springs Advisory Group and/or any representative of Cold Springs Advisory Group including, but not limited to Jennifer Tarr, Louis Ottimo Jr., Michelle Scotto-Lavino, and Timothy Biasi,

concerning Spartan, his Spartan registered representative(s), and/or his Spartan Account(s).

15.     All recordings of any conversation in which Spartan or any of its representatives or employees were a party to the conversation.

16.     Claimant's telephone records for the period April 1, 2020 through February 28, 2021.

17.     All computer records concerning each investment-related website, blog, or message board/forum that Claimant visited between April 1, 2020 through February 28, 2021 including, without limitation, all articles reviewed and/or printed from the website *SeekingAlpha*.

18.     All emails received from *SeekingAlpha* including, without limitation, the email address: Account@seekingalpha.com.

19.     A copy of all account profile(s) established by Claimant with *SeekingAlpha*.

20.     A copy of all portfolios created by Claimant on *SeekingAlpha*.

21.     All previously prepared written statements by any person concerning the facts or circumstances related to Claimant's Spartan account(s) and/or any transaction therein.

22.     All Complaints/Statements of Claim filed in which Claimant was a party involving securities claims, together with, all awards, decisions, and/or settlement agreements related to each such Complaint/Statement of Claim.

23.     All documents that Claimant received or obtained as a result of his efforts concerning any investment in his Spartan account(s).

24.     All documents Claimant relied upon to show that he did not know about, or consent to, any transaction which he claims was effected without his authorization.

25.     A copy of Claimant's resume, or if a resume is not available, detail Claimant's complete education and employment background.

26.     A copy of the résumé for any expert retained by Claimant to testify in the hearing in this matter.

27.     A copy of any report prepared by, or on behalf of, any testifying expert retained by Claimant.

## **Information Requests**

1.     The name and address of any expert witness that Claimant's or Claimant's Counsel has retained and/or intends to call as a witness in this proceeding.

2.     For any expert Claimant may call at the hearing in this matter, state the substance of the expert's expected testimony, including his or her opinions and conclusions, and the basis for his or her opinion or conclusion, and all authoritative sources, reports of other experts, learned treatises, or other such document upon which the expert relies in forming the opinions or conclusions.

3.     For any brokerage and/or investment account maintained by Claimant in which Claimant has not provided documentation containing the below information, identify as to each account:

      (a)     the name of the brokerage firm;

      (b)     the name(s) of the account(s);

      (c)     the mailing address of the office where the account(s) was maintained;

      (d)     the account number(s);

      (e)     The date the account(s) were opened.

4.     Identify all relatives, including in-laws, of Claimant who are employed by, or were employed by, an investment or securities firm.

5.     For each transaction that Claimant alleges was unauthorized, identify each specific

transaction by trade date and issuer.  If none, you are directed to specifically state, "**None**"**.**

      **PLEASE TAKE NOTICE** that Respondent reserves its right to request additional information and documents after it has received and reviewed Claimant's response to this First Discovery Request.

Dated: August 2, 2024

                    SICHENZIA ROSS FERENCE CARMEL LLP

                    By: _/s/ Richard J. Babnick Jr._
                         Richard J. Babnick, Jr., Esq.
                         Emily M. Knight, Esq.
                    1185 Avenue of the Americas, 31st Floor
                    New York, New York 10036
                    (212) 930-9700
                    rbabnick@srfc.law
                    eknight@srfc.law

                    *Attorneys for Respondent*
                    *Spartan Capital Securities, LLC*

**02 - Butz - Document Demand.8.2.24.pdf( 8/2/2024 3:13:17 PM)**

FINANCIAL INDUSTRY REGULATORY AUTHORITY

```
------------------------------------------------------ X
In the Matter of the Arbitration Between        :
                                                :
STEVE BUTZ,                                     :        FINRA No. 23-00655 (02)
                                                :
                    Claimant,                   :
                                                :
              vs.                               :
                                                :
SPARTAN CAPITAL SECURITIES, LLC,                :
                                                :
                    Respondent.                 :
                                                :
------------------------------------------------------ X
```

## FIRST DISCOVERY REQUEST
## TO CLAIMANT STEVE BUTZ

Pursuant to Rule 12507 of the FINRA Code of Arbitration Procedure, respondent Spartan Capital Securities, LLC ("Spartan") requests that claimant Steve Butz ("Claimant") produce the following documents and responses within sixty (60) days of the date hereof.

### Instructions

1.      This request is continuing in nature and requires that you promptly supplement your production whenever any other documents responsive to this request enter your possession, custody or control at any time prior to the hearing.

2.      If there are no documents responsive to a particular request, you are directed to respond with "**None**" to such request.

### Document Requests

1.      Copies of the U.S. federal income tax returns for the tax year 2016 through the present filed individually and/or jointly by, or on behalf of, Claimant and/or for any businesses owned, in whole or in part, by him, together with all documents attached to the tax returns and all

schedules and statements thereto.

2.     Claimant's financial statements, including those statements within loan applications, or similar statements of Claimant's assets, liabilities and/or net worth for the period November 1, 2019 through July 30, 2021.

3.     All account statements and account documentation for every investment-related account(s) that Claimant maintained during the time period January 1, 2000 through the present, including all account(s) held or maintained by Claimant, individually, jointly, or in the name of any business owned by him, at any broker-dealer, annuity/insurance issuer, commodities, foreign exchange, financial, money management, registered investment advisor, and/or investment firms located anywhere in the world other than Spartan.  The basis for the time period of this request is Claimant's representation made to Spartan on November 11, 2019 that he had thirty years of prior investment experience.

4.     All documents describing or enumerating any Trust in which Claimant may have a beneficial interest and statements evidencing the assets and values thereof held in said Trust.

5.     All documents describing or enumerating any foreign shell corporation, International Business Company, and/or legal entity in which Claimant is the beneficial owner or holder of bearer or registered shares of such entities.

6.     All documents concerning every private investment made by Claimant including, but not limited to, K-1s, subscription agreements, private placement memorandums, investor questionnaires, and/or documents sufficient to identify the placement agent for the private investment.

7.     All documents that Claimant received from Spartan.

8.     All documents relating to each transaction in Claimant's Spartan account(s),

Spartan, and/or Claimant's Spartan representative(s) including, without limitation, all notes, calendar or diary entries.

9.      All documents relating or referring to any of the securities purchased in Claimant's Spartan Account(s) or purchased through Spartan, including but not limited to any articles, reports, research opinions, analyses or the like issued by any source.  (With respect to this request, please specifically identify the source of the material, i.e., whether it was provided by Spartan or from a third party.)

10.      Copies of all documents Claimant received from entities in which Claimant invested through Spartan, including annual and/or periodic reports.

11.      All documents concerning any communications between Claimant and any investment professionals and/or brokers at brokerage firms or investment firms other than Spartan concerning any security purchased in Claimant's Spartan Account or through Spartan.

12.      All account analysis, account summaries, concentration analysis, reports and/or profit and loss worksheets prepared at any time by, for or on behalf of Claimant, or any person under his direction or control, in connection with Claimant's Spartan account(s) including, but not limited to, all worksheets used to prepare and/or analyze Claimant's account(s) that served as a basis for the allegations in the Statement of Claim and Exhibit A annexed thereto.

13.      All documents concerning any communications between Claimant and Cold Springs Advisory Group and/or any representative of Cold Springs Advisory Group including, but not limited to Jennifer Tarr, Louis Ottimo Jr., Michelle Scotto-Lavino, and Timothy Biasi, concerning Spartan, his Spartan registered representative(s), and/or his Spartan Account(s).

14.      All recordings of any conversation in which Spartan or any of its representatives or employees were a party to the conversation.

15.    Claimant's telephone records for the period November 1, 2019 through July 30, 2021.

16.    All computer records concerning each investment-related website, blog, or message board/forum that Claimant visited between November 1, 2019 through July 30, 2021 including, without limitation, all articles reviewed and/or printed from the website *SeekingAlpha*.

17.    All emails received from *SeekingAlpha* including, without limitation, the email address: Account@seekingalpha.com.

18.    A copy of all account profile(s) established by Claimant with *SeekingAlpha*.

19.    A copy of all portfolios created by Claimant on *SeekingAlpha*.

20.    All previously prepared written statements by any person concerning the facts or circumstances related to Claimant's Spartan account(s) and/or any transaction therein.

21.    All Complaints/Statements of Claim filed in which Claimant was a party involving securities claims, together with, all awards, decisions, and/or settlement agreements related to each such Complaint/Statement of Claim.

22.    All documents that Claimant received or obtained as a result of his efforts concerning any investment in his Spartan account(s).

23.    All documents Claimant relied upon to show that he did not know about, or consent to, any transaction which he claims was effected without his authorization.

24.    A copy of Claimant's resume, or if a resume is not available, detail Claimant's complete education and employment background.

25.    A copy of the résumé for any expert retained by Claimant to testify in the hearing in this matter.

26.    A copy of any report prepared by, or on behalf of, any testifying expert retained by

Claimant.

## Information Requests

1.      The name and address of any expert witness that Claimant's or Claimant's Counsel has retained and/or intends to call as a witness in this proceeding.

2.      For any expert Claimant may call at the hearing in this matter, state the substance of the expert's expected testimony, including his or her opinions and conclusions, and the basis for his or her opinion or conclusion, and all authoritative sources, reports of other experts, learned treatises, or other such document upon which the expert relies in forming the opinions or conclusions.

3.      For any brokerage and/or investment account maintained by Claimant in which Claimant has not provided documentation containing the below information, identify as to each account:

> (a)      the name of the brokerage firm;
>
> (b)      the name(s) of the account(s);
>
> (c)      the mailing address of the office where the account(s) was maintained;
>
> (d)      the account number(s);
>
> (e)      The date the account(s) were opened.

4.      Identify all relatives, including in-laws, of Claimant who are employed by, or were employed by, an investment or securities firm.

5.      For each transaction that Claimant alleges was unauthorized, identify each specific transaction by trade date and issuer.  If none, you are directed to specifically state, "**None**."

**PLEASE TAKE NOTICE** that Respondent reserves its right to request additional information and documents after it has received and reviewed Claimant's response to this First Discovery Request.

Dated: August 2, 2024

SICHENZIA ROSS FERENCE CARMEL LLP

By: /s/ Richard J. Babnick Jr.
      Richard J. Babnick, Jr., Esq.
      Emily M. Knight, Esq.
1185 Avenue of the Americas, 31st Floor
New York, New York 10036
(212) 930-9700
rbabnick@srfc.law
eknight@srfc.law

*Attorneys for Respondent*
*Spartan Capital Securities, LLC*

**03 - Campbell - Document Demand.8.2.24.pdf( 8/2/2024 3:13:16 PM)**

FINANCIAL INDUSTRY REGULATORY AUTHORITY

```
------------------------------------------------------------ X
In the Matter of the Arbitration Between        :
                                                :
BRIAN CAMPBELL,                                 :        FINRA No. 23-00655 (03)
                                                :
                      Claimant,                 :
                                                :
           vs.                                  :
                                                :
SPARTAN CAPITAL SECURITIES, LLC,                :
                                                :
                      Respondent.               :
                                                :
------------------------------------------------------------ X
```

## FIRST DISCOVERY REQUEST
## TO CLAIMANT BRIAN CAMPBELL

Pursuant to Rule 12507 of the FINRA Code of Arbitration Procedure, respondent Spartan Capital Securities, LLC ("Spartan") requests that claimant Brian Campbell ("Claimant") produce the following documents and responses within sixty (60) days of the date hereof.

### Instructions

1.      This request is continuing in nature and requires that you promptly supplement your production whenever any other documents responsive to this request enter your possession, custody or control at any time prior to the hearing.

2.      If there are no documents responsive to a particular request, you are directed to respond with "**None**" to such request.

### Document Requests

1.      Copies of the U.S. federal income tax returns for the tax year 2012 through the present filed individually and/or jointly by, or on behalf of, Claimant and/or for any businesses owned, in whole or in part, by him, together with all documents attached to the tax returns and all

schedules and statements thereto.

2.      Claimant's financial statements, including those statements within loan applications, or similar statements of Claimant's assets, liabilities and/or net worth for the period May 1, 2015 through October 31, 2022.

3.      All account statements and account documentation for every investment-related account(s) that Claimant maintained during the time period January 1, 2000 through the present, including all account(s) held or maintained by Claimant, individually, jointly, or in the name of any business owned by him, at any broker-dealer, annuity/insurance issuer, commodities, foreign exchange, financial, money management, registered investment advisor, and/or investment firms located anywhere in the world other than Spartan.  The basis for the time period of this request is Claimant's representation made to Spartan on May 4, 2015 that he had twenty years of prior investment experience.

4.      All documents describing or enumerating any Trust in which Claimant may have a beneficial interest and statements evidencing the assets and values thereof held in said Trust.

5.      All documents describing or enumerating any foreign shell corporation, International Business Company, and/or legal entity in which Claimant is the beneficial owner or holder of bearer or registered shares of such entities.

6.      All documents concerning every private investment made by Claimant including, but not limited to, K-1s, subscription agreements, private placement memorandums, investor questionnaires, and/or documents sufficient to identify the placement agent for the private investment.

7.      All documents that Claimant received from Spartan.

8.     All documents relating to each transaction in Claimant's Spartan account(s), Spartan, and/or Claimant's Spartan representative(s) including, without limitation, all notes, calendar or diary entries.

9.     All documents relating or referring to any of the securities purchased in Claimant's Spartan Account(s) or purchased through Spartan, including but not limited to any articles, reports, research opinions, analyses or the like issued by any source.  (With respect to this request, please specifically identify the source of the material, i.e., whether it was provided by Spartan or from a third party.)

10.     Copies of all documents Claimant received from entities in which Claimant invested through Spartan, including annual and/or periodic reports.

11.     All documents concerning any communications between Claimant and any investment professionals and/or brokers at brokerage firms or investment firms other than Spartan concerning any security purchased in Claimant's Spartan Account or through Spartan.

12.     All account analysis, account summaries, concentration analysis, reports and/or profit and loss worksheets prepared at any time by, for or on behalf of Claimant, or any person under his direction or control, in connection with Claimant's Spartan account(s) including, but not limited to, all worksheets used to prepare and/or analyze Claimant's account(s) that served as a basis for the allegations in the Statement of Claim and Exhibit A annexed thereto.

13.     All documents concerning any communications between Claimant and Cold Springs Advisory Group and/or any representative of Cold Springs Advisory Group including, but not limited to Jennifer Tarr, Louis Ottimo Jr., Michelle Scotto-Lavino, and Timothy Biasi, concerning Spartan, his Spartan registered representative(s), and/or his Spartan Account(s).

14.     All recordings of any conversation in which Spartan or any of its representatives or employees were a party to the conversation.

15.     Claimant's telephone records for the period May 1, 2015 through October 31, 2022.

16.     All computer records concerning each investment-related website, blog, or message board/forum that Claimant visited between May 1, 2015 through October 31, 2022 including, without limitation, all articles reviewed and/or printed from the website *SeekingAlpha*.

17.     All emails received from *SeekingAlpha* including, without limitation, the email address: Account@seekingalpha.com.

18.     A copy of all account profile(s) established by Claimant with *SeekingAlpha*.

19.     A copy of all portfolios created by Claimant on *SeekingAlpha*.

20.     All previously prepared written statements by any person concerning the facts or circumstances related to Claimant's Spartan account(s) and/or any transaction therein.

21.     All Complaints/Statements of Claim filed in which Claimant was a party involving securities claims, together with, all awards, decisions, and/or settlement agreements related to each such Complaint/Statement of Claim.

22.     All documents that Claimant received or obtained as a result of his efforts concerning any investment in his Spartan account(s).

23.     All documents Claimant relied upon to show that he did not know about, or consent to, any transaction which he claims was effected without his authorization.

24.     A copy of Claimant's resume, or if a resume is not available, detail Claimant's complete education and employment background.

25.     A copy of the résumé for any expert retained by Claimant to testify in the hearing in this matter.

26.     A copy of any report prepared by, or on behalf of, any testifying expert retained by Claimant.

## **Information Requests**

1.      The name and address of any expert witness that Claimant's or Claimant's Counsel has retained and/or intends to call as a witness in this proceeding.

2.      For any expert Claimant may call at the hearing in this matter, state the substance of the expert's expected testimony, including his or her opinions and conclusions, and the basis for his or her opinion or conclusion, and all authoritative sources, reports of other experts, learned treatises, or other such document upon which the expert relies in forming the opinions or conclusions.

3.      For any brokerage and/or investment account maintained by Claimant in which Claimant has not provided documentation containing the below information, identify as to each account:

    (a)     the name of the brokerage firm;

    (b)     the name(s) of the account(s);

    (c)     the mailing address of the office where the account(s) was maintained;

    (d)     the account number(s);

    (e)     The date the account(s) were opened.

4.      Identify all relatives, including in-laws, of Claimant who are employed by, or were employed by, an investment or securities firm.

5.      For each transaction that Claimant alleges was unauthorized, identify each specific transaction by trade date and issuer.  If none, you are directed to specifically state, "**None**".

**PLEASE TAKE NOTICE** that Respondent reserves its right to request additional information and documents after it has received and reviewed Claimant's response to this First Discovery Request.

Dated: August 2, 2024

<div align="right">

SICHENZIA ROSS FERENCE CARMEL LLP

By: _/s/ Richard J. Babnick Jr._
      Richard J. Babnick, Jr., Esq.
      Emily M. Knight, Esq.
1185 Avenue of the Americas, 31st Floor
New York, New York 10036
(212) 930-9700
rbabnick@srfc.law
eknight@srfc.law

*Attorneys for Respondent*
*Spartan Capital Securities, LLC*

</div>

**04 - Casey - Document Demand.8.2.24.pdf( 8/2/2024 3:13:14 PM)**

FINANCIAL INDUSTRY REGULATORY AUTHORITY

```
-------------------------------------------------------- X
In the Matter of the Arbitration Between        :
                                                :
DWIGHT CASEY,                                   :          FINRA No. 23-00655 (04)
                                                :
                   Claimant,                    :
                                                :
              vs.                               :
                                                :
SPARTAN CAPITAL SECURITIES, LLC,                :
                                                :
                   Respondent.                  :
                                                :
-------------------------------------------------------- X
```

## FIRST DISCOVERY REQUEST
## TO CLAIMANT DWIGHT CASEY

Pursuant to Rule 12507 of the FINRA Code of Arbitration Procedure, respondent Spartan Capital Securities, LLC ("Spartan") requests that claimant Dwight Casey ("Claimant") produce the following documents and responses within sixty (60) days of the date hereof.

### Instructions

1.    This request is continuing in nature and requires that you promptly supplement your production whenever any other documents responsive to this request enter your possession, custody or control at any time prior to the hearing.

2.    If there are no documents responsive to a particular request, you are directed to respond with "**None**" to such request.

### Document Requests

1.    Copies of the U.S. federal income tax returns for the tax year 2015 through the present filed individually and/or jointly by, or on behalf of, Claimant and/or for any businesses owned, in whole or in part, by him, together with all documents attached to the tax returns and all

schedules and statements thereto.

2.      Claimant's financial statements, including those statements within loan applications, or similar statements of Claimant's assets, liabilities and/or net worth for the period April 1, 2018 through August 31, 2023.

3.      All account statements and account documentation for every investment-related account(s) that Claimant maintained during the time period January 1, 2000 through the present, including all account(s) held or maintained by Claimant, individually, jointly, or in the name of any business owned by him, at any broker-dealer, annuity/insurance issuer, commodities, foreign exchange, financial, money management, registered investment advisor, and/or investment firms located anywhere in the world other than Spartan.  The basis for the time period of this request is Claimant's representation made to Spartan on May 5, 2018 that he had twenty years of prior investment experience.

4.      All documents describing or enumerating any Trust in which Claimant may have a beneficial interest and statements evidencing the assets and values thereof held in said Trust.

5.      All documents describing or enumerating any foreign shell corporation, International Business Company, and/or legal entity in which Claimant is the beneficial owner or holder of bearer or registered shares of such entities.

6.      All documents concerning every private investment made by Claimant including, but not limited to, K-1s, subscription agreements, private placement memorandums, investor questionnaires, and/or documents sufficient to identify the placement agent for the private investment.

7.      All documents that Claimant received from Spartan.

8.      All documents relating to each transaction in Claimant's Spartan account(s), Spartan, and/or Claimant's Spartan representative(s) including, without limitation, all notes, calendar or diary entries.

9.      All documents relating or referring to any of the securities purchased in Claimant's Spartan Account(s) or purchased through Spartan, including but not limited to any articles, reports, research opinions, analyses or the like issued by any source.  (With respect to this request, please specifically identify the source of the material, i.e., whether it was provided by Spartan or from a third party.)

10.     Copies of all documents Claimant received from entities in which Claimant invested through Spartan, including annual and/or periodic reports.

11.     All documents concerning any communications between Claimant and any investment professionals and/or brokers at brokerage firms or investment firms other than Spartan concerning any security purchased in Claimant's Spartan Account or through Spartan.

12.     All account analysis, account summaries, concentration analysis, reports and/or profit and loss worksheets prepared at any time by, for or on behalf of Claimant, or any person under his direction or control, in connection with Claimant's Spartan account(s) including, but not limited to, all worksheets used to prepare and/or analyze Claimant's account(s) that served as a basis for the allegations in the Statement of Claim and Exhibit A annexed thereto.

13.     All documents concerning any communications between Claimant and Cold Springs Advisory Group and/or any representative of Cold Springs Advisory Group including, but not limited to Jennifer Tarr, Louis Ottimo Jr., Michelle Scotto-Lavino, and Timothy Biasi, concerning Spartan, his Spartan registered representative(s), and/or his Spartan Account(s).

14.    All recordings of any conversation in which Spartan or any of its representatives or employees were a party to the conversation.

15.    Claimant's telephone records for the period April 1, 2018 through August 31, 2023.

16.    All computer records concerning each investment-related website, blog, or message board/forum that Claimant visited between April 1, 2018 through August 31, 2023 including, without limitation, all articles reviewed and/or printed from the website *SeekingAlpha*.

17.    All emails received from *SeekingAlpha* including, without limitation, the email address: Account@seekingalpha.com.

18.    A copy of all account profile(s) established by Claimant with *SeekingAlpha*.

19.    A copy of all portfolios created by Claimant on *SeekingAlpha*.

20.    All previously prepared written statements by any person concerning the facts or circumstances related to Claimant's Spartan account(s) and/or any transaction therein.

21.    All Complaints/Statements of Claim filed in which Claimant was a party involving securities claims, together with, all awards, decisions, and/or settlement agreements related to each such Complaint/Statement of Claim.

22.    All documents that Claimant received or obtained as a result of his efforts concerning any investment in his Spartan account(s).

23.    All documents Claimant relied upon to show that he did not know about, or consent to, any transaction which he claims was effected without his authorization.

24.    A copy of Claimant's resume, or if a resume is not available, detail Claimant's complete education and employment background.

25.    A copy of the résumé for any expert retained by Claimant to testify in the hearing in this matter.

26. A copy of any report prepared by, or on behalf of, any testifying expert retained by Claimant.

## **Information Requests**

1. The name and address of any expert witness that Claimant's or Claimant's Counsel has retained and/or intends to call as a witness in this proceeding.

2. For any expert Claimant may call at the hearing in this matter, state the substance of the expert's expected testimony, including his or her opinions and conclusions, and the basis for his or her opinion or conclusion, and all authoritative sources, reports of other experts, learned treatises, or other such document upon which the expert relies in forming the opinions or conclusions.

3. For any brokerage and/or investment account maintained by Claimant in which Claimant has not provided documentation containing the below information, identify as to each account:

      (a)     the name of the brokerage firm;

      (b)     the name(s) of the account(s);

      (c)     the mailing address of the office where the account(s) was maintained;

      (d)     the account number(s);

      (e)     The date the account(s) were opened.

4. Identify all relatives, including in-laws, of Claimant who are employed by, or were employed by, an investment or securities firm.

5. For each transaction that Claimant alleges was unauthorized, identify each specific transaction by trade date and issuer. If none, you are directed to specifically state, "**None**".

**PLEASE TAKE NOTICE** that Respondent reserves its right to request additional information and documents after it has received and reviewed Claimant's response to this First Discovery Request.

Dated: August 2, 2024

SICHENZIA ROSS FERENCE CARMEL LLP

By: /s/ Richard J. Babnick Jr.
  Richard J. Babnick, Jr., Esq.
  Emily M. Knight, Esq.
1185 Avenue of the Americas, 31st Floor
New York, New York 10036
(212) 930-9700
rbabnick@srfc.law
eknight@srfc.law

*Attorneys for Respondent*
*Spartan Capital Securities, LLC*

**05 - Catto - Document Demand.8.2.24.pdf( 8/2/2024 3:13:13 PM)**

FINANCIAL INDUSTRY REGULATORY AUTHORITY

```
----------------------------------------------------------- X
In the Matter of the Arbitration Between        :
                                                :
ALEXANDER CATTO,                                :        FINRA No. 23-00655 (05)
                                                :
                    Claimant,                   :
                                                :
              vs.                               :
                                                :
SPARTAN CAPITAL SECURITIES, LLC,                :
                                                :
                    Respondent.                 :
                                                :
----------------------------------------------------------- X
```

## FIRST DISCOVERY REQUEST
## TO CLAIMANT ALEXANDER CATTO

Pursuant to Rule 12507 of the FINRA Code of Arbitration Procedure, respondent Spartan Capital Securities, LLC ("Spartan") requests that claimant Alexander Catto ("Claimant") produce the following documents and responses within sixty (60) days of the date hereof.

### Instructions

1.      This request is continuing in nature and requires that you promptly supplement your production whenever any other documents responsive to this request enter your possession, custody or control at any time prior to the hearing.

2.      If there are no documents responsive to a particular request, you are directed to respond with "**None**" to such request.

### Document Requests

1.      Copies of the U.S. federal income tax returns for the tax year 2017 through the present filed individually and/or jointly by, or on behalf of, Claimant and/or for any businesses owned, in whole or in part, by him, together with all documents attached to the tax returns and all

schedules and statements thereto.

2.    Copies of any and all taxation forms filed by or on behalf of Claimant and/or any business or professional practice owned, in whole or in part, by Claimant, for the tax years 2017 through the present with any government including, but not limited to the United Kingdom.

3.    Claimant's financial statements, including those statements within loan applications, or similar statements of Claimant's assets, liabilities and/or net worth for the period September 1, 2020 through September 30, 2023.

4.    All account statements and account documentation for every investment-related account(s) that Claimant maintained during the time period January 1, 2000 through the present, including all account(s) held or maintained by Claimant, individually, jointly, or in the name of any business owned by him, at any broker-dealer, annuity/insurance issuer, commodities, foreign exchange, financial, money management, registered investment advisor, and/or investment firms located anywhere in the world other than Spartan.  The basis for the time period of this request is Claimant's representation made to Spartan on June 6, 2023 that he had forty-plus years of prior investment experience.

5.    All documents describing or enumerating any Trust in which Claimant may have a beneficial interest and statements evidencing the assets and values thereof held in said Trust.

6.    All documents describing or enumerating any foreign shell corporation, International Business Company, and/or legal entity in which Claimant is the beneficial owner or holder of bearer or registered shares of such entities.

7.    All documents concerning every private investment made by Claimant including, but not limited to, K-1s, subscription agreements, private placement memorandums, investor questionnaires, and/or documents sufficient to identify the placement agent for the private

investment.

8.      All documents that Claimant received from Spartan.

9.      All documents relating to each transaction in Claimant's Spartan account(s), Spartan, and/or Claimant's Spartan representative(s) including, without limitation, all notes, calendar or diary entries.

10.     All documents relating or referring to any of the securities purchased in Claimant's Spartan Account(s) or purchased through Spartan, including but not limited to any articles, reports, research opinions, analyses or the like issued by any source.  (With respect to this request, please specifically identify the source of the material, i.e., whether it was provided by Spartan or from a third party.)

11.     Copies of all documents Claimant received from entities in which Claimant invested through Spartan, including annual and/or periodic reports.

12.     All documents concerning any communications between Claimant and any investment professionals and/or brokers at brokerage firms or investment firms other than Spartan concerning any security purchased in Claimant's Spartan Account or through Spartan.

13.     All account analysis, account summaries, concentration analysis, reports and/or profit and loss worksheets prepared at any time by, for or on behalf of Claimant, or any person under his direction or control, in connection with Claimant's Spartan account(s) including, but not limited to, all worksheets used to prepare and/or analyze Claimant's account(s) that served as a basis for the allegations in the Statement of Claim and Exhibit A annexed thereto.

14.     All documents concerning any communications between Claimant and Cold Springs Advisory Group and/or any representative of Cold Springs Advisory Group including, but not limited to Jennifer Tarr, Louis Ottimo Jr., Michelle Scotto-Lavino, and Timothy Biasi,

concerning Spartan, his Spartan registered representative(s), and/or his Spartan Account(s).

15.    All recordings of any conversation in which Spartan or any of its representatives or employees were a party to the conversation.

16.    Claimant's telephone records for the period September 1, 2020 through September 30, 2023.

17.    All computer records concerning each investment-related website, blog, or message board/forum that Claimant visited between September 1, 2020 through September 30, 2023 including, without limitation, all articles reviewed and/or printed from the website *SeekingAlpha*.

18.    All emails received from *SeekingAlpha* including, without limitation, the email address: Account@seekingalpha.com.

19.    A copy of all account profile(s) established by Claimant with *SeekingAlpha*.

20.    A copy of all portfolios created by Claimant on *SeekingAlpha*.

21.    All previously prepared written statements by any person concerning the facts or circumstances related to Claimant's Spartan account(s) and/or any transaction therein.

22.    All Complaints/Statements of Claim filed in which Claimant was a party involving securities claims, together with, all awards, decisions, and/or settlement agreements related to each such Complaint/Statement of Claim.

23.    All documents that Claimant received or obtained as a result of his efforts concerning any investment in his Spartan account(s).

24.    All documents Claimant relied upon to show that he did not know about, or consent to, any transaction which he claims was effected without his authorization.

25.    A copy of Claimant's resume, or if a resume is not available, detail Claimant's

complete education and employment background.

26.    A copy of the résumé for any expert retained by Claimant to testify in the hearing in this matter.

27.    A copy of any report prepared by, or on behalf of, any testifying expert retained by Claimant.

## Information Requests

1.    The name and address of any expert witness that Claimant's or Claimant's Counsel has retained and/or intends to call as a witness in this proceeding.

2.    For any expert Claimant may call at the hearing in this matter, state the substance of the expert's expected testimony, including his or her opinions and conclusions, and the basis for his or her opinion or conclusion, and all authoritative sources, reports of other experts, learned treatises, or other such document upon which the expert relies in forming the opinions or conclusions.

3.    For any brokerage and/or investment account maintained by Claimant in which Claimant has not provided documentation containing the below information, identify as to each account:

      (a)    the name of the brokerage firm;

      (b)    the name(s) of the account(s);

      (c)    the mailing address of the office where the account(s) was maintained;

      (d)    the account number(s);

      (e)    The date the account(s) were opened.

4.    Identify all relatives, including in-laws, of Claimant who are employed by, or were employed by, an investment or securities firm.

5.    For each transaction that Claimant alleges was unauthorized, identify each specific transaction by trade date and issuer.  If none, you are directed to specifically state, "**None**"**.**

**PLEASE TAKE NOTICE** that Respondent reserves its right to request additional information and documents after it has received and reviewed Claimant's response to this First Discovery Request.

Dated:  August 2, 2024

SICHENZIA ROSS FERENCE CARMEL LLP

By:  */s/ Richard J. Babnick Jr.*
         Richard J. Babnick, Jr., Esq.
         Emily M. Knight, Esq.
1185 Avenue of the Americas, 31st Floor
New York, New York 10036
(212) 930-9700
rbabnick@srfc.law
eknight@srfc.law

*Attorneys for Respondent*
*Spartan Capital Securities, LLC*

**06 - Falk - Document Demand.8.2.24.pdf( 8/2/2024 3:13:12 PM)**

FINANCIAL INDUSTRY REGULATORY AUTHORITY

```
-------------------------------------------------------- X
In the Matter of the Arbitration Between        :
                                                :
DAVID FALK,                                     :          FINRA No. 23-00655 (06)
                                                :
            Claimant,                           :
                                                :
            vs.                                 :
                                                :
SPARTAN CAPITAL SECURITIES, LLC,                :
                                                :
            Respondent.                         :
                                                :
-------------------------------------------------------- X
```

## FIRST DISCOVERY REQUEST
## TO CLAIMANT DAVID FALK

Pursuant to Rule 12507 of the FINRA Code of Arbitration Procedure, respondent Spartan Capital Securities, LLC ("Spartan") requests that claimant David Falk ("Claimant") produce the following documents and responses within sixty (60) days of the date hereof.

### Instructions

1.    This request is continuing in nature and requires that you promptly supplement your production whenever any other documents responsive to this request enter your possession, custody or control at any time prior to the hearing.

2.    If there are no documents responsive to a particular request, you are directed to respond with "**None**" to such request.

### Document Requests

1.    Copies of the U.S. federal income tax returns for the tax year 2017 through the present filed individually and/or jointly by, or on behalf of, Claimant and/or for any businesses owned, in whole or in part, by him, together with all documents attached to the tax returns and all

schedules and statements thereto.

2.      Claimant's financial statements, including those statements within loan applications, or similar statements of Claimant's assets, liabilities and/or net worth for the period August 1, 2020 through April 30, 2020.

3.      All account statements and account documentation for every investment-related account(s) that Claimant maintained during the time period January 1, 2000 through the present, including all account(s) held or maintained by Claimant, individually, jointly, or in the name of any business owned by him, at any broker-dealer, annuity/insurance issuer, commodities, foreign exchange, financial, money management, registered investment advisor, and/or investment firms located anywhere in the world other than Spartan. The basis for the time period of this request is Claimant's representation made to Spartan on August 31, 2020 that he had twenty years of prior investment experience.

4.      All documents describing or enumerating any Trust in which Claimant may have a beneficial interest and statements evidencing the assets and values thereof held in said Trust.

5.      All documents describing or enumerating any foreign shell corporation, International Business Company, and/or legal entity in which Claimant is the beneficial owner or holder of bearer or registered shares of such entities.

6.      All documents concerning every private investment made by Claimant including, but not limited to, K-1s, subscription agreements, private placement memorandums, investor questionnaires, and/or documents sufficient to identify the placement agent for the private investment.

7.      All documents that Claimant received from Spartan.

8.      All documents relating to each transaction in Claimant's Spartan account(s), Spartan, and/or Claimant's Spartan representative(s) including, without limitation, all notes, calendar or diary entries.

9.      All documents relating or referring to any of the securities purchased in Claimant's Spartan Account(s) or purchased through Spartan, including but not limited to any articles, reports, research opinions, analyses or the like issued by any source.  (With respect to this request, please specifically identify the source of the material, i.e., whether it was provided by Spartan or from a third party.)

10.     Copies of all documents Claimant received from entities in which Claimant invested through Spartan, including annual and/or periodic reports.

11.     All documents concerning any communications between Claimant and any investment professionals and/or brokers at brokerage firms or investment firms other than Spartan concerning any security purchased in Claimant's Spartan Account or through Spartan.

12.     All account analysis, account summaries, concentration analysis, reports and/or profit and loss worksheets prepared at any time by, for or on behalf of Claimant, or any person under his direction or control, in connection with Claimant's Spartan account(s) including, but not limited to, all worksheets used to prepare and/or analyze Claimant's account(s) that served as a basis for the allegations in the Statement of Claim and Exhibit A annexed thereto.

13.     All documents concerning any communications between Claimant and Cold Springs Advisory Group and/or any representative of Cold Springs Advisory Group including, but not limited to Jennifer Tarr, Louis Ottimo Jr., Michelle Scotto-Lavino, and Timothy Biasi, concerning Spartan, his Spartan registered representative(s), and/or his Spartan Account(s).

14.    All recordings of any conversation in which Spartan or any of its representatives or employees were a party to the conversation.

15.    Claimant's telephone records for the period August 1, 2020 through April 30, 2020.

16.    All computer records concerning each investment-related website, blog, or message board/forum that Claimant visited between August 1, 2020 through April 30, 2020 including, without limitation, all articles reviewed and/or printed from the website *SeekingAlpha*.

17.    All emails received from *SeekingAlpha* including, without limitation, the email address: Account@seekingalpha.com.

18.    A copy of all account profile(s) established by Claimant with *SeekingAlpha*.

19.    A copy of all portfolios created by Claimant on *SeekingAlpha*.

20.    All previously prepared written statements by any person concerning the facts or circumstances related to Claimant's Spartan account(s) and/or any transaction therein.

21.    All Complaints/Statements of Claim filed in which Claimant was a party involving securities claims, together with, all awards, decisions, and/or settlement agreements related to each such Complaint/Statement of Claim.

22.    All documents that Claimant received or obtained as a result of his efforts concerning any investment in his Spartan account(s).

23.    All documents Claimant relied upon to show that he did not know about, or consent to, any transaction which he claims was effected without his authorization.

24.    A copy of Claimant's resume, or if a resume is not available, detail Claimant's complete education and employment background.

25.    A copy of the résumé for any expert retained by Claimant to testify in the hearing in this matter.

26.     A copy of any report prepared by, or on behalf of, any testifying expert retained by Claimant.

## **Information Requests**

1.     The name and address of any expert witness that Claimant's or Claimant's Counsel has retained and/or intends to call as a witness in this proceeding.

2.     For any expert Claimant may call at the hearing in this matter, state the substance of the expert's expected testimony, including his or her opinions and conclusions, and the basis for his or her opinion or conclusion, and all authoritative sources, reports of other experts, learned treatises, or other such document upon which the expert relies in forming the opinions or conclusions.

3.     For any brokerage and/or investment account maintained by Claimant in which Claimant has not provided documentation containing the below information, identify as to each account:

     (a)      the name of the brokerage firm;

     (b)      the name(s) of the account(s);

     (c)      the mailing address of the office where the account(s) was maintained;

     (d)      the account number(s);

     (e)      The date the account(s) were opened.

4.     Identify all relatives, including in-laws, of Claimant who are employed by, or were employed by, an investment or securities firm.

5.     For each transaction that Claimant alleges was unauthorized, identify each specific transaction by trade date and issuer.  If none, you are directed to specifically state, "**None**".

**PLEASE TAKE NOTICE** that Respondent reserves its right to request additional information and documents after it has received and reviewed Claimant's response to this First Discovery Request.

Dated: August 2, 2024

<div style="margin-left: 40%;">

SICHENZIA ROSS FERENCE CARMEL LLP

By: _/s/ Richard J. Babnick Jr._
       Richard J. Babnick, Jr., Esq.
       Emily M. Knight, Esq.
1185 Avenue of the Americas, 31st Floor
New York, New York 10036
(212) 930-9700
rbabnick@srfc.law
eknight@srfc.law

*Attorneys for Respondent*
*Spartan Capital Securities, LLC*

</div>

**07 - Francy - Document Demand.8.2.24.pdf( 8/2/2024 3:13:10 PM)**

FINANCIAL INDUSTRY REGULATORY AUTHORITY

```
-------------------------------------------------------- X
In the Matter of the Arbitration Between        :
                                                :
DENIS FRANCY,                                   :          FINRA No. 23-00655 (07)
                                                :
              Claimant,                         :
                                                :
              vs.                               :
                                                :
SPARTAN CAPITAL SECURITIES, LLC,                :
                                                :
              Respondent.                       :
                                                :
-------------------------------------------------------- X
```

## FIRST DISCOVERY REQUEST
## TO CLAIMANT DENIS FRANCY

Pursuant to Rule 12507 of the FINRA Code of Arbitration Procedure, respondent Spartan Capital Securities, LLC ("Spartan") requests that claimant Denis Francy ("Claimant") produce the following documents and responses within sixty (60) days of the date hereof.

### Instructions

1.      This request is continuing in nature and requires that you promptly supplement your production whenever any other documents responsive to this request enter your possession, custody or control at any time prior to the hearing.

2.      If there are no documents responsive to a particular request, you are directed to respond with "**None**" to such request.

### Document Requests

1.      Copies of the U.S. federal income tax returns for the tax year 2014 through the present filed individually and/or jointly by, or on behalf of, Claimant and/or for any businesses owned, in whole or in part, by him, together with all documents attached to the tax returns and all

schedules and statements thereto.

2.      Claimant's financial statements, including those statements within loan applications, or similar statements of Claimant's assets, liabilities and/or net worth for the period November 1, 2017 through February 28, 2020.

3.      All account statements and account documentation for every investment-related account(s) that Claimant maintained during the time period January 1, 2000 through the present, including all account(s) held or maintained by Claimant, individually, jointly, or in the name of any business owned by him, at any broker-dealer, annuity/insurance issuer, commodities, foreign exchange, financial, money management, registered investment advisor, and/or investment firms located anywhere in the world other than Spartan. The basis for the time period of this request is Claimant's representation made to Spartan on November 1, 2017 that he had twenty years of prior investment experience.

4.      All documents describing or enumerating any Trust in which Claimant may have a beneficial interest and statements evidencing the assets and values thereof held in said Trust.

5.      All documents describing or enumerating any foreign shell corporation, International Business Company, and/or legal entity in which Claimant is the beneficial owner or holder of bearer or registered shares of such entities.

6.      All documents concerning every private investment made by Claimant including, but not limited to, K-1s, subscription agreements, private placement memorandums, investor questionnaires, and/or documents sufficient to identify the placement agent for the private investment.

7.      All documents that Claimant received from Spartan.

8.     All documents relating to each transaction in Claimant's Spartan account(s), Spartan, and/or Claimant's Spartan representative(s) including, without limitation, all notes, calendar or diary entries.

9.     All documents relating or referring to any of the securities purchased in Claimant's Spartan Account(s) or purchased through Spartan, including but not limited to any articles, reports, research opinions, analyses or the like issued by any source. (With respect to this request, please specifically identify the source of the material, i.e., whether it was provided by Spartan or from a third party.)

10.    Copies of all documents Claimant received from entities in which Claimant invested through Spartan, including annual and/or periodic reports.

11.    All documents concerning any communications between Claimant and any investment professionals and/or brokers at brokerage firms or investment firms other than Spartan concerning any security purchased in Claimant's Spartan Account or through Spartan.

12.    All account analysis, account summaries, concentration analysis, reports and/or profit and loss worksheets prepared at any time by, for or on behalf of Claimant, or any person under his direction or control, in connection with Claimant's Spartan account(s) including, but not limited to, all worksheets used to prepare and/or analyze Claimant's account(s) that served as a basis for the allegations in the Statement of Claim and Exhibit A annexed thereto.

13.    All documents concerning any communications between Claimant and Cold Springs Advisory Group and/or any representative of Cold Springs Advisory Group including, but not limited to Jennifer Tarr, Louis Ottimo Jr., Michelle Scotto-Lavino, and Timothy Biasi, concerning Spartan, his Spartan registered representative(s), and/or his Spartan Account(s).

14.     All recordings of any conversation in which Spartan or any of its representatives or employees were a party to the conversation.

15.     Claimant's telephone records for the period November 1, 2017 through February 28, 2020.

16.     All computer records concerning each investment-related website, blog, or message board/forum that Claimant visited between November 1, 2017 through February 28, 2020 including, without limitation, all articles reviewed and/or printed from the website *SeekingAlpha*.

17.     All emails received from *SeekingAlpha* including, without limitation, the email address: Account@seekingalpha.com.

18.     A copy of all account profile(s) established by Claimant with *SeekingAlpha*.

19.     A copy of all portfolios created by Claimant on *SeekingAlpha*.

20.     All previously prepared written statements by any person concerning the facts or circumstances related to Claimant's Spartan account(s) and/or any transaction therein.

21.     All Complaints/Statements of Claim filed in which Claimant was a party involving securities claims, together with, all awards, decisions, and/or settlement agreements related to each such Complaint/Statement of Claim.

22.     All documents that Claimant received or obtained as a result of his efforts concerning any investment in his Spartan account(s).

23.     All documents Claimant relied upon to show that he did not know about, or consent to, any transaction which he claims was effected without his authorization.

24.     A copy of Claimant's resume, or if a resume is not available, detail Claimant's complete education and employment background.

25.     A copy of the résumé for any expert retained by Claimant to testify in the hearing in this matter.

26.     A copy of any report prepared by, or on behalf of, any testifying expert retained by Claimant.

### **Information Requests**

1.      The name and address of any expert witness that Claimant's or Claimant's Counsel has retained and/or intends to call as a witness in this proceeding.

2.      For any expert Claimant may call at the hearing in this matter, state the substance of the expert's expected testimony, including his or her opinions and conclusions, and the basis for his or her opinion or conclusion, and all authoritative sources, reports of other experts, learned treatises, or other such document upon which the expert relies in forming the opinions or conclusions.

3.      For any brokerage and/or investment account maintained by Claimant in which Claimant has not provided documentation containing the below information, identify as to each account:

(a)      the name of the brokerage firm;

(b)      the name(s) of the account(s);

(c)      the mailing address of the office where the account(s) was maintained;

(d)      the account number(s);

(e)      The date the account(s) were opened.

4.      Identify all relatives, including in-laws, of Claimant who are employed by, or were employed by, an investment or securities firm.

5.      For each transaction that Claimant alleges was unauthorized, identify each specific

transaction by trade date and issuer.  If none, you are directed to specifically state, "**None**"**.**

      **PLEASE TAKE NOTICE** that Respondent reserves its right to request additional information and documents after it has received and reviewed Claimant's response to this First Discovery Request.

Dated: August 2, 2024

                  SICHENZIA ROSS FERENCE CARMEL LLP

                  By: */s/ Richard J. Babnick Jr.*
                        Richard J. Babnick, Jr., Esq.
                        Emily M. Knight, Esq.
                  1185 Avenue of the Americas, 31st Floor
                  New York, New York 10036
                  (212) 930-9700
                  rbabnick@srfc.law
                  eknight@srfc.law

                  *Attorneys for Respondent*
                  *Spartan Capital Securities, LLC*

**08 - Krasne - Document Demand.8.2.24.pdf( 8/2/2024 3:13:09 PM)**

FINANCIAL INDUSTRY REGULATORY AUTHORITY

```
-------------------------------------------------------- X
In the Matter of the Arbitration Between          :
                                                  :
STEVEN KRASNE,                                    :          FINRA No. 23-00655 (08)
                                                  :
                Claimant,                         :
                                                  :
        vs.                                       :
                                                  :
SPARTAN CAPITAL SECURITIES, LLC,                  :
                                                  :
                Respondent.                       :
                                                  :
-------------------------------------------------------- X
```

**FIRST DISCOVERY REQUEST**
**TO CLAIMANT STEVEN KRASNE**

Pursuant to Rule 12507 of the FINRA Code of Arbitration Procedure, respondent Spartan Capital Securities, LLC ("Spartan") requests that claimant Steven Krasne ("Claimant") produce the following documents and responses within sixty (60) days of the date hereof.

**<u>Instructions</u>**

1.      This request is continuing in nature and requires that you promptly supplement your production whenever any other documents responsive to this request enter your possession, custody or control at any time prior to the hearing.

2.      If there are no documents responsive to a particular request, you are directed to respond with "**None**" to such request.

**<u>Document Requests</u>**

1.      Copies of the U.S. federal income tax returns for the tax year 2012 through the present filed individually and/or jointly by, or on behalf of, Claimant and/or for any businesses owned, in whole or in part, by him, together with all documents attached to the tax returns and all

schedules and statements thereto.

2.      Claimant's financial statements, including those statements within loan applications, or similar statements of Claimant's assets, liabilities and/or net worth for the period February 1, 2015 through February 28, 2017.

3.      All account statements and account documentation for every investment-related account(s) that Claimant maintained during the time period January 1, 2000 through the present, including all account(s) held or maintained by Claimant, individually, jointly, or in the name of any business owned by him, at any broker-dealer, annuity/insurance issuer, commodities, foreign exchange, financial, money management, registered investment advisor, and/or investment firms located anywhere in the world other than Spartan.  The basis for the time period of this request is Claimant's representation made to Spartan on February 3, 2015 that he had twenty years of prior investment experience.

4.      All documents describing or enumerating any Trust in which Claimant may have a beneficial interest and statements evidencing the assets and values thereof held in said Trust.

5.      All documents describing or enumerating any foreign shell corporation, International Business Company, and/or legal entity in which Claimant is the beneficial owner or holder of bearer or registered shares of such entities.

6.      All documents concerning every private investment made by Claimant including, but not limited to, K-1s, subscription agreements, private placement memorandums, investor questionnaires, and/or documents sufficient to identify the placement agent for the private investment.

7.      All documents that Claimant received from Spartan.

8.     All documents relating to each transaction in Claimant's Spartan account(s), Spartan, and/or Claimant's Spartan representative(s) including, without limitation, all notes, calendar or diary entries.

9.     All documents relating or referring to any of the securities purchased in Claimant's Spartan Account(s) or purchased through Spartan, including but not limited to any articles, reports, research opinions, analyses or the like issued by any source. (With respect to this request, please specifically identify the source of the material, i.e., whether it was provided by Spartan or from a third party.)

10.     Copies of all documents Claimant received from entities in which Claimant invested through Spartan, including annual and/or periodic reports.

11.     All documents concerning any communications between Claimant and any investment professionals and/or brokers at brokerage firms or investment firms other than Spartan concerning any security purchased in Claimant's Spartan Account or through Spartan.

12.     All account analysis, account summaries, concentration analysis, reports and/or profit and loss worksheets prepared at any time by, for or on behalf of Claimant, or any person under his direction or control, in connection with Claimant's Spartan account(s) including, but not limited to, all worksheets used to prepare and/or analyze Claimant's account(s) that served as a basis for the allegations in the Statement of Claim and Exhibit A annexed thereto.

13.     All documents concerning any communications between Claimant and Cold Springs Advisory Group and/or any representative of Cold Springs Advisory Group including, but not limited to Jennifer Tarr, Louis Ottimo Jr., Michelle Scotto-Lavino, and Timothy Biasi, concerning Spartan, his Spartan registered representative(s), and/or his Spartan Account(s).

14.    All recordings of any conversation in which Spartan or any of its representatives or employees were a party to the conversation.

15.    Claimant's telephone records for the period February 1, 2015 through February 28, 2017.

16.    All computer records concerning each investment-related website, blog, or message board/forum that Claimant visited between February 1, 2015 through February 28, 2017 including, without limitation, all articles reviewed and/or printed from the website *SeekingAlpha*.

17.    All emails received from *SeekingAlpha* including, without limitation, the email address: Account@seekingalpha.com.

18.    A copy of all account profile(s) established by Claimant with *SeekingAlpha*.

19.    A copy of all portfolios created by Claimant on *SeekingAlpha*.

20.    All previously prepared written statements by any person concerning the facts or circumstances related to Claimant's Spartan account(s) and/or any transaction therein.

21.    All Complaints/Statements of Claim filed in which Claimant was a party involving securities claims, together with, all awards, decisions, and/or settlement agreements related to each such Complaint/Statement of Claim.

22.    All documents that Claimant received or obtained as a result of his efforts concerning any investment in his Spartan account(s).

23.    All documents Claimant relied upon to show that he did not know about, or consent to, any transaction which he claims was effected without his authorization.

24.    A copy of Claimant's resume, or if a resume is not available, detail Claimant's complete education and employment background.

25.    A copy of the résumé for any expert retained by Claimant to testify in the hearing

in this matter.

26.     A copy of any report prepared by, or on behalf of, any testifying expert retained by Claimant.

## Information Requests

1.     The name and address of any expert witness that Claimant's or Claimant's Counsel has retained and/or intends to call as a witness in this proceeding.

2.     For any expert Claimant may call at the hearing in this matter, state the substance of the expert's expected testimony, including his or her opinions and conclusions, and the basis for his or her opinion or conclusion, and all authoritative sources, reports of other experts, learned treatises, or other such document upon which the expert relies in forming the opinions or conclusions.

3.     For any brokerage and/or investment account maintained by Claimant in which Claimant has not provided documentation containing the below information, identify as to each account:

      (a)     the name of the brokerage firm;

      (b)     the name(s) of the account(s);

      (c)     the mailing address of the office where the account(s) was maintained;

      (d)     the account number(s);

      (e)     The date the account(s) were opened.

4.     Identify all relatives, including in-laws, of Claimant who are employed by, or were employed by, an investment or securities firm.

5.     For each transaction that Claimant alleges was unauthorized, identify each specific transaction by trade date and issuer.  If none, you are directed to specifically state, "**None**".

**PLEASE TAKE NOTICE** that Respondent reserves its right to request additional information and documents after it has received and reviewed Claimant's response to this First Discovery Request.

Dated: August 2, 2024

SICHENZIA ROSS FERENCE CARMEL LLP

By: _/s/ Richard J. Babnick Jr._
      Richard J. Babnick, Jr., Esq.
      Emily M. Knight, Esq.
1185 Avenue of the Americas, 31st Floor
New York, New York 10036
(212) 930-9700
rbabnick@srfc.law
eknight@srfc.law

*Attorneys for Respondent*
*Spartan Capital Securities, LLC*

**09 - Rus - Document Demand.8.2.24.pdf( 8/2/2024 3:13:07 PM)**

FINANCIAL INDUSTRY REGULATORY AUTHORITY

```
------------------------------------------------------------ X
In the Matter of the Arbitration Between         :
                                                 :
MARION RUS,                                      :          FINRA No. 23-00655 (09)
                                                 :
                Claimant,                        :
                                                 :
        vs.                                      :
                                                 :
SPARTAN CAPITAL SECURITIES, LLC,                 :
                                                 :
                Respondent.                      :
                                                 :
------------------------------------------------------------ X
```

## FIRST DISCOVERY REQUEST
## TO CLAIMANT MARION RUS

Pursuant to Rule 12507 of the FINRA Code of Arbitration Procedure, respondent Spartan Capital Securities, LLC ("Spartan") requests that claimant Marion Rus ("Claimant") produce the following documents and responses within sixty (60) days of the date hereof.

### Instructions

1.      This request is continuing in nature and requires that you promptly supplement your production whenever any other documents responsive to this request enter your possession, custody or control at any time prior to the hearing.

2.      If there are no documents responsive to a particular request, you are directed to respond with "**None**" to such request.

### Document Requests

1.      Copies of the U.S. federal income tax returns for the tax year 2017 through the present filed individually and/or jointly by, or on behalf of, Claimant and/or for any businesses owned, in whole or in part, by him, together with all documents attached to the tax returns and all

schedules and statements thereto.

2.    Claimant's financial statements, including those statements within loan applications, or similar statements of Claimant's assets, liabilities and/or net worth for the period November 1, 2020 through January 31, 2023.

3.    All account statements and account documentation for every investment-related account(s) that Claimant maintained during the time period January 1, 2000 through the present, including all account(s) held or maintained by Claimant, individually, jointly, or in the name of any business owned by him, at any broker-dealer, annuity/insurance issuer, commodities, foreign exchange, financial, money management, registered investment advisor, and/or investment firms located anywhere in the world other than Spartan.  The basis for the time period of this request is Claimant's representation made to Spartan on July 28, 2021 that he had twenty years of prior investment experience.

4.    All documents describing or enumerating any Trust in which Claimant may have a beneficial interest and statements evidencing the assets and values thereof held in said Trust.

5.    All documents describing or enumerating any foreign shell corporation, International Business Company, and/or legal entity in which Claimant is the beneficial owner or holder of bearer or registered shares of such entities.

6.    All documents concerning every private investment made by Claimant including, but not limited to, K-1s, subscription agreements, private placement memorandums, investor questionnaires, and/or documents sufficient to identify the placement agent for the private investment.

7.    All documents that Claimant received from Spartan.

8.      All documents relating to each transaction in Claimant's Spartan account(s), Spartan, and/or Claimant's Spartan representative(s) including, without limitation, all notes, calendar or diary entries.

9.      All documents relating or referring to any of the securities purchased in Claimant's Spartan Account(s) or purchased through Spartan, including but not limited to any articles, reports, research opinions, analyses or the like issued by any source.  (With respect to this request, please specifically identify the source of the material, i.e., whether it was provided by Spartan or from a third party.)

10.      Copies of all documents Claimant received from entities in which Claimant invested through Spartan, including annual and/or periodic reports.

11.      All documents concerning any communications between Claimant and any investment professionals and/or brokers at brokerage firms or investment firms other than Spartan concerning any security purchased in Claimant's Spartan Account or through Spartan.

12.      All account analysis, account summaries, concentration analysis, reports and/or profit and loss worksheets prepared at any time by, for or on behalf of Claimant, or any person under his direction or control, in connection with Claimant's Spartan account(s) including, but not limited to, all worksheets used to prepare and/or analyze Claimant's account(s) that served as a basis for the allegations in the Statement of Claim and Exhibit A annexed thereto.

13.      All documents concerning any communications between Claimant and Cold Springs Advisory Group and/or any representative of Cold Springs Advisory Group including, but not limited to Jennifer Tarr, Louis Ottimo Jr., Michelle Scotto-Lavino, and Timothy Biasi, concerning Spartan, his Spartan registered representative(s), and/or his Spartan Account(s).

14.     All recordings of any conversation in which Spartan or any of its representatives or employees were a party to the conversation.

15.     Claimant's telephone records for the period November 1, 2020 through January 31, 2023.

16.     All computer records concerning each investment-related website, blog, or message board/forum that Claimant visited between November 1, 2020 through January 31, 2023 including, without limitation, all articles reviewed and/or printed from the website *SeekingAlpha*.

17.     All emails received from *SeekingAlpha* including, without limitation, the email address: Account@seekingalpha.com.

18.     A copy of all account profile(s) established by Claimant with *SeekingAlpha*.

19.     A copy of all portfolios created by Claimant on *SeekingAlpha*.

20.     All previously prepared written statements by any person concerning the facts or circumstances related to Claimant's Spartan account(s) and/or any transaction therein.

21.     All Complaints/Statements of Claim filed in which Claimant was a party involving securities claims, together with, all awards, decisions, and/or settlement agreements related to each such Complaint/Statement of Claim.

22.     All documents that Claimant received or obtained as a result of his efforts concerning any investment in his Spartan account(s).

23.     All documents Claimant relied upon to show that he did not know about, or consent to, any transaction which he claims was effected without his authorization.

24.     A copy of Claimant's resume, or if a resume is not available, detail Claimant's complete education and employment background.

25.     A copy of the résumé for any expert retained by Claimant to testify in the hearing

in this matter.

26.    A copy of any report prepared by, or on behalf of, any testifying expert retained by Claimant.

## **Information Requests**

1.    The name and address of any expert witness that Claimant's or Claimant's Counsel has retained and/or intends to call as a witness in this proceeding.

2.    For any expert Claimant may call at the hearing in this matter, state the substance of the expert's expected testimony, including his or her opinions and conclusions, and the basis for his or her opinion or conclusion, and all authoritative sources, reports of other experts, learned treatises, or other such document upon which the expert relies in forming the opinions or conclusions.

3.    For any brokerage and/or investment account maintained by Claimant in which Claimant has not provided documentation containing the below information, identify as to each account:

    (a)    the name of the brokerage firm;

    (b)    the name(s) of the account(s);

    (c)    the mailing address of the office where the account(s) was maintained;

    (d)    the account number(s);

    (e)    The date the account(s) were opened.

4.    Identify all relatives, including in-laws, of Claimant who are employed by, or were employed by, an investment or securities firm.

5.    For each transaction that Claimant alleges was unauthorized, identify each specific transaction by trade date and issuer.  If none, you are directed to specifically state, "**None**".

**PLEASE TAKE NOTICE** that Respondent reserves its right to request additional information and documents after it has received and reviewed Claimant's response to this First Discovery Request.

Dated: August 2, 2024

<div style="margin-left: 40%;">

SICHENZIA ROSS FERENCE CARMEL LLP

By: */s/ Richard J. Babnick Jr.*
    Richard J. Babnick, Jr., Esq.
    Emily M. Knight, Esq.
1185 Avenue of the Americas, 31st Floor
New York, New York 10036
(212) 930-9700
rbabnick@srfc.law
eknight@srfc.law

*Attorneys for Respondent*
*Spartan Capital Securities, LLC*

</div>

**10 - Weidner - Document Demand.8.2.24.pdf( 8/2/2024 3:13:06 PM)**

FINANCIAL INDUSTRY REGULATORY AUTHORITY

```
------------------------------------------------------- X
In the Matter of the Arbitration Between        :
                                                :
                                                :
FRED WEIDNER,                                   :
                        Claimant,               :         FINRA No. 23-00655 (10)
                                                :
           vs.                                  :
                                                :
SPARTAN CAPITAL SECURITIES, LLC,                :
                                                :
                        Respondent.             :
                                                :
------------------------------------------------------- X
```

## FIRST DISCOVERY REQUEST
## TO CLAIMANT FRED WEIDNER

Pursuant to Rule 12507 of the FINRA Code of Arbitration Procedure, respondent Spartan Capital Securities, LLC ("Spartan") requests that claimant Fred Weidner ("Claimant") produce the following documents and responses within sixty (60) days of the date hereof.

### Instructions

1.      This request is continuing in nature and requires that you promptly supplement your production whenever any other documents responsive to this request enter your possession, custody or control at any time prior to the hearing.

2.      If there are no documents responsive to a particular request, you are directed to respond with "**None**" to such request.

### Document Requests

1.      Copies of the U.S. federal income tax returns for the tax year 2014 through the present filed individually and/or jointly by, or on behalf of, Claimant and/or for any businesses owned, in whole or in part, by him, together with all documents attached to the tax returns and all

schedules and statements thereto.

2.    Claimant's financial statements, including those statements within loan applications, or similar statements of Claimant's assets, liabilities and/or net worth for the period September 1, 2017 through December 31, 2018.

3.    All account statements and account documentation for every investment-related account(s) that Claimant maintained during the time period January 1, 2000 through the present, including all account(s) held or maintained by Claimant, individually, jointly, or in the name of any business owned by him, at any broker-dealer, annuity/insurance issuer, commodities, foreign exchange, financial, money management, registered investment advisor, and/or investment firms located anywhere in the world other than Spartan. The basis for the time period of this request is Claimant's representation made to Spartan on September 25, 2017 that he had twenty years of prior investment experience.

4.    All documents describing or enumerating any Trust in which Claimant may have a beneficial interest and statements evidencing the assets and values thereof held in said Trust.

5.    All documents describing or enumerating any foreign shell corporation, International Business Company, and/or legal entity in which Claimant is the beneficial owner or holder of bearer or registered shares of such entities.

6.    All documents concerning every private investment made by Claimant including, but not limited to, K-1s, subscription agreements, private placement memorandums, investor questionnaires, and/or documents sufficient to identify the placement agent for the private investment.

7.    All documents that Claimant received from Spartan.

8.    All documents relating to each transaction in Claimant's Spartan account(s), Spartan, and/or Claimant's Spartan representative(s) including, without limitation, all notes, calendar or diary entries.

9.    All documents relating or referring to any of the securities purchased in Claimant's Spartan Account(s) or purchased through Spartan, including but not limited to any articles, reports, research opinions, analyses or the like issued by any source.  (With respect to this request, please specifically identify the source of the material, i.e., whether it was provided by Spartan or from a third party.)

10.    Copies of all documents Claimant received from entities in which Claimant invested through Spartan, including annual and/or periodic reports.

11.    All documents concerning any communications between Claimant and any investment professionals and/or brokers at brokerage firms or investment firms other than Spartan concerning any security purchased in Claimant's Spartan Account or through Spartan.

12.    All account analysis, account summaries, concentration analysis, reports and/or profit and loss worksheets prepared at any time by, for or on behalf of Claimant, or any person under his direction or control, in connection with Claimant's Spartan account(s) including, but not limited to, all worksheets used to prepare and/or analyze Claimant's account(s) that served as a basis for the allegations in the Statement of Claim and Exhibit A annexed thereto.

13.    All documents concerning any communications between Claimant and Cold Springs Advisory Group and/or any representative of Cold Springs Advisory Group including, but not limited to Jennifer Tarr, Louis Ottimo Jr., Michelle Scotto-Lavino, and Timothy Biasi, concerning Spartan, his Spartan registered representative(s), and/or his Spartan Account(s).

14.     All recordings of any conversation in which Spartan or any of its representatives or employees were a party to the conversation.

15.     Claimant's telephone records for the period September 1, 2017 through December 31, 2018.

16.     All computer records concerning each investment-related website, blog, or message board/forum that Claimant visited between September 1, 2017 through December 31, 2018 including, without limitation, all articles reviewed and/or printed from the website *SeekingAlpha*.

17.     All emails received from *SeekingAlpha* including, without limitation, the email address: Account@seekingalpha.com.

18.     A copy of all account profile(s) established by Claimant with *SeekingAlpha*.

19.     A copy of all portfolios created by Claimant on *SeekingAlpha*.

20.     All previously prepared written statements by any person concerning the facts or circumstances related to Claimant's Spartan account(s) and/or any transaction therein.

21.     All Complaints/Statements of Claim filed in which Claimant was a party involving securities claims, together with, all awards, decisions, and/or settlement agreements related to each such Complaint/Statement of Claim.

22.     All documents that Claimant received or obtained as a result of his efforts concerning any investment in his Spartan account(s).

23.     All documents Claimant relied upon to show that he did not know about, or consent to, any transaction which he claims was effected without his authorization.

24.     A copy of Claimant's resume, or if a resume is not available, detail Claimant's complete education and employment background.

25.    A copy of the résumé for any expert retained by Claimant to testify in the hearing in this matter.

26.    A copy of any report prepared by, or on behalf of, any testifying expert retained by Claimant.

### **Information Requests**

1.    The name and address of any expert witness that Claimant's or Claimant's Counsel has retained and/or intends to call as a witness in this proceeding.

2.    For any expert Claimant may call at the hearing in this matter, state the substance of the expert's expected testimony, including his or her opinions and conclusions, and the basis for his or her opinion or conclusion, and all authoritative sources, reports of other experts, learned treatises, or other such document upon which the expert relies in forming the opinions or conclusions.

3.    For any brokerage and/or investment account maintained by Claimant in which Claimant has not provided documentation containing the below information, identify as to each account:

(a)    the name of the brokerage firm;

(b)    the name(s) of the account(s);

(c)    the mailing address of the office where the account(s) was maintained;

(d)    the account number(s);

(e)    The date the account(s) were opened.

4.    Identify all relatives, including in-laws, of Claimant who are employed by, or were employed by, an investment or securities firm.

5.    For each transaction that Claimant alleges was unauthorized, identify each specific

transaction by trade date and issuer.  If none, you are directed to specifically state, "**None**"**.**

   **PLEASE TAKE NOTICE** that Respondent reserves its right to request additional information and documents after it has received and reviewed Claimant's response to this First Discovery Request.

Dated: August 2, 2024

        SICHENZIA ROSS FERENCE CARMEL LLP

        By: */s/ Richard J. Babnick Jr.*
          Richard J. Babnick, Jr., Esq.
          Emily M. Knight, Esq.
        1185 Avenue of the Americas, 31st Floor
        New York, New York 10036
        (212) 930-9700
        rbabnick@srfc.law
        eknight@srfc.law

        *Attorneys for Respondent*
        *Spartan Capital Securities, LLC*

**11 - Wood - Document Demand.8.2.24.pdf( 8/2/2024 3:13:04 PM)**

FINANCIAL INDUSTRY REGULATORY AUTHORITY

```
------------------------------------------------------- X
In the Matter of the Arbitration Between      :
                                              :
GUY WOOD,                                     :        FINRA No. 23-00655 (12)
                                              :
               Claimant,                      :
                                              :
        vs.                                   :
                                              :
SPARTAN CAPITAL SECURITIES, LLC,              :
                                              :
               Respondent.                    :
                                              :
------------------------------------------------------- X
```

## FIRST DISCOVERY REQUEST
## TO CLAIMANT GUY WOOD

Pursuant to Rule 12507 of the FINRA Code of Arbitration Procedure, respondent Spartan Capital Securities, LLC ("Spartan") requests that claimant Guy Wood ("Claimant") produce the following documents and responses within sixty (60) days of the date hereof.

### Instructions

1.      This request is continuing in nature and requires that you promptly supplement your production whenever any other documents responsive to this request enter your possession, custody or control at any time prior to the hearing.

2.      If there are no documents responsive to a particular request, you are directed to respond with "**None**" to such request.

### Document Requests

1.      Copies of the U.S. federal income tax returns for the tax year 2011 through the present filed individually and/or jointly by, or on behalf of, Claimant and/or for any businesses owned, in whole or in part, by him, together with all documents attached to the tax returns and all

schedules and statements thereto.

2.     Claimant's financial statements, including those statements within loan applications, or similar statements of Claimant's assets, liabilities and/or net worth for the period September 1, 2014 through February 28, 2015.

3.     All account statements and account documentation for every investment-related account(s) that Claimant maintained during the time period January 1, 2000 through the present, including all account(s) held or maintained by Claimant, individually, jointly, or in the name of any business owned by him, at any broker-dealer, annuity/insurance issuer, commodities, foreign exchange, financial, money management, registered investment advisor, and/or investment firms located anywhere in the world other than Spartan. The basis for the time period of this request is Claimant's representation made to Spartan on September 18, 2014 that he had twenty years of prior investment experience.

4.     All documents describing or enumerating any Trust in which Claimant may have a beneficial interest and statements evidencing the assets and values thereof held in said Trust.

5.     All documents describing or enumerating any foreign shell corporation, International Business Company, and/or legal entity in which Claimant is the beneficial owner or holder of bearer or registered shares of such entities.

6.     All documents concerning every private investment made by Claimant including, but not limited to, K-1s, subscription agreements, private placement memorandums, investor questionnaires, and/or documents sufficient to identify the placement agent for the private investment.

7.     All documents that Claimant received from Spartan.

8. All documents relating to each transaction in Claimant's Spartan account(s), Spartan, and/or Claimant's Spartan representative(s) including, without limitation, all notes, calendar or diary entries.

9. All documents relating or referring to any of the securities purchased in Claimant's Spartan Account(s) or purchased through Spartan, including but not limited to any articles, reports, research opinions, analyses or the like issued by any source. (With respect to this request, please specifically identify the source of the material, i.e., whether it was provided by Spartan or from a third party.)

10. Copies of all documents Claimant received from entities in which Claimant invested through Spartan, including annual and/or periodic reports.

11. All documents concerning any communications between Claimant and any investment professionals and/or brokers at brokerage firms or investment firms other than Spartan concerning any security purchased in Claimant's Spartan Account or through Spartan.

12. All account analysis, account summaries, concentration analysis, reports and/or profit and loss worksheets prepared at any time by, for or on behalf of Claimant, or any person under his direction or control, in connection with Claimant's Spartan account(s) including, but not limited to, all worksheets used to prepare and/or analyze Claimant's account(s) that served as a basis for the allegations in the Statement of Claim and Exhibit A annexed thereto.

13. All documents concerning any communications between Claimant and Cold Springs Advisory Group and/or any representative of Cold Springs Advisory Group including, but not limited to Jennifer Tarr, Louis Ottimo Jr., Michelle Scotto-Lavino, and Timothy Biasi, concerning Spartan, his Spartan registered representative(s), and/or his Spartan Account(s).

14.     All recordings of any conversation in which Spartan or any of its representatives or employees were a party to the conversation.

15.     Claimant's telephone records for the period September 1, 2014 through February 28, 2015.

16.     All computer records concerning each investment-related website, blog, or message board/forum that Claimant visited between September 1, 2014 through February 28, 2015 including, without limitation, all articles reviewed and/or printed from the website *SeekingAlpha*.

17.     All emails received from *SeekingAlpha* including, without limitation, the email address: Account@seekingalpha.com.

18.     A copy of all account profile(s) established by Claimant with *SeekingAlpha*.

19.     A copy of all portfolios created by Claimant on *SeekingAlpha*.

20.     All previously prepared written statements by any person concerning the facts or circumstances related to Claimant's Spartan account(s) and/or any transaction therein.

21.     All Complaints/Statements of Claim filed in which Claimant was a party involving securities claims, together with, all awards, decisions, and/or settlement agreements related to each such Complaint/Statement of Claim.

22.     All documents that Claimant received or obtained as a result of his efforts concerning any investment in his Spartan account(s).

23.     All documents Claimant relied upon to show that he did not know about, or consent to, any transaction which he claims was effected without his authorization.

24.     A copy of Claimant's resume, or if a resume is not available, detail Claimant's complete education and employment background.

25.     A copy of the résumé for any expert retained by Claimant to testify in the hearing in this matter.

26.     A copy of any report prepared by, or on behalf of, any testifying expert retained by Claimant.

### **Information Requests**

1.     The name and address of any expert witness that Claimant's or Claimant's Counsel has retained and/or intends to call as a witness in this proceeding.

2.     For any expert Claimant may call at the hearing in this matter, state the substance of the expert's expected testimony, including his or her opinions and conclusions, and the basis for his or her opinion or conclusion, and all authoritative sources, reports of other experts, learned treatises, or other such document upon which the expert relies in forming the opinions or conclusions.

3.     For any brokerage and/or investment account maintained by Claimant in which Claimant has not provided documentation containing the below information, identify as to each account:

    (a)     the name of the brokerage firm;

    (b)     the name(s) of the account(s);

    (c)     the mailing address of the office where the account(s) was maintained;

    (d)     the account number(s);

    (e)     The date the account(s) were opened.

4.     Identify all relatives, including in-laws, of Claimant who are employed by, or were employed by, an investment or securities firm.

5.     For each transaction that Claimant alleges was unauthorized, identify each specific

transaction by trade date and issuer.  If none, you are directed to specifically state, "**None**"**.**

**PLEASE TAKE NOTICE** that Respondent reserves its right to request additional information and documents after it has received and reviewed Claimant's response to this First Discovery Request.

Dated: August 2, 2024

SICHENZIA ROSS FERENCE CARMEL LLP

By: _/s/ Richard J. Babnick Jr._
        Richard J. Babnick, Jr., Esq.
        Emily M. Knight, Esq.
1185 Avenue of the Americas, 31st Floor
New York, New York 10036
(212) 930-9700
rbabnick@srfc.law
eknight@srfc.law

*Attorneys for Respondent*
*Spartan Capital Securities, LLC*

# **EXHIBIT C**

| From: | Emily Knight |
| To: | Brandon <brandon@arbitrationlawgroup.com> |
| CC: | Richard Babnick <RBabnick@SRFC.LAW> |
| Date: | 10/7/2024 12:26:04 PM |
| Subject: | 23-00655: Phillip Ainsworth, et al. vs. Spartan Capital Securities, LLC |
| Attachments: | Spartan - Meet and Confer (Ainsworth).2024-10-07.pdf |

Brandon,

Please see attached.

**Emily M. Knight, Esq.**
Sichenzia Ross Ference Carmel LLP
1185 Avenue of the Americas |
31st Floor |
New York, NY 10036
T (212) 930-9700 ext. 202 | D (646) 885-6533 | F (212) 930-9725
eknight@srfc.law
|
www.srfc.law



NOTICE:
The information contained in this communication is legally privileged and/or confidential
information, which is intended only for use of recipient. If the reader of this communication is not the intended
recipient or the agent or employee responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or reproduction of this communication is strictly prohibited. If you have received this communication by error, please immediately notify the sender by e-mail
and delete this email from your system. Nothing in this email should be construed as a legal opinion or tax advice.

**SICHENZIA
ROSS
FERENCE
CARMEL** LLP

October 7, 2024

***Via Email***

Brandon Dei, Esq.
The Law Offices of Brandon Dei, PLLC
SA Law Group, PLLC
223 Wall Street, Suite 377
Huntington, New York 11743

      Re:    *Phillip Ainsworth, et al., vs. Spartan Capital Securities, LLC,*
                <u>FINRA No. 23-00655</u>

Dear Brandon:

As you know, this firm represents respondent Spartan Capital Securities, LLC ("**<u>Spartan</u>**") in the above-referenced matter. Claimants' responses and document productions in response to Respondent's First Requests for Documents and Information, addressed to each Claimant separately and dated August 2, 2024 (the "**<u>Requests</u>**"), are past due.

Per the Panel's Order, dated May 30, 2024 (the "**<u>Order</u>**"), Claimants were required to respond to the Requests per the Code, *i.e.*, within sixty (60) days of service. *See* FINRA Rule 12507(b)(1). As the Requests were served via the DR Portal on August 2, 2024, Claimants had until October 1, 2024 to respond. Claimants, however, have yet to respond to the Requests and have not produced any documents in response to the Requests. As such, and pursuant to FINRA Rule 12508, "[a]ny objection not made within the required time ***is waived***."

Accordingly, please serve each Claimants' responses and productions to the Requests by October 28, 2024, in order to avoid motion practice.

Thank you for your prompt attention in this regard.

                                  Very truly yours,

                                  */s/ Emily M. Knight*