

**SICHENZIA**
**ROSS**
**FERENCE**
**CARMEL** LLP

February 21, 2025

*Via DR Portal*

Ms. Terresa Byrd
FINRA Dispute Resolution Services
55 W. Monroe
Suite 2600
Chicago, Illinois 60603

Re:    *Phillip Ainsworth, et al., vs. Spartan Capital Securities, LLC,*
       <u>FINRA No. 23-00655</u>

Dear Ms. Byrd:

This firm represents respondent Spartan Capital Securities, LLC ("Spartan") in the above-referenced matter. Please accept this letter as Spartan's Motion to Dismiss and Seek Sanctions for Claimants' intentional and material failures to comply with numerous discovery orders and violations of FINRA Rules.

The Panel should dismiss this arbitration in its entirety. Claimants have engaged in a pattern of willful noncompliance, intentionally disregarding their discovery obligations, multiple FINRA rules, and direct orders of this Panel. They filed this arbitration nearly two years ago, yet they have repeatedly refused to produce even the most basic presumptively discoverable materials, despite multiple opportunities. The Panel has already issued clear warnings, including monetary sanctions, yet Claimants continue to flaunt these directives, demonstrating a blatant attempt to obstruct and delay this proceeding. Their conduct—failing to respond to discovery, ignoring a Motion to Compel, defying a direct Order compelling production, and producing a fraction of their documents—shows deliberate bad faith. The FINRA Code makes clear that dismissal is warranted when a party materially and intentionally fails to comply with discovery orders. That is precisely what has occurred here. Allowing this arbitration to proceed would reward abuse, prejudice Respondents, and undermine the integrity of the arbitration process.

Claimants' recent, desperate attempt to shift blame onto their own counsel is both disingenuous and irrelevant. Their attorneys, ***including new counsel from the same firm***, have a well-documented history of dilatory tactics, repeated discovery violations, and sanctions across multiple FINRA arbitrations. The law is clear: a party is responsible for the conduct of its chosen counsel. The record demonstrates not mere negligence, but a deliberate and sustained effort to prevent Spartan from properly preparing its defense. The Panel has already put Claimants on notice that continued violations could result in dismissal. Now, faced with their willful refusal to comply, dismissal is the only appropriate remedy. The Panel should enforce its authority, protect the integrity of this arbitration, and dismiss Claimants' Statement of Claim with prejudice.

Ms. Terresa Byrd
FINRA Dispute Resolution Services
February 21, 2025
Page 2

## **The Panel Should Dismiss The Arbitration**

Claimants filed this claim *23 months* ago, on March 17, 2023. After certain adjournments over the course of the year, the Panel issued an order on February 23, 2024, stating, in part, "[t]his case was submitted as an expedited hearing. Significant delays have occurred during the course of discovery and other matters. The panel wishes to bring this case to its logical conclusion however no movement has taken place for some time," and requested that the parties provide the Panel with an update by March 14, 2024. That date came and went, but Spartan was not contacted by Claimants. Two weeks later, Claimants' Counsel, Mr. Brandon Dei of the Securities Arbitration Law Group, PLLC, filed a letter on the DR Portal indicating his clients' continued prosecution of this case.

Accordingly, on May 24, 2024, the Initial Pre-Hearing Conference ("IPHC") was held, at which, the undersigned warned the Panel of Claimants' Counsel's litigation tactic of refusing to participate in discovery in good faith. In response, the First Amended Order for which, dated June 24, 2024, provides that discovery was to take place in two tranches: "with the deadline to submit first discovery requests being August 30, 2024 and the deadline for any additional discovery requests would be December 4, 2024." Thereafter, on August 2, 2024, Spartan served its first targeted discovery requests upon each Claimant individually that sought specific, and relevant, documents concerning, *inter alia*, their outside investments, communications with investment professionals, and other materials (the "**Requests**"). In accordance with FINRA Rule 12507(b)(1) and the First Amended IPHC Order, responses to the Requests were due on or before October 1, 2024. During this time, the parties' responses to the FINRA Discovery Guide were due on or before September 28, 2024, pursuant to FINRA Rule 12506. Both deadlines came and went, however, yet Claimants neither responded nor produced documents in response to either the Requests or the Discovery Guide.

As such, October 7, 2024, Spartan sent Claimants a Meet and Confer addressing their discovery deficiencies. Claimants did not respond. Left with no other alternative, on November 26, 2024, Spartan was forced to file and serve its Motion to Compel seeking the Chairperson to order Claimants' participation in discovery (**Ex. A**), which the Chairperson did on January 15, 2025. In the Order on the Motion to Compel (the "**Order**," **Ex. B**), the Chairperson directed Claimants "to produce the following no later than 2/7/2025:

1.    Individual written responses to each Item of List 2 of the FINRA Discovery Guide;

2.    Individual written responses to each Request in Spartan's respective, First Requests for Document and Information;

3.    All materials in the possession, custody, or control of Claimants responsive to all Items of the Discovery Guide and all Requests in the Requests."

The Order continued, stating, "If Claimants fail to comply with this Order in full by 2/7/2025, the Chair reserves the right to sanction each Claimant individually an amount not to exceed $100.00 per day until compliance with this Order is achieved. Claimants are herewith placed on notice that continued noncompliance with their discovery obligations or Orders of the

Ms. Teresa Byrd
FINRA Dispute Resolution Services
February 21, 2025
Page 3

Chairperson or Panel may result in the imposition of additional sanctions, including dismissal of the claims and/or Arbitration."

Five days later, on January 20, 2025, Claimants' current counsel, Mr. Mack Press of the Securities Arbitration Law Group, PLLC, filed his Notice of Appearance. Seventeen days later, on February 6, 2025, Claimants' Counsel submitted a letter to the Panel, which is discussed in detail below, and claims that he was just retained to appear in place of Mr. Dei—a claim that is contrary to his almost identical letter filed in a different arbitration in December 2024 (**Ex. R**). On the same day, at 5:17PM, and *almost two years after initiating this arbitration*, 10 of the 11 Claimants made their first and only production in this matter.[1] Importantly, in the production link sent by Claimants' Counsel, it details when the production files were last modified, or in other words, when the documents *were able to be produced*. Attached hereto as **Exhibit C** are screenshots of the production folder—the first from after copying the production folder to the undersigned's Dropbox account and the second directly from the link provided by Claimants' Counsel from the Dropbox of a member of "CSAG" (discussed below), both taken on February 10, 2025.

From the date on each file, which Spartan highlighted for the Panel's convivence, it is clear that Claimants have *intentionally* failed to produce these records. The vast majority of these documents should have been produced long before this point. Indeed, portions of Claimants Butz, Campbell, Casey, and Falk's productions were uploaded to the Dropbox in **December 2022**—*three months before Claimants even filed the Statement of Claim*—*but were not produced for over two years*. The majority of Claimant Krasne's production was uploaded to the Dropbox between **April 2020 and May 2021**. Similarly, Claimant Weidner's production was uploaded to the Dropbox between **May 2020 and February 2021**, but was not produced until *over four years later*. Portions of Claimant Francy's production was uploaded to the Dropbox in **September 2019**, but was only just produced *over five years later*. And all of Claimant Wood's production was uploaded in **September 2019 and February 2020**, yet only just produced *over five years later*.

In fact, these documents could have been produced on September 28, 2024—the date that Claimants Discovery Guide response and production was due pursuant to FINRA Rue 12506. They could have been produced in response to the Requests, which were due on October 1, 2024, pursuant to FINRA Rule 12507. They could have been produced in response to Spartan's Meet and Confer on October 7, 2024. They could have been produced in response to Spartan's Motion to Compel, dated November 26, 2024. They could have been produced in response to the FINRA Notification that Spartan's Motion to Compel, to which Claimants submitted no opposition, was transmitted to the Chairperson. They could have been produced in response to the Chairperson's Order granting Spartan's Motion to Compel, dated January 15, 2025. And they could have been produced when Mr. Press submitted his Notice of Appearance on January 20, 2025. Yet, Claimants chose not to and instead chose to wait months to finally produce a single piece of paper in this action they filed *23 months ago* while, simultaneously, failing or refusing to produce all the other materials and responses that the Panel ordered them to produce.

Rule 12505 provides the parties with the basic expectations in discovery; namely that "[t]he

---

[1] Claimant Catto did not produce a single document.

Ms. Terresa Byrd
FINRA Dispute Resolution Services
February 21, 2025
Page 4

parties must cooperate to the fullest extent practicable in the exchange of documents and information to expedite the arbitration." Rules 12506(b)(2) and 12507(b)(2) also provide, "[a] party must act in good faith when complying with subparagraph (1) of this rule. 'Good faith' means that a party must use its best efforts to produce *all documents required or agreed to be produced*."

Even with this untimely production, however, Claimants have still yet to produce the majority of the most basic, presumptively discoverable records. Indeed, Claimant Catto has not produced a single document in this matter. Claimant Rus has only produced his Spartan account statements and trade confirmations and a forensic accounting report. Claimant Ainsworth has also produced such records, as well as some of his third-party brokerage account statements and trade confirms from accounts dating as far back as 2015. Claimants Butz, Campbell, Casey, Falk, and Wood produced the foregoing as well as certain years of tax returns. Claimant Francy produced his Spartan account statements and trade confirmations, a forensic accounting report, and certain years of tax returns. And Claimants Krasne and Weidner produced the same as well as certain third-party brokerage account documents.

The Panel's *orders* remain unsatisfied.

The Panel's IPHC Order, dated May 30, 2024, provided, "Responses to discovery requests are due within 60 days from the date the discovery request is received in accordance with Rule 12507." (**Ex. D**). Claimants have not made a single written discovery response. The Chairperson's January 15, 2025 Order provided, "Claimants are directed to produce the following no later than 2/7/2025: 1. Individual written responses to each Item of List 2 of the FINRA Discovery Guide: 2. Individual written responses to each Request in Spartan's respective, First Requests for Document and Information; 3. All materials in the possession, custody, or control of Claimants responsive to all Items of the Discovery Guide and all Requests in the Requests. If Claimants fail to comply with this Order in full by 2/7/2025, the Chair reserves the right to sanction each Claimant individually an amount not to exceed $100.00 per day until compliance with this Order is achieved. Claimants are herewith placed on notice that continued noncompliance with their discovery obligations or Orders of the Chairperson or Panel may result in the imposition of additional sanctions, including dismissal of the claims and/or Arbitration."(**Ex. B**). Claimants have not produced the majority of the presumptively discoverable records, as detailed above, and it is clear that monetary sanctions are insufficient to convince them otherwise.

Now, Claimants' Counsel is improperly attempting to shift the burden of their discovery obligations onto Spartan. On February 6, 2025, at 8:02PM, Claimants' Counsel emailed the undersigned acknowledging that this production was not sufficient that that the "missing documents" would be supplemented over "the next several days." (**Ex. E**). Claimants have not made any production since. About an hour later, and just about three hours before the deadline provided in the Chairperson's Order, Claimants' Counsel emailed the undersigned again with the promise of additional forthcoming discovery, and asked Spartan to provide Claimants with Letters of Authorization for Claimants' third-party brokerage firms (the "LOAs"). The undersigned replied to him the next morning, on February 7, 2025—the deadline for Claimants' compliance with the order—stating that the expectation was that Claimants would fully comply with the Chairperson's Order. Despite indicating that the undersigned was out of the office, Claimants'

Ms. Terresa Byrd
FINRA Dispute Resolution Services
February 21, 2025
Page 5

Counsel emailed twice, again indicating that Claimants would be adding to their production on that day and again requesting Spartan to provide Claimants with the LOAs. Thereafter, Spartan waited for Claimants' anticipated production, which never came. Then on February 19, 2025, Claimants' Counsel emailed the undersigned—not with Claimants' production—but again asking for Spartan to provide Claimants with the LOAs, to which the undersigned promptly responded, "Pursuant to the FINRA Discovery Guide, List 2, Item 4, Claimants are to prepare the LOAs. To that end, I would ensure that they nonetheless comply with our Requests, including the documents sought and the time periods provided therein, in order to fully comply with the Chairperson's order." In response, Claimants' Counsel chastised the undersigned and made the false allegation of bad faith, and then advised Spartan's Counsel to "stop crying." (**Ex. E**).

Spartan has spent a considerable time and resources requesting presumptively discoverable, and unobjected-to materials from Claimants—materials that speak directly to their allegations in the Statement of Claim—the hearing on liability for which is now only a few months away. Without these materials, Spartan will be prejudiced in its hearing preparations and defense of the claims. After each of Spartan's good faith attempts to obtain this information, Claimants repeatedly chose to engage in a course of action intentionally designed to prejudice Spartan.

There is simply no excuse as to why Claimants have failed to produce these records, and the only logical explanation is that they are engaging in discovery tactics intentionally designed to frustrate Spartan's hearing preparations and defenses of the claims and wholly shirk their obligations to engage in proper discovery. In fact, it appears that Claimants would rather incur monetary sanctions of $100 per day from February 7, 2025, for their discovery violations instead of producing the documents they were ***ordered*** to produce in an attempt to prevent Spartan from properly preparing for the upcoming hearing and defending themselves. As previously warned, this is a common tactic used by Claimants' Counsel, and this Panel should not permit the same.

Indeed, in the letter filed by Mr. Press on February 6, 2025, he details a false narrative to this Panel in order to save this claim (**Ex. F**). The letter attempts to confuse the Panel as to the Claimants' representation, when, ***and at all times since inception, Claimants are and have always been represented by Securities Arbitration Law Group, PLLC***. Indeed, Claimants' Counsel conveniently omits to mention that Securities Arbitration Law Group, PLLC maintains offices at 223 Wall Street, Suite 377, Huntington, New York 11743, 445 Park Avenue, 9th Floor, New York, New York 10022, and 1200 G Street, Suite 800, Washington, D.C. 20005, and has been staffed by various attorneys and non-attorneys, including at all times David Vermont, Esq., and Brandon Dei, Esq. and Mack Press, Esq. Simply, Claimants' proffered excuses for their failure and refusal to participate in this misdirected arbitration, for repeatedly violating FINRA Rules, for disregarding the Panel's orders, and for ignoring all discovery obligations, the Meet and Confer, and all motion practice, are a farse intended to mislead the Panel as to why this law firm should be entitled to nothing less than a complete arbitral "reset." The Panel should not even consider it.

As explained further below, Mr. Press' letter is an unfortunate attempt to recast a long pattern of Securities Arbitration Law Group and its attorneys engaging in willful, dilatory, and contumacious behavior in every aspect of its FINRA arbitration practice. ***Before*** the start of the instant arbitration and ***concurrent*** with its pendency, Securities Arbitration Law Group and its

Ms. Teresa Byrd
FINRA Dispute Resolution Services
February 21, 2025
Page 6

attorneys have engaged in the same abusive conduct while picking and choosing which arbitrations they will actively arbitrate resulting in, from time to time, arbitration panel's catching on to their *modus operandi*.

Spartan respectfully refers the Panel to the following exhibits:

- Attached as **Exhibit G** is a printout of the website of Securities Arbitration Law Group that lists Messrs. Vermont and Dei.

- Attached as **Exhibit H** is a printout of the website of Securities Arbitration Law Group that lists Messrs. Vermont and Press.

- Attached as **Exhibit I** is correspondence submitted by Securities Arbitration Law Group, dated August 15, 2024, using its moniker SA Law Group, PLLC, but otherwise listing Securities Arbitration Law Group's Washington D.C. address where its other attorneys also operate, in an unrelated FINRA Arbitration Case No. 22-02653. This arbitration is also ongoing with the instant arbitration and confirms that Securities Arbitration Law Group and its attorneys are concurrently and capably operating out of multiple offices.

- Attached as **Exhibit J** is a copy of a pending lawsuit commenced in the State of Wisconsin, Circuit Court, Vernon County, captioned *Cedric Allen Veum et al. v. Louis Ottimo and Cold Spring Advisory Group LLC*. Cold Spring Advisory Group LLC ("CSAG") is a claimants securities arbitration firm that employs attorneys and non-attorneys to conduct FINRA arbitrations. Non-attorneys Louis and Michelle Ottimo (husband and wife) own CSAG. As alleged in the Complaint and its accompanying engagement letter and guarantee (Plaintiff's Exs. A and B thereto), CSAG also operates out of the *same* office as Securities Arbitration Law Group located at 445 Park Avenue, 9th Floor, New York, New York 10022. Additionally, the forensic accounting reports produced Claimants Francy, Krasne, Weidner, and Wood all bear the insignia "CSAG." (**Ex. K**).

- Attached as **Exhibit F** is the February 6, 2025 letter of Securities Arbitration Law Group and Mr. Press, which also lists its address of 445 Park Avenue, 9th Floor, New York, New York 10022.

- Attached as **Exhibit L** is a redacted marketing piece of CSAG that advertises and promotes Cold Spring Advisory Group LLC's engagement of Securities Arbitration Law Group to arbitrate cases specifically against Respondents.

- Attached as **Exhibit M** is a copy of the corporate registration filing of Securities Arbitration Law Group, PLLC in Washington, D.C. that also confirms that David Vermont and Michelle Ottimo are *also* the beneficial owners of Securities Arbitration Law Group.

- Attached as **Exhibit N** is a copy of a verification form that accompanied an affidavit of Michelle Ottimo filed in the New York State Supreme Court, County of Suffolk, in

Ms. Teresa Byrd
FINRA Dispute Resolution Services
February 21, 2025
Page 7

connection with an action captioned, *Kenneth B. Rowan DDC et al. v. Cold Spring Advisory Group LLC*, wherein Ms. Ottimo affirms, under penalty of perjury, that she is a managing member of CSAG.

- Attached as **Exhibit O** is an Award issued in connection with FINRA Case 23-01975, in which Securities Arbitration Law Group and Mr. Dei engaged in the same types of dilatory misconduct warranting the imposition of various forms of sanction and ultimately dismissal. The foregoing events occurred concurrent in time with the instant arbitration, with Mr. Dei attending a pre-haring conference on September 25, 2024, just days before Claimants' discovery responses were due, but make no mention of Mr. Dei's purported health or the handling of the matter by any other attorney at Securities Arbitration Law Group.

- Attached as **Exhibit P** is an Award issued in connection with FINRA Case 21-01817, in which Securities Arbitration Law Group and Mr. Vermont engaged in the same types of dilatory misconduct warranting the imposition of various forms of sanction (in fact twelve (12) times) for "dilatory and contumacious" behavior and ultimately dismissal.

- Attached as **Exhibit Q** is an Award issued in connection with FINRA Case 22-02854, in which Securities Arbitration Law Group and Mr. Dei engaged in the same types of dilatory misconduct warranting the imposition of various forms of sanction throughout 2023 and 2024. Prior to imposing sanctions and dismissal, the Panel sought fit to chronicle Securities Arbitration Law Group and Mr. Dei. Relevant excerpts follow:

  Prehearing conferences were held with the parties on November 30, 2023 and February 16, 2024 for discussion of discovery status with Mr. Dei making pledges of full cooperation followed by continued non-production of the previously indicated materials. Scheduled prehearing conferences on motions had to be cancelled on November 13, 2023 and March 18, 2024 due to Brandon Dei noting his serious medical issues requiring multiple extended hospitalizations over the last four months. On the Panel's seeking any available type of independent source documentation he had in support of his statements about his health, he refused on the basis of personal privacy and would offer no objective rejoinder to the Respondent's presentation of a social media post made by Brandon Dei that showed him with family at a Florida Disney World vacation on January 26, 2024.

  The complete discovery record shows extended non-compliance regarding essential items, with repeated efforts by the Panel to guide the process to a satisfactory resolution proving unsuccessful. There is no evidence of prospects for a favorable change by Brandon Dei, who on his clients' behalf ultimately bears the burden of proof for their alleged claims. The Panel thus grants the Motion to Dismiss with prejudice.

Ms. Terresa Byrd
FINRA Dispute Resolution Services
February 21, 2025
Page 8

- Attached as **Exhibit R** are December 13, 2024 and January 5, 2025 letters filed on other arbitrations by Securities Arbitration Law Group and Mr. Press, confirming that the foregoing are now using a template letter that purports to blame Mr. Dei and FINRA for months of delays, discovery abuses, and sanctionable misconduct. (*Compare* Exs. F and R wherein Mr. Press states that he "took over" these cases for Securities Arbitration Law Group in either December 2024 or February 2025, and "FINRA had a technical problem and FINRA was unable to restore the FINRA portal for several week[*sic*].").

- Attached as **Exhibit S** is an Order and Explained Decision issued in connection with FINRA Case 24-00703, dated February 20, 2025, in which the Panel dismissed that arbitration originally brought by Mr. Dei with Securities Arbitration Law Gorup, PLLC, in which Mr. Press appeared and filed nearly the same letter, and the aforementioned exhibits were provided to the Panel; finding, in relevant part:

  > The new counsel, Mr. Mark[sic] Press, Esq. is from the same firm but a different office in a different city as the attorney he replaced. […] In his motion, Mr. Press explained that the counsel he replaced, Mr. Brandon Dei, had become ill with a very unusual parasitic infection that made it difficult for Mr. Dei to focus on his work which caused the failure in communication between the parties, his firm, and FINRA.

  > After reading all the pleadings and considering all the circumstances in this case the panel unanimously decided to Grant the Respondent's Motion to Dismiss. The panel also unanimously agreed that the sanctions in the form of all forum fess and the attorney fees accrued by the Respondent be paid by the Claimant. […]

  > The panel were sensitive to the unusual circumstances that occurred with Mr. Dei, however we did not think that forcing the timeline for the May hearing dates would be productive especially when it took new counsel almost a month to request a time extension. The lack of initiative by the Claimant's representative was disappointing.

It is well settled that actions of employee attorneys are imputed to their firm and the firm "must also bear the consequences" of their actions. *In re Bradley*, 495 B.R. 747, 790 (Bankr. S.D. Tex. 2013); *see also American Shoring, Inc. v. D.C.A. Constr., Ltd.*, 15 A.D.3d 431 (2d Dep't 2005) (holding that that even an individual attorney's delays in participating in most any or most every aspect of a legal proceeding will not relieve the law firm (or its clients) from the consequences thereof where there are "other attorneys at the firm who were capable of handling [the] matter did not assume responsibility for it."). This is a product of the uncontroversial presumption that the attorney-client relationship is ultimately imputed to the entire law firm as the obligations, confidences, and duties are imputed to its other members.

In this instance, a substantial and irrefutable record demonstrates that any suggestion that Mr. Dei alone (much less FINRA) is both the culprit and reason to simply absolve Claimants of

Ms. Teresa Byrd
FINRA Dispute Resolution Services
February 21, 2025
Page 9

the substantial and prejudicial delays, willful non-compliance, and resulting significant and costly motion practice, is beyond insincere; *it is frivolous and sanctionable*. Claimants' law firm, Securities Arbitration Law Group, maintains multiple offices and employs multiple, experienced securities attorneys capable of and responsible for the representation of Claimants, including, but not limited to, Mr. Dei, Mr. Vermont, and Mr. Press. Securities Arbitration Law Group is entitled to no reprieve to correct painfully overdue, sanctionable misconduct, which is a pattern and practice of Securities Arbitration Law Group.

In *Kramer vs. Morgan Wilshire Securities, Inc., et al.*, in October 2021, the claimant, represented by the Securities Arbitration Law Group, brought claims for unsuitability, unauthorized trading, and failure to supervise related to various equities. Claimants' Counsel did not produce any records or responses to discovery. The respondents filed a motion to compel, to which Claimants' Counsel did not respond. The panel granted the motion on December 20, 2023, and required claimant to produce records by January 29, 2024. They did not. On February 1, 2024, the respondents filed a motion to dismiss and for sanctions pursuant to Rules 12212 and 12511. Claimants' Counsel did not file any response. On February 20, 2024, the panel ordered claimant to comply with their December order by February 26, 2024, and reserved the right to dismiss the case if he did not comply. By March 14, 2024, claimant did not comply and thus the panel granted respondents' motion to dismiss, finding that: "Claimant had: 1) intentionally and materially failed to comply with his discovery obligations despite the Panel's efforts to obtain Claimant's compliance by way of its discovery orders dated December 20, 2023 and February 20, 2024, and 2) failed to comply with said discovery orders in any and all respects." *Kramer vs. Morgan Wilshire Securities, Inc., et al.*, FINRA No. 21-02684 (Award Dated April 17, 2024).

Similarly, in *Edwards, et al., vs. Axos Clearing LLC, et al.*, the claimants, again represented by Securities Arbitration Law Group, brought claims against the respondents for breach of fiduciary duty, negligence, and breach of Regulation Best Interest. In December 2023, respondent Axos filed a motion for sanctions for discovery violations against claimants. Again, Claimants did not submit a response. Accordingly, on January 4, 2024, the arbitrator granted Axos' motion and ordered sanctions against claimants for their discovery failures; providing in the award that the claimants were liable to the respondents for $1,000 "for costs and reasonable attorneys' fees incurred as a result of their Motion for Sanctions for Discovery Violations." *Edwards, et al., vs. Axos Clearing LLC, et al.*, FINRA No. 23-01665 (Award Dated April 25, 2024).

*Bozzi, et al., vs. Axos Clearing LLC, et al.*, FINRA No. 23-01148 (Award Dated December 7, 2023) definitively establishes the pattern of non-compliance by the Securities Arbitration Law Group Securities Arbitration Law Group and their clients. In that case, the respondents filed a motion to compel discovery, which the sole arbitrator granted on October 6, 2023. Thereafter, on October 25, 2023, the respondents filed a motion for sanctions requesting dismissal of the claimants' claims pursuant to Rule 12212. Claimants did not file any response. The sole arbitrator granted the motion in part, providing in his order that the claimants had until November 15, 2023, to comply with the previous discovery order and warned the Securities Arbitration Law Group that failure to comply could result in dismissal. On November 16, 2023, and during the December 5, 2023 hearing, the respondents renewed their motion for sanctions based upon claimants' failure to comply with the two prior orders of the arbitrator. In response, Securities Arbitration Law Group

Ms. Teresa Byrd
FINRA Dispute Resolution Services
February 21, 2025
Page 10

"did not directly address the failure to comply with the discovery orders." As such, the arbitrator granted the respondents' motion for sanctions and "precluded [the claimants] from introducing any documents or information that was the subject of the [r]espondents' discovery requests and the discovery [o]rders dated October 6, 2023, and November 8, 2023."

In *Deaderick vs. Joseph Stone Capital LLC, et al.*, FINRA No. 23-02337 (Award Dated January 10. 2025), the claimants, represented by the same counsel as in the present case—first by Mr. Dei and then by Mr. Vermont—failed to comply with multiple discovery obligations, prompting the respondents to file a motion for sanctions, including dismissal. The record reflects that claimants did not produce required discovery, failed to meet deadlines, and did not respond to various motions and orders. Despite having opportunities to cure these deficiencies, claimants' inaction led the respondents to seek dismissal. The Panel ultimately granted the motion, dismissing the case with prejudice. This is yet another example of the same law firm engaging in a repeated pattern of discovery noncompliance, requiring significant motion practice and ultimately resulting in case-ending sanctions.

In addition, the above record also makes clear that Securities Arbitration Law Group and CSAG operate out of the same office and work together on FINRA arbitration work, with an apparent interest in Spartan. Indeed, the principals of CSAG are the principals of the law firm of record in this arbitration—Securities Arbitration Law Group. The foregoing lays bare the indefensible suggestion that Claimants or their law firm(s) were somehow unaware of the acts and omissions of one of their own—one of multiple attorneys associated with Securities Arbitration Law Group with a record of thumbing their noses at their obligations to their adversaries and FINRA arbitrators much less the FINRA Rules that exist to prevent the very misconduct complained of herein, or were unable to timely intervene and comply.

That Securities Arbitration Law Group now presses for nothing less than a total "reset" of this group claim, itself a brazen and baffling position, based on Mr. Press' form letter changes nothing. Securities Arbitration Law Group has already established that it will pick and choose when it wants to delay or arbitrate without regard to FINRA Rules. Enough is enough.

Pursuant to Rules 12212(c) (Sanctions) and 12511(b) (Discovery Sanctions), the Panel "may dismiss a claim, defense or proceeding with prejudice" for intentional and material failure to comply with a discovery order of the Panel if prior warnings or sanctions have proven ineffective.

Given Claimants' willful failure to participate in the discovery process and fulfill their obligations in good faith, Spartan requests the Panel should not allow Claimants' willful and contumacious discovery abuses to go unchecked and for Spartan to be continuously prejudiced. Accordingly, pursuant to FINRA Rules 12511(b) and 12212(c), Spartan respectfully submits that the Panel dismiss the Statement of Claim in its entirety, or in the alternative, adjourn the hearing until Claimants' full compliance with the Order and issue an adverse inference sanction, and assess all costs and attorneys' fees associated with this Motion to Claimants.

Ms. Terresa Byrd
FINRA Dispute Resolution Services
February 21, 2025
Page 11

## **Conclusion**

For all the foregoing reasons, Spartan Capital Securities, LLC respectfully requests that, pursuant to the bright-line language of FINRA Rules 12511(b) and 12212(c), the Arbitration Panel dismiss the Statement of Claim with prejudice due to Claimants continuous, intentional, and material failures to comply with the discovery orders of this Panel, and assess all costs against Claimants, and award Spartan its reasonable attorneys' fees.

Respectfully submitted,

*/s/ Emily M. Knight*

Encl.

cc: All Parties (via DR Portal)

# **<u>EXHIBIT A</u>**



**SICHENZIA
ROSS
FERENCE
CARMEL** LLP

November 26, 2024

*Via DR Portal*

Ms. Terresa Byrd
FINRA Dispute Resolution Services
55 W. Monroe
Suite 2600
Chicago, Illinois 60603

      Re:    *Phillip Ainsworth, et al., vs. Spartan Capital Securities, LLC,*
                <u>FINRA No. 23-00655</u>

Dear Ms. Byrd:

    This firm represents respondent Spartan Capital Securities, LLC ("Spartan") in the above-referenced matter.

    Please accept this letter as Spartan's Omnibus Motion to Compel Claimants Phillip Ainsworth, Alexander Catto, Fred Weidner, Brian Campbell, Marion Rus, Steve Butz, Steven Krasne, Dwight Casey, Dennis Francy, David Falk, and Guy Wood (collectively, "Claimants") to respond fully to Spartan's reasonable discovery request and FINRA's presumptively discoverable guide, and produce documents and information responsive thereto by a date certain. Please forward a copy of this letter motion to the Chairperson for his review and consideration.

<u>**Preliminary Statement**</u>

    Claimants consist of eleven (11) claimants who are not related to each other or have any common interests of fact. Notwithstanding, Claimants have grouped together to sue their broker-dealer, Spartan. The crux of the Statement of Claim is that Spartan made a series of unsuitable investment recommendations that led to losses in each of Claimants' non-discretionary brokerage accounts. The Statement of Claim is noticeably void of any specifically-pled allegations of wrongdoing or of any transaction that was unsuitable. Rather, Claimants merely list their alleged out-of-pocket losses, boilerplate causes of action, and presumptively claim that Spartan is responsible for the alleged losses in their accounts.

    As detailed in each of Spartan's eleven (11) Statement of Answers and Affirmative Defenses filed on July 30, 2024 (collectively, the "Answers"), Claimants are all sophisticated investors with years of experience investing prior to opening their respective Spartan accounts. At all times, Spartan's recommendations were suitable and in accordance with Claimants' individually stated and confirmed investment profiles. Moreover, at no point did any Claimant voice concern for the transactions they effectuated in their accounts. Now, Claimants are pointing their fingers at Spartan in a brazen attempt to recoup losses that were caused, not by any

# **<u>EXHIBIT B</u>**

©2025 FINRA. All rights reserved.

## ORDER

**Submitted By:** William Cravens (On behalf of the arbitration panel)
**Submitted Date:** 01/15/2025 08:40:57 PM ET

**Case ID & Parties:**
*FINRA Dispute Resolution Services*
ORDER

**Case Number:** 23-00655

**In the Matter of the Arbitration Between**

| Claimant(s) | VS | Respondent(s) |
|---|---|---|
| Phillip Ainsworth | | Spartan Capital Securities, LLC |
| Alexander Catto | | |
| Fred Weidner | | |
| Brian Campbell | | |
| Marion Rus | | |
| Steve Butz | | |
| Steven Krasne | | |
| Dwight Casey | | |
| Dennis Francy | | |
| David Falk | | |
| Guy Wood | | |

## PREHEARING CONFERENCE

1. Was a prehearing conference held in the above captioned matter?
○ Yes
● **No**

## ISSUES ADDRESSED

2. Issues addressed: (i.e., name of motion or request, by which party)
● **The following pleadings have been addressed:**

> *Respondent's Motion to Compel Discovery*

## ORDER DECIDED BY

3. Decided by:
● **Chairperson**
○ Panel

## RULINGS

4. Rulings:

- **After considering the pleadings submitted by the parties (and oral arguments, if prehearing conference held), the Panel/Chairperson rules as follows:**

  > *Claimants are directed to produce the following no later than 2/7/2025:*
  >
  > *1. Individual written responses to each Item of List 2 of the FINRA Discovery Guide:*
  >
  > *2. Individual written responses to each Request in Spartan's respective, First Requests for Document and Information;*
  >
  > *3. All materials in the possession, custody, or control of Claimants responsive to all Items of the Discovery Guide and all Requests in the Requests.*
  >
  > *If Claimants fail to comply with this Order in full by 2/7/2025, the Chair reserves the right to sanction each Claimant individually an amount not to exceed $100.00 per day until compliance with this Order is achieved. Claimants are herewith placed on notice that continued noncompliance with their discovery obligations or Orders of the Chairperson or Panel may result in the imposition of additional sanctions, including dismissal of the claims and/or Arbitration*

5. Order compliance date:

- **The parties should comply with this order by _02/07/2025_**
- ○ Not applicable

## ASSESSMENT OF FEES

6. Cost of prehearing conference:

- **If the parties settle this matter with no further hearings, the forum fees for this prehearing conference (or discovery-related motion decided without a prehearing conference) are assessed as follows:**

  **_100_% to Claimant(s), jointly and severally**

  **_____% to Respondent(s), jointly and severally**

  **_____% assessed to _____**

  **_____% assessed to _____**

  **_____% assessed to _____**

  **_____% assessed to _____**

- ○ Not applicable

## ATTACHMENTS

There are no attached documents.

# **EXHIBIT C**

🕐 Recents    ☆ Starred

| Name ↑ | | Modified |
|---|---|---|
| 📄 AINSWORTH PRODUCTION 000001-000118.... | ☆ | 1/22/2025 12:06 pm |
| 📄 AINSWORTH PRODUCTION 000119-000370.... | ☆ | 1/22/2025 12:11 pm |
| 📄 AINSWORTH PRODUCTION 000371-000400... | ☆ | 1/22/2025 12:13 pm |
| 📄 AINSWORTH PRODUCTION 000401-001876.... | ☆ | 1/22/2025 12:43 pm |
| 📄 BUTZ PRODUCTION 000001-000182.pdf | ☆ | 12/9/2022 11:34 am |
| 📄 BUTZ PRODUCTION 000183-000316.pdf | ☆ | 12/9/2022 11:38 am |
| 📄 BUTZ PRODUCTION 000317-000341.pdf | ☆ | 12/9/2022 11:49 am |
| 📄 BUTZ PRODUCTION 000342-000365.pdf | ☆ | 1/22/2025 12:52 pm |
| 📄 BUTZ PRODUCTION 000366-000425.pdf | ☆ | 1/22/2025 12:57 pm |
| 📄 BUTZ PRODUCTION 000426-000660.pdf | ☆ | 2/7/2025 11:00 am |
| 📄 CAMPBELL PRODUCTION 000001-000232.p... | ☆ | 12/9/2022 12:07 pm |
| 📄 CAMPBELL PRODUCTION 000233-000262.p... | ☆ | 12/9/2022 12:14 pm |
| 📄 CAMPBELL PRODUCTION 000263-000542.... | ☆ | 12/9/2022 12:20 pm |
| 📄 CAMPBELL PRODUCTION 000543-000546.... | ☆ | 12/9/2022 12:29 pm |
| 📄 CAMPBELL PRODUCTION 000546-000585.... | ☆ | 12/9/2022 12:32 pm |
| 📄 CAMPBELL PRODUCTION 000586-001565.pdf | ☆ | 2/6/2025 1:12 pm |
| 📄 CAMPBELL PRODUCTION 001566-002126.pdf | ☆ | 2/6/2025 1:16 pm |
| 📄 CAMPBELL PRODUCTION 002127-002345.pdf | ☆ | 2/6/2025 1:50 pm |



**\*\*CLAIMANTS DISCOVERY\*\*** ⚙

🕘 Recents    ☆ Starred

| Name ↑ | | Modified |
|---|---|---|
| 📄 CAMPBELL PRODUCTION 003744-006859.pdf | ☆ | 2/7/2025 12:44 pm |
| 📄 CASEY PRODUCTION 000001-000200.pdf | ☆ | 12/9/2022 12:38 pm |
| 📄 CASEY PRODUCTION 000201-000224.pdf | ☆ | 12/9/2022 12:41 pm |
| 📄 CASEY PRODUCTION 000225-000381.pdf | ☆ | 12/9/2022 12:46 pm |
| 📄 CASEY PRODUCTION 000382-000492.pdf | ☆ | 12/9/2022 12:51 pm |
| 📄 CASEY PRODUCTION 000493-000546.pdf | ☆ | 12/9/2022 12:53 pm |
| 📄 CASEY PRODUCTION 000547-000573.pdf | ☆ | 1/22/2025 1:09 pm |
| 📄 CASEY PRODUCTION 000574-000680.pdf | ☆ | 1/22/2025 1:28 pm |
| 📄 CASEY PRODUCTION 000681-001709.pdf | ☆ | 2/6/2025 3:25 pm |
| 📄 FALK PRODUCTION 000001-000138.pdf | ☆ | 12/9/2022 1:07 pm |
| 📄 FALK PRODUCTION 000139-000160.pdf | ☆ | 12/9/2022 1:09 pm |
| 📄 FALK PRODUCTION 000161-000180.pdf | ☆ | 12/9/2022 1:11 pm |
| 📄 FALK PRODUCTION 000181-000584.pdf | ☆ | 1/22/2025 2:22 pm |
| 📄 FALK PRODUCTION 000585-000658.pdf | ☆ | 1/22/2025 2:36 pm |
| 📄 FALK PRODUCTION 000659-000774.pdf | ☆ | 1/22/2025 2:40 pm |
| 📄 FALK PRODUCTION 000775-002463.pdf | ☆ | 1/22/2025 3:23 pm |
| 📄 FALK PRODUCTION 002464-002871.pdf | ☆ | 1/22/2025 3:30 pm |
| 📄 FALK PRODUCTION 002872-002895.pdf | ☆ | 1/22/2025 3:33 pm |

🕓 Recents   ☆ Starred

| Name ↑ | | Modified |
|---|---|---|
| 📄 FALK PRODUCTION 002896-002939.pdf | ☆ | 1/22/2025 3:45 pm |
| 📄 FALK PRODUCTION 002940-003213.pdf | ☆ | 1/23/2025 1:11 pm |
| 📄 FALK PRODUCTION 003214-003650.pdf | ☆ | 2/4/2025 12:09 pm |
| 📄 FRANCY PRODUCTION 000001-000104.pdf | ☆ | 9/30/2019 1:35 pm |
| 📄 FRANCY PRODUCTION 000105-000162.pdf | ☆ | 9/30/2019 1:38 pm |
| 📄 FRANCY PRODUCTION 000163-000193.pdf | ☆ | 2/6/2020 2:56 pm |
| 📄 FRANCY PRODUCTION 000194-000254.pdf | ☆ | 1/23/2025 3:09 pm |
| 📄 FRANCY PRODUCTION 000255-000280.pdf | ☆ | 1/23/2025 3:21 pm |
| 📄 FRANCY PRODUCTION 000281-000426.pdf | ☆ | 1/23/2025 3:48 pm |
| 📄 KRASNE PRODUCTION 000001-000216.pdf | ☆ | 4/20/2020 1:21 pm |
| 📄 KRASNE PRODUCTION 000217-000273.pdf | ☆ | 4/20/2020 1:28 pm |
| 📄 KRASNE PRODUCTION 000274-000306.pdf | ☆ | 4/20/2020 1:41 pm |
| 📄 KRASNE PRODUCTION 000307-000581.pdf | ☆ | 4/20/2020 1:37 pm |
| 📄 KRASNE PRODUCTION 000582-001104.pdf | ☆ | 2/4/2025 1:00 pm |
| 📄 KRASNE PRODUCTION 001105-001381.pdf | ☆ | 6/2/2020 9:59 am |
| 📄 KRASNE PRODUCTION 001382-001416.pdf | ☆ | 12/3/2020 1:40 pm |
| 📄 KRASNE PRODUCTION 001417-001600.pdf | ☆ | 1/13/2021 3:09 pm |

# **CLAIMANTS DISCOVERY** ⚙

🕐 Recents    ☆ Starred

| Name ↑ | | Modified |
|---|---|---|
| PDF KRASNE PRODUCTION 001601-001666.pdf | ☆ | 1/21/2021 11:58 am |
| PDF KRASNE PRODUCTION 001667-001760.pdf | ☆ | 1/21/2021 12:02 pm |
| PDF KRASNE PRODUCTION 001761-001860.pdf | ☆ | 1/21/2021 12:06 pm |
| PDF KRASNE PRODUCTION 001861-001980.pdf | ☆ | 1/21/2021 12:10 pm |
| PDF KRASNE PRODUCTION 001981-002056.pdf | ☆ | 1/21/2021 12:13 pm |
| PDF KRASNE PRODUCTION 002057-002230.pdf | ☆ | 1/21/2021 12:16 pm |
| PDF KRASNE PRODUCTION 002231-002333.pdf | ☆ | 1/21/2021 12:19 pm |
| PDF KRASNE PRODUCTION 002334-002449.pdf | ☆ | 1/21/2021 12:23 pm |
| PDF KRASNE PRODUCTION 002450-002607.pdf | ☆ | 1/21/2021 12:26 pm |
| PDF KRASNE PRODUCTION 002608-002731.pdf | ☆ | 1/21/2021 12:31 pm |
| PDF KRASNE PRODUCTION 002732-002787.pdf | ☆ | 1/21/2021 12:34 pm |
| PDF KRASNE PRODUCTION 002788-002925.pdf | ☆ | 1/21/2021 12:37 pm |
| PDF KRASNE PRODUCTION 002926-002933.pdf | ☆ | 1/21/2021 3:16 pm |
| PDF KRASNE PRODUCTION 002934-002937.pdf | ☆ | 1/21/2021 3:18 pm |
| PDF KRASNE PRODUCTION 002938-002947.pdf | ☆ | 1/21/2021 3:20 pm |
| PDF KRASNE PRODUCTION 002948-002949.pdf | ☆ | 1/21/2021 3:21 pm |
| PDF KRASNE PRODUCTION 002950-002959.pdf | ☆ | 1/21/2021 3:23 pm |

🕐 Recents     ☆ Starred

| Name ↑ | | Modified |
|---|---|---|
| PDF KRASNE PRODUCTION 002960-002969.pdf | ☆ | 1/21/2021 3:25 pm |
| PDF KRASNE PRODUCTION 002970-003035.pdf | ☆ | 1/21/2021 3:27 pm |
| PDF KRASNE PRODUCTION 003036-003067.pdf | ☆ | 1/21/2021 3:29 pm |
| PDF KRASNE PRODUCTION 003068-003113.pdf | ☆ | 1/21/2021 3:31 pm |
| PDF KRASNE PRODUCTION 003114-003115.pdf | ☆ | 1/21/2021 3:32 pm |
| PDF KRASNE PRODUCTION 003116-003135.pdf | ☆ | 1/21/2021 3:34 pm |
| PDF KRASNE PRODUCTION 003136-003198.pdf | ☆ | 1/29/2021 2:47 pm |
| PDF KRASNE PRODUCTION 003199-03380.pdf | ☆ | 1/29/2021 3:04 pm |
| PDF KRASNE PRODUCTION 003381-003386.pdf | ☆ | 1/29/2021 3:33 pm |
| PDF KRASNE PRODUCTION 003387-003456.pdf | ☆ | 2/8/2021 1:18 pm |
| PDF KRASNE PRODUCTION 003457-003514.pdf | ☆ | 2/10/2021 12:42 pm |
| PDF KRASNE PRODUCTION 003515-003634.pdf | ☆ | 2/10/2021 12:47 pm |
| PDF KRASNE PRODUCTION 003635-003728.pdf | ☆ | 2/10/2021 4:02 pm |
| PDF KRASNE PRODUCTION 003729-003748.pdf | ☆ | 5/17/2021 12:36 pm |
| PDF KRASNE PRODUCTION 003749-003798.pdf | ☆ | 5/17/2021 12:37 pm |
| PDF KRASNE PRODUCTION 003799-004002.pdf | ☆ | 5/17/2021 12:44 pm |
| PDF KRASNE PRODUCTION 004003-004078.pdf | ☆ | 5/17/2021 12:54 pm |
| PDF KRASNE PRODUCTION 004079-004276.pdf | ☆ | 5/17/2021 12:59 pm |

⏱ Recents     ☆ Starred

| Name ↑ | | Modified |
|---|---|---|
| PDF KRASNE PRODUCTION 004277-004322.pdf | ☆ | 5/17/2021 1:01 pm |
| PDF RUS PRODUCTION 000001-000242.pdf | ☆ | 2/4/2025 1:34 pm |
| PDF RUS PRODUCTION 000243-000334.pdf | ☆ | 2/4/2025 1:36 pm |
| PDF RUS PRODUCTION 000335-000364.pdf | ☆ | 2/4/2025 1:38 pm |
| PDF WEIDNER PRODUCTION 000001-000128.pdf | ☆ | 5/1/2020 9:06 am |
| PDF WEIDNER PRODUCTION 000129-000154.pdf | ☆ | 5/1/2020 9:09 am |
| PDF WEIDNER PRODUCTION 000155-000339.pdf | ☆ | 7/10/2020 12:52 pm |
| PDF WEIDNER PRODUCTION 000340-000476.pdf | ☆ | 7/10/2020 1:35 pm |
| PDF WEIDNER PRODUCTION 000477-000480.pdf | ☆ | 7/10/2020 1:39 pm |
| PDF WEIDNER PRODUCTION 000481-000484.pdf | ☆ | 7/10/2020 1:43 pm |
| PDF WEIDNER PRODUCTION 000485-000498.pdf | ☆ | 7/10/2020 1:49 pm |
| PDF WEIDNER PRODUCTION 000499-000535.pdf | ☆ | 7/10/2020 2:06 pm |
| PDF WEIDNER PRODUCTION 000536-000569.pdf | ☆ | 7/10/2020 2:14 pm |
| PDF WEIDNER PRODUCTION 000570-000618.pdf | ☆ | 9/2/2020 11:50 am |
| PDF WEIDNER PRODUCTION 000618-001318.pdf | ☆ | 1/7/2021 11:44 am |
| PDF WEIDNER PRODUCTION 001319-001416.pdf | ☆ | 1/7/2021 12:03 pm |
| PDF WEIDNER PRODUCTION 001417-001440.pdf | ☆ | 1/21/2021 10:50 am |

🕐 Recents   ⭐ Starred

| Name ↑ | | Modified |
|---|---|---|
| PDF WEIDNER PRODUCTION 000485-000498.pdf | ☆ | 7/10/2020 1:49 pm |
| PDF WEIDNER PRODUCTION 000499-000535.pdf | ☆ | 7/10/2020 2:06 pm |
| PDF WEIDNER PRODUCTION 000536-000569.pdf | ☆ | 7/10/2020 2:14 pm |
| PDF WEIDNER PRODUCTION 000570-000618.pdf | ☆ | 9/2/2020 11:50 am |
| PDF WEIDNER PRODUCTION 000618-001318.pdf | ☆ | 1/7/2021 11:44 am |
| PDF WEIDNER PRODUCTION 001319-001416.pdf | ☆ | 1/7/2021 12:03 pm |
| PDF WEIDNER PRODUCTION 001417-001440.pdf | ☆ | 1/21/2021 10:50 am |
| PDF WEIDNER PRODUCTION 001441-001524.pdf | ☆ | 1/21/2021 10:55 am |
| PDF WEIDNER PRODUCTION 001525-001579.pdf | ☆ | 2/10/2021 1:31 pm |
| PDF WEIDNER PRODUCTION 001580-001945.pdf | ☆ | 2/16/2021 4:26 pm |
| PDF WEIDNER PRODUCTION 001946-002367.pdf | ☆ | 2/16/2021 5:02 pm |
| PDF WOOD PRODUCTION 000001-000240.pdf | ☆ | 9/30/2019 12:01 pm |
| PDF WOOD PRODUCTION 000241-000277.pdf | ☆ | 9/30/2019 12:04 pm |
| PDF WOOD PRODUCTION 000278-000471.pdf | ☆ | 9/30/2019 12:26 pm |
| PDF WOOD PRODUCTION 000472-000641.pdf | ☆ | 9/30/2019 12:37 pm |
| PDF WOOD PRODUCTION 000642-000685.pdf | ☆ | 2/13/2020 9:28 am |





| Join folder | Copy to Dropbox | Download | Share |

## **CLAIMANTS DISCOVERY**

from Ella Carlino (CSAG)

| Name ↑ | Modified | Size |
|---|---|---|
| AINSWORTH PRODUCTION 000... | 19 days ago | 10.6 MB |
| AINSWORTH PRODUCTION 0001... | 19 days ago | 5.56 MB |
| AINSWORTH PRODUCTION 000... | 19 days ago | 707.05 KB |
| AINSWORTH PRODUCTION 000... | 18 days ago | 87.08 MB |
| BUTZ PRODUCTION 000001 000... | Dec 9, 2022 | 6.14 MB |
| BUTZ PRODUCTION 000183-000... | Dec 9, 2022 | 3.26 MB |
| BUTZ PRODUCTION 000317 000... | Dec 9, 2022 | 676.09 KB |
| BUTZ PRODUCTION 000342-000... | 18 days ago | 3.9 MB |



  

| | | |
|---|---|---|
| BUTZ PRODUCTION 000017-000... | Dec 9, 2022 | 676.55 KB |
| BUTZ PRODUCTION 000342-000... | 18 days ago | 3.9 MB |
| BUTZ PRODUCTION 000366 000... | 18 days ago | 3.53 MB |
| BUTZ PRODUCTION 000426-000... | 3 days ago | 32.61 MB |
| CAMPBELL PRODUCTION 00000... | Dec 9, 2022 | 3.72 MB |
| CAMPBELL PRODUCTION 00023... | Dec 9, 2022 | 697.08 KB |
| CAMPBELL PRODUCTION 00026... | Dec 9, 2022 | 5.16 MB |
| CAMPBELL PRODUCTION 00054... | Dec 9, 2022 | 700.7 KB |
| CAMPBELL PRODUCTION 00054... | Dec 9, 2022 | 730.98 KB |
| CAMPBELL PRODUCTION 00058... | 3 days ago | 3.77 MB |
| CAMPBELL PRODUCTION 00156... | 3 days ago | 2.38 MB |
| CAMPBELL PRODUCTION 002127... | 3 days ago | 73.8 MB |



 

| | CAMPBELL PRODUCTION 002127... | 3 days ago | 73.8 MB |
| | CAMPBELL PRODUCTION 00374... | 2 days ago | 36.23 MB |
| | CASEY PRODUCTION 000001-00... | Dec 9, 2022 | 4.56 MB |
| | CASEY PRODUCTION 000201 00... | Dec 9, 2022 | 1.2 MB |
| | CASEY PRODUCTION 000225-00... | Dec 9, 2022 | 23.91 MB |
| | CASEY PRODUCTION 000382 00... | Dec 9, 2022 | 1 MB |
| | CASEY PRODUCTION 000493-00... | Dec 9, 2022 | 891.56 KB |
| | CASEY PRODUCTION 000547 00... | 18 days ago | 1.06 MB |
| | CASEY PRODUCTION 000574-00... | 18 days ago | 2.73 MB |
| | CASEY PRODUCTION 000681 00... | 3 days ago | 40.17 MB |
| | FALK PRODUCTION 000001-000... | Dec 9, 2022 | 4 MB |

  

| | FALK PRODUCTION 000001-000... | Dec 9, 2022 | 4 MB |
|---|---|---|---|
| | FALK PRODUCTION 000139 0001... | Dec 9, 2022 | 1.33 MB |
| | FALK PRODUCTION 000161-0001... | Dec 9, 2022 | 653.41 KB |
| | FALK PRODUCTION 000181 0005... | 18 days ago | 6.1 MB |
| | FALK PRODUCTION 000585-000... | 18 days ago | 5.39 MB |
| | FALK PRODUCTION 000659 000... | 18 days ago | 4.39 MB |
| | FALK PRODUCTION 000775-002... | 18 days ago | 15.85 MB |
| | FALK PRODUCTION 002464 002... | 18 days ago | 18.09 MB |
| | FALK PRODUCTION 002872-002... | 18 days ago | 1.83 MB |
| | FALK PRODUCTION 002896 002... | 18 days ago | 2.34 MB |
| | FALK PRODUCTION 002940-003... | 17 days ago | 6.86 MB |

  

| | FALK PRODUCTION 003214 003... | 6 days ago | 21.18 MB |
| | FRANCY PRODUCTION 000001-0... | Sep 30, 2019 | 2.2 MB |
| | FRANCY PRODUCTION 000105 0... | Sep 30, 2019 | 694.83 KB |
| | FRANCY PRODUCTION 000163-0... | Feb 6, 2020 | 766.47 KB |
| | FRANCY PRODUCTION 000194 0... | 17 days ago | 31.34 MB |
| | FRANCY PRODUCTION 000255-0... | 17 days ago | 3.87 MB |
| | FRANCY PRODUCTION 000281 0... | 17 days ago | 16.99 MB |
| | KRASNE PRODUCTION 000001-0... | Apr 20, 2020 | 3.94 MB |
| | KRASNE PRODUCTION 000217 0... | Apr 20, 2020 | 691.1 KB |
| | KRASNE PRODUCTION 000274-0... | Apr 20, 2020 | 579.1 KB |
| | KRASNE PRODUCTION 000307 0... | Apr 20, 2020 | 4.99 MB |

  

| | KRASNE PRODUCTION 000307 0... | Apr 20, 2020 | 4.99 MB |
|---|---|---|---|
| | KRASNE PRODUCTION 000582-... | 5 days ago | 13.92 MB |
| | KRASNE PRODUCTION 001105 0... | Jun 2, 2020 | 1.81 MB |
| | KRASNE PRODUCTION 001382-0... | Dec 3, 2020 | 1 MB |
| | KRASNE PRODUCTION 001417 0... | Jan 13, 2021 | 6.54 MB |
| | KRASNE PRODUCTION 001601-0... | Jan 21, 2021 | 3.28 MB |
| | KRASNE PRODUCTION 001667 0... | Jan 21, 2021 | 10.24 MB |
| | KRASNE PRODUCTION 001761-0... | Jan 21, 2021 | 21.74 MB |
| | KRASNE PRODUCTION 001861 0... | Jan 21, 2021 | 22.22 MB |
| | KRASNE PRODUCTION 001981-0... | Jan 21, 2021 | 1.63 MB |
| | KRASNE PRODUCTION 002057 0... | Jan 21, 2021 | 4.73 MB |





| | KRASNE PRODUCTION 002057 0... | Jan 21, 2021 | 4.73 MB |
|---|---|---|---|
| | KRASNE PRODUCTION 002231-0... | Jan 21, 2021 | 3.89 MB |
| | KRASNE PRODUCTION 002334 ... | Jan 21, 2021 | 13.45 MB |
| | KRASNE PRODUCTION 002450-... | Jan 21, 2021 | 4.33 MB |
| | KRASNE PRODUCTION 002608 ... | Jan 21, 2021 | 2.2 MB |
| | KRASNE PRODUCTION 002732-0... | Jan 21, 2021 | 9.11 MB |
| | KRASNE PRODUCTION 002788 0... | Jan 21, 2021 | 6.04 MB |
| | KRASNE PRODUCTION 002926-... | Jan 21, 2021 | 674.52 KB |
| | KRASNE PRODUCTION 002934 ... | Jan 21, 2021 | 563.52 KB |
| | KRASNE PRODUCTION 002938-... | Jan 21, 2021 | 718.75 KB |
| | KRASNE PRODUCTION 002948 ... | Jan 21, 2021 | 482.07 KB |

               

| | | | |
|---|---|---|---|
| | KRASNE PRODUCTION 002948 ... | Jan 21, 2021 | 482.07 KB |
| | KRASNE PRODUCTION 002950-... | Jan 21, 2021 | 687.99 KB |
| | KRASNE PRODUCTION 002960 ... | Jan 21, 2021 | 729.49 KB |
| | KRASNE PRODUCTION 002970-0... | Jan 21, 2021 | 1.18 MB |
| | KRASNE PRODUCTION 003036 ... | Jan 21, 2021 | 0.99 MB |
| | KRASNE PRODUCTION 003068-... | Jan 21, 2021 | 1.25 MB |
| | KRASNE PRODUCTION 003114 0... | Jan 21, 2021 | 537.52 KB |
| | KRASNE PRODUCTION 003116-0... | Jan 21, 2021 | 853.09 KB |
| | KRASNE PRODUCTION 003136 0... | Jan 29, 2021 | 2.38 MB |
| | KRASNE PRODUCTION 003199-0... | Jan 29, 2021 | 5.94 MB |
| | KRASNE PRODUCTION 003381 0... | Jan 29, 2021 | 0.89 MB |

 

| | KRASNE PRODUCTION 003387-0... | Feb 8, 2021 | 36.48 MB |
|---|---|---|---|
| | KRASNE PRODUCTION 003457 0... | Feb 10, 2021 | 1.37 MB |
| | KRASNE PRODUCTION 003515-0... | Feb 10, 2021 | 1.84 MB |
| | KRASNE PRODUCTION 003635 ... | Feb 10, 2021 | 1.34 MB |
| | KRASNE PRODUCTION 003729-0... | May 17, 2021 | 1.1 MB |
| | KRASNE PRODUCTION 003749 0... | May 17, 2021 | 1.43 MB |
| | KRASNE PRODUCTION 003799-0... | May 17, 2021 | 6.13 MB |
| | KRASNE PRODUCTION 004003 ... | May 17, 2021 | 2.9 MB |
| | KRASNE PRODUCTION 004079-0... | May 17, 2021 | 5.8 MB |
| | KRASNE PRODUCTION 004277 0... | May 17, 2021 | 5.36 MB |
| | RUS PRODUCTION 000001-0002... | 5 days ago | 4.4 MB |

     

| | | |
|---|---|---|
| KRASNE PRODUCTION 004277 0... | May 17, 2021 | 5.36 MB |
| RUS PRODUCTION 000001-0002... | 5 days ago | 4.4 MB |
| RUS PRODUCTION 000243 0003... | 5 days ago | 2.57 MB |
| RUS PRODUCTION 000335-0003... | 5 days ago | 701.43 KB |
| WEIDNER PRODUCTION 000001 ... | May 1, 2020 | 16.91 MB |
| WEIDNER PRODUCTION 000129-... | May 1, 2020 | 546.5 KB |
| WEIDNER PRODUCTION 000155 ... | Jul 10, 2020 | 12.46 MB |
| WEIDNER PRODUCTION 000340... | Jul 10, 2020 | 10.76 MB |
| WEIDNER PRODUCTION 000477 ... | Jul 10, 2020 | 662.5 KB |
| WEIDNER PRODUCTION 000481-... | Jul 10, 2020 | 743.93 KB |
| WEIDNER PRODUCTION 000485... | Jul 10, 2020 | 2.19 MB |
| WEIDNER PRODUCTION 000499 | Jul 10, 2020 | 3.86 MB |

  

| | WEIDNER PRODUCTION 000485... | Jul 10, 2020 | 2.19 MB |
| | WEIDNER PRODUCTION 000499... | Jul 10, 2020 | 3.86 MB |
| | WEIDNER PRODUCTION 000536... | Jul 10, 2020 | 3.1 MB |
| | WEIDNER PRODUCTION 000570... | Sep 2, 2020 | 1.22 MB |
| | WEIDNER PRODUCTION 000618 ... | Jan 7, 2021 | 33.72 MB |
| | WEIDNER PRODUCTION 001319-... | Jan 7, 2021 | 27.95 MB |
| | WEIDNER PRODUCTION 001417 ... | Jan 21, 2021 | 12.75 MB |
| | WEIDNER PRODUCTION 001441-... | Jan 21, 2021 | 8.6 MB |
| | WEIDNER PRODUCTION 001525 ... | Feb 10, 2021 | 2.58 MB |
| | WEIDNER PRODUCTION 001580-... | Feb 16, 2021 | 273.83 MB |
| | WEIDNER PRODUCTION 001946 ... | Feb 16, 2021 | 279.31 MB |

| | WEIDNER PRODUCTION 001319 ... | Jan 7, 2021 | 27.95 MB |
| | WEIDNER PRODUCTION 001417-... | Jan 21, 2021 | 12.75 MB |
| | WEIDNER PRODUCTION 001441 ... | Jan 21, 2021 | 8.6 MB |
| | WEIDNER PRODUCTION 001525-... | Feb 10, 2021 | 2.58 MB |
| | WEIDNER PRODUCTION 001580 ... | Feb 16, 2021 | 273.83 MB |
| | WEIDNER PRODUCTION 001946-... | Feb 16, 2021 | 279.31 MB |
| | WOOD PRODUCTION 000001 00... | Sep 30, 2019 | 7.7 MB |
| | WOOD PRODUCTION 000241-00... | Sep 30, 2019 | 600.71 KB |
| | WOOD PRODUCTION 000278 00... | Sep 30, 2019 | 11.35 MB |
| | WOOD PRODUCTION 000472-00... | Sep 30, 2019 | 5.51 MB |
| | WOOD PRODUCTION 000642 00... | Feb 13, 2020 | 2.8 MB |

# EXHIBIT D

©2024 FINRA. All rights reserved.

# FINN

## Initial Prehearing Conference Scheduling Order

**Submitted By:** William Cravens (On behalf of the arbitration panel)
**Submitted Date:** 05/30/2024 04:32:23 PM EST

### Case ID & Parties:
***FINRA Dispute Resolution Services***
Initial Prehearing Conference Scheduling Order

**Case Number:** 23-00655

**In the Matter of the Arbitration Between**

| Claimant(s) | VS | Respondent(s) |
|---|---|---|
| Phillip Ainsworth | | Spartan Capital Securities, LLC |
| Alexander Catto | | |
| Fred Weidner | | |
| Brian Campbell | | |
| Marion Rus | | |
| Steve Butz | | |
| Steven Krasne | | |
| Dwight Casey | | |
| Dennis Francy | | |
| David Falk | | |
| Guy Wood | | |

### CONFIRMATION OF INITIAL PREHEARING CONFERENCE (IPHC)
Was an IPHC held in the above captioned matter?
- ● **Yes**
- ○ No, but parties jointly submitted an agreement to forgo the IPHC
- ○ No, and parties did NOT jointly submit an agreement to forgo the IPHC

### INITIAL PREHEARING CONFERENCE SCHEDULING ORDER

### IPHC DATE & PARTICIPANTS
1. An IPHC was held in the above captioned matter on **_05/24/2024_**

2. The following arbitrator(s) participated in the hearing:
Chairman: William Cravens(Participated ☑)
Panelist: Carl Ginsberg(Participated ☑)
Panelist: Will Pryor(Participated ☑)

©2024 FINRA. All rights reserved.

3. The following party representatives participated in the hearing:
Identify participants associated with Claimant:

| |
|---|
| *Emily Knight* |

Identify participants associated with Respondent:

| |
|---|
| *Brandon Dei* |

Identify any participant who is an unnamed person, a non-party customer, or an authorized representative of state securities regulators (for requests to expunge customer dispute information in cases filed on or after October 16, 2023):

| |
|---|
| *N/A* |

4. FINRA Dispute Resolution Services (DRS) staff attendee:
- ● **The following DRS staff person participated in the hearing**
  ***Kelsie Haseltine***
- ○ Not applicable

The following was agreed upon during the conference and is now entered as the IPHC Scheduling Order:

**CONFIRMATION OF THE PANEL**

5. Did the parties accept the panel's composition? (If not, please explain.)
- ● **Yes**
- ○ No

**PLEADINGS**

6. For cases in which a respondent has failed to submit an answer (an unresponsive party), the panel has reviewed the service history for that respondent and finds that:
- ○ Service is complete and sufficient upon the unresponsive party.
- ○ Service is not sufficient upon the unresponsive party and the claimant is directed to personally serve the unresponsive party with a copy of the Statement of Claim and notice of the hearing, and file a copy of the affidavit of service with DRS by _____ or the panel directs the claimant to complete service by taking the following action:
  By:_____
- ● **Not applicable**

7. Deficient submissions:

*For cases filed on or after October 16, 2023, if a request to expunge customer dispute information fails to include any of the requirements for requesting customer dispute information, the request shall be considered deficient. For additional information about requests to expunge customer dispute information, see https://www.finra.org/rules-guidance/notices/23-12.*

○　The following submissions are deficient (list submission and deficiency):

●　**Not applicable**

8. Deficiency Orders:

*For cases filed on or after October 16, 2023, if a deficient request to expunge customer dispute information is not timely corrected, the associated person will not be permitted to refile the request as a new claim under Rule 13805(a). For additional information about requests to expunge customer dispute information, see https://www.finra.org/rules-guidance/guidance/faqs/expungement-and-finra-rule-2080-faqs.*

○　Please select all that apply:

●　**Not applicable**

**LATE CANCELLATIONS - PARTY AND ARBITRATOR COMMUNICATIONS**

9. Please select the applicable option:

●　**All named parties and all arbitrators have agreed to direct party and arbitrator communication shortly before a scheduled hearing, solely to alert the panel that the parties have settled the case, that the claimant has withdrawn the claim, or that the parties jointly agreed to postpone the hearings. All parties and arbitrators must be included on the direct communication and a copy of the direct communication must be filed on the DR Portal. These procedures prevent arbitrators from unnecessarily traveling to a cancelled hearing, while ensuring that the record is preserved and hearing arrangements are cancelled.**
**NOTE: If this option is selected, the party representatives' and arbitrators' email addresses will be automatically added to this IPHC order after it is submitted.**

　**The email addresses for party representatives and all arbitrators solely for purposes of late cancellation notices are as follows:**

**Party Representatives**
| | |
|---|---|
| **Richard J. Babnick** | **rbabnick@srfc.law** |
| **Brandon Dei** | **brandon@arbitrationlawgroup.com** |

**Arbitrators**
| | |
|---|---|
| **William Cravens** | **albamoral@aol.com** |
| **Carl Ginsberg** | **carlhginsberg@hotmail.com** |
| **Will Pryor** | **wpryor@willpryor.com** |

**Assigned Staff**
| | |
|---|---|
| **Terresa Byrd** | **Terresa.Byrd@finra.org** |

©2024 FINRA. All rights reserved.

○ The parties and arbitrators do not agree to any direct communication between the parties and arbitrators. All correspondence and other filings must be sent to DRS staff and served on all parties via the DR Portal.

## ARBITRATION HEARING DATES

10. Hearing Dates:

*If hearing dates are intended to run consecutively, enter the first scheduled hearing date, then enter the number of additional consecutive business days to be reserved and press the "Add Dates" button. Additional specific hearing date ranges can be entered below the first range of dates.*

● **The first scheduled hearing session in this matter will begin on _05/05/2025_ at _09:00 AM Central Time Zone_**

**Additional dates reserved:**
**on _05/06/2025_ at _09:00 AM Central Time Zone_**
**on _05/07/2025_ at _09:00 AM Central Time Zone_**
**on _05/08/2025_ at _09:00 AM Central Time Zone_**
**on _05/09/2025_ at _09:00 AM Central Time Zone_**
**on _05/12/2025_ at _09:00 AM Central Time Zone_**
**on _05/13/2025_ at _09:00 AM Central Time Zone_**
**on _05/14/2025_ at _09:00 AM Central Time Zone_**
**on _05/15/2025_ at _09:00 AM Central Time Zone_**
**on _05/16/2025_ at _09:00 AM Central Time Zone_**
**on _05/19/2025_ at _09:00 AM Central Time Zone_**
**on _05/20/2025_ at _09:00 AM Central Time Zone_**
**on _05/21/2025_ at _09:00 AM Central Time Zone_**
**on _05/22/2025_ at _09:00 AM Central Time Zone_**
**on _05/23/2025_ at _09:00 AM Central Time Zone_**
**on _05/27/2025_ at _09:00 AM Central Time Zone_**
**on _05/28/2025_ at _09:00 AM Central Time Zone_**
**on _05/29/2025_ at _09:00 AM Central Time Zone_**
**on _05/30/2025_ at _09:00 AM Central Time Zone_**
**on _06/02/2025_ at _09:00 AM Central Time Zone_**

○ Other

11. If the parties agreed upon dates beyond the period anticipated by DRS in expedited cases, did the senior or seriously ill part(ies) acknowledge on the record that the parties' agreement to these dates constitutes a waiver of their request for expedited proceedings?

○ Yes

©2024 FINRA. All rights reserved.

● **No**
○ Not applicable

12. How will the arbitration hearing(s) be held?

**NOTE: Pursuant to Rules 12805(c) and 13805(c) (effective October 16, 2023), if a request to expunge customer dispute information will be considered at a hearing for a case filed on or after October 16, 2023, the associated person and the party requesting expungment on behalf of an unnamed person or the party's representative <u>must</u> appear in person or by videoconference. Customers and witness <u>may</u> appear by telephone, in person, or by videoconference at the hearing. Also, pursuant to Rule 13805(c), an authorized representative of state securities regulators <u>must</u> appear in person or by videoconference at the hearing.**

○ Telephonic (e.g., audio only)
● **Videoconference**
○ In Person
○ Hybrid with the below participants appearing by videoconference or telephone (e.g., a party(ies), counsel for a party, arbitrator(s), witness(es), etc.)

Please specify the participants appearing by videoconference or telephone:

**POSTPONEMENTS AND CANCELLATIONS OF HEARINGS**

DRS charges a postponement fee for all postponed hearings that is equal to the applicable hearing session fee. DRS will not charge this fee, if the parties advise that they have reached a final settlement and the case can be closed.

Also, if a hearing is postponed or otherwise cancelled within ten days before a scheduled hearing date, there is an additional fee of $600 per arbitrator (a total of $1,800 for cases with three arbitrators). This late cancellation fee applies even if a hearing is cancelled due to a final settlement and case closure.

To avoid the late cancellation fee, the parties should file notice of a postponement or cancellation on the DR Portal at least 11 calendar days before the scheduled hearing date.

**DISCOVERY DATES**

13. Discovery requests cutoff date:

● **The parties have agreed that the last day to serve discovery requests is _08/30/2024_**
○ Not applicable

Please provide the reason (if known):

14. Discovery Response Date:

©2024 FINRA. All rights reserved. FINRA Dispute Resolution Services

- **Responses to discovery requests are due within 60 days from the date the discovery request is received in accordance with Rule 12507/13507, as applicable.**
- ○ The parties have agreed that responses to discovery requests are due _____

### DATE FOR PREHEARING CONFERENCE ON DISCOVERY

*(Please allow DRS at least one week to forward the pleadings to the panel prior to any prehearing conference. Prehearing conferences are held on Zoom with video unless the parties stipulate or there is an Order otherwise.)*

15. Discovery prehearing conference:

- ○ The chairperson and parties have reserved _____ at _____ for a prehearing conference to resolve discovery matters.

  *(The conference is calendared at the time this Order is served. All parties and the chairperson should reserve the date in their calendars.)*

- **Not applicable**

16. Please provide any additional comments about discovery and any additional discovery prehearing conferences here:

### SUBPOENAS AND ARBITRATOR ORDERS TO NON-PARTIES CUTOFF DATE

17. Subpoenas and arbitrator Orders to non-parties cutoff date:

- **Last day to serve subpoenas and arbitrator Orders on non-parties, in the absence of extraordinary circumstances, is _20_ days before the first scheduled hearing.**
- ○ Not applicable

### MOTIONS

*(Please allow DRS at least one week to forward the pleadings to the panel prior to any prehearing conference. Prehearing conferences are held on Zoom with video unless the parties stipulate or there is an Order otherwise.)*

18. Prehearing conference for motion(s) date:

- ○ The arbitrators and parties have reserved _____ at _____ for a prehearing date to resolve:

  *(The conference is calendared at the time this Order is served. All conference participants should reserve the date in their calendars.)*

- **Not applicable**

©2024 FINRA. All rights reserved.

19. Please provide any additional comments about motions, including any special briefing schedules, and any additional prehearing conferences here:

## POSTPONED OR CANCELLED PREHEARING CONFERENCES

If a prehearing conference is postponed or otherwise cancelled within three business days before the scheduled date, DRS charges a fee of $100 per arbitrator. The fee will only be charged for arbitrators scheduled to attend the prehearing conference.

To avoid the fee, the parties should file notice of a postponement or cancellation on the DR Portal at least four business days before a scheduled prehearing conference.

## LEGAL ISSUES AND PREHEARING BRIEFS

20. If prehearing briefs will be filed, they must be filed by:

- **Please specify date: _05/13/2024_**

   ***(Parties must attach all cases, laws, rules, and regulations to their briefs.)***

○ Not applicable

21. Please provide any additional comments about legal issues and prehearing briefs here:

## WITNESS LISTS

The Codes of Arbitration Procedure outline the parties' obligation to exchange witness lists at least 20 calendar days before the first scheduled hearing date via the DR Portal. The panel requests that, concurrent with the parties' timely exchange of the witness lists, the parties file the witness lists with DRS via the DR Portal for forwarding to the panel. Timely receipt of the witness lists will enable the arbitrators to review the witness lists in advance of the hearing to determine if the appearance of a witness may create a potential conflict or otherwise trigger additional disclosures.

To assist the arbitrators in making these conflict checks, the parties should list the business affiliation of each witness or other descriptive information. A party should only identify an expert witness after the expert witness has been retained.

22. Witness lists due:

- **20 calendar days before first hearing date**

○ Please specify: _____ days before first scheduled hearing date

©2024 FINRA. All rights reserved.

## HEARING EXHIBITS AND PROCEDURES

The Codes of Arbitration Procedure require the parties to exchange hearing exhibits at least 20 calendar days before the first scheduled hearing date. The panel requests that the parties make an effort, before the hearing, to agree on the admission of hearing exhibits and resolve possible issues about authentication of exhibits and the scheduling of witnesses' testimony.

The panel also requests that the parties file all of the exhibits which may be entered into evidence at the hearing with DRS via the DR Portal for recordkeeping purposes, as provided below. Parties should make an effort to organize their exhibits in a single PDF file with a table of contents and to label each exhibit. However, PDF "portfolio" files will not be accepted.

**NOTE: For cases filed on or after October 16, 2023, a prior expungement award shall not be admissible as evidence.**

23. Hearing exhibits filed on DR Portal due:

- ● **Please specify: _20_ days before first hearing date**
- ○ Within _____ days after final hearing date

24. Electronic hearing exhibits are to be forwarded in the DR Portal to the panel:

- ○ DRS staff should forward electronic hearing exhibits to the panel _____ days before first hearing date
- ● **Not applicable, because panel will receive hard copies**

25. Hard copies of hearing exhibits are to be mailed:

- ○ Mail copies _____ days before first hearing date directly to the arbitrators at the below addresses:
- ○ Mail copies _____ days before first hearing date to DRS staff for forwarding to the panel
- ● **Not applicable, because panel will receive hard copies or electronic copies are sufficient for panel**

26. Please provide any additional comments, including any special instructions for the provision of exhibits in advance of videoconference or telephonic hearings, and any arrangements for a prehearing conference to discuss hearing procedures here:

## EXPUNGEMENT REQUESTS

27. Has any party requested expungement?

- ○ Yes, there is a request to expunge customer dispute information

○ Yes, there is a request to expunge intra-industry information (i.e., expungement of termination information or an internal investigation)

○ Yes, there is a request to expunge customer dispute information and intra-industry information (i.e., expungement of termination information or an internal investigation)

● **No**

**OTHER MATTERS**

37. Other rulings/deadlines/dates

● **Please specify:**

> ***The panel has informed the parties that if mediation is to take place again, the mediator shall be selected no later than January 5, 2025 and the mediation period shall conclude no later than March 4, 2025. In the event the parties cannot decide on a mediator, the panel shall convene and select a mediator for the parties.  The mediation process shall end no later than 60 days prior to the scheduled initial hearing.***

○ Not applicable

**ASSESSMENT OF FEES**

38. If the parties settle this matter with no further hearings, the cost of this IPHC will be borne as follows:

●

**_50_% to Claimant(s), jointly and severally**

**_50_% to Respondent(s), jointly and severally**

**_____% assessed to _____**

**_____% assessed to _____**

**_____% assessed to _____**

**_____% assessed to _____**

○ Other

For hearings scheduled to take place at a location other than one of FINRA's offices (e.g., Boca Raton, Chicago, Los Angeles, New Jersey, and New York), parties requiring services or equipment (including, but not limited to, speakerphones, web cams, speakers, microphones, internet access, and screens) need to coordinate directly with the assigned hearing location for use of these services and equipment. All costs to use these services and equipment, outside of a FINRA office location, are the responsibility of the party requiring them.

This Order will remain in effect unless amended by the panel. However, direct party and arbitrator communication may be cancelled by any party or arbitrator.

## ATTACHMENTS

There are no attached documents.

# **<u>EXHIBIT E</u>**

| | |
|---|---|
| **From:** | Mack |
| **To:** | Richard Babnick; Emily Knight |
| **Subject:** | Re: * Document Production - FINRA Arbitration No. 23-00655: Phillip Ainsworth, et al. vs. Spartan Capital Securities, LLC |
| **Date:** | Wednesday, February 19, 2025 11:08:49 AM |
| **Attachments:** | image002.png |
| | image003.jpg |

Richard, I asked a simple question, several times, that was never answered by you or Emily re the LOAs. I don't think that's appropriate.
You should stop crying.

Best, Mack Press

Securities Arbitration Law Group PLLC

1200 G Street NW

Washington DC 20005

202-444-4222 Main

202-750-1436 Cell

888-759-6689 Fax

www.salawgrp.com
mack@arbitrationlawgroup.com

**From:** Richard Babnick <RBabnick@SRFC.LAW>
**Sent:** Wednesday, February 19, 2025 11:06:12 AM
**To:** Mack <Mack@arbitrationlawgroup.com>; Emily Knight <eknight@SRFC.LAW>
**Subject:** RE: * Document Production - FINRA Arbitration No. 23-00655: Phillip Ainsworth, et al. vs. Spartan Capital Securities, LLC

Mr. Press,

At all times, Ms. Knight has acted professionally and in good faith in this, and all other matters. The fact is your firm and clients failed, for over a year, to produce discovery and the Arbitrators entered an Order requiring your clients' production by a firm date. The materials that your clients were ordered to produce included not only LOAs but their actual account statements from their other brokerage firms.

From your emails, it appears that you are trying to shift the discovery burden, deflect from your clients' deficient efforts to provide ordered documents, and/or to limit the materials that your clients were ordered to produce. This is not acceptable to Respondent, and we trust that Claimants will fully comply with the Order.

Richard J. Babnick Jr.

Sichenzia Ross Ference Carmel LLP

1185 Avenue of the Americas, 31st Floor

New York, New York 10036

T (212) 930-9700 | D (212) 398-3186 | F (212) 930-9725

rbabnick@srfc.law | www.srfc.law



NOTICE: The information contained in this communication is legally privileged and/or confidential information, which is intended only for use of recipient. If the reader of this communication is not the intended recipient (or the agent or employee responsible to deliver it to the intended (recipient), you are hereby notified that any dissemination, distribution, or reproduction of this communication is strictly prohibited. If you have received this communication by error, please immediately notify the sender by e-mail and delete this email from your system. Nothing in this email should be construed as a legal opinion or tax advice.

**From:** Mack <Mack@arbitrationlawgroup.com>
**Sent:** Wednesday, February 19, 2025 10:57 AM
**To:** Emily Knight <eknight@SRFC.LAW>
**Cc:** Richard Babnick <RBabnick@SRFC.LAW>
**Subject:** Re: * Document Production - FINRA Arbitration No. 23-00655: Phillip Ainsworth, et al. vs. Spartan Capital Securities, LLC

Emily, I was told your client has asked to prepare the LOA's themselves in the past, that's why I asked you. I appreciate you finally responding to my question regarding this matter that I have previously asked you in SEVERAL emails; you finally responding will allow us to get those LOA's out.

That being said, going forward, I would appreciate you showing some courtesy— and also follow the FINRA arbitration rules regarding good faith, communications between attorneys— and attempt to reply in a timely manner to questions concerning the case. You making me ask you time after time - with no response - is unacceptable and violates FINRA rules.

Best, Mack Press

Securities Arbitration Law Group PLLC

1200 G Street NW

Washington DC 20005

202-444-4222 Main

202-750-1436 Cell

888-759-6689 Fax

[www.salawgrp.com](www.salawgrp.com)

[mack@arbitrationlawgroup.com](mack@arbitrationlawgroup.com)

---

**From:** Emily Knight <[eknight@SRFC.LAW](eknight@SRFC.LAW)>
**Sent:** Wednesday, February 19, 2025 10:49:31 AM
**To:** Mack <[Mack@arbitrationlawgroup.com](Mack@arbitrationlawgroup.com)>
**Cc:** Richard Babnick <[RBabnick@SRFC.LAW](RBabnick@SRFC.LAW)>
**Subject:** RE: * Document Production - FINRA Arbitration No. 23-00655: Phillip Ainsworth, et al. vs. Spartan Capital Securities, LLC

Good morning Mack,

Pursuant to the FINRA Discovery Guide, List 2, Item 4, Claimants are to prepare the LOAs. To that end, I would ensure that they nonetheless comply with our Requests, including the documents sought and the time periods provided therein, in order to fully comply with the Chairperson's order.

Best,
Emily

**Emily M. Knight, Esq.**
Sichenzia Ross Ference Carmel LLP
1185 Avenue of the Americas | 31st Floor | New York, NY 10036
T (212) 930-9700 ext. 202 | D (646) 885-6533 | F (212) 930-9725
[eknight@srfc.law](eknight@srfc.law) | [www.srfc.law](www.srfc.law)



NOTICE:  The information contained in this communication is legally privileged and/or confidential information, which is

intended only for use of recipient. If the reader of this communication is not the intended recipient or the agent or employee responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or reproduction of this communication is strictly prohibited. If you have received this communication by error, please immediately notify the sender by e-mail and delete this email from your system. Nothing in this email should be construed as a legal opinion or tax advice.

---

**From:** Mack <Mack@arbitrationlawgroup.com>
**Sent:** Wednesday, February 19, 2025 10:43 AM
**To:** Emily Knight <eknight@SRFC.LAW>
**Cc:** Richard Babnick <RBabnick@SRFC.LAW>
**Subject:** Re: * Document Production - FINRA Arbitration No. 23-00655: Phillip Ainsworth, et al. vs. Spartan Capital Securities, LLC

Emily,  good morning. Following up on my previous email, I wanted to know if Respondents in the above referenced case  are going to provide us their own LOA's, or if you would like us to prepare that?
Please advise.
Best, Mack Press

Securities Arbitration Law Group PLLC
1200 G Street NW
Washington DC 20005
202-444-4222 Main
202-750-1436 Cell
888-759-6689 Fax
www.salawgrp.com
mack@arbitrationlawgroup.com

---

**From:** Emily Knight <eknight@SRFC.LAW>
**Sent:** Friday, February 7, 2025 10:57:17 AM
**To:** Mack <Mack@arbitrationlawgroup.com>
**Cc:** Richard Babnick <RBabnick@SRFC.LAW>
**Subject:** RE: * Document Production - FINRA Arbitration No. 23-00655: Phillip Ainsworth, et al. vs. Spartan Capital Securities, LLC

Mack,

I am out of the office today, but we except that Claimants will fully comply with the Chairperson's Order.

Best,
Emily

**Emily M. Knight, Esq.**
Sichenzia Ross Ference Carmel LLP
1185 Avenue of the Americas | 31st Floor | New York, NY 10036
T (212) 930-9700 ext. 202 | D (646) 885-6533 | F (212) 930-9725
eknight@srfc.law | www.srfc.law



NOTICE: The information contained in this communication is legally privileged and/or confidential information, which is intended only for use of recipient. If the reader of this communication is not the intended recipient or the agent or employee responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or reproduction of this communication is strictly prohibited. If you have received this communication by error, please immediately notify the sender by e-mail and delete this email from your system. Nothing in this email should be construed as a legal opinion or tax advice.

**From:** Mack <Mack@arbitrationlawgroup.com>
**Sent:** Thursday, February 6, 2025 8:58 PM
**To:** Emily Knight <eknight@SRFC.LAW>
**Cc:** Richard Babnick <RBabnick@SRFC.LAW>
**Subject:** Re: * Document Production - FINRA Arbitration No. 23-00655: Phillip Ainsworth, et al. vs. Spartan Capital Securities, LLC

Emily, to ensure you have this information, please find several items that I had sent to Richard. Below is a link to Claimants' Document Production. Also, we want to confirm that Respondents would like to provide us with the LOAs for third party accounts (If so, I will email you that list by separate email).

Also, as I mentioned to Richard, we have all the tax returns for the American-citizen Claimants Buntz, *Casey, Campbell, Falk, Francey, Kranse, Widener, and Wood*; and we have spoken to *Claimant Russo*, who is away at a livestock auction, and he will send over his tax return as soon as he returns. We are currently processing the tax returns for production to you and will do our best to send those over to you tomorrow. As to the overseas-Claimants *(Ainsworth and Gatto)*, we are working on getting to you ASAP the foreign equivalent of our U.S. tax returns.

I was hoping we can speak tomorrow, just to quickly speak about the case. Are you available any time after 11:30am tomorrow?

Thank you kindly.

Best, Mack Press

https://www.dropbox.com/scl/fo/e5t9yl1qpwjamtmuy77gc/AHbd7OsStTBUw8Nv7GgL
Qe0?rlkey=1m3nv37t120wl6pwpzewsna63&st=rxsrumyl&dl=0

Securities Arbitration Law Group PLLC

1200 G Street NW

Washington DC 20005

202-444-4222 Main

888-759-6689 Fax

www.salawgrp.com

mack@arbitrationlawgroup.com

---

**From:** Mack <Mack@arbitrationlawgroup.com>
**Sent:** Thursday, February 6, 2025 8:02 PM
**To:** Richard Babnick <RBabnick@SRFC.LAW>; Emily Knight <eknight@SRFC.LAW>
**Subject:** Re: * Document Production - FINRA Arbitration No. 23-00655: Phillip
Ainsworth, et al. vs. Spartan Capital Securities, LLC

Richard and Emily, per my email earlier, even though our production was substantial, I
just wanted to make sure that it is acceptable to Respondents for Claimants to use the
next several days to get any missing documents to you. I will be supervising that search.

Thankm you kindly.

Best, Mack Press

Securities Arbitration Law Group PLLC

1200 G Street NW

Washington DC 20005

202-444-4222 Main

888-759-6689 Fax

www.salawgrp.com

mack@arbitrationlawgroup.com

---

*This is a communication from an attorney that is privileged and confidential.*
*If you have receeived it it error, please immediately erase it.*

**From:** Richard Babnick <RBabnick@SRFC.LAW>
**Sent:** Thursday, February 6, 2025 5:50 PM
**To:** Mack <Mack@arbitrationlawgroup.com>; Emily Knight <eknight@SRFC.LAW>
**Subject:** Re: * Document Production - FINRA Arbitration No. 23-00655: Phillip Ainsworth, et al. vs. Spartan Capital Securities, LLC

Please send/copy all correspondence with my colleague Emily Knight and contact her directly regarding this case.  Ty
Sent from my iPhone

Richard J. Babnick Jr.
Sichenzia Ross Ference Carmel LLP
1185 Avenue of the Americas, 31st Floor
New York, New York 10036
T  (212) 930-9700 | D (212) 398-3186  | F (212) 930-9725
rbabnick@srfc.law | www.srfc.law

NOTICE:  The information contained in this communication is legally privileged and/or confidential information, which is intended only for use of recipient. If the reader of this communication is not the intended recipient (or the agent or employee responsible to deliver it to the intended (recipient), you are hereby notified that any dissemination, distribution, or reproduction of this communication is strictly prohibited. If you have received this communication by error, please immediately notify the sender by e-mail  and delete this email from your system. Nothing in this email should be construed as a legal opinion or tax advice.

On Feb 6, 2025, at 5:37 PM, Mack <Mack@arbitrationlawgroup.com> wrote:

I wanted to also let you know that we have all the tax returns for the American citizens (*Claimants Butz, Casey, Cambell, Falk, Francey, Kranse, Widener, and Wood*); and we have spoken to *Claimant Russo* who is away at a livestock auction and he will send over his tax return as soon as he returns. We are currently processing the tax returns for production and will do our best to send those over to you tomorrow.  As to the Claimants who are overseas citizens (*Claimants Ainsworth and Gatto*), we are working on getting you ASAP the foreign equivalent of our U.S. tax returns.

I hope to speak tomorrow.

Best, Mack Press

Securities Arbitration Law Group PLLC
1200 G Street NW
Washington DC 20005
202-444-4222 Main
888-759-6689 Fax
www.salawgrp.com
mack@arbitrationlawgroup.com

_____

*This is a communication from an attorney that is priviledged and
confidential.*
*If you have received it it error, please immediately erase it.*

_____

**From:** Mack
**Sent:** Thursday, February 6, 2025 5:17 PM
**To:** RBABNICK@SRFC.LAW <RBABNICK@SRFC.LAW>
**Subject:** * Document Production - FINRA Arbitration No. 23-00655: Phillip
Ainsworth, et al. vs. Spartan Capital Securities, LLC

Mr. Babnick, my name is Mack Press, and I was recently retained by the
Claimants in the above referenced FINRA Arbitration (I apologize for catching
you at a bad time today on the way to a wake; I hope everyone is doing as
good as possible).

Please find below a link to Claimants' Document Production.  Also, we are
confirming that Respondents would like to provide us with the LOAs for third
party accounts (If so, I will email you that list by separate email).

https://www.dropbox.com/scl/fo/e5t9yl1qpwjamtmuy77gc/AHbd7OsStTBU
w8Nv7GgLQe0?rlkey=1m3nv37t120wl6pwpzewsna63&st=rxsrumyl&dl=0

In addition, as you will see discussed in the *Letter to the Panel*, dated today,
this case was left astray and unattended by Claimants' former attorney,
Brandon Dei, but due to exceptional circumstances.  Also, Claimants are
continuing to search for any documents related to the case, including two
Claimants who are citizens overseas,  and I will promptly turn over to
Respondents any and all documents that have (or that they can obtain).

I look forward to touching base tomorrow.

Best regards, Mack Press

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance.

# **EXHIBIT F**

*Mack Press, Esq.*

Securities Arbitration Law Group, PLLC

445 Park Avenue, 9th Floor

New York, NY 10022

(516) 330-7213

516.330.7213  mack@arbitrationlawgroup.com

February 6, 2025

Re:  FINRA Arbitration No. *23-00655*
*Phillip Ainsworth, Alexander Catto, Fred*
*Weidner, Brian Campbell, et al. vs.*
*Spartan Capital Securities, LLC*

Dear Panel:

I wish to introduce myself and apologize in the same breath, which is never a great place to be in. My name is Mack Press, and I was just retained in the above referenced FINRA Arbitration by Claimants Phillip Ainsworth, Alexander Catto, Fred Weidner, Brian Campbell, Guy Wood, Marion Rus, Dennis Francy, Steve Butz, Dwight Casey, Steven Krasne, David Falk ("Claimants") to handle his arbitration case against Respondents going forward, and help cure all deficiencies respecting Claimants' arbitration claim and discovery (which were left astray and unattended by the former attorney, Brandon Dei, **but due to exceptional circumstances, described below.**)

First, I have diligently worked to comply with the Panels' Order dated January 15, 2025, and today Claimants have made a large production of discovery to Respondents' attorney, Mr. Babnick, Jr.  Claimants are continuing to search for any documents related to the case, including two Claimants who are citizens overseas. Claimants will promptly turn over to Respondents any and all documents that they find.

Second, I want to sincerely apologize for the neglect this case has seen on the part of Claimants' prior counsel, Brandon Dei, and his failure to respond to the Respondents' Request for Discovery and Motion to Compel. However, exceptional circumstances occurred – circumstances that Claimants themselves just became aware of and which were out of their control – that caused Mr. Dei's inattention to this case.

Specifically, I have been told that Mr. Dei had a nervous breakdown, and then a physical breakdown, while suffering from an extremely rare and uncomfortable and painful ailment (where a parasite from a cat hatched in his ears, and all he could hear was scratching and scratching in his head). The rampant scratching in his ears also allowed him no sleep, so he began suffering from extreme insomnia and sleep deprivation. To complicate matters, I am told he did not communicate his situation to anyone else (including the Claimants). Rather, he suffered silently; and left his legal cases unattended. By the time he went for help, I am told he could not even understand or handle basic things. He was completely non-functional.

In addition, when I took over the case in January, FINRA had a technical problem and FINRA was unable to restore the FINRA portal for a couple weeks (so I was not able to access this case until now).

While I feel badly for Mr. Dei and wish him a speedy recovery, **I respectfully request that the Panel does not blame Claimants under these circumstances.**

I have attempted to speak to Respondents' counsel, Mr. Babnick, Jr. (he was unfortunately on the way to wake and he was unavailable), and I will attempt to speak with him again tomorrow morning. As I will convey to him, and as I hold out to the Panel, Claimants fully intend to arbitrate in good faith and in a prompt and professional manner going forward.

Respectfully,

/s/ Mack Press
Mack Press, Counsel for Claimants

# **<u>EXHIBIT G</u>**



# We're Protecting Investors from Financial Abuse

Our team has negotiated $110 Million in Multi-Jurisdictional Settlements since 2001

**GET A FREE CONSULTATION**

WHO WE ARE

# Securities & Investment Fraud Attorney

We help individuals who believe they've suffered financial losses as a result of stockbroker and financial advisor misconduct. We can help you sue your stockbroker and seek security arbitration.

LET'S TALK ABOUT YOUR CASE





OUR SENIOR ATTORNEY

David Vermont

David Vermont has more than 20 years of legal experience as an attorney. In order to obtain substantial trial experience, he started his career as a prosecutor in Brooklyn, New York. He then transitioned to personal injury and medical malpractice cases and finally became an expert in product liability cases, focusing on mass torts, in particular pharmaceutical and medical device cases.

For almost 15 years, David was a trial attorney for Ashcraft & Gerel, LLP, where he was a member of the product liability, personal injury and workers' compensation groups. He led the discovery and trials of numerous pharmaceutical and medical device cases. In particular, on behalf of plaintiffs, he successfully negotiated the settlement of three multi-district litigation ("MDL") case types:

**Rezulin** — $30 million settlement representing 50 clients (average settlement: $600,000). Rezulin was a diabetes drug that caused liver failure.
**Vioxx** — $40 million settlement representing 100 clients (average settlement: $400,000). Vioxx was a drug manufactured by Merck, prescribed as an arthritis painkiller. Vioxx caused heart attacks, strokes and sudden cardiac death.
**Avandia** — $40 million settlement representing 150 clients (average settlement: $266,666). Avandia was a diabetes drug that caused heart attacks, heart failure, and death.
At Ashcraft, on a pro bono basis, David represented September 11th victims applying for benefits from the Victim's Compensation fund. In addition, he coached and mentored a staff of three employees.

David began his legal career as an Assistant District Attorney in Brooklyn, New York, where he prosecuted several hundred misdemeanor and felony cases – everything from shoplifting to armed robbery to murder cases. He was active in prosecuting domestic violence cases, including the conviction of a mafia lieutenant and rap star, "Old Dirty Bastard." He presented over 100 cases for indictment to the Grand Jury of the State of New York, and he became a supervisor in the D.A.'s case intake bureau, evaluating arrests made by the New

York City Police Department for legal sufficiency and determining which level of offense with which to charge defendants.

David received his B.A. in History from Binghamton University and his J.D. from Fordham University School of Law.

**GET A FREE CONSULTATION**





**OUR SENIOR ATTORNEY**

# Brandon Dei

Brandon Dei got his start representing people in difficult situations during the midst of the global pandemic, when eviction laws were ever-changing.

He represented defendants in foreclosure and landlord/tenant matters throughout COVID-19 and was part of the federal lawsuit against Legend Venture Partners, LLC. He's also done significant appellate work within the New York State foreclosure law.

From there, he continued fighting the good fight as managing partner at The Law Offices of Brandon Dei, PLLC, where he's leading the charge as an advocate for the underdog.

With a global client base, the firm specializes in FINRA arbitration and securities litigation, bringing those who've committed violations to justice.

Brandon was featured in the **2023 Top 100 Attorneys < https://web.archive.org/web/20240829154525/https://www.thetop10 0magazine.com/brandon-dei-esq>** by The Top 100 Magazine.

**GET A FREE CONSULTATION**



**$110 Million**
recovered

**+20**
year experience



"There are many lawyers and law firms out there, but the team at SA Law Group really understand the world of financial abuse. I have to admit, I wasn't optimistic about the possibility of recovering any money from my stockbrokers mishandling of my account. After identifying several malfeasances, the team at SA Law Group presented them in a FINRA Arbitration and the panel awarded me with all my losses as well as all commissions incurred by my broker. Thank you for your professionalism."

Jerry H



NEWS

# Latest from Financial world

**View All**

‹

HT

‹

APR 23    ».archive.org/web/20240829154525/https://salawgrp.com/lore
olor-sit-amet-consetetur-sadi-pscing-elitr-6/>

OH

**The Securities and Exchange Commission obtained an emergency** TV
**order to... <**                                                    E
**https://web.archive.org/web/20240829154525/https://salawgrp.**    ‹
**com/lorem-ipsum-dolor-sit-amet-consetetur-sadi-pscing-elitr-6/>**  ‹

G/

W

# **<u>EXHIBIT H</u>**

S.A.Law Group



# We're Protecting Investors from Financial Abuse

Our team has negotiated $110 Million in Multi-Jurisdictional Settlements since 2001

**GET A FREE CONSULTATION**

WHO WE ARE

# Securities & Investment Fraud Attorney

We help individuals who believe they've suffered financial losses as a result of stockbroker and financial advisor misconduct. We can help you sue your stockbroker and seek security arbitration.

LET'S TALK ABOUT YOUR CASE





OUR SENIOR ATTORNEY
# David Vermont

David Vermont has more than 20 years of legal experience as an attorney. In order to obtain substantial trial experience, he started his career as a prosecutor in Brooklyn, New York. He then transitioned to personal injury and medical malpractice cases and finally became an expert in product liability cases, focusing on mass torts, in particular pharmaceutical and medical device cases.

For almost 15 years, David was a trial attorney for Ashcraft & Gerel, LLP, where he was a member of the product liability, personal injury and workers' compensation groups. He led the discovery and trials of numerous pharmaceutical and medical device cases. In particular, on behalf of plaintiffs, he successfully negotiated the settlement of three multi-district litigation ("MDL") case types:

**Rezulin** — $30 million settlement representing 50 clients (average settlement: $600,000). Rezulin was a diabetes drug that caused liver failure.
**Vioxx** — $40 million settlement representing 100 clients (average settlement: $400,000). Vioxx was a drug manufactured by Merck, prescribed as an arthritis painkiller. Vioxx caused heart attacks, strokes and sudden cardiac death.
**Avandia** — $40 million settlement representing 150 clients (average settlement: $266,666). Avandia was a diabetes drug that caused heart attacks, heart failure, and death.
At Ashcraft, on a pro bono basis, David represented September 11th victims applying for benefits from the Victim's Compensation fund. In addition, he coached and mentored a staff of three employees.

David began his legal career as an Assistant District Attorney in Brooklyn, New York, where he prosecuted several hundred misdemeanor and felony cases – everything from shoplifting to armed robbery to murder cases. He was active in prosecuting domestic violence cases, including the conviction of a mafia lieutenant and rap star, "Old Dirty Bastard." He presented over 100 cases for indictment to the Grand Jury of the State of New York, and he became a supervisor in the D.A.'s case intake bureau, evaluating arrests made by the New

York City Police Department for legal sufficiency and determining which level of offense with which to charge defendants.

David received his B.A. in History from Binghamton University and his J.D. from Fordham University School of Law.

GET A FREE CONSULTATION





OUR SENIOR ATTORNEY

# Mack Press

Mack Press has almost 30 years of law experience. He received his BS degree from Wharton Business School (magna cum laude); graduated from the Law School at the University of Pennsylvania; and he is licensed to practice law in New York, New Jersey, and Pennsylvania (and he is also admitted to the federal bar in those jurisdictions and in the Ninth Circuit).

Mr. Press started his career working as an associate attorney / partner for large-scale law firms in New York City, where he litigated and arbitrated commercial

matters in federal and state court, including securities, accountant/auditor liability, unfair competition, and insurance matters. Mr. Press also acted as pro bono counsel for The Police Athletic League.

Mr. Press then used his vast experience defending securities and business clients, and he began working for "Plaintiff based" law firms, where he prosecuted securities and consumer Class-Action lawsuits on behalf of institutional investors and individual stockholders across the United States. In that position, Mr. Press has gained significant experience in negotiating, mediating, and arbitrating the settlement of large-scale class action cases.

GET A FREE CONSULTATION

## $110 Million
recovered

## +20
year experience

# **EXHIBIT I**

## SA Law Group, PLLC

1200 G Street NW, Suite 800
Washington, D.C. 20005
(202) 444-4222
brandon@arbitrationlawgroup.com
brndndei@gmail.com

August 15, 2024

VIA FINRA DR Portal
FINRA Panel
Felicia Fox
FINRA Dispute Resolution Services
55 W. Monroe, Suite 2600
Chicago, Illinois 60603

**RE:** **FINRA Arbitration Number 22-02653**
▮▮▮▮▮▮▮▮▮▮▮▮ **v. Spartan Capital Securities, LLC, et al.**

Dear FINRA Panel:

This firm represents the Claimants in the above-referenced file.

Per the August 8, 2024 FINRA Correspondence, please see this as Notice of Opposition to Respondents' August 5, 2024 Motion to Dismiss, and Support for Claimants' Motion for Monetary Sanctions filed today, August 15, 2024.

Thank you for your assistance in this matter.

Respectfully submitted,

/s/Brandon Dei, Esq.

Cc: All Counsel of Record

# **EXHIBIT J**

**FILED**

**09-12-2024**

**Vernon County**

**Clerk of Circuit Court**

**2024CV000093**

**Honorable Timothy Gaskell**

| STATE OF WISCONSIN | CIRCUIT COURT | VERNON |
|---|---|---|

Cedric Allen Veum et al vs. Louis Ottimo et al

**Electronic Filing Notice**

Case No. 2024CV000093
Class Code: Money Judgment

LOUIS OTTIMO
39 TALL OAK CRES
SYOSSET NY 11791

Case number 2024CV000093 was electronically filed with/converted by the Vernon County Circuit Court office. The electronic filing system is designed to allow for fast  reliable exchang of documents in court cases.

Parties who register as electronic parties can file, receive and view document  online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties a e responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by fol owing the instructions found at **http://efiling.wicourts.gov/** and may withdraw as  n elect onic party at any time. There is a fee to register as an electronic party. This fee may  e waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not repre ented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt- n code  eb7966**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-637-5340.

Vernon County Circuit Court
Date: September 13, 2024

This form shall not be modified. It may be supplemented with additional material.

EXHIBIT 1

FILED
09-12-2024
Vernon County
Clerk of Circuit Court
2024CV000093
Honorable Timothy
Gaskell

**STATE OF WISCONSIN**      **CIRCUIT COURT**      **VERNON**

Cedric Allen Veum et al vs. Louis Ottimo et al      **Electronic Filing Notice**

Case No. 2024CV000093
Class Code: Money Judgment

COLD SPRING ADVISORY GROUP LLC
1285 BARING BLVD.
SPARKS NV 89434

Case number 2024CV000093 was electronically filed with/converted by the Vernon County Circuit Court office. The electronic filing system is designed to allow for fast reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view document online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties a e responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by fol owing the instructions found at **http://efiling.wicourts.gov/** and may withdraw as n elect onic party at any time. There is a fee to register as an electronic party. This fee may e waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not repre ented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt- n code eb7966**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-637-5340.

Vernon County Circuit Court
Date: September 13, 2024

This form shall not be modified. It may be supplemented with additional material.

**FILED**
**09-12-2024**
**Vernon County**
**Clerk of Circuit Court**
**2024CV000093**
**Honorable Timothy**
**Gaskell**

STATE OF WISCONSIN             CIRCUIT COURT
VERNON COUNTY

CEDRIC ALLEN VEUM,
303 Melby Street
Westby, WI 54667

                                                    Case No:
-and-                                               Case Code: 30301

THE CEDRIC A. & MARGARET E. VEUM LIVING TRUST,
By Trustee Cedric A. Veum,
303 Melby St.
Westby, WI 54667,

                           Plaintiffs,

vs.

LOUIS OTTIMO,
20 Tall Oak Cres
Syosset, NY 11791-1120

-and-

COLD SPRING ADVISORY GROUP LLC,
A foreign limited liability company,
1285 Baring Blvd.
Sparks, NV 89434,

                           Defendants.

---

**SUMMONS**

---

THE STATE OF WISCONSIN

To the person named above as a Defendant:

You are hereby notified that the Plaintiffs named above have filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within forty-five (45) days of receiving this Summons, you must respond with a written Answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The court may reject or disregard an Answer that does not follow the requirements of the statutes. The Answer must be sent or delivered to the court, whose address is Vernon County Clerk of Circuit Court, 400 Courthouse Square, Viroqua, WI 54665 and to plaintiffs' attorney, Joseph G. Veenstra, Johns, Flaherty & Collins, S.C., whose address is 205 Fifth Avenue South, Suite 600, La Crosse, Wisconsin, 54601. You may have an attorney help or represent you.

If you do not provide a proper Answer within forty-five (45) days, the court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 6th day of September, 2024.

JOHNS, FLAHERTY & COLLINS, S.C.

By: _____

Joseph G. Veenstra
State Bar No. 1028139
Attorneys for Plaintiffs, Cedric Veum and
The Cedric A. & Margaret E. Veum
Living Trust
205 5th Avenue South, Suite 600
La Crosse, WI 54601
(608) 784-5678
Email: joe@johnsflaherty.com

2

**FILED**
**09-12-2024**
**Vernon County**
**Clerk of Circuit Court**
**2024CV000093**
**Honorable Timothy Gaskell**

STATE OF WISCONSIN      CIRCUIT COURT
VERNON COUNTY

CEDRIC ALLEN VEUM,
303 Melby Street
Westby, WI 54667,      *For Official Use*

-and-

THE CEDRIC A. & MARGARET E. VEUM LIVING TRUST,
by Trustee, Cedric A. Veum,      Case Code: 30301
303 Melby Street
Westby, WI 54667,

           Plaintiffs,

vs

LOUIS OTTIMO,
20 Tall Oak Cres
Syosset, NY 11791-1120, and

COLD SPRING ADVISORY GROUP LLC,
a foreign limited liability company
1285 Baring Blvd.
Sparks, NV 89434,

           Defendants.

---

## COMPLAINT

---

The Plaintiffs, Cedric A. Veum and the Cedric A. & Margaret E. Veum Living Trust, by

their attorneys, Johns, Flaherty & Collins, S.C., by Joseph G. Veenstra, bring this Complaint

against Defendants, Louis Ottimo and Cold Spring Advisory Group LLC, and allege as follows:

## THE PARTIES & JURISDICTION

1.     Plaintiff, Cedric Allen Veum ("Mr. Veum"), is an adult resident of Vernon County, residing at 303 Melby St., Westby, WI 54667. Plaintiff, The Cedric A. & Margaret E. Veum Living Trust ("Veum Trust"), is a Wisconsin living trust created by Cedric A. Veum and Margaret E. Veum, which is located at 303 Melby St., Westby, WI 54667. Mr. Veum is a trustee of the Veum Trust and is authorized to act on its behalf in this lawsuit.

2.     Defendant, Louis Ottimo ("Mr. Ottimo"), is an adult resident of the State of New York, who, upon information and belief, resides at 20 Tall Oak Cress, #1, Syosset, NY 11791-1120. At all times relevant to this Complaint, Mr. Ottimo represented that he was authorized to act on behalf of and was an interested member of Cold Spring Advisory Group LLC.

3.     Defendant, Cold Spring Advisory Group LLC ("CSAG"), is a Nevada limited liability company, which, upon information and belief, is owned by defendant, Louis Ottimo's wife, Michelle Ottimo, and which has its Nevada business address as 1285 Baring Blvd., Sparks, NV 89434 and which, upon information and belief, operates out of 455 Park Ave., 9th Floor, New York, NY 10022 and at the Ottimo's home, located at the address set forth in paragraph 2, above. The Registered Agent for service of process upon CSAG in Nevada is United Registered Agents Inc., which is located at 701 S. Carson St., Suite 200, Carson City, NV 89701.

4.     This Court has personal jurisdiction over Mr. Ottimo and CSAG pursuant to WIS. STAT. § 801.05, because, among other reasons, Mr. Ottimo personally and purportedly on behalf of CSAG contacted Mr. Veum at his residence in Vernon County to engage in business with him relating to losses Mr. Veum suffered through investments in financial

4

41.    It would be inequitable for Mr. Ottimo and/or CSAG to have obtained the

benefit of Mr. Veum's conduct and the payments to them without repaying Mr. Veum and the

Veum Trust.

42.    Mr. Veum and the Veum Trust are thus entitled to damages in the amounts

paid and not reimbursed, plus prejudgment interest.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, Cedric A. Veum and the Cedric A. & Margaret E. Veum

Living Trust, demand judgment, as follows:

   A.  For money damages as set forth above;

   B.  For actual and reasonable attorneys' fees awardable at law;

   C.  For costs and fees as provided by law; and

   D.  Such other relief as the court may deem just and equitable.

   Dated this 12th day of September, 2024

**JOHNS, FLAHERTY & COLLINS, S.C.**

By: _____

Joseph G. Veenstra (SBN: 1028139)
Attorneys for Plaintiffs, Cedric Veum and
The Cedric A. & Margaret E. Veum
Living Trust
205 5th Avenue South, Suite 600
La Crosse, WI 54601
Tel. (608) 784-5678
Fax (608) 784-0557
Email: joe@johnsflaherty.com

12

FILED
12-18-2024
Vernon County
Clerk of Circuit Court
2024CV000093

STATE OF WISCONSIN CIRCUIT COURT VERNON

| Plaintiff / Petitioner: | **AFFIRMATION OF SERVICE** |
|---|---|
| Cedric Allen Veum et al | Index No: |
| **Defendant / Respondent:** | 2024CV000093 |
| Louis Ottimo et al | Date Filed: |

I, Curtis Warren affirm and say that I'm not a party herein, I'm over 18 years of age and reside in New York State. That on Thu, Dec 12 2024 AT 06:13 PM AT 20 Tall Oak Crescent, Syosset, NY 11791 affirmant served the within Summons and Complaint with Notice of Electronic Filing on Louis Ottimo

☐ **Individual:** by delivering a true copy of each to said defendant, personally; affirmant knew the person so served to be the person described as said defendant therein.

☐ **Corporation/Agency:** a defendant, therein named, by delivering a true copy of each to _____ personally, affirmant knew said corporation/agency so served to be the corporation/agency described, and knew said individual to be thereof.

☒ **Suitable Person:** by delivering thereat, a true copy of each to Michele Ottimo, a person of suitable age and discretion. That person was also asked by affirmant whether said premises was the defendant's residence/place of business and the reply was affirmative.

☐ **Affixing to Door:** by affixing a true copy of each to the door thereof, affirmant was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at

☐ **Mailing:** Affirmant also enclosed a copy of same, in a postpaid sealed wrapper marked personal and confidential that did not indicate on it that the communication was from an attorney or concerns an action against the person to be served at aforementioned address to be mailed by first class mail and depositing said wrapper in a post office, official depository, under the exclusive care and custody of the United States Post Office department. Mailed on _____

☒ **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. The source of my information and the ground of my belief are the conversations and observations narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**

| Age: 51-65 | Skin Color: Caucasian | Gender: Female | Weight: 100-130 |
|---|---|---|---|
| Height: 5'5" | Hair: Blond | Eyes: | Relationship: Wife |
| Other | | | |

C Warren

Curtis Warren

Ace Process & Judicial Services Inc
7 Giffard Way
Melville, NY 11747

Pursuant to NY CPLR § 2106. I affirm this 18th day of DECEMBER, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Sworn to before me on
December 18, 2024

KAREN L. KUNCMAN
Notary Public, State of New York
No. 02KU6307541
Commission expires July 7, 20 26

**FILED**
**12-18-2024**
**Vernon County**
**Clerk of Circuit Court**
**2024CV000093**

STATE OF WISCONSIN                    CIRCUIT COURT
VERNON COUNTY

CEDRIC ALLEN VEUM, et al.                    Case No: 2024CV000093
                                             Case Code: 30301
          Plaintiff

v.

LOUIS OTTIMO; COLD SPRING
ADVISORY GROUP LLC

          Defendants.
_____/

## **AFFIDAVIT OF SERVICE**

STATE OF NEVADA          )
                         )ss.
CARSON CITY              )

    I, **Dawn Calhoun**, being duly sworn deposes and says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, licensed to serve civil process in the State of Nevada under **NV PILB LIC #2602**, and not a party to or interested in the proceeding in which this affidavit is made. The affiant received **1 copy** of the **Summons; Complaint; Cold Spring Advisory Group Electronic Filing Notice** on **12/12/2024** and served the same on **12/12/2024** at **10:39 am** on **COLD SPRING ADVISORY GROUP LLC c/o United Registered Agents Inc.** by personally delivering and leaving a copy with **Ana Gomes, Intake Specialist (Age: 43, Sex: F, Race/Skin Color: Caucasian, Height: 5'2", Weight: 150, Hair: Blonde, Glasses: N)**, at **701 S Carson St, Ste 200, Carson City, NV 89701**, as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

    I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

**Dawn Calhoun, NV PILB #2602**

12/16/2024

**Date**

C & H Couriers/Process Servers
75 McCabe Drive #19208
Reno, NV 89511
(775) 219-2871

**Job Number: 2024001739**

FILED
01-03-2025
Vernon County
Clerk of Circuit Court
2024CV000093

**STATE OF WISCONSIN     CIRCUIT COURT     VERNON COUNTY**

CEDRIC ALLEN VEUM and
THE CEDRIC A. & MARGARET E. VEUM
LIVING TRUST,

        Plaintiffs,       Case No. 24CV93

v.

LOUIS OTTIMO, and
COLD SPRING ADVISORY GROUP LLC,

        Defendants.

---

## NOTICE OF APPEARANCE
---

  PLEASE TAKE NOTICE that Defendants Louis Ottimo and Cold Spring Advisory Group LLC appear specially for the purpose of challenging the jurisdiction of this Court by Stephen L. Morgan of Murphy Desmond S.C. in this action. I hereby request that copies of all future notices, correspondence, orders and other documents be sent to us electronically.

  Dated this 3rd day of January 2025.

      **MURPHY DESMOND S.C.**
      Attorneys for Defendants

      Electronically Filed By: */s/ Stephen L. Morgan*
      Stephen L. Morgan
      State Bar Number: 1015099
      33 East Main Street, Suite 500
      P.O. Box 2038
      Madison, WI 53701-2038
      Phone: (608) 257-7181
      Fax: (608) 257-2508

4923-7114-4716, v. 1

# **<u>EXHIBIT K</u>**



# Francy

## v.

## Spartan Capital Securities LLC

### Broker: Robert Murray / John Stapleton

### Mr. Dennis Francy, A/C ▮▮▮▮▮▮
### TIMEFRAME 04/2016 THROUGH 08/2017

## Standard Analysis

CONFIDENTIAL

# KRASNE V SPARTAN CAPITAL SECURITIES LLC

## XXX-05758-SC - STEVEN KRASNE

02/2015 Thru 02/2019

*Privileged / Confidential Attorney Work Product*

11/08/2019 14:41 Portfolio Perspective Interactive Edition™

# WEIDNER V SPARTAN CAPITAL SECURITIES LLC

## XXX-09122-SC
## FRED E WEIDNER & BURDENA WEIDNER JT TEN/WROS

### 12/2017 Thru 12/2018

*Privileged / Confidential Attorney Work Product*

04/19/2019 12:05 Portfolio Perspective Interactive Edition™

Prepared By: investment forensics



# WOOD V SPARTAN CAPITAL SECURITIES LLC

 **5539-SC - GUY V WOOD**

### 09/2014 Thru 04/2015

*Privileged / Confidential Attorney Work Product*

02/19/2019 12:43 Portfolio Perspective Interactive Edition™
Prepared By: investment forensics

CONFIDENTIAL



WOOD000241

# **<u>EXHIBIT L</u>**

# Spartan Capital

coldspringadvisory.com/spartan-capital/



## ADVISORY GROUP



## INVESTOR PROTECTION ALERT
### *Your Financial Security Matters*



**Case 1:** ███████████████████

████████████████████████████████
███████████████

- ████████████████████
- ████████████████████

████████████████████████████████
█████████

**Case 2:** ████████████████

████████████████████████████████
██████████████████████

- █████████████████
- ████████████
- ██████████████████

████████████████████████████████

## Why It Matters

████████████████████████████████
████████████████████████████████
█████████

## Take Action Now

If you've been affected by excessive trading or other forms of financial misconduct, it's crucial to explore your legal options. **Securities Arbitration Law Group PLLC** and **Cold Spring Advisory Group** are here to help you understand your rights and take action to recover your investments.

### Call now
Securities Arbitration Law Group PLLC:202-444-4222
Cold Spring Advisory Group: 212-566-6060
Or complete our online form and we will contact you.

**Protect your financial future** and get the restitution you deserve. Contact us now for more information and expert guidance on navigating these issues.



**CSAG**



**Return to Insights**

# **<u>EXHIBIT M</u>**

 **(/Home.aspx/index)**

Mayor Muriel Bowser

---

**311 Online (https://311.dc.gov)**      **Agency Directory (https://dc.gov/directory)**

**Online Services (https://dc.gov/online-services)**      **Accessibility (https://dc.gov/page/dcgov-accessibility-policy)**

Home (/Home.aspx)

Edit Account (/Account.aspx/AccountManagement)

Sign Out (/Account.aspx/LogOff?signoutFromCropLogin=true)

# Securities Arbitration Law Group PLLC - Initial File Number: L00006675142

| Main | Reports | Trade Names | Beneficial Owners |

## Beneficial Owners

| Business Contact Type | Name | Address | Executing Officer | File Number |
|---|---|---|---|---|
| Governor | Vermont, David | 12560 Lt. Nichols Rd Fairfax, VA 22033 | Is Executing Officer?: Yes<br>Executing Officer Type: ExecutingOfficer | L00006675142 |
| Governor | Ottimo, Michele | 20 Tall Oak Crescent Syosset, NY 11791 | Is Executing Officer?: Yes<br>Executing Officer Type: ExecutingOfficer | L00006675142 |

    4 ▼

# **<u>EXHIBIT N</u>**

Supreme Court of the State of New York
County of Suffolk
----------------------------------------------------------------------X
KENNETH B. ROWAN DDS, MS, PC PENSION AND PROFIT
SHARING TRUST,

                                          *Plaintiff*,          VERIFICATION
                                                               Index No. 605223/17

                    —against—

COLD SPRING ADVISORY GROUP LLC,

                                          *Defendant.*
----------------------------------------------------------------------X

STATE OF NEW YORK  ) ss.:
COUNTY OF          )

        MICHELE OTTIMO, being duly sworn, deposes and says:

        Your deponent is managing member of Cold Spring Advisory Group LLC a party to the action, as

set forth in the caption above. Your deponent has read the foregoing responses to the notices to admit ,and

knows the content thereof to be true, except as to matters alleged upon information and belief, and as to those

matters, your deponent believes them to be true.

                                          _____
                                          MICHELE OTTIMO

Sworn to before me this
        day of ~~May~~, 2019.
          *Oct.*

ANTHONY PATRICK LUPO
Notary Public, State of New York
No. 01LU6345585
Qualified in Suffolk County
Commission Expires July 25, 20____

# **<u>EXHIBIT O</u>**

**Award**
**FINRA Dispute Resolution Services**

---

In the Matter of the Arbitration Between:

<u>Claimant</u>                                                      <u>Case Number</u>: 23-01975
Gregory W. Buckis

     vs.

<u>Respondents</u>                                                 <u>Hearing Site</u>: Washington, D.C.
Money Concepts Capital Corp.
Francis Paul Carson

---

Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.

Nature of the Dispute: Customer vs. Member and Associated Person

This case was decided by an all-public panel.

## REPRESENTATION OF PARTIES

For Claimant Gregory W. Buckis: Brandon Dei, Esq., SA Law Group, PLLC, Huntington, New York.

For Respondents Money Concepts Capital Corp. ("MCCC") and Francis Paul Carson ("Carson"): Kathy M. Klock, Esq., Akerman, LLP, West Palm Beach, Florida.

## CASE INFORMATION

Statement of Claim filed by Claimant on or about: July 13, 2023.
Claimant signed the Submission Agreement: July 13, 2023.

Statement of Answer filed by Respondents on or about: September 15, 2023.
Respondent MCCC signed the Submission Agreement: September 8, 2023.
Respondent Carson signed the Submission Agreement: September 10, 2023.

## CASE SUMMARY

In the Statement of Claim, Claimant asserted the following causes of action: suitability; failure to supervise; breach of contract; negligence; and lost opportunity and punitive damages. The causes of action relate to alleged violations committed by Respondents in connection with the investment of pre-initial public offering investments.

Unless specifically admitted in the Statement of Answer, Respondents denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

## RELIEF REQUESTED

In the Statement of Claim, Claimant requested: out-of-pocket losses suffered in Claimant's account in the amount of at least $1,402,600.00, along with punitive damages; pre-judgment interest as provided by law; lost opportunity damages; attorneys' fees and costs; and such other and further relief as the Panel may deem appropriate.

In the Statement of Answer, Respondents requested: dismissal of this claim; and all of Respondent MCCC's attorneys' fees, forum fees, and costs incurred in connection with this arbitration.

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

On February 9, 2024, Respondent MCCC filed a Motion to Compel Production of Documents and Information. No response was filed. On February 22, 2024, the Chairperson issued an Order granting the Motion, and noting that should Claimant fail to comply, Respondent MCCC thereafter may submit a Motion seeking further relief, including but not limited to an Order of Preclusion.

On March 8, 2024, Respondents filed a Motion for Order of Preclusion and Order Dismissing Claims, arguing that Claimant failed to comply with the discovery Order dated February 22, 2024. No response was filed. On April 8, 2024, the Panel heard oral arguments on the Motion. Counsel appeared for both Claimant and Respondents. On April 8, 2024, the Panel issued an Order denying the Motion without prejudice and ordered Claimant to comply with the discovery requests.

On May 9, 2024, Respondents filed a Motion to Dismiss as a sanction for Claimant's alleged failure to comply with the discovery Order dated April 8, 2024. On May 20, 2024, Claimant filed a response opposing the Motion to Dismiss. On May 24, 2024, Respondents filed a reply in support of the Motion to Dismiss. On June 2, 2024, the Panel denied the Motion to Dismiss to the extent dismissal of all claims was sought, but granted other relief sought, including precluding Claimant from relying in its case-in-chief on any document not produced to Respondents.

On August 30, 2024, Respondents filed a Motion to Compel Claimant to Produce Income Tax Returns, arguing that Claimant represented they had already been produced, but had not. No response was filed. On September 12, 2024, the Panel issued an Order granting the Motion, and noted that non-compliance with the Order in any respect shall result in entry of a separate Order dismissing all claims in this matter.

On September 19, 2024, Respondents filed Notice of Claimant's Non-Compliance with the Panel's Order dated September 12, 2024, and requested that the Panel enter an Order dismissing all

claims in this matter as provided in the Order dated September 12, 2024. No response was filed. On September 23, 2024, the Panel issued an Order directing that a pre-hearing conference be held so that Claimant could show cause as to why this matter should not be dismissed for non-compliance with the Order dated September 12, 2024, as well as Claimant's non-compliance with the prior Orders dated February 22, 2024, and April 8, 2024.

On September 25, 2024, the Panel held a pre-hearing conference with the parties on the issue of Claimant's non-compliance with the Panel's Orders. Counsel appeared for both Claimant and Respondents. The Panel subsequently granted dismissal with prejudice, providing the following explanation:

> By unanimous vote, the Panel hereby orders the dismissal with prejudice of all claims brought by Claimant against Respondents in Case No. 23-01975. This ruling is one that the Panel does not enter lightly. Rather, the Panel renders it only after careful consideration of the entirety of the proceedings to date, including all pleadings, submissions and representations made by the parties and their counsel, all prior Orders entered in this case, and the overall conduct of counsel throughout the course of the proceeding.

> The Statement of Claim was submitted on July 13, 2023, and transmitted to the Panel on October 18, 2023. In less than a year, the Panel has issued four (4) Orders addressing discovery deficiencies by Claimant and has afforded Claimant multiple opportunities to come into compliance with his discovery obligations. Despite escalating sanctions for past non-compliance, including Orders compelling production and precluding Claimant from using non-produced documents during the merits hearing, and despite an express Order stating that failure to comply by a date certain would result in dismissal, Claimant remains in violation of multiple discovery Orders to this day.

> On September 12, 2024, the Panel issued an Order granting Respondent's Motion to Compel Claimant to Produce Income Tax Returns, which Claimant's counsel previously had attested via affidavit as having been produced. The Motion was unopposed by Claimant. The Order stated:

>   1. Claimant shall produce his federal and state income tax returns for the period 2016 through 2023 to Respondents by no later than 9/19/2024 at 9:00 am EDT.
>   2. In addition, Claimant simultaneously shall file such tax returns (with allowable redactions of Claimant SSN and bank account information) via the DR Portal so that the Panel can verify that Claimant has complied with this Order compelling production.
>   3. Non-compliance with this Order in any respect shall result in entry of a separate order by the panel dismissing all claims in this matter.

>   The parties should comply with this order by 9/19/2024.

Claimant did not produce his federal and state income tax returns by the September 19, 2024, deadline, in violation of the Order. Claimant's counsel did not file such tax returns via the DR Portal by the September 19, 2024, deadline, in further violation of the Order.

Instead of immediately dismissing the claims, the Panel elected to hold a pre-hearing conference on September 25, 2024, to ask Claimant's counsel directly whether or not Claimant had produced and filed the tax returns via the DR Portal, as mandated by the Order. Claimant's counsel confirmed that tax returns were neither produced nor filed. Claimant's counsel claimed, for the first time, and contrary to an earlier-filed sworn affidavit listing tax returns among the discovery produced by Claimant, that no such tax returns exist.

In light of: (a) Claimant's counsel's earlier sworn statement listing tax returns as being produced; (b) counsel's utter failure to indicate that no such tax returns exist in all prior communication regarding the tax returns, whether with Respondents' counsel, or in response to the Panel's directive ordering him to produce and file them; and (c) the totality of the circumstances more broadly; the Panel is unpersuaded that Claimant's counsel's assertion has merit.

Accordingly, the Panel hereby dismisses all claims in this matter with prejudice.

## <u>AWARD</u>

After considering the pleadings, the testimony and evidence presented at the hearing, and any post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1.  Claimant's claims are dismissed in their entirety with prejudice.

## <u>FEES</u>

Pursuant to the Code of Arbitration Procedure ("Code"), the following fees are assessed:

### <u>Filing Fees</u>
FINRA Dispute Resolution Services assessed a filing fee* for each claim:

| | | |
|---|---|---|
| Initial Claim Filing Fee | =$ | 2,025.00 |

*The filing fee is made up of a non-refundable and a refundable portion.*

### <u>Member Fees</u>
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm that employed the associated person at the time of the event(s) giving rise to the dispute. Accordingly, as a party, Respondent MCCC is assessed the following:

| | | |
|---|---|---|
| Member Surcharge | =$ | 3,200.00 |
| Member Process Fee | =$ | 6,375.00 |

### <u>Postponement Fees</u>
Postponements granted during these proceedings for which fees were assessed or waived:

| | | |
|---|---|---|
| October 9-11, 2024, postponement directed by Panel | =$ | WAIVED |

FINRA Dispute Resolution Services
Arbitration No.  23-01975
<u>Award Page 5 of 6</u>

---

Total Postponement Fees                                                     =$    WAIVED

The Panel has waived the total postponement fees.

**<u>Discovery-Related Motion Fees</u>**
Fees apply for each decision rendered on a discovery-related motion.

One (1) decision on a discovery-related motion on the papers       =$       200.00
with one (1) Arbitrator @ $200.00/decision

Two (2) decisions on discovery-related motions on the papers       =$     1,200.00
with the Panel @ $600.00/decision

Respondents submitted three (3) discovery-related motions

---

Total Discovery-Related Motion Fees                                         =$     1,400.00

The Panel has assessed $1,100.00 of the discovery-related motion fees to Claimant.

The Panel has assessed $300.00 of the discovery-related motion fees jointly and severally to
Respondents.

**<u>Hearing Session Fees and Assessments</u>**
The Panel has assessed hearing session fees for each session conducted. A session is any
meeting between the parties and the Arbitrator(s), including a pre-hearing conference with the
Arbitrator(s), which lasts four (4) hours or less. Fees associated with these proceedings are:

Five (5) pre-hearing sessions with the Panel @ $1,435.00/session     =$     7,175.00
Pre-Hearing Conferences: November 21, 2023        1 session
                          April 8, 2024            1 session
                          May 17, 2024             1 session
                          June 17, 2024            1 session
                          September 25, 2024       1 session

---

Total Hearing Session Fees                                                  =$     7,175.00

The Panel has assessed $5,022.50 of the hearing session fees to Claimant.

The Panel has assessed $2,152.50 of the hearing session fees jointly and severally to
Respondents.

All balances are payable to FINRA Dispute Resolution Services and are due upon receipt.

## **ARBITRATION PANEL**

| Randy Jeff Branitsky | - | Public Arbitrator, Presiding Chairperson |
|---|---|---|
| Christopher M. McMurray | - | Public Arbitrator |
| Kiran Nasir Gore | - | Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument, which is my award.

## **Concurring Arbitrators' Signatures**

*Randy Jeff Branitsky*                                    10/01/2024
Randy Jeff Branitsky                                      Signature Date
Public Arbitrator, Presiding Chairperson

*Christopher M. McMurray*                          10/01/2024
Christopher M. McMurray                              Signature Date
Public Arbitrator

*Kiran Nasir Gore*                                          10/01/2024
Kiran Nasir Gore                                            Signature Date
Public Arbitrator

Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.

October 01, 2024
Date of Service (For FINRA Dispute Resolution Services use only)

# **<u>EXHIBIT P</u>**

**Award**
**FINRA Dispute Resolution Services**

In the Matter of the Arbitration Between:

<u>Claimant</u>                                                    <u>Case Number</u>: 21-01817
Roger E. Johnson

      vs.

<u>Respondents</u>                                              <u>Hearing Site</u>: Chicago, Illinois
Southeast Investments, N.C., Inc.,
Frank Harmon Black, and Kostas Tsamos

Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.

Nature of the Dispute: Customer vs. Member and Associated Persons

This case was decided by an all-public panel.

## <u>REPRESENTATION OF PARTIES</u>

For Claimant Roger E. Johnson ("Claimant"): David Vermont, Esq., Securities Arbitration Law Group, Washington, District of Columbia.

For Respondents Southeast Investments, N.C., Inc. ("Southeast") and Frank Harmon Black ("Black"): Alan M. Wolper, Esq. and Blaine F. Doyle, Esq., Ulmer & Berne LLP, Chicago, Illinois.

For Respondent Kostas Tsamos ("Tsamos") (collectively with Southeast and Black, "Respondents"): Liam O'Brien, Esq., McCormick & O'Brien LLP, New York, New York.

## <u>CASE INFORMATION</u>

Statement of Claim filed on or about: July 16, 2021.
Claimant signed the Submission Agreement: July 16, 2021.

Statement of Answer filed by Southeast and Black on or about: September 7, 2021.
Southeast signed the Submission Agreement: August 16, 2021.
Black signed the Submission Agreement: August 13, 2021.

Statement of Answer filed by Tsamos on or about: September 7, 2021.
Tsamos signed the Submission Agreement: September 7, 2021.

## CASE SUMMARY

In the Statement of Claim, Claimant asserted the following causes of action: negligence, churning, quantitative unsuitability, qualitative unsuitability, breach of contract, misrepresentation and omission, breach of fiduciary duty, unauthorized trading, lost opportunity damages, failure to supervise, and failure to take action to prevent or mitigate damages caused by reckless, intentional, and violative conduct. The causes of action relate to Claimant's allegation that, over a period of 22 months, Respondents executed many trades in Claimant's account without Claimant's knowledge or authorization. Claimant alleged that Tsamos churned Claimant's account for commissions, turning the equity in the account over more than 35 times per year. Claimant further alleged that Southeast and Black failed to supervise Tsamos and failed to take action to prevent or mitigate the damages caused by Tsamos' conduct.

Unless specifically admitted in the Statement of Answer, Southeast and Black denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

Unless specifically admitted in the Statement of Answer, Tsamos denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

## RELIEF REQUESTED

In the Statement of Claim, Claimant requested an award in his favor and against all Respondents jointly and severally of actual compensatory damages of $400,256.00 plus interest as permitted by law; costs associated with bringing this action and reasonable attorneys' fee; and punitive damages in an amount deemed appropriate by the Panel.

In the Statement of Answer, Southeast and Black requested that the Panel reject Claimant's Statement of Claim in its entirety and award it reasonable attorneys' fees and expenses.

In the Statement of Answer, Tsamos requested that all claims in the Statement of Claim made against Tsamos be dismissed with prejudice; that Claimant take nothing; that Tsamos be awarded his reasonable and necessary attorneys' fees and costs; and that Tsamos be awarded such other and further relief as is just and proper.

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

On September 15, 2022, Southeast and Black filed a Partial Motion to Dismiss pursuant to Rule 12206 of the Code of Arbitration Procedure ("Code"). On September 26, 2022, Claimant filed a response opposing Southeast and Black's Partial Motion to Dismiss. On October 3, 2022, Southeast and Black filed a reply in support of their Partial Motion to Dismiss. In an Order dated October 6, 2022, the Panel denied Southeast and Black's Partial Motion to Dismiss without prejudice. In an Order dated November 5, 2022, the Panel corrected the October 6, 2022, Order and denied Southeast and Black's Partial Motion to Dismiss with prejudice.

On September 30, 2022, Tsamos filed a Motion to Dismiss pursuant to Rule 12206 of the Code, to which no response was filed. In an Order dated November 5, 2022, the Panel denied Tsamos' Motion to Dismiss with prejudice.

On November 28, 2022, Southeast and Black filed an Emergency Motion to Dismiss Claims, or in the Alternative, to Delay the Hearing and for Other Sanctions, pursuant to Rule 12212 of the Code ("First Emergency Motion"). On December 13, 2022, Claimant filed a response in opposition to the First Emergency Motion.

On November 30, 2022, Tsamos filed a Motion for Sanctions pursuant to Rule 12212 of the Code.

In an Order dated December 14, 2022, the Panel denied Southeast and Black's request to dismiss the Statement of Claim without prejudice, but granted the First Emergency Motion and Tsamos' Motion for Sanctions in part, ordered Claimant to pay a monetary sanction of $15,000.00 to FINRA by December 30, 2022; ordered that all forum fees relative to both motions be assessed against Claimant; and ordered that Respondents' attorneys' fees incurred in bringing both motions be charged to Claimant, in an amount to be taken under advisement. In an Order dated December 15, 2022, the Panel corrected the December 14, 2022, Order and ordered that Claimant pay the amount of $15,000.00 as follows: $10,000.00 payable to Southeast, and delivered to Southeast and Black's attorney, and $5,000.00 payable to Tsamos, and delivered to Tsamos' attorney. On December 20, 2022, and December 21, 2022, Southeast and Black and Tsamos each submitted their respective Petitions for Attorneys' Fees pursuant to the Panel's Order of December 14, 2022.

On December 19, 2022, Claimant filed an Emergency Motion to Vacate the December 14 and 15, 2022, Orders ("Motion to Vacate"). On December 20, 2022, Southeast and Black filed an opposition to the Motion to Vacate ("Opposition"). On December 21, 2022, Tsamos filed correspondence that he joined in Southeast and Black's Opposition. The same day, Claimant filed a Reply Affirmation in support of the Motion to Vacate. In an Order dated December 28, 2022, the Panel granted the Motion to Vacate in part, ruling that the December 15, 2022 Order be vacated.

In a separate Order dated December 28, 2022, the Panel, addressing the Petitions for Attorneys' Fees submitted by Respondents, ordered Claimant to pay the sum of $3,774.15 in attorneys' fees to Southeast and Frank Black and delivered to their attorney, no later than January 13, 2023, and to pay the sum of $3,356.65 in attorneys' fees to Tsamos and delivered to Tsamos' attorney, no later than January 13, 2023.

On December 29, 2022, Southeast and Black filed an Emergency Motion for Clarification ("Motion for Clarification") of the Panel's vacatur of its December 15, 2022, Order. On January 3, 2023, Claimant filed a response in opposition to the Motion for Clarification. In an Order dated January 4, 2023, the Panel clarified that the December 28, 2022, Order, vacating the Panel's December 15, 2022 Order, applied only to the $15,000.00 sanction imposed in the December 15, 2022, Order, and that all other sanctions contained in the December 14, 2022, Order remained in full force and effect and would remain in full force and effect unless and until the Panel determined otherwise. The Panel further stated that the December 28, 2022 Order, requiring Claimant to pay attorneys' fees, remained in full force and effect.

FINRA Dispute Resolution Services
Arbitration No. 21-01817
<u>Award Page 4 of 10</u>

On January 20, 2023, Southeast and Black filed a Renewed Motion to Dismiss Claims, or Alternatively, for Other Sanctions ("Renewed Motion to Dismiss"), to which no response was filed.

On January 27, 2023, Claimant filed an Emergency Cross Motion to Stay the December 28, 2022, and January 4, 2022, Orders and to Compel Phone Records ("Motion to Stay"). On February 6, 2023, Southeast and Black filed an Opposition to the Motion to Stay. The same day, Tsamos filed correspondence that he joined in Southeast and Black's Opposition to the Motion to Stay.

In an Order dated February 1, 2023, the Panel denied, in part, the Renewed Motion to Dismiss but sanctioned Claimant for ignoring the Panel's Orders dated December 28, 2022, and January 13, 2023, by ordering Claimant to pay the sum of $4,000.00 to Southeast; the sum of $4,000.00 to Black; and the sum of $4,000.00 to Tsamos, no later than February 10, 2023. The February 1, 2023, Order provided that should Claimant fail to tender all payments due to the Respondents, pursuant to that Order and the Panel's Order of December 28, 2022, the Panel would consider a further Motion to Dismiss in an extremely favorable light.

On February 13, 2023, Southeast and Black filed a Second Renewed Motion to Dismiss Claims, or Alternatively, for Other Sanctions ("Second Renewed Motion to Dismiss"), to which no response was filed.

On March 14, 2023, the Panel held a prehearing and heard arguments on the Motion to Stay and Second Renewed Motion to Dismiss. Herein, the Panel denies the Motion to Stay and grants the Second Renewed Motion to Dismiss on the following grounds:

> In the past three and one-half months, the Panel has sanctioned Claimant twelve times.
>
> The Orders dated December 14, 2022 and February 1, 2023 specifically enumerate Claimant's continued behavior of failing to participate in the arbitration and ignoring the Panel's orders.
>
> <u>Sanction #1</u>
>
> On September 9, 2022, Respondents filed a Motion to Compel Claimant to produce documents. Claimant filed an untimely Response.
>
> On October 17, 2022 the Panel issued an extremely detailed order. Claimant was to furnish the documents by November 23, 2022.
>
> Sanction #1: For requiring Respondents to file the Motion to Compel all forum fees were assessed against Claimant.
>
> <u>Sanction #2</u>
>
> Claimant ignored the October 17, 2022 Order and let the deadline of November 23, 2022 pass. The evidentiary hearing on the merits of the case was scheduled to begin on January 17, 2023. Respondents scrambled to request the Panel to issue orders upon

four individuals to appear at the hearing. These orders became necessary inasmuch as Claimant did not comply with the October 17, 2022 order. The Panel issued the orders.

Sanction #2: For requiring Respondents to request the Orders for Appearance, all forum fees were assessed against Claimant.

Sanctions #3, #4. #5, and #6

By the end of November, Claimant's dilatory tactics were transparent. Southeast and Black filed First Emergency Motion. Tsamos filed a separate Motion for Sanctions.

Claimant filed an untimely response to Southeast and Black's First Emergency Motion and chose not to file any response to Tsamos' Motion for Sanctions.

Well after the deadline for filing a response to the First Emergency Motion, Claimant attempted an end-run around the FINRA rules and sent a letter, dated December 13, 2022, to FINRA, requesting that FINRA pass on the letter to the Panel. Claimant did not offer any excuse for not filing a response in accordance with FINRA rules. Moreover the letter did not attempt to explain, or explain away, or offer any legal defense, to Claimant's failure and refusal to comply with the Panel's Order of October 17, 2022.

On December 14, 2022 the Panel issued its Order.

The Order, in part, denied Southeast and Black's First Emergency Motion.

The Panel took pains to note in the Order that "Claimant's behavior has graduated from dilatory to contumacious."

Accordingly, the Panel entered sanctions as follows:

Sanction #3: a monetary sanction of $15,000.00 (this sanction was vacated on December 28, 2022);

Sanction #4: the Panel would make certain adverse inferences relative to certain issues at the hearing;

Sanction #5: Claimant would pay Respondents' attorneys' fees relative to the instant motions (whereupon the Panel ordered the attorneys for Respondents to submit fee petitions); and

Sanction #6: all forum fees were assessed against the Claimant.

Sanctions #7, #8, and #9

After reviewing the fee petitions, the Panel entered monetary sanctions against Claimant on December 28, 2022, as follows:

Sanction #7: Claimant was ordered to pay the sum of $3,774.15 to Southeast and Black;

Sanction #8: Claimant was ordered to pay the sum of $3,356.65 to Tsamos.

Claimant was ordered to pay such sums by January 13, 2023.

Sanction #9: all forum fees were assessed against Claimant.

On January 13, 2023, the Panel entered a stipulated order continuing the hearing. In that order the Panel affirmed the attorneys' fee sanctions and reminded Claimant as follows:

"This Postponement Order does not alter or otherwise modify the Claimant's obligation to pay attorney fees to the Respondents pursuant to the Panel's Order dated December 28, 2022."

Claimant failed and refused to comply with the Panel's Order dated December 28, 2022.

A week later, Southeast and Black filed their Renewed Motion to Dismiss. Once again, Claimant chose not to file a response.

Absent any objection from Claimant, on February 1, 2023, the Panel began its Order by again noting, inter alia, the fact that Claimant failed and refused to comply with the Panel's order to pay the attorneys' fees sanctions to Respondents.

At that point the attorneys' fees sanction payments were almost three weeks overdue. Neither the Panel nor Respondents had any reason whatsoever to think Claimant would ever tender payment. Claimant had not advised the Panel he would not pay and had not advised Respondents he would not pay.

Claimant had not filed any motion relative to the attorneys' fees sanction: no motion to vacate, no motion to reconsider, no motion to modify. Nothing. The silence was thunderous.

Sanctions #10, #11, and #12

The spirit of the FINRA rules suggests imposing ever-increasing sanctions in an effort to rein in a recalcitrant party. The Panel chose this path.

Sanction  #10: Claimant was ordered to pay $4,000.00 each, to Southeast and Black.

Sanction  #11:  The Claimant was ordered to pay $4,000.00 to Tsamos.

Claimant was ordered to pay each Respondent by February 10, 2023.

Sanction #12: all forum fees were assessed against Claimant.

Claimant filed a motion on January 27, 2023 to stay payment of the sanctions contained in the Orders dated December 28, 2022 and January 4, 2023.

Claimant also filed a Motion to Stay and requesting Respondents produce phone records.

Respondents filed a Renewed Motion to Dismiss.

The entire Panel heard oral arguments on the three motions on March 14, 2023.

The Claimant's Motion to Stay had been filed almost two weeks after the Panel's deadline for payment. Claimant made no apology for ignoring the Panel's order, Claimant proffered no legal defense to his non-payment, nor did Claimant make any promise that he would ever pay the sanction.

The gravamen of Claimant's Motion to Stay was this: My account declined by $400,000.00; my expert witness tells me that Respondents are liable for the loss in my account and, therefore, I will win the case. After I win the case the Panel will enter a large award in my favor. At that point I will simply give Respondents a credit against the award in my favor.

This argument was repeated by Claimants' lawyers several times. The Panel did not find this argument persuasive.

It should be noted that the Motion to Stay dealt only with the attorneys' fee sanction. The amount of that sanction is $7,130.80.

On February 1, 2023, the Panel sanctioned the Claimant $12,000.00, which was to be paid by February 10, 2023. Claimant did not pay that sanction. Nor did Claimant file any motion relative to the sanction: no motion to vacate, no motion to reconsider, no motion to modify.

At oral argument Claimant's attorneys were absolutely silent on this sanction. They intentionally chose not to discuss it, or more to the point, they made no objection to the sanction. They offered no explanation for their client's non-payment; they offered no legal defense for their client's non-payment. Nor did the lawyers make any promise that their client would ever pay the sanction. The lawyers' silence was tantamount to treating the Panel's sanction as if it did not exist.

The Panel concluded that Claimant will continue to refuse to pay the $7,130.85 sanction that was due to be paid by January 13, 2023. The Panel concluded that Claimant will continue to treat the $12,000.00 sanction that was due to be paid by February 10, 2023 as if it does not exist. Having sanctioned Claimant no less than twelve times in the last three and one-half months, and with monetary sanctions totaling $19,130.80 outstanding, the Panel has no reason whatsoever to think that further sanctions will curb the Claimant's contumacious and unacceptable behavior.

Accordingly, pursuant to FINRA Rule 12212(c), the Panel has concluded that dismissal of the Statement of Claim, in its entirety, and with prejudice, is proper.

The Award in this matter may be executed in counterpart copies.

## <u>AWARD</u>

After considering the pleadings, the Second Renewed Motion to Dismiss and any responses

FINRA Dispute Resolution Services
Arbitration No.  21-01817
<u>Award Page 8 of 10</u>

thereto, and the arguments presented at the pre-hearing conference on March 14, 2023, the Arbitrator has decided in full and final resolution of the issues submitted for determination as follows:

1.  Claimant's claims are dismissed with prejudice pursuant to Rule 12212(c) of the Code .

2.  Claimant is liable for and shall pay to Southeast the sum of $4,000.00 as a sanction pursuant to the Panel's February 1, 2023, Order.

3.  Claimant is liable for and shall pay to Black the sum of $4,000.00 as a sanction pursuant to the Panel's February 1, 2023, Order.

4.  Claimant is liable for and shall pay to Tsamos the sum of $4,000.00 as a sanction pursuant to the Panel's February 1, 2023, Order.

5.  Claimant is liable for and shall pay to Southeast and Black the sum of $3,774.15 in attorneys' fees pursuant to the Panel's December 14, 2022, and December 28, 2022, Orders.

6.  Claimant is liable for and shall pay to Tsamos the sum of $3,356.65 in attorneys' fees pursuant to the Panel's December 14, 2022, and December 28, 2022, Orders.

7.  Any and all claims for relief not specifically addressed herein, including any requests for punitive damages and treble damages, are denied.

## **FEES**

Pursuant to the Code, the following fees are assessed:

**<u>Filing Fees</u>**
FINRA Dispute Resolution Services assessed a filing fee* for each claim:

Initial Claim Filing Fee                                                                =$     1,425.00

*The filing fee is made up of a non-refundable and a refundable portion.*

**<u>Member Fees</u>**
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm(s) that employed the associated person(s) at the time of the event(s) giving rise to the dispute. Accordingly, as a party, Southeast is assessed the following:

| | |
|---|---|
| Member Surcharge | =$     2,025.00 |
| Member Process Fee | =$     3,875.00 |

**<u>Postponement Fees</u>**
Postponements granted during these proceedings for which fees were assessed or waived:

January 17-20, 2023, postponement requested by the parties                    =$     1,125.00

FINRA Dispute Resolution Services
Arbitration No. 21-01817
<u>Award Page 9 of 10</u>

---

| | | |
|---|---|---|
| Total Postponement Fees | =$ | 1,125.00 |

The Panel has assessed $562.50 of the postponement fees to Claimant.

The Panel has assessed $562.50 of the postponement fees jointly and severally to Respondents.

**<u>Last-Minute Cancellation Fees</u>**
Fees apply when a hearing on the merits is cancelled within ten calendar days before the start of a scheduled hearing session:

| | |
|---|---|
| January 17-20, 2023, cancellation requested by the parties | Waived |

**<u>Discovery-Related Motion Fees</u>**
Fees apply for each decision rendered on a discovery-related motion.

| | | |
|---|---|---|
| One (1) decision on a discovery-related motion on the papers with one (1) Arbitrator @ $200.00/decision | =$ | 200.00 |
| Two (2) decision on a discovery-related motion on the papers with the Panel @ $600.00/decision | =$ | 1,200.00 |

Southeast and Black submitted two (2) discovery-related motions
Tsamos submitted one (1) discovery-related motion

---

| | | |
|---|---|---|
| Total Discovery-Related Motion Fees | =$ | 1,400.00 |

The Panel has assessed the total discovery-related motion fees to Claimant.

**<u>Hearing Session Fees and Assessments</u>**
The Panel has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the Arbitrator(s), including a pre-hearing conference with the Arbitrator(s), which lasts four (4) hours or less. Fees associated with these proceedings are:

| | | |
|---|---|---|
| Two (2) pre-hearing sessions with the Panel @ $1,125.00/session | =$ | 2,250.00 |
| Pre-Hearing Conferences: November 8, 2021    1 session | | |
| March 14, 2023    1 session | | |

---

| | | |
|---|---|---|
| Total Hearing Session Fees | =$ | 2,250.00 |

The Panel has assessed $1,687.50 of the hearing session fees to Claimant.

The Panel has assessed $562.50 of the hearing session fees jointly and severally to Respondents.

All balances are payable to FINRA Dispute Resolution Services and are due upon receipt.

## ARBITRATION PANEL

| | | |
|---|---|---|
| Larry Evert Carlson | - | Public Arbitrator, Presiding Chairperson |
| Marilee Roberg | - | Public Arbitrator |
| Howard T. Goffen | - | Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument, which is my award.

## Concurring Arbitrators' Signatures

*Larry Evert Carlson*
_____
Larry Evert Carlson
Public Arbitrator, Presiding Chairperson

03/22/2023
_____
Signature Date


*Marilee Roberg*
_____
Marilee Roberg
Public Arbitrator

03/22/2023
_____
Signature Date


*Howard T. Goffen*
_____
Howard T. Goffen
Public Arbitrator

03/22/2023
_____
Signature Date


Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.


March 23, 2023
_____
Date of Service (For FINRA Dispute Resolution Services use only)

# **<u>EXHIBIT Q</u>**

**Award**
**FINRA Dispute Resolution Services**

---

In the Matter of the Arbitration Between:

Claimants                                    Case Number: 22-02854
Robert Hayes, Joel Meyer,
David Parker, Paul Kennedy,
Andrew Channon, and Larry Madsen

      vs.

Respondent                                   Hearing Site: Cleveland, Ohio
Aegis Capital Corp.

---

Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.

Nature of the Dispute: Customers vs. Member

This case was decided by an all-public panel.

## REPRESENTATION OF PARTIES

For Claimants Robert Hayes ("Hayes"), Joel Meyer ("Meyer"), David Parker ("Parker"), Paul Kennedy ("Kennedy"), Andrew Channon ("Channon"), and Larry Madsen ("Madsen"): Brandon Dei, Esq., SA Law Group, PLLC, Huntington, New York.

Hayes, Meyer, Parker, Kennedy, Channon, and Madsen, collectively, referred to as "Original Claimants."

Meyer, Parker, Kennedy, Channon, and Madsen, collectively, referred to as "Claimants."

For Respondent Aegis Capital Corp. ("Respondent"): Sameer Rastogi, Esq. and Emily M. Knight, Esq., Sichenzia Ross Ference Carmel LLP, New York, New York.

## CASE INFORMATION

Statement of Claim filed on or about: December 15, 2022.
Original Claimants signed the Submission Agreement: December 15, 2022.

Statement of Answer filed on or about: February 3, 2023.
Respondent signed the Submission Agreement: February 2, 2023.

## CASE SUMMARY

In the Statement of Claim, Original Claimants asserted the following causes of action: suitability, churning, failure to supervise, breach of fiduciary duty, breach of contract, unauthorized trading, negligence, misrepresentation, and omission of facts.  The causes of action related to Original Claimants' allegations that they are the victims of various FINRA violations and suffered loss of their savings.

Unless specifically admitted in the Statement of Answer, Respondent denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

## RELIEF REQUESTED

In the Statement of Claim, Original Claimants requested an award for the out-of-pocket losses suffered in each account in the amount of:

a. Hayes at least $310,483.26 plus at least $96,751.67 in excessive broker commission fees totaling $407,234.93, along with punitive damages;
b. Meyer at least $121,769.91 plus at least $81,237.44 in excessive broker commission fees totaling $203,007.35, along with punitive damages;
c. Parker at least $37,587.79 plus at least $22,541.11 in excessive broker commission fees totaling $60,128.90, along with punitive damages;
d. Kennedy at least $31,857.22 plus at least $30,610.80 in excessive broker commission fees totaling $62,468.02, along with punitive damages;
e. Channon at least $88,015.01 plus at least $51,208.56 in excessive broker commission fees totaling $139,223.57, along with punitive damages;
f. Madsen at least $5,047.40 plus at least $3,937.11 in excessive broker commission fees totaling $8,984.51, along with punitive damages;
g. All claims totaling at least $881,047.28 along with punitive damages; and
h. Such other and further relief as the Panel may deem appropriate.

In the Statement of Answer, Respondent requested that the Panel dismiss the Statement of Claim in its entirety, with prejudice, and issue such other and further relief as the Panel deems just, equitable, and proper.

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

On January 26, 2023, Hayes file a notice of withdrawal of his claims without prejudice. Therefore, the Panel did not consider the claims in the Statement of Claim with regards to Hayes.

On September 27, 2023, Respondent filed a Motion to Enforce and Seek Sanctions for Claimants' willful and continuous discovery failures ("Motion to Enforce and for Sanctions"), to which no response was filed.  On November 13, 2023, a prehearing conference was held for oral arguments on the Motion to Enforce and for Sanctions; however, Claimants' counsel did not

FINRA Dispute Resolution Services
Arbitration No. 22-02854
<u>Award Page 3 of 7</u>

attend. In an Order dated the same day, the Panel deferred the ruling on the Motion to Enforce and for Sanctions pending a final attempt to reschedule the prehearing conference.

On November 14, 2023 Respondent filed a Partial Motion to Dismiss the Statement of Claim Pursuant to FINRA's Six-Year Eligibility Rule 12206(a) of the Code of Arbitration Procedure ("Code") ("Partial Motion to Dismiss Pursuant to Rule 12206(a)"), to which no response was filed. On December 19, 2023, Respondent filed a Reply in Support of the Partial Motion to Dismiss Pursuant to Rule 12206(a).

On November 30, 2023 , a prehearing conference was held for oral arguments on the Motion to Enforce and for Sanctions. The Panel deferred its decision on further potential sanctions on the Claimants until after the outcome of a prehearing conference to be held on February 16, 2024.

In an Order dated December 21, 2023, the Panel deferred its decision on the Partial Motion to Dismiss Pursuant to Rule 12206(a) until after the completion of the February 16, 2024, prehearing conference. On February 16, 2024, a prehearing conference was held for oral arguments on the Partial Motion to Dismiss Pursuant to Rule 12206(a). In an Order dated the same day, the Panel granted the Partial Motion to Dismiss pursuant to Rule 12206(a) on the following grounds:

> As documented in a chronology provided in the Partial Motion to Dismiss Pursuant to Rule 12206(a), claims pertaining to transactions by Claimants Kennedy and Channon were shown as originating prior to/outside of the six-year eligibility period under FINRA rules. Claimants offered no defense in rebuttal for their inclusion in the original pleadings.

Respondent's Partial Motion to Dismiss pursuant to Rule 12206 of the Code is granted by the Panel without prejudice to any right Kennedy and Channon have to file in court; Kennedy and Channon are not prohibited from pursuing their claims in court pursuant to Rule 12206(b) of the Code.

On March 1, 2024, Respondent filed a Motion to Dismiss Pursuant to FINRA Rules 12212 and 12511, to which no response was filed. On April 9, 2024, a prehearing conference was held for oral arguments on the Motion to Dismiss Pursuant to FINRA Rules 12212 and 12511. The Panel herein grants the Motion to Dismiss, with prejudice, on the grounds that:

> Respondent argued under FINRA Rules 12212(c) and 12511(b) that, due to intentional and material failures by Claimants to comply with the Panel's discovery orders, following the Panel's repeated prior warnings having proven ineffective, the Panel is justified to dismiss all claims in this case with prejudice.

> The claims were first filed on December 15, 2022, with the initial pre-hearing discovery production order issued on April 6, 2023. Since Respondent's initial Motion to Compel Discovery was granted on July 11, 2023, with a subsequent Panel order on November 13, 2023 for Claimants' non-production of presumptively discoverable materials under FINRA guidelines, basically no material beyond a tax return and some account statements have been provided by and through Claimants' counsel, Brandon Dei.

Prehearing conferences were held with the parties on November 30, 2023 and February 16, 2024 for discussion of discovery status with Mr. Dei making pledges of full cooperation followed by continued non-production of the previously indicated materials. Scheduled prehearing conferences on motions had to be cancelled on November 13, 2023 and March 18, 2024 due to Brandon Dei noting his serious medical issues requiring multiple extended hospitalizations over the last four months. On the Panel's seeking any available type of independent source documentation he had in support of his statements about his health, he refused on the basis of personal privacy and would offer no objective rejoinder to the Respondent's presentation of a social media post made by Brandon Dei that showed him with family at a Florida Disney World vacation on January 26, 2024.

Claimants' counsel, offered the opportunity at the April 9, 2024 prehearing conference to rebut any of the contentions raised by Respondent about his consistent production failures throughout discovery, provided no evidence beyond his personal statement asserting compliance and a lack of good faith by Respondent. Brandon Dei peremptorily withdrew from the Zoom hearing in progress before completion of oral arguments on the Motion to Dismiss. He did not return at the Panel's request after an ample recess of the proceedings.

No factual explanations have been provided by Claimants' counsel either to Respondent throughout discovery or to the Panel since November 2023 regarding the remaining gaps in discoverable items sought, with no indication of intent for further submissions. No discussions have been held or are planned between the parties for resolving the open issues.

The complete discovery record shows extended non-compliance regarding essential items, with repeated efforts by the Panel to guide the process to a satisfactory resolution proving unsuccessful. There is no evidence of prospects for a favorable change by Brandon Dei, who on his clients' behalf ultimately bears the burden of proof for their alleged claims. The Panel thus grants the Motion to Dismiss with prejudice. Also ruling on the Respondent's Motion to Enforce and for Sanctions prepared on September 27, 2023, a decision which had been deferred across multiple hearings to allow further opportunity for production that went unrealized, the documented expense of $4,132.00 covering attorneys' fees to prepare the motion for sanctions is granted to Respondent against Claimants. No further damages or sanctions or any other form of relief are awarded, with each party responsible for all its own costs to this conclusion.

## **AWARD**

After considering the pleadings, the Motion to Dismiss and all responses thereto, and the arguments presented at the prehearing conference on April 9, 2024, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Claimants' claims are dismissed in their entirety.

2. Claimants are jointly and severally liable for and shall pay to Respondent the sum of $4,132.00 in attorneys' fees in connection with the Motion for Sanctions.

3. Any and all claims for relief not specifically addressed herein, including any requests for punitive damages and treble damages, are denied.

## FEES

Pursuant to the Code, the following fees are assessed:

### Filing Fees
FINRA Dispute Resolution Services assessed a filing fee* for each claim:

| | | |
|---|---|---|
| Initial Claim Filing Fee | =$ | 1,740.00 |

*The filing fee is made up of a non-refundable and a refundable portion.*

### Member Fees
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm(s) that employed the associated person(s) at the time of the event(s) giving rise to the dispute. Accordingly, as a party, Respondent is assessed the following:

| | | |
|---|---|---|
| Member Surcharge | =$ | 2,625.00 |
| Member Process Fee | =$ | 3,875.00 |

### Late Pre-Hearing Cancellation Fees
Fees apply when a pre-hearing conference is cancelled within three business days of the scheduled conference:

| | | |
|---|---|---|
| March 18, 2024, cancellation requested by Claimants | =$ | 300.00 |
| Total Late Pre-Hearing Cancellation Fees | =$ | 300.00 |

The Panel has assessed the total late pre-hearing cancellation fees jointly and severally to Claimants.

### Postponement Fees
Postponements granted during these proceedings for which fees were assessed or waived:

| | | |
|---|---|---|
| February 12-16, 2024, postponement requested by the parties | =$ | 1,125.00 |
| Total Postponement Fees | =$ | 1,125.00 |

The Panel has assessed the total postponement fees jointly and severally to Claimants.

### Discovery-Related Motion Fees
Fees apply for each decision rendered on a discovery-related motion.

| | | |
|---|---|---|
| One (1) decision on a discovery-related motion on the papers | =$ | 200.00 |

FINRA Dispute Resolution Services
Arbitration No. 22-02854
<u>Award Page 6 of 7</u>

with one (1) Arbitrator @ $200.00/decision

Respondent submitted one (1) discovery-related motion
Total Discovery-Related Motion Fees                                    =$      200.00

The Panel has assessed $100.00 of the discovery-related motion fees jointly and severally to Claimants.

The Panel has assessed $100.00 of the discovery-related motion fees to Respondent.

## **Hearing Session Fees and Assessments**
The Panel has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the Arbitrator(s), including a pre-hearing conference with the Arbitrator(s), which lasts four (4) hours or less. Fees associated with these proceedings are:

Five (5) pre-hearing sessions with the Panel @ $1,125.00/session      =$    5,625.00
Pre-Hearing Conferences:  April 6, 2023            1 session
                          November 13, 2023        1 session
                          November 30, 2023        1 session
                          February 16, 2024        1 session
                          April 9, 2024            1 session
Total Hearing Session Fees                                             =$    5,625.00

The Panel has assessed $5,062.50 of the hearing session fees jointly and severally to Claimants.

The Panel has assessed $562.50 of the hearing session fees to Respondent.

All balances are payable to FINRA Dispute Resolution Services and are due upon receipt.

## ARBITRATION PANEL

| | | |
|---|---|---|
| Gregory G. Gocek | - | Public Arbitrator, Presiding Chairperson |
| Henry George Grendell | - | Public Arbitrator |
| Michael Jay Teitelbaum | - | Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument, which is my award.

## Concurring Arbitrators' Signatures

*Gregory G. Gocek*                                          05/22/2024
_____                    _____
Gregory G. Gocek                                           Signature Date
Public Arbitrator, Presiding Chairperson

*Henry George Grendell*                                 05/23/2024
_____                    _____
Henry George Grendell                                    Signature Date
Public Arbitrator

*Michael Jay Teitelbaum*                               05/24/2024
_____                    _____
Michael Jay Teitelbaum                                   Signature Date
Public Arbitrator

Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.

May 24, 2024
_____
Date of Service (For FINRA Dispute Resolution Services use only)

# **EXHIBIT R**

Mack Press, Esq.
99 Waverly Ave., Unit 8D
Patchogue, NY 11772
(516) 330-7213    Mack@mackpress.com
Securities Arbitration Law Group, PLLC

December 12, 2024

**VIA DR PORTAL & EMAIL**
Ms. Felicia M. Fox
Senior Case Administrator -FINRA Dispute Resolution
55 W. Monroe, Suite 2600
Chicago, IL 60603
MidwestProcessing@finra.org

RE: REDACTED                          ,
REDACTED  , *FINA Arbitration No.*: 24-01131

Dear Panel:

I wish to introduce myself and apologize in the same breath, which is never a great place to be in. My name is Mack Press, and just yesterday I was retained by Claimant REDACTED ("Claimant") to handle going forward and help cure all deficiencies respecting his above referenced FINRA arbitration claims against Respondents, which were left astray and unattended by the former attorney, Brandon Dei  (but due to *exceptional* circumstances, described *infra.*)

Last night by way of email, I corresponded with Respondents' counsel. I firmly apologized to him – and now to the Panel–  for the neglect this case has seen on the part of Claimant's prior counsel, Brandon Dei. However, *exceptional* circumstances occurred - circumstances that Claimant himself just became aware of and which were out of his control - that caused Mr. Dei's inattention to motions and correspondence, and neglect in this case.

Specifically, I have been told that Mr. Die had a nervous breakdown, and then a physical breakdown, while suffering from an extremely rare and uncomfortable and painful ailment

(where a parasite from a cat hatched in his ears, and all he could hear was scratching and scratching in his head). The rampant scratching in his ears also did not allow him to sleep at all, so he began suffering from extreme insomnia and sleep deprivation.  To complicate matters, I am told he did not communicate his situation to anyone else. He suffered silently; and left his legal cases unattended.  By the time he was taken away, I am told he could not even understand or handle basic things. He was completely non-functional.

While I feel badly for Mr. Dei and wish him a speedy recovery, I respectfully request that the Panel does not blame Claimant under these circumstances. I have arranged to speak tomorrow morning with Respondents' counsel, REDACTED.  As I will convey to him, and as I hold out to the Panel, the Claimant fully intends to arbitrate in good faith and in a prompt and professional manner going forward.  I will also start to cure any deficiencies in the case.

In sum, I ask the Panel for some additional time to review the file, and to set the scheduled December 16, 2024 conference call to a day in the near future - if needed - pending my conversation tomorrow with Respondents' counsel, REDACTED.

Finally, kindly remove Mr. Brandon Lei's contact information from your file for this case and replace his contact information with mine as set forth below

Securities Arbitration Law Group, PLLC
Mack Press, Esq.
99 Waverly Ave., Unit 8D
Patchogue, NY 11772
(516) 330-7213
Mack@mackpress.com

If you have any questions, please do not hesitate to contact me.

/s/  Mack Press_____ _____

Mack Press, Attorney for
Claimant REDACTED

Cc:  REDACTED                        (via Portal and Email)

*Mack Press, Esq.*
Securities Arbitration Law Group, PLLC
445 Park Avenue, 9th Floor
New York, NY 10022
(516) 330-7213
516.330.7213  mack@arbitrationlawgroup.com

February 5, 2025

Re:  FINRA Arbitration No. *24-00703*
REDACTED            *vs. Spartan*
*Capital Securities, LLC* REDACTED .

Dear Panel:

I wish to introduce myself and apologize in the same breath, which is never a great place to be in. My name is Mack Press, and I was just retained in the above referenced FINRA Arbitration by Claimants REDACTED ("Claimants") to handle his arbitration case against Respondents going forward, and help cure all deficiencies respecting Claimants' arbitration claim (which were left astray and unattended by the former attorney, Brandon Dei, **but due to exceptional circumstances, described below.**)

First, I firmly apologize to the Panel– for the neglect this case has seen on the part of Claimants' prior counsel, Brandon Dei, and his failure to respond to the Panel's Order for a Status Update in the case, dated 10/16/2024. However, exceptional circumstances occurred – circumstances that Claimants themselves just became aware of and which were out of their control – that caused Mr. Dei's inattention to this case.

Specifically, I have been told that Mr. Dei had a nervous breakdown, and then a physical breakdown, while suffering from an extremely rare and uncomfortable and painful ailment (where a parasite from a cat hatched in his ears, and all he could hear was scratching and scratching in his head). The rampant scratching in his ears also did not allow him to sleep at all, so he began suffering from extreme insomnia and sleep deprivation. To complicate matters, I am told he did not communicate his situation to anyone else (including the Claimants). Rather, he suffered silently; and left his legal cases unattended. By the time he went for help, I am told he could not even understand or handle basic things. He was completely non-functional.

In addition, when I took over the case in late December, the FINRA had a technical problem and FINRA was unable to restore the FINRA portal for several week (so I was not able to access this case until now).

While I feel badly for Mr. Dei and wish him a speedy recovery, I respectfully request that the Panel does not blame Claimants under these circumstances and **for some additional time completely review the file; promptly cure all deficiencies in this case; and respond to the pending motions before the Panel**.

I will attempt to speak with Respondents' counsel and, as I will convey to him, and as I hold out to the Panel, Claimant fully intends to arbitrate in good faith and in a prompt and professional manner going forward.

Respectfully,

/s/ Mack Press

Mack Press, Counsel for Claimant

# **<u>EXHIBIT S</u>**

©2025 FINRA. All rights reserved.

## Motion to Dismiss Order

**Submitted By:** Michael Orticelle (On behalf of the arbitration panel)
**Submitted Date:** 02/20/2025 03:52:48 PM ET

**Case ID & Parties:**
***FINRA Dispute Resolution Services***
Motion to Dismiss Order

**Case Number:** 24-00703

**In the Matter of the Arbitration Between**

| Claimant(s) | VS | Respondent(s) |
|---|---|---|
| REDACTED      . | | Spartan Capital Securities, LLC |
| REDACTED | | REDACTED |
| REDACTED | | |
| REDACTED | | |
| REDACTED | | |

## PREHEARING CONFERENCE

1. Was a prehearing conference held and recorded?
○ Yes
● **No**

## PREHEARING CONFERENCE DATE & PARTICIPANTS

## ISSUES ADDRESSED

2. Issues addressed: (i.e., name of motion or request, by which party)
● **The following pleadings have been addressed:**

> ***Respondent's Motion to Dismiss with sanctions***
> ***Claimant's Request for Additional Time to Cure Deficiencies.***

## ORDER DECIDED BY

3. Unanimous Ruling:
● **Yes**
○ No

## RULING

©2025 FINRA. All rights reserved.

**For Requests to Expunge Customer Dispute Information by a Respondent in a Simplified Customer Case File on or After October 16, 2023:**

> If a Motion to Dismiss is granted and the only remaining claim is a request to expunge customer dispute information, the arbitrator shall hold an expungement hearing, pursuant to Rule 12805(c), to consider and decide the expungement request. At the conclusion of the expungement hearing, the arbitrator shall issue an award in accordance with Rule 12805(c)(8).

**For Requests to Expunge Customer Dispute Information by a Respondent in a Regular Hearing Customer Case File on or After October 16, 2023:**

> If a Motion to Dismiss is granted and the only remaining claim is a request to expunge customer dispute information, the arbitration will close by award without a hearing. The panel shall not consider any request to expunge customer dispute information. Subsequently, the associated person may file a new claim under Rule 13805(a), requesting expungement of the customer dispute information.

4. After considering the pleadings submitted by the parties (and oral arguments, if a prehearing conference was held), the panel rules as follows:

● **The Motion to Dismiss is granted.**

**If the Motion to Dismiss is granted, please provide a written explanation for your decision:**

> *See attached document. There was no hearing. The panel had a deliberation session. The Claimant is responsible for all hearing/deliberation session fees and Respondent's Attorney fees. Respondent will submit a list of attorney fees on the portal no later that February 28, 2025 to be paid immediately by Claimant.*
>
> *Claimant's motion for additional time is denied.*

○ The Motion to Dismiss is denied with prejudice.

○ The Motion to Dismiss is denied without prejudice.

○ A decision on the Motion to Dismiss is deferred.

If a decision on the Motion to Dismiss is deferred, please provide a written explanation for your decision:

**ASSESSMENT OF FEES**

If the Panel denies the motion, the Panel must assess the hearing session fees associated with any prehearing on the motion to the moving party(ies).

5. Cost of prehearing conference:

○ The hearing session fees for this prehearing conference are assessed as follows:

_____% to Claimant(s), jointly and severally

_____% to Respondent(s), jointly and severally

_____% assessed to _____

_____% assessed to _____

_____% assessed to _____

_____% assessed to _____

● **Not applicable**

©2025 FINRA. All rights reserved.

## ATTACHMENTS

| Attachment Type | File Name | Description |
|---|---|---|
| Other | Finra Case# 24-00703 Explained Decision.pdf | Explanated Decision |

**To:**       Ms. Alejandra Candelario, Senior Case Administrator
              Judge Lisa Preskin, Panelist
              Ms. Linda Tvrdy, Panelist

**CC:**       REDACTED
              Mr. Mark Press, Esq

**From:**     Michael A. Orticlle, MPA, Chairman

**Subject:**  <u>**Explained decision**</u> for FINRA Dispute Resolution Services Arbitration
              Number 24-00703 REDACTED
                          vs. Spartan Capital Securities, LLC REDACTED


**Date:**     February 20, 2025


        The panel held a deliberation session on February 20, 2025 to discuss the
Respondent's Motion to dismiss with Sanctions which we received on January 10, 2025.
We also discussed the Claimant's Motion for Additional Time to Cure Deficiencies which
we received on February 18, 2025. The following is our decision and explanation for our
determination in this case.

An initial Prehearing Conference was held on August 8, 2024. During this conference
the Respondent raised concerns about the specificity of the Claimant's Claim in a
Motion. The motion was granted, and the Claimant was ordered to resubmit a more
specific Claim by September 20, 2024. The new claim was never properly filed. In
subsequent correspondence the Respondent's representative stated that there was little
to no communication between the parties and the Respondent's representative filed a
motion to dismiss with sanctions. FINRA staff also reached out to the Claimant's
representative, but nothing was filed.

The Panel was notified on January 22, 2025 that the Claimant had secured new
counsel. The new counsel, Mr. Mark Press, Esq. is from the same firm but a different
office in a different city as the attorney he replaced. The first correspondence the panel
received from new counsel was in the form of the Claimant's Motion that we received on
February 18, 2025. In his motion, Mr. Press explained that the counsel he replaced, Mr.
Brandon Dei, had become ill with a very unusual parasitic infection that made it difficult
for Mr. Dei to focus on his work which caused the failure in communication between the
parties, his firm, and FINRA.

<u>**Decision:**</u>

After reading all the pleadings and considering all the circumstances in this case the
panel unanimously decided to **Grant the Respondent's Motion to Dismiss.** The panel
also unanimously agreed that the **sanctions in the form of all forum fess and the**

**attorney fees** accrued by the Respondent be paid by the Claimant. Respondent's will provide us with a copy of said fees no later than February 28, 2025 via the portal.

The panel were sensitive to the unusual circumstances that occurred with Mr. Dei, however we did not think that forcing the timeline for the May hearing dates would be productive especially when it took new counsel almost a month to request a time extension. The lack of initiative by the Claimant's representative was disappointing. The Claimant's request for Additional Time is denied.

I will be filing this explanation along with the order to dismiss on the FINRA portal. Please cancel all the previously reserved hearing dates on your calendars.

Respectfully,

Michael A. Orticelle, MPA
Chairman