*Mack Press, Esq.*
Securities Arbitration Law Group, PLLC
445 Park Avenue, 9th Floor
New York, NY 10022
(516) 330-7213
516.330.7213  mack@arbitrationlawgroup.com

March 18, 2025

Ms. Terresa Byrd
FINRA Dispute Resolution Services
55 W. Monroe
Suite 2600
Chicago, Illinois 60603

> Re:  FINRA Arbitration No. *23-00655*
> *Phillip Ainsworth, Alexander Catto, Fred*
> *Weidner, Brian Campbell, et al. vs.*
> *Spartan Capital Securities, LLC*

Dear Ms. Byrd and the Panel:

We write on behalf of Claimants in the above referenced FINRA Arbitration, in response to Respondents' submission today to the Panel.

First, the submission by Respondents' counsel today constitutes an improper *sur-reply* (and/or a *second* response) by Respondents concerning their instant Motion. If Respondents wanted to, they could have attached the contents of that submission today to their moving papers, and/or their response letter they previously filed respecting Claimants' opposition letter to the Motion. However, at this time, it would be severely prejudicial to allow Respondents to submit to the Panel their Sur-reply Letter now, without a chance for counsel to properly review that submission[1], and it also violates the FINRA Arbitration-rules regarding Motion practice.  If the Panel desires to review that submission with respect to the Hearing set for tomorrow, Claimants respectfully request that the Panel reschedule the Hearing set for tomorrow, *at cost to Respondents* for their improper submission today to the Panel, in order to allow Claimants' counsel time to review the materials submitted today by Respondents to the Panel.

Second, Respondents letter once again is trying to deflect the real issue at this time in this case (*i.e.*, *the document production to Respondents in this case*) in order for the Panel to dismiss **this** case based on – what appears to be at quick look – the facts concerning a different case (where the same law firm represented different defendants in a

---

[1] Respondents counsel is away from the office today due to medical reasons related to a recent spine-fusion surgery, and is unable today to review Respondents' submission today.

different FINRA Arbitration), which is wholly irrelevant and improper. As will be discussed with the Panel at tomorrow's Hearing, since the undersigned joined at the end of December the law firm representing Claimants,[2] we have been trying to make good faith document productions in all the cases that the former attorney at this firm, Brandon Dei, handled before he went ill, which has turned out to more difficult than Claimants' counsel first believed.  In this case alone, I have worked hard and **we produced over 26,000 pages to the Respondents**, and I have also tried to coordinate with Respondents any items that we needed more time to obtain (such as the foreign-defendants equivalent of our tax returns, etc.). Unequivocally, Respondents' instant contentions to the Panel – that Claimants somehow have done anything but act in good faith regarding discovery in this case – are severely flawed.  Indeed, it is Respondents' counsel who continues to use facts improperly related to before the Panel "reset" the stage in this case with its instant *Order to Reset the Discovery Deadlines*. As we have said many times, it is not fair to blame the Claimants for Claimants' former counsel' medical-condition and his failure to inform anyone of it.

Finally, as with before – once again, Respondents today filed with the Panel their instant *"Sur-Reply"* (or second Response) to the Motion to Dismiss, but Respondents' counsel has wholly failed to meet-and-confer with counsel for Claimants regarding discovery issues.[3] Circumstantially, it seems that if Respondents' counsel truly was seeking documents and discovery on behalf of their clients, they would *meet and confer* with Claimants' counsel, instead of wasting that time by writing letter after letter after letter to incorrectly complain to the Panel (instead of proactively helping their clients in this case).

In sum, we respectfully ask the Panel to disregard Respondents' submission today, and/or reschedule to a later date the pre-Hearing set for tomorrow (at cost to Respondents) in order to allow Claimants' counsel time to review the materials submitted today by Respondents to the Panel.

Respectfully,

/s/ Mack Press

Mack Press, Counsel for Claimants

cc:  All Counsel of Record via Portal

---

[2] The law firm representing Claimants here is Securities Arbitration Law Group, PLLC.

[3] In this case, Respondents' counsel did not once attempt to initiate a meet and confer with Claimants' counsel to discuss discovery.