FINANCIAL INDUSTRY REGULATORY AUTHORITY

```
-------------------------------------------------------------------------x
In the Matter of the Arbitration Between:       :
                                                :
LEONARD F. MILLEN, JR., JAMES HITCHCOCK,        :    FINRA No. 24-00703
LORRAINE HITCHCOCK, MAURICE HEARD, and          :
JAMES HAMLETT,                                  :
                                                :
                              Claimants,        :
                                                :
        -against-                               :
                                                :
SPARTAN CAPITAL SECURITIES, LLC and             :
JOHN LOWRY,                                     :
                                                :
                              Respondents.      :
-------------------------------------------------------------------------x
```

## MOTION FOR SANCTIONS AND TO EXCLUDE FACTS AND CLAIMS AND ASSESS FEES TO CLAIMANTS

Respondent Spartan Capital Securities, LLC ("Spartan") and John Lowry (collectively, "Respondents"), by and through its counsel, Sichenzia Ross Ference Carmel LLP, respectfully submits its Motion for Sanctions and to Exclude Facts and Claims and Assess Fees, pursuant to FINRA Rules 12505, 12508, 12511 and 12212, against Claimants Leonard F. Millen, Jr., James Hitchcock, Lorraine Hitchcock, Maurice Heard and James Hamlett (collectively, the "Claimants").

As discussed more fully below, Claimants **refused to comply** with the Panel's Order to amend their pleading to plead all of the relevant facts pursuant to an Order of the Panel., dated August 8, 2024. Claimants **refused to communicate with or otherwise confer** with Respondents as to Claimants' non-compliance. Claimants **failed to respond or object to** their FINRA Discovery Guide List 2, which sets forth nineteen presumptively discoverable categories of documents that, in this instance, Respondents were entitled to receive, pursuant to FINRA

Rule 12506, by May 27, 2024. Claimants **refused to respond or object** to Respondents' First Request for Documents and Information on or before November 27, 2024, pursuant to FINRA Rule 12507(b). Claimants **failed and refused to respond** to communications from Respondents regarding the above. The hearing of this matter is scheduled to commence on May 6, 2025. Consequently, on December 12, 2024, Respondents move to strike the and dismiss the Statement of Claim, for attorneys' fees and costs arising from making the motion and to re-assess all prior and future fees against Claimants various violations of FINRA Rules and Orders of the Panel. Claimants **did not oppose the motion** or any of the relief sought. On January 3, 2025, Respondents requested FINRA staff to forward the unopposed motion to the Panel for immediate determination.

Pursuant to FINRA Rule 12508, Claimants, who have **failed to interpose response or objections under FINRA Rule 12506 and 12507 or to produce any documents or information**, have failed to offer any justification (much less a substantial justification) for their intentional course of pleading violation and discovery abuse, and have waived all objections to the discovery sought by Respondents. The deadline to seek any discovery has closed. Claimants' intent and the prejudice to Respondents at this late juncture are irrefutable. Claimants therefore should be sanctioned under Rules 12511 and 12212(a).

## PRELIMINARY STATEMENT

As set forth above, Claimants have flagrantly and intentionally disobeyed the Panel's Orders and FINRA Rules throughout this arbitration, demonstrated that Claimants have no appetite to comply with their pleading obligations or participate in any form of discovery and confirmed that Claimants are dedicated to prejudicing Respondents to gain an unfair, ill-gotten

advantage in this arbitration by their dilatory and abusive tactics over the past six (6) months. Meaningful sanctions are the only appropriate remedy for such willful disobedience.

A trial should be a search for truth. However, Claimants brazenly attempt to obstruct that search for truth by their continuous efforts to ignore their pleading and discovery obligations and to conceal documents and information that, pursuant to unequivocal Rules, Claimants have waived any right to object to, challenge or limit. Claimants' overt discovery abuses should not be tolerated in this forum and warrant the imposition of meaningful sanctions that are proportionate to the extensive and ongoing abuses and Rule violations, the prejudice that has resulted to Respondents by still having neither a pleading nor discovery from each Claimants upon which to test Claimants' facts and theories and prepare a meaningful defense to the fact-less, group claim that starts in four (4) months.

Claimants commenced this unwieldly "group claim" on March 27, 2024 asserting unspecified claims of unsuitability, negligence and failure to supervise against Respondents on behalf of one customer, Mr. Hamlett, who resides in Missouri; two customers, the Hitchcocks, who reside in California, a customer, Mr. Heard, who resides in Kentucky, and a customer, Mr. Millen, who resides in New York. The Claimants have no connection to each other. The Claimants all had different Spartan brokers. The Claimants all had different investor profiles. The Claimants often held accounts, with different privileges, at different times and often in different years. The Claimants had no relationship with or connection to Respondent John Lowry. The Statement of Claim was and still remains <u>utterly devoid of facts</u> detailing the actual transactions, occurrences, events and securities at issue for <u>each</u> Claimant, despite that this panel ordered that information on August 8, 2024.[1] Claimants have also withheld all responses,

---

[1] A true and correct copy of the Order is annexed hereto as **Exhibit 1**.

objections, documents and information to support any claims or theories of liability against Respondents.

FINRA Rule 12506(b)(2) and 12507(b)(2) both require – *mandatory* not permissive language – that "[a] party <u>must</u> act in good faith when complying with subparagraph (1) of this rule. 'Good faith' means that a party must use its best efforts to produce all documents required or agreed to be produced. If a document cannot be produced in the required time, a party must establish a reasonable timeframe to produce the document."  Claimants failed and refused to respond, object, meet and confer or otherwise communicate with Respondents or FINRA in May, June, July, August, September, November or December 2024 (or January 2025) as to any good faith efforts Claimants had made to comply or to explain why some (much less all) documents for each Claimants could not be produced as required by FINRA Rules.[2]  Therefore, pursuant to Rule 12508(b), **<u>Claimants have waived all objections to compliance with their Rule 12506 and 12507 discovery obligations</u>**.  Instead, Claimants have, for months, "thumbed their nose" at the Rules despite that Claimants – *not* Respondents – initiated this group arbitration with all of its attendant regulatory implications, disclosure requirements and costs for Respondents.

As such, Respondents respectfully request monetary sanctions in the amount of $1,000 per day from the date of the Chair's Order until the pleading and all Rule 12506 and 12507 discovery requested for each Claimants is produced, or, in the alternative, pursuant to Rules 12212(a) and (c) and 12511(b) immediately preclude Claimants from offering any testimonial or documentary facts or evidence in support of any Claimants asserted in the Statement of Claim to dismiss all claims asserted therein and that is otherwise responsive to any category of document

---

[2] A true and correct copy of Respondents' Rule 12507 discovery is annexed hereto as **Exhibit 2**.

and information previously requested under Rules 12506 and 12507. The Rules exist to remedy precisely these forms of misconduct.

### ARBITRATORS ARE EMPOWERED TO SANCTION PARTIES FOR NONCOMPLIANCE WITH ORDERS ISSUED BY THE PANEL AND FOR DISCOVERY ABUSE

FINRA arbitrators are expressly empowered to sanction parties for noncompliance with Orders issued by the Panel and for discovery abuse. FINRA Rule 12506(b)(2) requires that parties:

> "[A]ct in good faith when complying with subparagraph (1) of this rule. 'Good faith' means that a party must use its best efforts to produce all documents required or agreed to be produced. If a document cannot be produced in the required time, a party must establish a reasonable timeframe to produce the document."

FINRA Rule 12212 provides:

(a) **The panel may sanction a party** for failure to comply with any provision in the Code, or any order of the panel or single arbitrator authorized to act on behalf of the panel. Unless prohibited by applicable law, sanctions may include, but are not limited to:

- **Assessing monetary penalties payable to one or more parties**;
- **Precluding a party from presenting evidence;**
- **Making an adverse inference against a party;**
- **Assessing postponement and/or forum fees; and**
- **Assessing attorneys' fees, costs and expenses.**

(c) **The panel may dismiss a claim**, defense or arbitration with prejudice as a sanction for material and intentional failure to comply with an order of the panel if prior warnings or sanctions have proven ineffective.

Indeed, even the FINRA Arbitrator's Guide highlights arbitrators' broad authority to sanction parties in cases such as this one. Specifically, the Guide states:

> Failure to comply with the discovery rules hinders the efficient and cost-effective resolution of disputes and ***undermines the integrity and fairness*** of FINRA's forum. On occasion, parties may use the discovery process to ***harass and burden their opponent***. Arbitrators should take this into consideration when considering discovery issues.

> Arbitrators have several tools available for addressing failures to comply with discovery rules. FINRA Rule 12511 provides that a party's ***failure to cooperate in the exchange of documents and information*** as required under the rules may result in sanctions. The panel may issue sanctions against any party for:
>
> • failing to comply with the discovery provisions of the rules, unless the panel determines that there is substantial justification for the failure to comply; or
> • frivolously objecting to the production of requested documents or information.

FINRA Arbitrator's Guide 2020 ed., p. 41-42.

Claimants know that the information demanded in Respondent's prior Motion for a More Definite Statement[3] and ordered by this Panel is in Claimants' possession, custody and control, but Claimants and/or their counsel have chosen not to comply and offered no substantial justification for same. Likewise, Claimants know that they have, as a matter of arbitral Rules and Orders of this Panel, waived all objections to complete compliance with Rule 12506 and 12507 discovery, yet Claimants have thumbed their noses at the Panel and Respondents and withheld everything, as if FINRA's Rules and the Panel's and Respondents' orders, time and money are a commodity to be ignored and wasted whenever and for so long as Claimants will.

Accordingly, in addition to the relief Respondents have requested in their **unopposed** motion of December 12, 2024[4], Claimants also have made a mockery of the IPHC Order.[5] Claimants ignored responding or asserting any objections to the FINRA Discovery Guide List 2, and, therefore, waived any and all objections to same. Claimants likewise ignored Respondents' First Requests for Documents and Information, and, therefore, waived any and all objections to

---

[3] This motion was served and filed on June 20, 2024.

[4] On January 3 and 10, 2025, Respondents requested that FINRA Staff forward the unopposed motion to the Panel for immediate consideration. The Staff inexplicably failed to do so despite the filings on the FINRA DR Portal.

[5] A true and correct copy is annexed hereto as **Exhibit 3**.

same.[6]  The prejudicial effect of such brazen violation of the Panel's Orders and FINRA Rules demands the most severe sanction, because by any measure or approach, it is irrefutable that Claimants have taken every course of action ***apart from*** cooperating in this arbitration, complying with the Orders of this Panel or following FINRA's Rules.

This is precisely the type of behavior for which FINRA has empowered arbitrators to sanction parties. The Panel should wield this power and send a message to Claimants that this behavior will not be tolerated by precluding Claimants from offering any testimonial or documentary facts or evidence in support of any claims asserted in the Statement of Claim and that is otherwise responsive to any category of document and information previously requested under Rules 12506 and 12507, alternatively by granting dismissal of the Statement of Claim, and assessing fees and costs.

**PREJUDICE TO RESPONDENTS**

Respondents also have been substantially prejudiced by Claimants' conduct, which has significantly impaired Respondents' ability to conduct any preparation for a May 2025 hearing, to engage in motion practice designed to narrow the issues for hearing or to prepare a Motion to Dismiss based on eligibility grounds that is tailored to the correct Claimants, accounts, transactions and securities.  Again, these Claimants and their accounts have nothing in common other than Spartan, yet everything about each Claimant and their accounts' handling and the facts underpinning each Claimant's alleged injuries remains a mystery.  Indeed, as of this date, Respondents are left wondering what documents may even exist that could negatively impact

---

[6] Respondents' First request for Documents and Information was served and filed on September 27, 2024, and responses and documents were due by FINRA Rule 60 days later.  No response or production was made.

7

Respondents' ability to have a fair and equitable hearing on the merits.  Accordingly, Claimants' string of abuses warrant immediate and meaningful sanctions.

**WHEREFORE**, Respondents Spartan Capital Securities, LLC and John Lowry respectfully request Motion for Sanctions and to Exclude Facts and Claims and Assess Fees Against Claimants, pursuant to FINRA Rules 12505, 12508, 12511 and 12212, be granted in its entirety and for such other and any relief as the Panel deems appropriate.

Dated: New York, New York
January 10, 2025

**SICHENZIA ROSS FERENCE CARMEL LLP**

By: _/s/ Daniel Scott Furst_
Daniel Scott Furst, Esq.
1185 Avenue of the Americas, 31st Floor
New York, New York 10036
(212) 930-9700
sfurst@srfc.law

*Attorneys for Respondents Spartan Capital Securities, LLC and John Lowry*