

February 13, 2025

**By FINRA DR Portal**

Ms. Alejandra Candelario
Senior Case Administrator
FINRA Dispute Resolution Servies
Northeast Regional Office
Brookfield Place
200 Liberty Place
New York, New York 10281

      Re.:   Lenny F. Millen, Jr., *et al*., v. Spartan Capital Securities, LLC, *et al*.,
               Case No. 24-00703

Dear Ms. Candelario:

    This office represents Respondents Spartan Capital Securities, LLC and John Lowry (collectively, "Respondents") in the above-captioned matter. I write to communicate **Respondents' strong objection to all of the relief requested by letter dated February 5, 2025**, which was filed by Mack Press, Esq. on behalf of Securities Arbitration Law Group, PLLC, which is the same law firm that has always represented Claimants since this arbitration was commenced.

    Counsel conveniently omits to mention that Securities Arbitration Law Group, PLLC maintains offices at 223 Wall Street, Suite 377, Huntington New York, 11743, 445 Park Avenue, 9th Floor, New York, New York 10022 and 1200 G Street, Suite 800, Washington, D.C. 20005, and has been staffed by various attorneys and non-attorneys, including at least Brandon Dei, Esq., Mack Press, Esq. and David Vermont, Esq. Simply, Claimants' proffered excuses for their failure and refusal to participate in this misdirected arbitration, for repeatedly violating FINRA Rules, for disregarding the Panel's successive orders, and for ignoring all discovery obligations, all meet and confers and all motion practice, are a farse intended to mislead the Panel as to why this law firm should be entitled to nothing less than a complete arbitral "reset." The Panel should not even consider it.

    As explained further below, Mr. Press' letter is an unfortunate attempt to recast a long pattern of Securities Arbitration Law Group, PLLC and its attorneys engaging in willful, dilatory and contumacious behavior in every aspect of its FINRA arbitration practice. <u>Before</u> the start of the instant arbitration and <u>concurrent</u> with its pendency, Securities Arbitration Law Group, PLLC and its attorneys have engaged in the same abusive conduct while picking and choosing which

Case No. 24-00703
February 13, 2025
Page 2 of 5

arbitrations they will actively arbitrate resulting in, from time to time, Panel's catching on to their *modus operandi*.  Enough is enough.

Respondents respectfully refer the Panel to the following exhibits:

- Attached as **Exhibit A** is a printout of the website of Securities Arbitration Law Group, PLLC that lists Messrs. Vermont and Dei.

- Attached as **Exhibit B** is a printout of the website of Securities Arbitration Law Group, PLLC that lists Messrs. Vermont and Press.

- Attached as **Exhibit C** is correspondence submitted by Securities Arbitration Law Group, PLLC using its moniker SA Law Group, PLLC, but otherwise listing Securities Arbitration Law Group's Washington D.C. address where its other attorneys also operate, in an unrelated FINRA Arbitration Case No. 22-02653.  This arbitration is also ongoing with the instant arbitration and confirms that Securities Arbitration Law Group and its attorneys are concurrently and capably operating out of multiple offices.

- Attached as **Exhibit D** is a copy of a pending lawsuit commenced in the State of Wisconsin, Circuit Court, Vernon County, captioned <u>Cedric Allen Veum et al. v. Louis Ottimo and Cold Spring Advisory Group LLC</u>.  Cold Spring Advisory Group LLC is a Claimants' securities arbitration firm that employs attorneys and non-attorneys to conduct FINRA arbitrations.  Non-attorneys Louis and Michelle Ottimo (husband and wife) own Cold Spring Advisory Group LLC.  As alleged in the Complaint and its accompany engagement letter and guarantee (Plaintiff's Exs. A and B thereto), Cold Spring Advisory Group LLC also operates out of the <u>same</u> office as Securities Arbitration Law Group, PLLC located at 445 Park Avenue, 9th Floor, New York, New York 10022.

- Attached as **Exhibit E** is the February 5, 2025 letter of Securities Arbitration Law Group, PPLC and Mr. Press, which also lists its address of 445 Park Avenue, 9th Floor, New York, New York 10022.

- Attached as **Exhibit F** is a redacted marketing piece of Cold Spring Advisory Group LLC that advertises and promotes Cold Spring Advisory Group LLC's engagement of Securities Arbitration Law Group, PPLC to arbitrate cases specifically against Respondents.

- Attached as **Exhibit G** is a copy of the corporate registration filing of Securities Arbitration Law Group, PPLC in Washington, D.C. that also confirms that David Vermont and Michelle Ottimo are <u>also</u> the beneficial owners of Securities Arbitration Law Group, PPLC.

- Attached as **Exhibit H** is a copy of a verification form that accompanied an affidavit of Michelle Ottimo filed in the New York State Supreme Court, County of Suffolk, in connection with an action captioned, <u>Kenneth B. Rowan DDC et al. v. Cold Spring</u>

Advisory Group LLC, wherein Ms. Ottimo affirms, under penalty of perjury, that she is a managing member of Cold Spring Advisory Group LLC.

- Attached as **Exhibit I** is an Award issued in connection with FINRA Case 23-01975, in which Securities Arbitration Law Group, PPLC and Mr. Dei engaged in the same types of dilatory misconduct warranting the imposition of various forms of sanction and ultimately dismissal. The foregoing events occurred concurrent in time with the instant arbitration but make no mention of Mr. Dei's purported health or the handling of the matter by any other attorney at Securities Arbitration Law Group, PPLC.

- Attached as **Exhibit J** is an Award issued in connection with FINRA Case 21-01817, in which Securities Arbitration Law Group, PPLC and Mr. Vermont engaged in the same types of dilatory misconduct warranting the imposition of various forms of sanction (in fact twelve (12) times) for "dilatory and contumacious" behavior and ultimately dismissal.

- Attached as **Exhibit K** is an Award issued in connection with FINRA Case 22-02854, in which Securities Arbitration Law Group, PPLC and Mr. Dei engaged in the same types of dilatory misconduct warranting the imposition of various forms of sanction throughout 2023 and 2024. Prior to imposing sanctions and dismissal, the Panel sought fit to chronicle Securities Arbitration Law Group, PPLC and Mr. Dei. Relevant excerpts follow:

  > Prehearing conferences were held with the parties on November 30, 2023 and February 16, 2024 for discussion of discovery status with Mr. Dei making pledges of full cooperation followed by continued non-production of the previously indicated materials. Scheduled prehearing conferences on motions had to be cancelled on November 13, 2023 and March 18, 2024 due to Brandon Dei noting his serious medical issues requiring multiple extended hospitalizations over the last four months. On the Panel's seeking any available type of independent source documentation he had in support of his statements about his health, he refused on the basis of personal privacy and would offer no objective rejoinder to the Respondent's presentation of a social media post made by Brandon Dei that showed him with family at a Florida Disney World vacation on January 26, 2024.

  > The complete discovery record shows extended non-compliance regarding essential items, with repeated efforts by the Panel to guide the process to a satisfactory resolution proving unsuccessful. There is no evidence of prospects for a favorable change by Brandon Dei, who on his clients' behalf ultimately bears the burden of proof for their alleged claims. The Panel thus grants the Motion to Dismiss with prejudice.

- Attached as **Exhibit L** is a February 6, 2025 letter of Securities Arbitration Law Group, PPLC and Mr. Press, confirming that the foregoing are now using a template letter that purports to blame Mr. Dei and FINRA for months of delays, discovery abuse and

sanctionable misconduct. (<u>Compare</u> Exs E and F wherein Mr. Press states that he "took over" theses cases for Securities Arbitration Law Group, PPLC in either December 2024 or January 2025, and "FINRA had a technical problem and FINRA was unable to restore the FINRA portal for a couple weeks [or several week[*sic*]."

- Attached as **Exhibit M** is a redacted email, dated August 1, 2024, from Securities Arbitration Law Group, PPLC and Mr. Dei, in connection with FINRA Case 22-02653, reflecting that, contrary to Mr. Press' template letters representing that Securities Arbitration Law Group, PPLC was unaware of Mr. Dei's mysterious "cat scratch" infirmity, Mr. Dei was capably arbitrating *other* FINRA arbitrations while concurrently disregarding his obligations and two (2) orders (and all related deadlines) imposed by <u>this</u> Panel in in <u>this</u> arbitration.

New York law is clear and settled that even an individual attorney's delays in participating in most any or most every aspect of a legal proceeding will not relieve the law firm (or its clients) from the consequences thereof where there are "other attorneys at the firm who were capable of handling [the] matter did not assume responsibility for it[.]" <u>American Shoring, Inc. v. D.C.A. Constr., Ltd.</u>, 15 A.D.3d 431 (2d Dep't 2005). This is a product of the uncontroversial presumption that the attorney-client relationship is ultimately imputed to the entire law firm as the obligations, confidences and duties are imputed to its other members.

In this instance, a substantial and irrefutable record demonstrates that any suggestion that Mr. Dei alone (much less FINRA) is both the culprit and reason to simply absolve Claimants of the substantial and prejudicial delays, willful non-compliance and resulting significant and costly motion practice, is beyond insincere; <u>it is frivolous and sanctionable</u>. Claimants' law firm, Securities Arbitration Law Group, PPLC, maintains multiple offices and employs multiple, experienced securities attorneys capable of and responsible for the representation of Claimants, including, but not limited to, Mr. Dei, Mr. Vermont and Mr. Press. <u>See</u> Exs. A – E. Securities Arbitration Law Group, PPLC is entitled to no reprieve on the eve of the Panel convening to decided two (2) unopposed motions intended to correct painfully overdue, sanctionable misconduct, which is a pattern and practice of Securities Arbitration Law Group, PPLC. <u>See</u> Exs. I, J and K.

In addition, the above record also makes clear that Securities Arbitration Law Group, PPLC and Cold Spring Advisory Group LLC operate out of the same office and work together on FIBRA arbitration work, with an apparent interest in Respondents. <u>See</u> Ex. F. Indeed, the principals of both law firms are the principals of the law firm of record in this arbitration – Securities Arbitration Law Group, PPLC! <u>See</u> Exs. G and H. The foregoing lays bare the indefensible suggestion that Claimants or their law firm(s) were somehow unaware of the acts and omissions of one of their own – one of multiple attorneys associated with Securities Arbitration Law Group, PPLC with a record of thumbing their noses at their obligations to their adversaries and FINRA arbitrators much less the FINRA Rules that exist to prevent the very misconduct complained of herein, or were unable to timely intervene and comply.

Case No. 24-00703
February 13, 2025
Page 5 of 5

That Securities Arbitration Law Group, PPLC now presses for nothing less than a total "reset" of this group claim, itself a brazen and baffling position, based on Mr. Press' form letter changes nothing. See Exs. L and M. Securities Arbitration Law Group, PPLC has already established that it will pick and choose when it wants to delay or arbitrate without regard to FINRA Rules. Compare Exs. H, I and J to M. Enough is enough.

Tellingly, no one from Securities Arbitration Law Group, PPLC or Cold Spring Advisory Group LLC had contacted the undersigned, ever. Likewise, FINRA Staff have never communicated to the undersigned that "FINRA had a technical problem . . . and was unable to restore the FINRA portal" for any of the different time periods Mr. Press' letters suggest (delays that, if real, are also utterly irrelevant to the months of dilatory misconduct and discovery abuse that preceded them) that gave rise to multiple motions for sanctions, costs, reassessments and dismissal.

Accordingly, Respondents respectfully object to the letter of Securities Arbitration Law Group, PPLC and all relief sought therein as contrary to fact, FINRA Rules and applicable law.

Please immediately forward this letter in opposition to the Panel.

Thank you.

Sincerely yours,

/s/ Daniel Scott Furst
Daniel Scott Furst, Esq.

cc: Securities Arbitration Law Group, PPLC (via FINRA DR Portal)

# EXHIBIT A



# We're Protecting Investors from Financial Abuse

Our team has negotiated $110 Million in Multi-Jurisdictional Settlements since 2001

**GET A FREE CONSULTATION**

WHO WE ARE

# Securities & Investment Fraud Attorney

We help individuals who believe they've suffered financial losses as a result of stockbroker and financial advisor misconduct. We can help you sue your stockbroker and seek security arbitration.

**LET'S TALK ABOUT YOUR CASE**



OUR SENIOR ATTORNEY

# David Vermont

David Vermont has more than 20 years of legal experience as an attorney. In order to obtain substantial trial experience, he started his career as a prosecutor in Brooklyn, New York. He then transitioned to personal injury and medical malpractice cases and finally became an expert in product liability cases, focusing on mass torts, in particular pharmaceutical and medical device cases.

For almost 15 years, David was a trial attorney for Ashcraft & Gerel, LLP, where he was a member of the product liability, personal injury and workers' compensation groups. He led the discovery and trials of numerous pharmaceutical and medical device cases. In particular, on behalf of plaintiffs, he successfully negotiated the settlement of three multi-district litigation ("MDL") case types:

**Rezulin** — $30 million settlement representing 50 clients (average settlement: $600,000). Rezulin was a diabetes drug that caused liver failure.
**Vioxx** — $40 million settlement representing 100 clients (average settlement: $400,000). Vioxx was a drug manufactured by Merck, prescribed as an arthritis painkiller. Vioxx caused heart attacks, strokes and sudden cardiac death.
**Avandia** — $40 million settlement representing 150 clients (average settlement: $266,666). Avandia was a diabetes drug that caused heart attacks, heart failure, and death.
At Ashcraft, on a pro bono basis, David represented September 11th victims applying for benefits from the Victim's Compensation fund. In addition, he coached and mentored a staff of three employees.

David began his legal career as an Assistant District Attorney in Brooklyn, New York, where he prosecuted several hundred misdemeanor and felony cases – everything from shoplifting to armed robbery to murder cases. He was active in prosecuting domestic violence cases, including the conviction of a mafia lieutenant and rap star, "Old Dirty Bastard." He presented over 100 cases for indictment to the Grand Jury of the State of New York, and he became a supervisor in the D.A.'s case intake bureau, evaluating arrests made by the New

York City Police Department for legal sufficiency and determining which level of offense with which to charge defendants.

David received his B.A. in History from Binghamton University and his J.D. from Fordham University School of Law.

**GET A FREE CONSULTATION**





OUR SENIOR ATTORNEY

# Brandon Dei

Brandon Dei got his start representing people in difficult situations during the midst of the global pandemic, when eviction laws were ever-changing.

He represented defendants in foreclosure and landlord/tenant matters throughout COVID-19 and was part of the federal lawsuit against Legend Venture Partners, LLC. He's also done significant appellate work within the New York State foreclosure law.

From there, he continued fighting the good fight as managing partner at The Law Offices of Brandon Dei, PLLC, where he's leading the charge as an advocate for the underdog.

With a global client base, the firm specializes in FINRA arbitration and securities litigation, bringing those who've committed violations to justice.

Brandon was featured in the **2023 Top 100 Attorneys < https://web.archive.org/web/20240829154525/https://www.thetop10 0magazine.com/brandon-dei-esq>** by The Top 100 Magazine.

**GET A FREE CONSULTATION**



**$110 Million**
recovered

**+20**
year experience

"

"There are many lawyers and law firms out there, but the team at SA Law Group really understand the world of financial abuse. I have to admit, I wasn't optimistic about the possibility of recovering any money from my stockbrokers mishandling of my account. After identifying several malfeasances, the team at SA Law Group presented them in a FINRA Arbitration and the panel awarded me with all my losses as well as all commissions incurred by my broker. Thank you for your professionalism."

Jerry H

# EXHIBIT B



# We're Protecting Investors from Financial Abuse

Our team has negotiated $110 Million in Multi-Jurisdictional Settlements since 2001

**GET A FREE CONSULTATION**

WHO WE ARE



OUR SENIOR ATTORNEY

# David Vermont

David Vermont has more than 20 years of legal experience as an attorney. In order to obtain substantial trial experience, he started his career as a prosecutor in Brooklyn, New York. He then transitioned to personal injury and medical malpractice cases and finally became an expert in product liability cases, focusing on mass torts, in particular pharmaceutical and medical device cases.

For almost 15 years, David was a trial attorney for Ashcraft & Gerel, LLP, where he was a member of the product liability, personal injury and workers' compensation groups. He led the discovery and trials of numerous pharmaceutical and medical device cases. In particular, on behalf of plaintiffs, he successfully negotiated the settlement of three multi-district litigation ("MDL") case types:

**Rezulin** — $30 million settlement representing 50 clients (average settlement: $600,000). Rezulin was a diabetes drug that caused liver failure.
**Vioxx** — $40 million settlement representing 100 clients (average settlement: $400,000). Vioxx was a drug manufactured by Merck, prescribed as an arthritis painkiller. Vioxx caused heart attacks, strokes and sudden cardiac death.
**Avandia** — $40 million settlement representing 150 clients (average settlement: $266,666). Avandia was a diabetes drug that caused heart attacks, heart failure, and death.
At Ashcraft, on a pro bono basis, David represented September 11th victims applying for benefits from the Victim's Compensation fund. In addition, he coached and mentored a staff of three employees.

David began his legal career as an Assistant District Attorney in Brooklyn, New York, where he prosecuted several hundred misdemeanor and felony cases – everything from shoplifting to armed robbery to murder cases. He was active in prosecuting domestic violence cases, including the conviction of a mafia lieutenant and rap star, "Old Dirty Bastard." He presented over 100 cases for indictment to the Grand Jury of the State of New York, and he became a supervisor in the D.A.'s case intake bureau, evaluating arrests made by the New

York City Police Department for legal sufficiency and determining which level of offense with which to charge defendants.

David received his B.A. in History from Binghamton University and his J.D. from Fordham University School of Law.

**GET A FREE CONSULTATION**





OUR SENIOR ATTORNEY

# Mack Press

Mack Press has almost 30 years of law experience. He received his BS degree from Wharton Business School (magna cum laude); graduated from the Law School at the University of Pennsylvania; and he is licensed to practice law in New York, New Jersey, and Pennsylvania (and he is also admitted to the federal bar in those jurisdictions and in the Ninth Circuit).

Mr. Press started his career working as an associate attorney / partner for large-scale law firms in New York City, where he litigated and arbitrated commercial

matters in federal and state court, including securities, accountant/auditor liability, unfair competition, and insurance matters. Mr. Press also acted as pro bono counsel for The Police Athletic League.

Mr. Press then used his vast experience defending securities and business clients, and he began working for "Plaintiff based" law firms, where he prosecuted securities and consumer Class-Action lawsuits on behalf of institutional investors and individual stockholders across the United States. In that position, Mr. Press has gained significant experience in negotiating, mediating, and arbitrating the settlement of large-scale class action cases.

GET A FREE CONSULTATION

## $110 Million
recovered

## +20
year experience

"

"There are many lawyers and law firms out there, but the team at SA Law Group really understand the world of financial abuse. I have to admit, I wasn't optimistic about the possibility of recovering any money from my stockbrokers mishandling of my account. After identifying several malfeasances, the team at SA Law Group presented them in a FINRA Arbitration and the panel awarded me with all my losses as well as all commissions incurred by my broker. Thank you for your professionalism."

Jerry H

# EXHIBIT C

# SA Law Group, PLLC
1200 G Street NW, Suite 800
Washington, D.C. 20005
(202) 444-4222
brandon@arbitrationlawgroup.com
brndndei@gmail.com

August 15, 2024

VIA FINRA DR Portal
FINRA Panel
Felicia Fox
FINRA Dispute Resolution Services
55 W. Monroe, Suite 2600
Chicago, Illinois 60603

**RE:    FINRA Arbitration Number 22-02653**
         **████████████████ v. Spartan Capital Securities, LLC, et al.**

Dear FINRA Panel:

This firm represents the Claimants in the above-referenced file.

Per the August 8, 2024 FINRA Correspondence, please see this as Notice of Opposition to Respondents' August 5, 2024 Motion to Dismiss, and Support for Claimants' Motion for Monetary Sanctions filed today, August 15, 2024.

Thank you for your assistance in this matter.

Respectfully submitted,

/s/Brandon Dei, Esq.

Cc: All Counsel of Record

# EXHIBIT D

FILED
09-12-2024
Vernon County
Clerk of Circuit Court
2024CV000093
Honorable Timothy
Gaskell

| STATE OF WISCONSIN | CIRCUIT COURT | VERNON |
|---|---|---|

Cedric Allen Veum et al vs. Louis Ottimo et al

**Electronic Filing Notice**

Case No. 2024CV000093
Class Code: Money Judgment

LOUIS OTTIMO
39 TALL OAK CRES
SYOSSET NY 11791

Case number 2024CV000093 was electronically filed with/converted by the Vernon County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: eb7966**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-637-5340.

Vernon County Circuit Court
Date: September 13, 2024

GF-180(CCAP), 11/2020 Electronic Filing Notice                    §801.18(5)(d), Wisconsin Statutes

This form shall not be modified. It may be supplemented with additional material.

EXHIBIT 1

FILED
09-12-2024
Vernon County
Clerk of Circuit Court
2024CV000093
Honorable Timothy
Gaskell

**STATE OF WISCONSIN**     **CIRCUIT COURT**     **VERNON**

Cedric Allen Veum et al vs. Louis Ottimo et al

**Electronic Filing Notice**

Case No. 2024CV000093
Class Code: Money Judgment

COLD SPRING ADVISORY GROUP LLC
1285 BARING BLVD.
SPARKS NV 89434

Case number 2024CV000093 was electronically filed with/converted by the Vernon County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: eb7966**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-637-5340.

Vernon County Circuit Court
Date: September 13, 2024

GF-180(CCAP), 11/2020 Electronic Filing Notice     §801.18(5)(d), Wisconsin Statutes

This form shall not be modified. It may be supplemented with additional material.

**FILED**
**09-12-2024**
**Vernon County**
**Clerk of Circuit Court**
**2024CV000093**
**Honorable Timothy**
**Gaskell**

STATE OF WISCONSIN          CIRCUIT COURT
VERNON COUNTY

CEDRIC ALLEN VEUM,
303 Melby Street
Westby, WI 54667

    -and-

THE CEDRIC A. & MARGARET E. VEUM LIVING TRUST,
By Trustee Cedric A. Veum,
303 Melby St.
Westby, WI 54667,

               Plaintiffs,

vs.

LOUIS OTTIMO,
20 Tall Oak Cres
Syosset, NY 11791-1120

    -and-

COLD SPRING ADVISORY GROUP LLC,
A foreign limited liability company,
1285 Baring Blvd.
Sparks, NV 89434,

               Defendants.

Case No:
Case Code:  30301

---

## SUMMONS

---

THE STATE OF WISCONSIN

To the person named above as a Defendant:

You are hereby notified that the Plaintiffs named above have filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within forty-five (45) days of receiving this Summons, you must respond with a written Answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The court may reject or disregard an Answer that does not follow the requirements of the statutes. The Answer must be sent or delivered to the court, whose address is Vernon County Clerk of Circuit Court, 400 Courthouse Square, Viroqua, WI 54665 and to plaintiffs' attorney, Joseph G. Veenstra, Johns, Flaherty & Collins, S.C., whose address is 205 Fifth Avenue South, Suite 600, La Crosse, Wisconsin, 54601. You may have an attorney help or represent you.

If you do not provide a proper Answer within forty-five (45) days, the court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 12th day of September, 2024.

JOHNS, FLAHERTY & COLLINS, S.C.

By: _____

Joseph G. Veenstra
State Bar No. 1028139
Attorneys for Plaintiffs, Cedric Veum and
The Cedric A. & Margaret E. Veum
Living Trust
205 5th Avenue South, Suite 600
La Crosse, WI 54601
(608) 784-5678
Email: joe@johnsflaherty.com

2

FILED
09-12-2024
Vernon County
Clerk of Circuit Court
2024CV000093
Honorable Timothy
Gaskell

STATE OF WISCONSIN       CIRCUIT COURT
VERNON COUNTY

CEDRIC ALLEN VEUM,
303 Melby Street
Westby, WI 54667,

                                        *For Official Use*

-and-

THE CEDRIC A. & MARGARET E. VEUM LIVING TRUST,
by Trustee, Cedric A. Veum,                          Case Code: 30301
303 Melby Street
Westby, WI 54667,

                    Plaintiffs,

vs

LOUIS OTTIMO,
20 Tall Oak Cres
Syosset, NY 11791-1120, and

COLD SPRING ADVISORY GROUP LLC,
a foreign limited liability company
1285 Baring Blvd.
Sparks, NV 89434,

                Defendants.

## COMPLAINT

The Plaintiffs, Cedric A. Veum and the Cedric A. & Margaret E. Veum Living Trust, by their attorneys, Johns, Flaherty & Collins, S.C., by Joseph G. Veenstra, bring this Complaint against Defendants, Louis Ottimo and Cold Spring Advisory Group LLC, and allege as follows:

## THE PARTIES & JURISDICTION

1.      Plaintiff, Cedric Allen Veum ("Mr. Veum"), is an adult resident of Vernon County, residing at 303 Melby St., Westby, WI 54667.  Plaintiff, The Cedric A. & Margaret E. Veum Living Trust ("Veum Trust"), is a Wisconsin living trust created by Cedric A. Veum and Margaret E. Veum, which is located at 303 Melby St., Westby, WI 54667.  Mr. Veum is a trustee of the Veum Trust and is authorized to act on its behalf in this lawsuit.

2.      Defendant, Louis Ottimo ("Mr. Ottimo"), is an adult resident of the State of New York, who, upon information and belief, resides at 20 Tall Oak Cress, #1, Syosset, NY 11791-1120.  At all times relevant to this Complaint, Mr. Ottimo represented that he was authorized to act on behalf of and was an interested member of Cold Spring Advisory Group LLC.

3.      Defendant, Cold Spring Advisory Group LLC ("CSAG"), is a Nevada limited liability company, which, upon information and belief, is owned by defendant, Louis Ottimo's wife, Michelle Ottimo, and which has its Nevada business address as 1285 Baring Blvd., Sparks, NV 89434 and which, upon information and belief, operates out of 455 Park Ave., 9th Floor, New York, NY 10022 and at the Ottimo's home, located at the address set forth in paragraph 2, above.  The Registered Agent for service of process upon CSAG in Nevada is United Registered Agents Inc., which is located at 701 S. Carson St., Suite 200, Carson City, NV 89701.

4.      This Court has personal jurisdiction over Mr. Ottimo and CSAG pursuant to WIS. STAT. § 801.05, because, among other reasons, Mr. Ottimo personally and purportedly on behalf of CSAG contacted Mr. Veum at his residence in Vernon County to engage in business with him relating to losses Mr. Veum suffered through investments in financial

4

41.     It would be inequitable for Mr. Ottimo and/or CSAG to have obtained the benefit of Mr. Veum's conduct and the payments to them without repaying Mr. Veum and the Veum Trust.

42.     Mr. Veum and the Veum Trust are thus entitled to damages in the amounts paid and not reimbursed, plus prejudgment interest.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs, Cedric A. Veum and the Cedric A. & Margaret E. Veum Living Trust, demand judgment, as follows:

A.  For money damages as set forth above;

B.  For actual and reasonable attorneys' fees awardable at law;

C.  For costs and fees as provided by law; and

D.  Such other relief as the court may deem just and equitable.

Dated this 12th day of September, 2024

**JOHNS, FLAHERTY & COLLINS, S.C.**

By: _____

Joseph G. Veenstra (SBN: 1028139)
Attorneys for Plaintiffs, Cedric Veum and
The Cedric A. & Margaret E. Veum
Living Trust
205 5th Avenue South, Suite 600
La Crosse, WI 54601
Tel. (608) 784-5678
Fax (608) 784-0557
Email: joe@johnsflaherty.com

12

**FILED**
**12-18-2024**
**Vernon County**
**Clerk of Circuit Court**
**2024CV000093**

STATE OF WISCONSIN       CIRCUIT COURT
VERNON COUNTY

CEDRIC ALLEN VEUM, et al.

      Plaintiff

v.

LOUIS OTTIMO; COLD SPRING
ADVISORY GROUP LLC

      Defendants.

_____/

Case No: 2024CV000093
Case Code: 30301

### AFFIDAVIT OF SERVICE

STATE OF NEVADA     )
                )ss.
CARSON CITY        )

I, **Dawn Calhoun**, being duly sworn deposes and says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, licensed to serve civil process in the State of Nevada under **NV PILB LIC #2602**, and not a party to or interested in the proceeding in which this affidavit is made. The affiant received **1 copy** of the **Summons; Complaint; Cold Spring Advisory Group Electronic Filing Notice** on **12/12/2024** and served the same on **12/12/2024** at **10:39 am** on **COLD SPRING ADVISORY GROUP LLC c/o United Registered Agents Inc.** by personally delivering and leaving a copy with **Ana Gomes, Intake Specialist (Age: 43, Sex: F, Race/Skin Color: Caucasian, Height: 5'2", Weight: 150, Hair: Blonde, Glasses: N)**, at **701 S Carson St, Ste 200, Carson City, NV 89701**, as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

**Dawn Calhoun, NV PILB #2602**

12/16/2024
**Date**

C & H Couriers/Process Servers
75 McCabe Drive #19208
Reno, NV 89511
(775) 219-2871

**Job Number: 2024001739**

FILED
01-03-2025
Vernon County
Clerk of Circuit Court
2024CV000093

**STATE OF WISCONSIN**    **CIRCUIT COURT**    **VERNON COUNTY**

CEDRIC ALLEN VEUM and
THE CEDRIC A. & MARGARET E. VEUM
LIVING TRUST,

                              Plaintiffs,                    Case No. 24CV93

v.

LOUIS OTTIMO, and
COLD SPRING ADVISORY GROUP LLC,

                              Defendants.

_____

### NOTICE OF APPEARANCE
_____


        PLEASE TAKE NOTICE that Defendants Louis Ottimo and Cold Spring Advisory

Group LLC appear specially for the purpose of challenging the jurisdiction of this Court by

Stephen L. Morgan of Murphy Desmond S.C. in this action.  I hereby request that copies of all

future notices, correspondence, orders and other documents be sent to us electronically.

        Dated this 3rd day of January 2025.

                              **MURPHY DESMOND S.C.**
                              Attorneys for Defendants

                              Electronically Filed By: */s/ Stephen L. Morgan*
                              Stephen L. Morgan
                              State Bar Number:  1015099
                              33 East Main Street, Suite 500
                              P.O. Box 2038
                              Madison, WI  53701-2038
                              Phone:  (608) 257-7181
                              Fax:  (608) 257-2508

4923-7114-4716, v. 1

# EXHIBIT E

*Mack Press, Esq.*
Securities Arbitration Law Group, PLLC
445 Park Avenue, 9th Floor
New York, NY 10022
(516) 330-7213
516.330.7213  mack@arbitrationlawgroup.com

February 5, 2025

       Re:  FINRA Arbitration No. *24-00703*
       *Lenny F. Millen Jr., et al.  vs. Spartan*
       <u>*Capital Securities, LLC and John Lowry*</u>

Dear Panel:

  I wish to introduce myself and apologize in the same breath, which is never a great place to be in. My name is Mack Press, and I was just retained in the above referenced FINRA Arbitration by Claimants Lenny F. Millen Jr., James Hitchcock and Lorraine Hitchcock ("Claimants") to handle his arbitration case against Respondents going forward, and help cure all deficiencies respecting Claimants' arbitration claim (which were left astray and unattended by the former attorney, Brandon Dei, **but due to exceptional circumstances, described below.**)

  First, I firmly apologize to the Panel– for the neglect this case has seen on the part of Claimants' prior counsel, Brandon Dei, and his failure to respond to the Panel's Order for a Status Update in the case, dated 10/16/2024. However, exceptional circumstances occurred – circumstances that Claimants themselves just became aware of and which were out of their control – that caused Mr. Dei's inattention to this case.

  Specifically, I have been told that Mr. Dei had a nervous breakdown, and then a physical breakdown, while suffering from an extremely rare and uncomfortable and painful ailment (where a parasite from a cat hatched in his ears, and all he could hear was scratching and scratching in his head). The rampant scratching in his ears also did not allow him to sleep at all, so he began suffering from extreme insomnia and sleep deprivation. To complicate matters, I am told he did not communicate his situation to anyone else (including the Claimants). Rather, he suffered silently; and left his legal cases unattended. By the time he went for help, I am told he could not even understand or handle basic things. He was completely non-functional.

  In addition, when I took over the case in late December, the FINRA had a technical problem and FINRA was unable to restore the FINRA portal for several week (so I was not able to access this case until now).

  While I feel badly for Mr. Dei and wish him a speedy recovery, I respectfully request that the Panel does not blame Claimants under these circumstances and **for some additional time completely review the file; promptly cure all deficiencies in this case; and respond to the pending motions before the Panel**.

I will attempt to speak with Respondents' counsel and, as I will convey to him, and as I hold out to the Panel, Claimant fully intends to arbitrate in good faith and in a prompt and professional manner going forward.

Respectfully,

/s/ Mack Press

Mack Press, Counsel for Claimant

# EXHIBIT F

# Spartan Capital

coldspringadvisory.com/spartan-capital/



## ADVISORY GROUP



## INVESTOR PROTECTION ALERT
### *Your Financial Security Matters*

---

**Case 1:** 

**Case 2:**

**Why It Matters**

**Take Action Now**

If you've been affected by excessive trading or other forms of financial misconduct, it's crucial to explore your legal options. **Securities Arbitration Law Group PLLC** and **Cold Spring Advisory Group** are here to help you understand your rights and take action to recover your investments.

**Call now**
Securities Arbitration Law Group PLLC:202-444-4222
Cold Spring Advisory Group: 212-566-6060
Or complete our online form and we will contact you.

**Protect your financial future** and get the restitution you deserve. Contact us now for more information and expert guidance on navigating these issues.



**CSAG**

---



**Return to Insights**

---

# EXHIBIT G

 **(/Home.aspx/index)**

Mayor Muriel Bowser

---

**311 Online (https://311.dc.gov)          Agency Directory (https://dc.gov/directory)**

**Online Services (https://dc.gov/online-services)          Accessibility (https://dc.gov/page/dcgov-accessibility-policy)**

Home (/Home.aspx)

Edit Account (/Account.aspx/AccountManagement)

Sign Out (/Account.aspx/LogOff?signoutFromCropLogin=true)

# Securities Arbitration Law Group PLLC - Initial File Number: L00006675142

| Main | Reports | Trade Names | Beneficial Owners |
|------|---------|-------------|-------------------|

## Beneficial Owners

| Business Contact Type | Name | Address | Executing Officer | File Number |
|----------------------|------|---------|-------------------|-------------|
| Governor | Vermont, David | 12560 Lt. Nichols Rd Fairfax, VA 22033 | Is Executing Officer?: Yes<br>Executing Officer Type: ExecutingOfficer | L00006675142 |
| Governor | Ottimo, Michele | 20 Tall Oak Crescent Syosset, NY 11791 | Is Executing Officer?: Yes<br>Executing Officer Type: ExecutingOfficer | L00006675142 |

  4  

**Return to Home**

---

### District News

- Mayor's Public Schedule (https://mayor.dc.gov/newsroom)
- Citywide News (https://newsroom.dc.gov)
- Citywide Calendar (https://calendar.dc.gov/events)
- Subscribe to Receive Emails (https://service.govdelivery.com/accounts/DCWASH/subscriber/new)
- Subscribe to Text Alerts (https://hsema.dc.gov/page/alertdc)
- Subscribe to Newsletters (https://public.govdelivery.com/accounts/DCWASH/subscriber/new)

### District Initiatives

- Green DC (https://green.dc.gov)
- Grade DC (https://grade.dc.gov)
- Age-Friendly DC (https://agefriendly.dc.gov)
- Sustainable DC (https://sustainable.dc.gov)
- Connect DC (https://connect.dc.gov)
- Great Streets (https://greatstreets.dc.gov)
- Ready DC (https://ready.dc.gov)

### About DC

- Open DC (https://open.dc.gov)
- Budget (https://cfo.dc.gov/budget)
- Emancipation (https://emancipation.dc.gov)
- Consumer Protection (https://oag.dc.gov/consumer-protection)
- Contracts (https://dc.gov/contracts)
- Property Quest (https://propertyquest.dc.gov)
- Track DC (https://track.dc.gov)

### Contact Us

- Agency Director (https://directory.dc.gov)

- Call 311 (https://311.dc.gov)

- Contact the Mayor (https://dcforms.dc.gov/webform/executive-office-mayor-ask-mayor)

- Contact Agency Directors (https://dlcp.dc.gov/page/contact-agency-directors)

- FOIA Requests (https://foia.dc.gov)

- Report Website Problems (https://dcforms.dc.gov/webform/problems-dc-government-website)

- Send Feedback (https://feedback.dc.gov)

# EXHIBIT H

Supreme Court of the State of New York
County of Suffolk
------------------------------------------------------------X
KENNETH B. ROWAN DDS, MS, PC PENSION AND PROFIT
SHARING TRUST,

                               *Plaintiff,*       <u>VERIFICATION</u>
                                                     Index No. 605223/17

                   —against—

COLD SPRING ADVISORY GROUP LLC,

                               *Defendant.*
------------------------------------------------------------X

STATE OF NEW YORK   } ss.:
COUNTY OF            }

      MICHELE OTTIMO, being duly sworn, deposes and says:

      Your deponent is managing member of Cold Spring Advisory Group LLC a party to the action, as

set forth in the caption above. Your deponent has read the foregoing responses to the notices to admit ,and

knows the content thereof to be true, except as to matters alleged upon information and belief, and as to those

matters, your deponent believes them to be true.

                                                           MICHELE OTTIMO

Sworn to before me this
      day of ~~May~~, 2019.
          Oct.

ANTHONY PATRICK LUPO
Notary Public, State of New York
No. 01LU6345585
Qualified in Suffolk County
Commission Expires July 25, 20____

# EXHIBIT I

**Award**
**FINRA Dispute Resolution Services**

In the Matter of the Arbitration Between:

<u>Claimant</u>                                              <u>Case Number</u>: 23-01975
Gregory W. Buckis

     vs.

<u>Respondents</u>                                          <u>Hearing Site</u>: Washington, D.C.
Money Concepts Capital Corp.
Francis Paul Carson

Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.

Nature of the Dispute: Customer vs. Member and Associated Person

This case was decided by an all-public panel.

## REPRESENTATION OF PARTIES

For Claimant Gregory W. Buckis: Brandon Dei, Esq., SA Law Group, PLLC, Huntington, New York.

For Respondents Money Concepts Capital Corp. ("MCCC") and Francis Paul Carson ("Carson"): Kathy M. Klock, Esq., Akerman, LLP, West Palm Beach, Florida.

## CASE INFORMATION

Statement of Claim filed by Claimant on or about: July 13, 2023.
Claimant signed the Submission Agreement: July 13, 2023.

Statement of Answer filed by Respondents on or about: September 15, 2023.
Respondent MCCC signed the Submission Agreement: September 8, 2023.
Respondent Carson signed the Submission Agreement: September 10, 2023.

## CASE SUMMARY

In the Statement of Claim, Claimant asserted the following causes of action: suitability; failure to supervise; breach of contract; negligence; and lost opportunity and punitive damages. The causes of action relate to alleged violations committed by Respondents in connection with the investment of pre-initial public offering investments.

Unless specifically admitted in the Statement of Answer, Respondents denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

## RELIEF REQUESTED

In the Statement of Claim, Claimant requested: out-of-pocket losses suffered in Claimant's account in the amount of at least $1,402,600.00, along with punitive damages; pre-judgment interest as provided by law; lost opportunity damages; attorneys' fees and costs; and such other and further relief as the Panel may deem appropriate.

In the Statement of Answer, Respondents requested: dismissal of this claim; and all of Respondent MCCC's attorneys' fees, forum fees, and costs incurred in connection with this arbitration.

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

On February 9, 2024, Respondent MCCC filed a Motion to Compel Production of Documents and Information. No response was filed. On February 22, 2024, the Chairperson issued an Order granting the Motion, and noting that should Claimant fail to comply, Respondent MCCC thereafter may submit a Motion seeking further relief, including but not limited to an Order of Preclusion.

On March 8, 2024, Respondents filed a Motion for Order of Preclusion and Order Dismissing Claims, arguing that Claimant failed to comply with the discovery Order dated February 22, 2024. No response was filed. On April 8, 2024, the Panel heard oral arguments on the Motion. Counsel appeared for both Claimant and Respondents. On April 8, 2024, the Panel issued an Order denying the Motion without prejudice and ordered Claimant to comply with the discovery requests.

On May 9, 2024, Respondents filed a Motion to Dismiss as a sanction for Claimant's alleged failure to comply with the discovery Order dated April 8, 2024. On May 20, 2024, Claimant filed a response opposing the Motion to Dismiss. On May 24, 2024, Respondents filed a reply in support of the Motion to Dismiss. On June 2, 2024, the Panel denied the Motion to Dismiss to the extent dismissal of all claims was sought, but granted other relief sought, including precluding Claimant from relying in its case-in-chief on any document not produced to Respondents.

On August 30, 2024, Respondents filed a Motion to Compel Claimant to Produce Income Tax Returns, arguing that Claimant represented they had already been produced, but had not. No response was filed. On September 12, 2024, the Panel issued an Order granting the Motion, and noted that non-compliance with the Order in any respect shall result in entry of a separate Order dismissing all claims in this matter.

On September 19, 2024, Respondents filed Notice of Claimant's Non-Compliance with the Panel's Order dated September 12, 2024, and requested that the Panel enter an Order dismissing all

claims in this matter as provided in the Order dated September 12, 2024. No response was filed. On September 23, 2024, the Panel issued an Order directing that a pre-hearing conference be held so that Claimant could show cause as to why this matter should not be dismissed for non-compliance with the Order dated September 12, 2024, as well as Claimant's non-compliance with the prior Orders dated February 22, 2024, and April 8, 2024.

On September 25, 2024, the Panel held a pre-hearing conference with the parties on the issue of Claimant's non-compliance with the Panel's Orders. Counsel appeared for both Claimant and Respondents. The Panel subsequently granted dismissal with prejudice, providing the following explanation:

> By unanimous vote, the Panel hereby orders the dismissal with prejudice of all claims brought by Claimant against Respondents in Case No. 23-01975. This ruling is one that the Panel does not enter lightly. Rather, the Panel renders it only after careful consideration of the entirety of the proceedings to date, including all pleadings, submissions and representations made by the parties and their counsel, all prior Orders entered in this case, and the overall conduct of counsel throughout the course of the proceeding.
>
> The Statement of Claim was submitted on July 13, 2023, and transmitted to the Panel on October 18, 2023. In less than a year, the Panel has issued four (4) Orders addressing discovery deficiencies by Claimant and has afforded Claimant multiple opportunities to come into compliance with his discovery obligations. Despite escalating sanctions for past non-compliance, including Orders compelling production and precluding Claimant from using non-produced documents during the merits hearing, and despite an express Order stating that failure to comply by a date certain would result in dismissal, Claimant remains in violation of multiple discovery Orders to this day.
>
> On September 12, 2024, the Panel issued an Order granting Respondent's Motion to Compel Claimant to Produce Income Tax Returns, which Claimant's counsel previously had attested via affidavit as having been produced. The Motion was unopposed by Claimant. The Order stated:
>
> 1. Claimant shall produce his federal and state income tax returns for the period 2016 through 2023 to Respondents by no later than 9/19/2024 at 9:00 am EDT.
> 2. In addition, Claimant simultaneously shall file such tax returns (with allowable redactions of Claimant SSN and bank account information) via the DR Portal so that the Panel can verify that Claimant has complied with this Order compelling production.
> 3. Non-compliance with this Order in any respect shall result in entry of a separate order by the panel dismissing all claims in this matter.
>
> The parties should comply with this order by 9/19/2024.

Claimant did not produce his federal and state income tax returns by the September 19, 2024, deadline, in violation of the Order. Claimant's counsel did not file such tax returns via the DR Portal by the September 19, 2024, deadline, in further violation of the Order.

Instead of immediately dismissing the claims, the Panel elected to hold a pre-hearing conference on September 25, 2024, to ask Claimant's counsel directly whether or not Claimant had produced and filed the tax returns via the DR Portal, as mandated by the Order. Claimant's counsel confirmed that tax returns were neither produced nor filed. Claimant's counsel claimed, for the first time, and contrary to an earlier-filed sworn affidavit listing tax returns among the discovery produced by Claimant, that no such tax returns exist.

In light of: (a) Claimant's counsel's earlier sworn statement listing tax returns as being produced; (b) counsel's utter failure to indicate that no such tax returns exist in all prior communication regarding the tax returns, whether with Respondents' counsel, or in response to the Panel's directive ordering him to produce and file them; and (c) the totality of the circumstances more broadly; the Panel is unpersuaded that Claimant's counsel's assertion has merit.

Accordingly, the Panel hereby dismisses all claims in this matter with prejudice.

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, and any post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Claimant's claims are dismissed in their entirety with prejudice.

## FEES

Pursuant to the Code of Arbitration Procedure ("Code"), the following fees are assessed:

### Filing Fees
FINRA Dispute Resolution Services assessed a filing fee* for each claim:

| | | |
|---|---|---|
| Initial Claim Filing Fee | =$ | 2,025.00 |

*The filing fee is made up of a non-refundable and a refundable portion.*

### Member Fees
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm that employed the associated person at the time of the event(s) giving rise to the dispute. Accordingly, as a party, Respondent MCCC is assessed the following:

| | | |
|---|---|---|
| Member Surcharge | =$ | 3,200.00 |
| Member Process Fee | =$ | 6,375.00 |

### Postponement Fees
Postponements granted during these proceedings for which fees were assessed or waived:

| | | |
|---|---|---|
| October 9-11, 2024, postponement directed by Panel | =$ | WAIVED |

FINRA Dispute Resolution Services
Arbitration No. 23-01975
<u>Award Page 5 of 6</u>

---

| Total Postponement Fees | =$ | WAIVED |
|---|---|---|

The Panel has waived the total postponement fees.

### Discovery-Related Motion Fees
Fees apply for each decision rendered on a discovery-related motion.

| | | |
|---|---|---|
| One (1) decision on a discovery-related motion on the papers with one (1) Arbitrator @ $200.00/decision | =$ | 200.00 |
| Two (2) decisions on discovery-related motions on the papers with the Panel @ $600.00/decision | =$ | 1,200.00 |

Respondents submitted three (3) discovery-related motions

---

| Total Discovery-Related Motion Fees | =$ | 1,400.00 |
|---|---|---|

The Panel has assessed $1,100.00 of the discovery-related motion fees to Claimant.

The Panel has assessed $300.00 of the discovery-related motion fees jointly and severally to Respondents.

### Hearing Session Fees and Assessments
The Panel has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the Arbitrator(s), including a pre-hearing conference with the Arbitrator(s), which lasts four (4) hours or less. Fees associated with these proceedings are:

| | | | |
|---|---|---|---|
| Five (5) pre-hearing sessions with the Panel @ $1,435.00/session | | =$ | 7,175.00 |
| Pre-Hearing Conferences: November 21, 2023 | 1 session | | |
| April 8, 2024 | 1 session | | |
| May 17, 2024 | 1 session | | |
| June 17, 2024 | 1 session | | |
| September 25, 2024 | 1 session | | |

---

| Total Hearing Session Fees | =$ | 7,175.00 |
|---|---|---|

The Panel has assessed $5,022.50 of the hearing session fees to Claimant.

The Panel has assessed $2,152.50 of the hearing session fees jointly and severally to Respondents.

All balances are payable to FINRA Dispute Resolution Services and are due upon receipt.

FINRA Dispute Resolution Services
Arbitration No.  23-01975
Award Page 6 of 6

## **ARBITRATION PANEL**

| | | |
|---|---|---|
| Randy Jeff Branitsky | - | Public Arbitrator, Presiding Chairperson |
| Christopher M. McMurray | - | Public Arbitrator |
| Kiran Nasir Gore | - | Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument, which is my award.

## **Concurring Arbitrators' Signatures**

*Randy Jeff Branitsky*
_____
Randy Jeff Branitsky
Public Arbitrator, Presiding Chairperson

**10/01/2024**
_____
Signature Date

*Christopher M. McMurray*
_____
Christopher M. McMurray
Public Arbitrator

**10/01/2024**
_____
Signature Date

*Kiran Nasir Gore*
_____
Kiran Nasir Gore
Public Arbitrator

**10/01/2024**
_____
Signature Date

Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.

October 01, 2024
_____
Date of Service (For FINRA Dispute Resolution Services use only)

# EXHIBIT J

**Award**
**FINRA Dispute Resolution Services**

In the Matter of the Arbitration Between:

<u>Claimant</u>                                                  <u>Case Number</u>: 21-01817
Roger E. Johnson

     vs.

<u>Respondents</u>                                          <u>Hearing Site</u>: Chicago, Illinois
Southeast Investments, N.C., Inc.,
Frank Harmon Black, and Kostas Tsamos

Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.

Nature of the Dispute: Customer vs. Member and Associated Persons

This case was decided by an all-public panel.

## <u>REPRESENTATION OF PARTIES</u>

For Claimant Roger E. Johnson ("Claimant"): David Vermont, Esq., Securities Arbitration Law Group, Washington, District of Columbia.

For Respondents Southeast Investments, N.C., Inc. ("Southeast") and Frank Harmon Black ("Black"): Alan M. Wolper, Esq. and Blaine F. Doyle, Esq., Ulmer & Berne LLP, Chicago, Illinois.

For Respondent Kostas Tsamos ("Tsamos") (collectively with Southeast and Black, "Respondents"): Liam O'Brien, Esq., McCormick & O'Brien LLP, New York, New York.

## <u>CASE INFORMATION</u>

Statement of Claim filed on or about: July 16, 2021.
Claimant signed the Submission Agreement: July 16, 2021.

Statement of Answer filed by Southeast and Black on or about: September 7, 2021.
Southeast signed the Submission Agreement: August 16, 2021.
Black signed the Submission Agreement: August 13, 2021.

Statement of Answer filed by Tsamos on or about: September 7, 2021.
Tsamos signed the Submission Agreement: September 7, 2021.

## CASE SUMMARY

In the Statement of Claim, Claimant asserted the following causes of action: negligence, churning, quantitative unsuitability, qualitative unsuitability, breach of contract, misrepresentation and omission, breach of fiduciary duty, unauthorized trading, lost opportunity damages, failure to supervise, and failure to take action to prevent or mitigate damages caused by reckless, intentional, and violative conduct. The causes of action relate to Claimant's allegation that, over a period of 22 months, Respondents executed many trades in Claimant's account without Claimant's knowledge or authorization. Claimant alleged that Tsamos churned Claimant's account for commissions, turning the equity in the account over more than 35 times per year. Claimant further alleged that Southeast and Black failed to supervise Tsamos and failed to take action to prevent or mitigate the damages caused by Tsamos' conduct.

Unless specifically admitted in the Statement of Answer, Southeast and Black denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

Unless specifically admitted in the Statement of Answer, Tsamos denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

## RELIEF REQUESTED

In the Statement of Claim, Claimant requested an award in his favor and against all Respondents jointly and severally of actual compensatory damages of $400,256.00 plus interest as permitted by law; costs associated with bringing this action and reasonable attorneys' fee; and punitive damages in an amount deemed appropriate by the Panel.

In the Statement of Answer, Southeast and Black requested that the Panel reject Claimant's Statement of Claim in its entirety and award it reasonable attorneys' fees and expenses.

In the Statement of Answer, Tsamos requested that all claims in the Statement of Claim made against Tsamos be dismissed with prejudice; that Claimant take nothing; that Tsamos be awarded his reasonable and necessary attorneys' fees and costs; and that Tsamos be awarded such other and further relief as is just and proper.

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

On September 15, 2022, Southeast and Black filed a Partial Motion to Dismiss pursuant to Rule 12206 of the Code of Arbitration Procedure ("Code"). On September 26, 2022, Claimant filed a response opposing Southeast and Black's Partial Motion to Dismiss. On October 3, 2022, Southeast and Black filed a reply in support of their Partial Motion to Dismiss. In an Order dated October 6, 2022, the Panel denied Southeast and Black's Partial Motion to Dismiss without prejudice. In an Order dated November 5, 2022, the Panel corrected the October 6, 2022, Order and denied Southeast and Black's Partial Motion to Dismiss with prejudice.

On September 30, 2022, Tsamos filed a Motion to Dismiss pursuant to Rule 12206 of the Code, to which no response was filed. In an Order dated November 5, 2022, the Panel denied Tsamos' Motion to Dismiss with prejudice.

On November 28, 2022, Southeast and Black filed an Emergency Motion to Dismiss Claims, or in the Alternative, to Delay the Hearing and for Other Sanctions, pursuant to Rule 12212 of the Code ("First Emergency Motion"). On December 13, 2022, Claimant filed a response in opposition to the First Emergency Motion.

On November 30, 2022, Tsamos filed a Motion for Sanctions pursuant to Rule 12212 of the Code.

In an Order dated December 14, 2022, the Panel denied Southeast and Black's request to dismiss the Statement of Claim without prejudice, but granted the First Emergency Motion and Tsamos' Motion for Sanctions in part, ordered Claimant to pay a monetary sanction of $15,000.00 to FINRA by December 30, 2022; ordered that all forum fees relative to both motions be assessed against Claimant; and ordered that Respondents' attorneys' fees incurred in bringing both motions be charged to Claimant, in an amount to be taken under advisement. In an Order dated December 15, 2022, the Panel corrected the December 14, 2022, Order and ordered that Claimant pay the amount of $15,000.00 as follows: $10,000.00 payable to Southeast, and delivered to Southeast and Black's attorney, and $5,000.00 payable to Tsamos, and delivered to Tsamos' attorney. On December 20, 2022, and December 21, 2022, Southeast and Black and Tsamos each submitted their respective Petitions for Attorneys' Fees pursuant to the Panel's Order of December 14, 2022.

On December 19, 2022, Claimant filed an Emergency Motion to Vacate the December 14 and 15, 2022, Orders ("Motion to Vacate"). On December 20, 2022, Southeast and Black filed an opposition to the Motion to Vacate ("Opposition"). On December 21, 2022, Tsamos filed correspondence that he joined in Southeast and Black's Opposition. The same day, Claimant filed a Reply Affirmation in support of the Motion to Vacate. In an Order dated December 28, 2022, the Panel granted the Motion to Vacate in part, ruling that the December 15, 2022 Order be vacated.

In a separate Order dated December 28, 2022, the Panel, addressing the Petitions for Attorneys' Fees submitted by Respondents, ordered Claimant to pay the sum of $3,774.15 in attorneys' fees to Southeast and Frank Black and delivered to their attorney, no later than January 13, 2023, and to pay the sum of $3,356.65 in attorneys' fees to Tsamos and delivered to Tsamos' attorney, no later than January 13, 2023.

On December 29, 2022, Southeast and Black filed an Emergency Motion for Clarification ("Motion for Clarification") of the Panel's vacatur of its December 15, 2022, Order. On January 3, 2023, Claimant filed a response in opposition to the Motion for Clarification. In an Order dated January 4, 2023, the Panel clarified that the December 28, 2022, Order, vacating the Panel's December 15, 2022 Order, applied only to the $15,000.00 sanction imposed in the December 15, 2022, Order, and that all other sanctions contained in the December 14, 2022, Order remained in full force and effect and would remain in full force and effect unless and until the Panel determined otherwise. The Panel further stated that the December 28, 2022 Order, requiring Claimant to pay attorneys' fees, remained in full force and effect.

FINRA Dispute Resolution Services
Arbitration No.  21-01817
<u>Award Page 4 of 10</u>

On January 20, 2023, Southeast and Black filed a Renewed Motion to Dismiss Claims, or Alternatively, for Other Sanctions ("Renewed Motion to Dismiss"), to which no response was filed.

On January 27, 2023, Claimant filed an Emergency Cross Motion to Stay the December 28, 2022, and January 4, 2022, Orders and to Compel Phone Records ("Motion to Stay"). On February 6, 2023, Southeast and Black filed an Opposition to the Motion to Stay.  The same day, Tsamos filed correspondence that he joined in Southeast and Black's Opposition to the Motion to Stay.

In an Order dated February 1, 2023, the Panel denied, in part, the Renewed Motion to Dismiss but sanctioned Claimant for ignoring the Panel's Orders dated December 28, 2022, and January 13, 2023, by ordering Claimant to pay the sum of $4,000.00 to Southeast; the sum of $4,000.00 to Black; and the sum of $4,000.00 to Tsamos, no later than February 10, 2023. The February 1, 2023, Order provided that should Claimant fail to tender all payments due to the Respondents, pursuant to that Order and the Panel's Order of December 28, 2022, the Panel would consider a further Motion to Dismiss in an extremely favorable light.

On February 13, 2023, Southeast and Black filed a Second Renewed Motion to Dismiss Claims, or Alternatively, for Other Sanctions ("Second Renewed Motion to Dismiss"), to which no response was filed.

On March 14, 2023, the Panel held a prehearing and heard arguments on the Motion to Stay and Second Renewed Motion to Dismiss. Herein, the Panel denies the Motion to Stay and grants the Second Renewed Motion to Dismiss on the following grounds:

> In the past three and one-half months, the Panel has sanctioned Claimant twelve times.
>
> The Orders dated December 14, 2022 and February 1, 2023 specifically enumerate Claimant's continued behavior of failing to participate in the arbitration and ignoring the Panel's orders.
>
> <u>Sanction #1</u>
>
> On September 9, 2022, Respondents filed a Motion to Compel Claimant to produce documents. Claimant filed an untimely Response.
>
> On October 17, 2022 the Panel issued an extremely detailed order. Claimant was to furnish the documents by November 23, 2022.
>
> Sanction #1: For requiring Respondents to file the Motion to Compel all forum fees were assessed against Claimant.
>
> <u>Sanction #2</u>
>
> Claimant ignored the October 17, 2022 Order and let the deadline of November 23, 2022 pass. The  evidentiary hearing on the merits of the case was scheduled to begin on January 17, 2023. Respondents scrambled to request the Panel to issue orders upon

four individuals to appear at the hearing. These orders became necessary inasmuch as Claimant did not comply with the October 17, 2022 order. The Panel issued the orders.

Sanction #2: For requiring Respondents to request the Orders for Appearance, all forum fees were assessed against Claimant.

Sanctions #3, #4. #5, and #6

By the end of November, Claimant's dilatory tactics were transparent. Southeast and Black filed First Emergency Motion. Tsamos filed a separate Motion for Sanctions.

Claimant filed an untimely response to Southeast and Black's First Emergency Motion and chose not to file any response to Tsamos' Motion for Sanctions.

Well after the deadline for filing a response to the First Emergency Motion, Claimant attempted an end-run around the FINRA rules and sent a letter, dated December 13, 2022, to FINRA, requesting that FINRA pass on the letter to the Panel. Claimant did not offer any excuse for not filing a response in accordance with FINRA rules. Moreover the letter did not attempt to explain, or explain away, or offer any legal defense, to Claimant's failure and refusal to comply with the Panel's Order of October 17, 2022.

On December 14, 2022 the Panel issued its Order.

The Order, in part, denied Southeast and Black's First Emergency Motion.

The Panel took pains to note in the Order that "Claimant's behavior has graduated from dilatory to contumacious."

Accordingly, the Panel entered sanctions as follows:

Sanction #3: a monetary sanction of $15,000.00 (this sanction was vacated on December 28, 2022);

Sanction #4: the Panel would make certain adverse inferences relative to certain issues at the hearing;

Sanction #5: Claimant would pay Respondents' attorneys' fees relative to the instant motions (whereupon the Panel ordered the attorneys for Respondents to submit fee petitions); and

Sanction #6: all forum fees were assessed against the Claimant.

Sanctions #7, #8, and #9

After reviewing the fee petitions, the Panel entered monetary sanctions against Claimant on December 28, 2022, as follows:

Sanction #7: Claimant was ordered to pay the sum of $3,774.15 to Southeast and Black;

Sanction #8: Claimant was ordered to pay the sum of $3,356.65 to Tsamos.

Claimant was ordered to pay such sums by January 13, 2023.

Sanction #9: all forum fees were assessed against Claimant.

On January 13, 2023, the Panel entered a stipulated order continuing the hearing. In that order the Panel affirmed the attorneys' fee sanctions and reminded Claimant as follows:

"This Postponement Order does not alter or otherwise modify the Claimant's obligation to pay attorney fees to the Respondents pursuant to the Panel's Order dated December 28, 2022."

Claimant failed and refused to comply with the Panel's Order dated December 28, 2022.

A week later, Southeast and Black filed their Renewed Motion to Dismiss. Once again, Claimant chose not to file a response.

Absent any objection from Claimant, on February 1, 2023, the Panel began its Order by again noting, inter alia, the fact that Claimant failed and refused to comply with the Panel's order to pay the attorneys' fees sanctions to Respondents.

At that point the attorneys' fees sanction payments were almost three weeks overdue. Neither the Panel nor Respondents had any reason whatsoever to think Claimant would ever tender payment. Claimant had not advised the Panel he would not pay and had not advised Respondents he would not pay.

Claimant had not filed any motion relative to the attorneys' fees sanction: no motion to vacate, no motion to reconsider, no motion to modify. Nothing. The silence was thunderous.

Sanctions #10, #11, and #12

The spirit of the FINRA rules suggests imposing ever-increasing sanctions in an effort to rein in a recalcitrant party. The Panel chose this path.

Sanction  #10: Claimant was ordered to pay $4,000.00 each, to Southeast and Black.

Sanction  #11:  The Claimant was ordered to pay $4,000.00 to Tsamos.

Claimant was ordered to pay each Respondent by February 10, 2023.

Sanction #12: all forum fees were assessed against Claimant.

Claimant filed a motion on January 27, 2023 to stay payment of the sanctions contained in the Orders dated December 28, 2022 and January 4, 2023.

Claimant also filed a Motion to Stay and requesting Respondents produce phone records.

Respondents filed a Renewed Motion to Dismiss.

The entire Panel heard oral arguments on the three motions on March 14, 2023.

The Claimant's Motion to Stay had been filed almost two weeks after the Panel's deadline for payment. Claimant made no apology for ignoring the Panel's order, Claimant proffered no legal defense to his non-payment, nor did Claimant make any promise that he would ever pay the sanction.

The gravamen of Claimant's Motion to Stay was this: My account declined by $400,000.00; my expert witness tells me that Respondents are liable for the loss in my account and, therefore, I will win the case. After I win the case the Panel will enter a large award in my favor. At that point I will simply give Respondents a credit against the award in my favor.

This argument was repeated by Claimants' lawyers several times. The Panel did not find this argument persuasive.

It should be noted that the Motion to Stay dealt only with the attorneys' fee sanction. The amount of that sanction is $7,130.80.

On February 1, 2023, the Panel sanctioned the Claimant $12,000.00, which was to be paid by February 10, 2023. Claimant did not pay that sanction. Nor did Claimant file any motion relative to the sanction: no motion to vacate, no motion to reconsider, no motion to modify.

At oral argument Claimant's attorneys were absolutely silent on this sanction. They intentionally chose not to discuss it, or more to the point, they made no objection to the sanction. They offered no explanation for their client's non-payment; they offered no legal defense for their client's non-payment. Nor did the lawyers make any promise that their client would ever pay the sanction. The lawyers' silence was tantamount to treating the Panel's sanction as if it did not exist.

The Panel concluded that Claimant will continue to refuse to pay the $7,130.85 sanction that was due to be paid by January 13, 2023. The Panel concluded that Claimant will continue to treat the $12,000.00 sanction that was due to be paid by February 10, 2023 as if it does not exist. Having sanctioned Claimant no less than twelve times in the last three and one-half months, and with monetary sanctions totaling $19,130.80 outstanding, the Panel has no reason whatsoever to think that further sanctions will curb the Claimant's contumacious and unacceptable behavior.

Accordingly, pursuant to FINRA Rule 12212(c), the Panel has concluded that dismissal of the Statement of Claim, in its entirety, and with prejudice, is proper.

The Award in this matter may be executed in counterpart copies.

## AWARD

After considering the pleadings, the Second Renewed Motion to Dismiss and any responses

FINRA Dispute Resolution Services
Arbitration No.  21-01817
<u>Award Page 8 of 10</u>

thereto, and the arguments presented at the pre-hearing conference on March 14, 2023, the Arbitrator has decided in full and final resolution of the issues submitted for determination as follows:

1.  Claimant's claims are dismissed with prejudice pursuant to Rule 12212(c) of the Code .

2.  Claimant is liable for and shall pay to Southeast the sum of $4,000.00 as a sanction pursuant to the Panel's February 1, 2023, Order.

3.  Claimant is liable for and shall pay to Black the sum of $4,000.00 as a sanction pursuant to the Panel's February 1, 2023, Order.

4.  Claimant is liable for and shall pay to Tsamos the sum of $4,000.00 as a sanction pursuant to the Panel's February 1, 2023, Order.

5.  Claimant is liable for and shall pay to Southeast and Black the sum of $3,774.15 in attorneys' fees pursuant to the Panel's December 14, 2022, and December 28, 2022, Orders.

6.  Claimant is liable for and shall pay to Tsamos the sum of $3,356.65 in attorneys' fees pursuant to the Panel's December 14, 2022, and December 28, 2022, Orders.

7.  Any and all claims for relief not specifically addressed herein, including any requests for punitive damages and treble damages, are denied.

## **FEES**

Pursuant to the Code, the following fees are assessed:

### **Filing Fees**
FINRA Dispute Resolution Services assessed a filing fee* for each claim:

| | | |
|---|---|---|
| Initial Claim Filing Fee | =$ | 1,425.00 |

*The filing fee is made up of a non-refundable and a refundable portion.*

### **Member Fees**
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm(s) that employed the associated person(s) at the time of the event(s) giving rise to the dispute. Accordingly, as a party, Southeast is assessed the following:

| | | |
|---|---|---|
| Member Surcharge | =$ | 2,025.00 |
| Member Process Fee | =$ | 3,875.00 |

### **Postponement Fees**
Postponements granted during these proceedings for which fees were assessed or waived:

| | | |
|---|---|---|
| January 17-20, 2023, postponement requested by the parties | =$ | 1,125.00 |

---

| Total Postponement Fees | =$ | 1,125.00 |
|---|---|---|

The Panel has assessed $562.50 of the postponement fees to Claimant.

The Panel has assessed $562.50 of the postponement fees jointly and severally to Respondents.

**<u>Last-Minute Cancellation Fees</u>**
Fees apply when a hearing on the merits is cancelled within ten calendar days before the start of a scheduled hearing session:

| January 17-20, 2023, cancellation requested by the parties | Waived |
|---|---|

**<u>Discovery-Related Motion Fees</u>**
Fees apply for each decision rendered on a discovery-related motion.

| One (1) decision on a discovery-related motion on the papers with one (1) Arbitrator @ $200.00/decision | =$ | 200.00 |
|---|---|---|

| Two (2) decision on a discovery-related motion on the papers with the Panel @ $600.00/decision | =$ | 1,200.00 |
|---|---|---|

Southeast and Black submitted two (2) discovery-related motions
Tsamos submitted one (1) discovery-related motion

---

| Total Discovery-Related Motion Fees | =$ | 1,400.00 |
|---|---|---|

The Panel has assessed the total discovery-related motion fees to Claimant.

**<u>Hearing Session Fees and Assessments</u>**
The Panel has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the Arbitrator(s), including a pre-hearing conference with the Arbitrator(s), which lasts four (4) hours or less. Fees associated with these proceedings are:

| Two (2) pre-hearing sessions with the Panel @ $1,125.00/session | =$ | 2,250.00 |
|---|---|---|

Pre-Hearing Conferences: November 8, 2021        1 session
                         March 14, 2023           1 session

---

| Total Hearing Session Fees | =$ | 2,250.00 |
|---|---|---|

The Panel has assessed $1,687.50 of the hearing session fees to Claimant.

The Panel has assessed $562.50 of the hearing session fees jointly and severally to Respondents.

All balances are payable to FINRA Dispute Resolution Services and are due upon receipt.

FINRA Dispute Resolution Services
Arbitration No. 21-01817
<u>Award Page 10 of 10</u>

## <u>ARBITRATION PANEL</u>

| Larry Evert Carlson | - | Public Arbitrator, Presiding Chairperson |
| Marilee Roberg | - | Public Arbitrator |
| Howard T. Goffen | - | Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument, which is my award.

## <u>Concurring Arbitrators' Signatures</u>

*Larry Evert Carlson*
_____          03/22/2023
Larry Evert Carlson                          _____
Public Arbitrator, Presiding Chairperson      Signature Date

*Marilee Roberg*
_____          03/22/2023
Marilee Roberg                              _____
Public Arbitrator                            Signature Date

*Howard T. Goffen*
_____          03/22/2023
Howard T. Goffen                            _____
Public Arbitrator                            Signature Date

Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.

March 23, 2023
_____
Date of Service (For FINRA Dispute Resolution Services use only)

# EXHIBIT K

**Award**
**FINRA Dispute Resolution Services**

---

In the Matter of the Arbitration Between:

<u>Claimants</u>                                             <u>Case Number</u>: 22-02854
Robert Hayes, Joel Meyer,
David Parker, Paul Kennedy,
Andrew Channon, and Larry Madsen

      vs.

<u>Respondent</u>                                           <u>Hearing Site</u>: Cleveland, Ohio
Aegis Capital Corp.

---

Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.

Nature of the Dispute: Customers vs. Member

This case was decided by an all-public panel.

## REPRESENTATION OF PARTIES

For Claimants Robert Hayes ("Hayes"), Joel Meyer ("Meyer"), David Parker ("Parker"), Paul Kennedy ("Kennedy"), Andrew Channon ("Channon"), and Larry Madsen ("Madsen"): Brandon Dei, Esq., SA Law Group, PLLC, Huntington, New York.

Hayes, Meyer, Parker, Kennedy, Channon, and Madsen, collectively, referred to as "Original Claimants."

Meyer, Parker, Kennedy, Channon, and Madsen, collectively, referred to as "Claimants."

For Respondent Aegis Capital Corp. ("Respondent"): Sameer Rastogi, Esq. and Emily M. Knight, Esq., Sichenzia Ross Ference Carmel LLP, New York, New York.

## CASE INFORMATION

Statement of Claim filed on or about: December 15, 2022.
Original Claimants signed the Submission Agreement: December 15, 2022.

Statement of Answer filed on or about: February 3, 2023.
Respondent signed the Submission Agreement: February 2, 2023.

## CASE SUMMARY

In the Statement of Claim, Original Claimants asserted the following causes of action: suitability, churning, failure to supervise, breach of fiduciary duty, breach of contract, unauthorized trading, negligence, misrepresentation, and omission of facts.  The causes of action related to Original Claimants' allegations that they are the victims of various FINRA violations and suffered loss of their savings.

Unless specifically admitted in the Statement of Answer, Respondent denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

## RELIEF REQUESTED

In the Statement of Claim, Original Claimants requested an award for the out-of-pocket losses suffered in each account in the amount of:

> a. Hayes at least $310,483.26 plus at least $96,751.67 in excessive broker commission fees totaling $407,234.93, along with punitive damages;
> b. Meyer at least $121,769.91 plus at least $81,237.44 in excessive broker commission fees totaling $203,007.35, along with punitive damages;
> c. Parker at least $37,587.79 plus at least $22,541.11 in excessive broker commission fees totaling $60,128.90, along with punitive damages;
> d. Kennedy at least $31,857.22 plus at least $30,610.80 in excessive broker commission fees totaling $62,468.02, along with punitive damages;
> e. Channon at least $88,015.01 plus at least $51,208.56 in excessive broker commission fees totaling $139,223.57, along with punitive damages;
> f. Madsen at least $5,047.40 plus at least $3,937.11 in excessive broker commission fees totaling $8,984.51, along with punitive damages;
> g. All claims totaling at least $881,047.28 along with punitive damages; and
> h. Such other and further relief as the Panel may deem appropriate.

In the Statement of Answer, Respondent requested that the Panel dismiss the Statement of Claim in its entirety, with prejudice, and issue such other and further relief as the Panel deems just, equitable, and proper.

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

On January 26, 2023, Hayes file a notice of withdrawal of his claims without prejudice. Therefore, the Panel did not consider the claims in the Statement of Claim with regards to Hayes.

On September 27, 2023, Respondent filed a Motion to Enforce and Seek Sanctions for Claimants' willful and continuous discovery failures ("Motion to Enforce and for Sanctions"), to which no response was filed.  On November 13, 2023, a prehearing conference was held for oral arguments on the Motion to Enforce and for Sanctions; however, Claimants' counsel did not

FINRA Dispute Resolution Services
Arbitration No.  22-02854
Award Page 3 of 7

attend.  In an Order dated the same day, the Panel deferred the ruling on the Motion to Enforce and for Sanctions pending a final attempt to reschedule the prehearing conference.

On November 14, 2023 Respondent filed a Partial Motion to Dismiss the Statement of Claim Pursuant to FINRA's Six-Year Eligibility Rule 12206(a) of the Code of Arbitration Procedure ("Code") ("Partial Motion to Dismiss Pursuant to Rule 12206(a)"), to which no response was filed.  On December 19, 2023, Respondent filed a Reply in Support of the Partial Motion to Dismiss Pursuant to Rule 12206(a).

On November 30, 2023 , a prehearing conference was held for oral arguments on the Motion to Enforce and for Sanctions. The Panel deferred its decision on further potential sanctions on the Claimants until after the outcome of a prehearing conference to be held on February 16, 2024.

In an Order dated December 21, 2023, the Panel deferred its decision on the Partial Motion to Dismiss Pursuant to Rule 12206(a) until after the completion of the February 16, 2024, prehearing conference.  On February 16, 2024, a prehearing conference was held for oral arguments on the Partial Motion to Dismiss Pursuant to Rule 12206(a).  In an Order dated the same day, the Panel granted the Partial Motion to Dismiss pursuant to Rule 12206(a) on the following grounds:

> As documented in a chronology provided in the Partial Motion to Dismiss Pursuant to Rule 12206(a), claims pertaining to transactions by Claimants Kennedy and Channon were shown as originating prior to/outside of the six-year eligibility period under FINRA rules. Claimants offered no defense in rebuttal for their inclusion in the original pleadings.

Respondent's Partial Motion to Dismiss pursuant to Rule 12206 of the Code is granted by the Panel without prejudice to any right Kennedy and Channon have to file in court; Kennedy and Channon are not prohibited from pursuing their claims in court pursuant to Rule 12206(b) of the Code.

On March 1, 2024, Respondent filed a Motion to Dismiss Pursuant to FINRA Rules 12212 and 12511, to which no response was filed.  On April 9, 2024, a prehearing conference was held for oral arguments on the Motion to Dismiss Pursuant to FINRA Rules 12212 and 12511. The Panel herein grants the Motion to Dismiss, with prejudice, on the grounds that:

> Respondent argued under FINRA Rules 12212(c) and 12511(b) that, due to intentional and material failures by Claimants to comply with the Panel's discovery orders, following the Panel's repeated prior warnings having proven ineffective, the Panel is justified to dismiss all claims in this case with prejudice.

> The claims were first filed on December 15, 2022, with the initial pre-hearing discovery production order issued on April 6, 2023. Since Respondent's initial Motion to Compel Discovery was granted on July 11, 2023, with a subsequent Panel order on November 13, 2023 for Claimants' non-production of presumptively discoverable materials under FINRA guidelines, basically no material beyond a tax return and some account statements have been provided by and through Claimants' counsel, Brandon Dei.

Prehearing conferences were held with the parties on November 30, 2023 and February 16, 2024 for discussion of discovery status with Mr. Dei making pledges of full cooperation followed by continued non-production of the previously indicated materials. Scheduled prehearing conferences on motions had to be cancelled on November 13, 2023 and March 18, 2024 due to Brandon Dei noting his serious medical issues requiring multiple extended hospitalizations over the last four months. On the Panel's seeking any available type of independent source documentation he had in support of his statements about his health, he refused on the basis of personal privacy and would offer no objective rejoinder to the Respondent's presentation of a social media post made by Brandon Dei that showed him with family at a Florida Disney World vacation on January 26, 2024.

Claimants' counsel, offered the opportunity at the April 9, 2024 prehearing conference to rebut any of the contentions raised by Respondent about his consistent production failures throughout discovery, provided no evidence beyond his personal statement asserting compliance and a lack of good faith by Respondent. Brandon Dei peremptorily withdrew from the Zoom hearing in progress before completion of oral arguments on the Motion to Dismiss. He did not return at the Panel's request after an ample recess of the proceedings.

No factual explanations have been provided by Claimants' counsel either to Respondent throughout discovery or to the Panel since November 2023 regarding the remaining gaps in discoverable items sought, with no indication of intent for further submissions. No discussions have been held or are planned between the parties for resolving the open issues.

The complete discovery record shows extended non-compliance regarding essential items, with repeated efforts by the Panel to guide the process to a satisfactory resolution proving unsuccessful. There is no evidence of prospects for a favorable change by Brandon Dei, who on his clients' behalf ultimately bears the burden of proof for their alleged claims. The Panel thus grants the Motion to Dismiss with prejudice. Also ruling on the Respondent's Motion to Enforce and for Sanctions prepared on September 27, 2023, a decision which had been deferred across multiple hearings to allow further opportunity for production that went unrealized, the documented expense of $4,132.00 covering attorneys' fees to prepare the motion for sanctions is granted to Respondent against Claimants. No further damages or sanctions or any other form of relief are awarded, with each party responsible for all its own costs to this conclusion.

## AWARD

After considering the pleadings, the Motion to Dismiss and all responses thereto, and the arguments presented at the prehearing conference on April 9, 2024, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Claimants' claims are dismissed in their entirety.

FINRA Dispute Resolution Services
Arbitration No.  22-02854
<u>Award Page 5 of 7</u>

2. Claimants are jointly and severally liable for and shall pay to Respondent the sum of $4,132.00 in attorneys' fees in connection with the Motion for Sanctions.

3. Any and all claims for relief not specifically addressed herein, including any requests for punitive damages and treble damages, are denied.

**<u>FEES</u>**

Pursuant to the Code, the following fees are assessed:

**<u>Filing Fees</u>**
FINRA Dispute Resolution Services assessed a filing fee* for each claim:

| | | |
|---|---|---|
| Initial Claim Filing Fee | =$ | 1,740.00 |

*The filing fee is made up of a non-refundable and a refundable portion.*

**<u>Member Fees</u>**
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm(s) that employed the associated person(s) at the time of the event(s) giving rise to the dispute. Accordingly, as a party, Respondent is assessed the following:

| | | |
|---|---|---|
| Member Surcharge | =$ | 2,625.00 |
| Member Process Fee | =$ | 3,875.00 |

**<u>Late Pre-Hearing Cancellation Fees</u>**
Fees apply when a pre-hearing conference is cancelled within three business days of the scheduled conference:

| | | |
|---|---|---|
| March 18, 2024, cancellation requested by Claimants | =$ | 300.00 |
| Total Late Pre-Hearing Cancellation Fees | =$ | 300.00 |

The Panel has assessed the total late pre-hearing cancellation fees jointly and severally to Claimants.

**<u>Postponement Fees</u>**
Postponements granted during these proceedings for which fees were assessed or waived:

| | | |
|---|---|---|
| February 12-16, 2024, postponement requested by the parties | =$ | 1,125.00 |
| Total Postponement Fees | =$ | 1,125.00 |

The Panel has assessed the total postponement fees jointly and severally to Claimants.

**<u>Discovery-Related Motion Fees</u>**
Fees apply for each decision rendered on a discovery-related motion.

| | | |
|---|---|---|
| One (1) decision on a discovery-related motion on the papers | =$ | 200.00 |

FINRA Dispute Resolution Services
Arbitration No.  22-02854
<u>Award Page 6 of 7</u>

with one (1) Arbitrator @ $200.00/decision

Respondent submitted one (1) discovery-related motion
| | |
|---|---|
| Total Discovery-Related Motion Fees | =$          200.00 |

The Panel has assessed $100.00 of the discovery-related motion fees jointly and severally to Claimants.

The Panel has assessed $100.00 of the discovery-related motion fees to Respondent.

## **Hearing Session Fees and Assessments**

The Panel has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the Arbitrator(s), including a pre-hearing conference with the Arbitrator(s), which lasts four (4) hours or less. Fees associated with these proceedings are:

| | | | |
|---|---|---|---|
| Five (5) pre-hearing sessions with the Panel @ $1,125.00/session | | =$ | 5,625.00 |
| Pre-Hearing Conferences: | April 6, 2023 | 1 session | |
| | November 13, 2023 | 1 session | |
| | November 30, 2023 | 1 session | |
| | February 16, 2024 | 1 session | |
| | April 9, 2024 | 1 session | |
| Total Hearing Session Fees | | =$ | 5,625.00 |

The Panel has assessed $5,062.50 of the hearing session fees jointly and severally to Claimants.

The Panel has assessed $562.50 of the hearing session fees to Respondent.

All balances are payable to FINRA Dispute Resolution Services and are due upon receipt.

## ARBITRATION PANEL

| | | |
|---|---|---|
| Gregory G. Gocek | - | Public Arbitrator, Presiding Chairperson |
| Henry George Grendell | - | Public Arbitrator |
| Michael Jay Teitelbaum | - | Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument, which is my award.

## Concurring Arbitrators' Signatures

*Gregory G. Gocek*                          05/22/2024
_____          _____
Gregory G. Gocek                              Signature Date
Public Arbitrator, Presiding Chairperson

*Henry George Grendell*                  05/23/2024
_____          _____
Henry George Grendell                      Signature Date
Public Arbitrator

*Michael Jay Teitelbaum*                  05/24/2024
_____          _____
Michael Jay Teitelbaum                      Signature Date
Public Arbitrator

Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.

May 24, 2024
_____
Date of Service (For FINRA Dispute Resolution Services use only)

# EXHIBIT L

*Mack Press, Esq.*
Securities Arbitration Law Group, PLLC
445 Park Avenue, 9th Floor
New York, NY 10022
(516) 330-7213
516.330.7213  mack@arbitrationlawgroup.com

February 6, 2025

Re:  FINRA Arbitration No. *23-00655*
*Phillip Ainsworth, Alexander Catto, Fred*
*Weidner, Brian Campbell, et al. vs.*
*Spartan Capital Securities, LLC*

Dear Panel:

I wish to introduce myself and apologize in the same breath, which is never a great place to be in. My name is Mack Press, and I was just retained in the above referenced FINRA Arbitration by Claimants Phillip Ainsworth, Alexander Catto, Fred Weidner, Brian Campbell, Guy Wood, Marion Rus, Dennis Francy, Steve Butz, Dwight Casey, Steven Krasne, David Falk ("Claimants") to handle his arbitration case against Respondents going forward, and help cure all deficiencies respecting Claimants' arbitration claim and discovery (which were left astray and unattended by the former attorney, Brandon Dei, **but due to exceptional circumstances, described below.**)

First, I have diligently worked to comply with the Panels' Order dated January 15, 2025, and today Claimants have made a large production of discovery to Respondents' attorney, Mr. Babnick, Jr.  Claimants are continuing to search for any documents related to the case, including two Claimants who are citizens overseas. Claimants will promptly turn over to Respondents any and all documents that they find.

Second, I want to sincerely apologize for the neglect this case has seen on the part of Claimants' prior counsel, Brandon Dei, and his failure to respond to the Respondents' Request for Discovery and Motion to Compel. However, exceptional circumstances occurred – circumstances that Claimants themselves just became aware of and which were out of their control – that caused Mr. Dei's inattention to this case.

Specifically, I have been told that Mr. Dei had a nervous breakdown, and then a physical breakdown, while suffering from an extremely rare and uncomfortable and painful ailment (where a parasite from a cat hatched in his ears, and all he could hear was scratching and scratching in his head). The rampant scratching in his ears also allowed him no sleep, so he began suffering from extreme insomnia and sleep deprivation. To complicate matters, I am told he did not communicate his situation to anyone else (including the Claimants). Rather, he suffered silently; and left his legal cases unattended. By the time he went for help, I am told he could not even understand or handle basic things. He was completely non-functional.

In addition, when I took over the case in January, FINRA had a technical problem and FINRA was unable to restore the FINRA portal for a couple weeks (so I was not able to access this case until now).

While I feel badly for Mr. Dei and wish him a speedy recovery, **I respectfully request that the Panel does not blame Claimants under these circumstances.**

I have attempted to speak to Respondents' counsel, Mr. Babnick, Jr. (he was unfortunately on the way to wake and he was unavailable), and I will attempt to speak with him again tomorrow morning. As I will convey to him, and as I hold out to the Panel, Claimants fully intend to arbitrate in good faith and in a prompt and professional manner going forward.

Respectfully,

/s/ Mack Press
Mack Press, Counsel for Claimants

# EXHIBIT M

| From: | Brandon Dei |
|---|---|
| To: | Emily Knight; Richard Babnick |
| Cc: | Brandon Dei; Natalie |
| Subject: | Claimants" August 1, 2024 Discovery Production - 22-02653 ███████████████ |
| Date: | Thursday, August 1, 2024 1:50:09 PM |

Good Afternoon

Please see the below link containing Claimants' Discovery Production with regard to the above-referenced file, thx!

https://www.dropbox.com/scl/fo/wg3gwfzsuklwhdi1ztlmn/AAqxsBFPaU6Xvlrtnrv7ZQs?rlkey=wvyhh5l8nd2raxkkrbkg27zxv&st=pw0d12jk&dl=0

Brandon Dei, Esq.
The Law Offices of Brandon Dei, PLLC
223 Wall Street, Suite 377
Huntington, NY 11743
(202) 444-4222
brandon@arbitrationlawgroup.com
brndndei@gmail.com



This email may be privileged or confidential.  If you are not the intended recipient, please do not read or forward it.  Instead, please advise me immediately and then destroy all copies.