©2025 FINRA. All rights reserved.

## Motion to Dismiss Order

**Submitted By:** Michael Orticelle (On behalf of the arbitration panel)
**Submitted Date:** 02/20/2025 03:52:48 PM ET

### Case ID & Parties:
*FINRA Dispute Resolution Services*
Motion to Dismiss Order

**Case Number:** 24-00703

**In the Matter of the Arbitration Between**

| Claimant(s) | VS | Respondent(s) |
|---|---|---|
| Leonard F Millen, Jr. | | Spartan Capital Securities, LLC |
| James Hitchcock | | John Lowry |
| Lorraine Hitchcock | | |
| Maurice Heard | | |
| James Hamlett | | |

### PREHEARING CONFERENCE

1. Was a prehearing conference held and recorded?
○ Yes
● **No**

### PREHEARING CONFERENCE DATE & PARTICIPANTS

### ISSUES ADDRESSED

2. Issues addressed: (i.e., name of motion or request, by which party)
● **The following pleadings have been addressed:**

> *Respondent's Motion to Dismiss with sanctions*
> *Claimant's Request for Additional Time to Cure Deficiencies.*

### ORDER DECIDED BY

3. Unanimous Ruling:
● **Yes**
○ No

### RULING

**For Requests to Expunge Customer Dispute Information by a Respondent in a Simplified Customer Case File on or After October 16, 2023:**

> If a Motion to Dismiss is granted and the only remaining claim is a request to expunge customer dispute information, the arbitrator shall hold an expungement hearing, pursuant to Rule 12805(c), to consider and decide the expungement request. At the conclusion of the expungement hearing, the arbitrator shall issue an award in accordance with Rule 12805(c)(8).

**For Requests to Expunge Customer Dispute Information by a Respondent in a Regular Hearing Customer Case File on or After October 16, 2023:**

> If a Motion to Dismiss is granted and the only remaining claim is a request to expunge customer dispute information, the arbitration will close by award without a hearing. The panel shall not consider any request to expunge customer dispute information. Subsequently, the associated person may file a new claim under Rule 13805(a), requesting expungement of the customer dispute information.

4. After considering the pleadings submitted by the parties (and oral arguments, if a prehearing conference was held), the panel rules as follows:

- ● **The Motion to Dismiss is granted.**

    **If the Motion to Dismiss is granted, please provide a written explanation for your decision:**

    > *See attached document. There was no hearing. The panel had a deliberation session. The Claimant is responsible for all hearing/deliberation session fees and Respondent's Attorney fees. Respondent will submit a list of attorney fees on the portal no later that February 28, 2025 to be paid immediately by Claimant.*
    > *Claimant's motion for additional time is denied.*

- ○ The Motion to Dismiss is denied with prejudice.
- ○ The Motion to Dismiss is denied without prejudice.
- ○ A decision on the Motion to Dismiss is deferred.

    If a decision on the Motion to Dismiss is deferred, please provide a written explanation for your decision:

**ASSESSMENT OF FEES**

If the Panel denies the motion, the Panel must assess the hearing session fees associated with any prehearing on the motion to the moving party(ies).

5. Cost of prehearing conference:
- ○ The hearing session fees for this prehearing conference are assessed as follows:

    _____% to Claimant(s), jointly and severally

    _____% to Respondent(s), jointly and severally

    _____% assessed to _____

    _____% assessed to _____

    _____% assessed to _____

    _____% assessed to _____

- ● **Not applicable**

**ATTACHMENTS**

| Attachment Type | File Name | Description |
| --- | --- | --- |
| Other | Finra Case# 24-00703 Explained Decision.pdf | Explanated Decision |

**To:**          Ms. Alejandra Candelario, Senior Case Administrator
                 Judge Lisa Preskin, Panelist
                 Ms. Linda Tvrdy, Panelist

**CC:**          Mr. Daniel S. Furst, Esq.
                 Mr. Mark Press, Esq

**From:**        Michael A. Orticlle, MPA, Chairman

**Subject:**     **Explained decision** for FINRA Dispute Resolution Services Arbitration Number 24-00703 Lenny F. Millen Jr., James Hitchcock, Lorraine Hitchcock, et al. vs. Spartan Capital Securities, LLC and John Lowry

**Date:**        February 20, 2025


The panel held a deliberation session on February 20, 2025 to discuss the Respondent's Motion to dismiss with Sanctions which we received on January 10, 2025. We also discussed the Claimant's Motion for Additional Time to Cure Deficiencies which we received on February 18, 2025. The following is our decision and explanation for our determination in this case.

An initial Prehearing Conference was held on August 8, 2024. During this conference the Respondent raised concerns about the specificity of the Claimant's Claim in a Motion. The motion was granted, and the Claimant was ordered to resubmit a more specific Claim by September 20, 2024. The new claim was never properly filed. In subsequent correspondence the Respondent's representative stated that there was little to no communication between the parties and the Respondent's representative filed a motion to dismiss with sanctions. FINRA staff also reached out to the Claimant's representative, but nothing was filed.

The Panel was notified on January 22, 2025 that the Claimant had secured new counsel. The new counsel, Mr. Mark Press, Esq. is from the same firm but a different office in a different city as the attorney he replaced. The first correspondence the panel received from new counsel was in the form of the Claimant's Motion that we received on February 18, 2025. In his motion, Mr. Press explained that the counsel he replaced, Mr. Brandon Dei, had become ill with a very unusual parasitic infection that made it difficult for Mr. Dei to focus on his work which caused the failure in communication between the parties, his firm, and FINRA.

**Decision:**

After reading all the pleadings and considering all the circumstances in this case the panel unanimously decided to **Grant the Respondent's Motion to Dismiss.** The panel also unanimously agreed that the **sanctions in the form of all forum fess and the**

**attorney fees** accrued by the Respondent be paid by the Claimant. Respondent's will provide us with a copy of said fees no later than February 28, 2025 via the portal.

The panel were sensitive to the unusual circumstances that occurred with Mr. Dei, however we did not think that forcing the timeline for the May hearing dates would be productive especially when it took new counsel almost a month to request a time extension. The lack of initiative by the Claimant's representative was disappointing. The Claimant's request for Additional Time is denied.

I will be filing this explanation along with the order to dismiss on the FINRA portal. Please cancel all the previously reserved hearing dates on your calendars.

Respectfully,

Michael A. Orticelle, MPA
Chairman